

Gregory J. Ryan ∗
Alexandra Lyras ‡
George Kontogiannis †
Randall Tesser ∗

Jackson Kerr •
Richard Grayson • ℂ
Lewis F. Tesser • ℰ
Irwin Rochman, *Dec'd.*

• *Admitted in NY*
∗ *Admitted in NY, NJ*
† *Admitted in NY, CT*
‡ *Admitted in NY, CT, DC*
ℂ *Of Counsel*
ℰ *Counsel Emeritus*

January 12, 2026

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

*Metaxas et al v. Graubard et al*
25-cv-05844 (AMD) (CLP)

Dear Judge Pollak,

      I represent defendant David Graubard, Esq. I submit this letter motion pursuant to the Individual Practices and Rules of Magistrate Judge Cheryl L. Pollak, Rule V(B) prior to filing a formal motion to quash or modify a subpoena pursuant to FRCP Rule 45(d)(3)(A)(iii) and FRCP Rule 26(b)(1).

      On December 29, 2025, plaintiffs served a subpoena upon Valley National Bank demanding production of records, *inter alia*, showing transactions of defendant Graubard's attorney escrow account and identifying the parties to the transaction. The subpoena is attached as *Exhibit 1*. The grounds for the motion to quash or modify the subpoena are that the subpoena requires the disclosure of privileged or other protected matter, is patently overbroad, and seeks information that can be obtained from other less burdensome sources.

      Specifically, the subpoena demands the production of information relating to each and every transaction in defendant Graubard's attorney escrow account between December 1, 2024 and the present as well as "[a]ll available identifying information for the counterparty to each such [t]ransaction."

      Prior to seeking relief from the Court, I contacted plaintiffs' counsel to attempt to resolve this discovery dispute. In this call, I indicated that defendant Graubard was willing to produce redacted records showing every transaction involving the funds that are in dispute in this matter. Plaintiffs' counsel refused to limit the scope of the request and indicated that it would not stay enforcement of the subpoena pending such attempts to resolve the discovery dispute.

      Although attorney escrow account records are not automatically privileged, when the records contain privileged or confidential information, such privilege or confidentiality must be preserved. Where the production of documents would reveal the parties to or the existence of a confidential transaction, an attorney is prohibited from producing such documents. *See* New York Rules of Professional Conduct (RPC) Rule 1.6(a). Where a subpoena orders the production of confidential information related to a lawyer's representation of a client, absent client consent to reveal the information, the attorney has an ethical duty to "take reasonable steps to limit the

disclosure of the client's confidential information . . . including asserting appropriate objections and negotiating to narrow the scope." New York City Bar Association Formal Opinion 2022-1. Even the identity of a client and the existence of an attorney-client relationship is confidential where disclosure would be detrimental to the client. NYSBA Ethics Opinion 1088 (2016). *See also* ABA Formal Opinion 480 (2018) (""Even client identity is protected under Model Rule 1.6".).

The motion to quash or modify the subpoena will include an affidavit from attorney Graubard swearing that his escrow account contains confidential transactions, such that the production of his escrow records together with the identity of the parties to the transactions would require the revelation of "information gained during or related to the representation" and would be detrimental to the client if disclosed. *See* RPC Rule 1.6(a).

Even putting aside the fact that the demanded information is confidential and/or privileged, an overbroad third-party subpoena should be quashed or modified where the request is not reasonably calculated to lead to the discovery of admissible evidence and where the relevant evidence reasonably sought by the party could be obtained through less intrusive means. This is particularly so where a case is at its inception and party discovery has not yet taken place. *See Lev v. South Nassau Communities Hospital*, 2011 WL 3652282 (E.D.N.Y. 2011).

In this case, there is a clearly less intrusive and less burdensome method of obtaining discoverable and admissible evidence, *i.e.*, party discovery (*see Warnke v. CVS Corp.* (265 F.R.D 64 (E.D.N.Y. 2010)) and there is a readily available mechanism for limiting the demand to avoid the production of irrelevant and potentially privileged/confidential information (see *In Spite Telecom LLC v. Rosciti Construction Company LLC*, 747 F.Supp.3d 270, 285 (D.Ma 2024) (in which the court limited production of bank statements "to entries regarding funds that played any role in [the] litigation" and allowed for redaction of any other entries. *Id.*).

Accordingly, defendant Graubard requests that he be permitted to move the Court to quash or modify the subpoena to Valley National Bank.

Respectfully submitted,


/s/ *Randall Tesser*
Randall Tesser


Cc: All Counsel (via ECF)