AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| ANGELOS METAXAS, et al. <br> *Plaintiff* <br> v. <br> MARK DAVID GRAUBARD, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 25-CV-5844 (AMD) (CLP) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Valley National Bank, Bensonhurst Branch
2054 86th Street, Brooklyn, NY 11214

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Attachment A

| Place: Selendy Gay PLLC <br> 1290 Avenue of the Americas <br> New York, NY 10104 | Date and Time: <br> 01/09/2026 11:31 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/24/2025

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** _____, who issues or requests this subpoena, are:

Lauren J. Zimmerman, Selendy Gay PLLC, 1290 Avenue of the Americas, New York, NY 10104, (212) 390-9000, lzimmerman@selendygay.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A

### DEFINITIONS

1. "Account" means and refers to the Valley National Bank account bearing the account number 6144201102 and held by, in the name of, and/or for the benefit of Mark David Graubard, a Defendant in this Action.

2. "Action" means any and all proceedings and litigation efforts relating to the above-captioned case. A copy of the operative complaint in the Action is annexed hereto as Attachment B.

3. "And" and "or" have both the conjunctive and disjunctive meanings.

4. "Any," "all," and "each" mean any, all, each, and every.

5. "Communication" means the fullest and broadest scope of things discoverable under the Federal Rules of Civil Procedure ("FRCP"), encompassing an act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, or electronic means (including all drafts and non-identical copies), including on personal devices and through personal email accounts, however stored, printed, or recorded, and including all notes, letters, telegrams, facsimiles, electronic mail messages, text messages, instant messages (e.g., iMessages, WhatsApp messages, Slack messages, Signal messages, Teams messages, WeChat messages, Zoom messages, Skype messages, or Bloomberg messages), social media and forum posts and messages (e.g., Facebook posts or messages, Instagram posts or messages, LinkedIn post or messages, posts or messages on X, or Youtube posts or messages), voicemail recordings, audio recordings, and video recordings.

6. "Document" is used herein in the fullest and broadest scope of any tangible thing discoverable under the FRCP and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York upon which any information has been recorded by any means, including by writing, by printing, by typing, by transcribing, by charting, by

photographing, by photostatting, by photocopying, or by digital, electronic, magnetic, or mechanical recording, and however stored, printed, or recorded, including all Communications, bills, contracts, invoices, photographs, calendars, and electronically stored data, including hard drives, servers, portable diskette drives, laptop computers, database records, or off-site backup computer files.

7. "Including" means including but not limited to.

8. "Individual" means and refers to a natural person or legal entity including any business or association.

9. "Relevant Period" means and refers to December 1, 2024, through the date of Your response.

10. "Request" refers to any of the requests for Documents and Communications made herein.

11. "Transactions" refers to any requested or executed transaction involving the Account, including any deposit, withdrawal, wire, transfer, purchase, order or sale.

12. "You" and "Your" means and refers to Valley National Bank's Bensonhurst Branch, located at 2054 86th Street, Brooklyn, NY 11214, and any agent or representative acting on its behalf.

## INSTRUCTIONS

1. These Requests calls for the production of Documents, Communications, articles, and things, wherever located, within Your possession, custody or control, or to which You have access, which shall include Documents in the custody of Your attorneys.

2. You shall provide a written response to each Request stating either that You will produce the requested material or state the ground(s) for objecting to the Request, in full or in part.

3. If You object to any Request, You must specify the portion of the Request to which You object, state in full the basis for Your objection, and answer as much of the Request that is not objectionable. Any objection shall state whether any responsive materials are being withheld on the basis of that objection.

4. Each of the Requests shall be construed independently, and none of the Requests shall be construed as limiting the scope of any of the other Requests.

5. You should produce all responsive Documents and Communications as they are kept in the manner and order in which they are maintained in the usual course of business. As to each Document and Communication, You should identify the file or location from which it was taken, as well as the name, affiliation, and position of the custodian involved. All Documents or Communications that are attached to each other while located for production shall be left so attached. Where any portion of a Document or Communication is responsive to a Request set forth below, You shall produce the entire Document or Communication, without abbreviation or redaction, along with all attachments, enclosures, exhibits, or any other Document appended to, included with, incorporated by, or referred to in the Document or Communication.

6. If a Document or Communication responsive to a Request is withheld under a claim of privilege, You must state the basis for doing so in writing and log each withheld Document or Communication with information sufficient to support Your assertion of privilege, including the

type of Document or Communication, the general subject matter of the Document or Communication, the date of the Document or Communication, the Document or Communication custodian, and such other information as is sufficient to identify the Document or Communication, including the author of, recipient(s) of, and attachment(s) to the Document or Communication. If You believe that a portion of a Document or Communication is protected by an applicable privilege, You shall produce the non-privileged portion with the allegedly privileged portion redacted and indicated as such. You must provide the basis for the redaction and log each redacted Document or Communication with information to support Your assertion of privilege.

7. You shall produce any Document or Communication that refers to a Document or Communication that is responsive to any Request, including routing slips, transmittal memoranda, letters, emails, or Documents or Communication referenced within emails that would otherwise not be included in attachments.

8. If there are no Documents or Communications in your possession, custody, or control that are responsive to any particular Request, You must state so in Your response to that Request.

9. Drafts or non-identical copies are to be considered separate Documents or Communications for purposes of these Requests. Any and all drafts of each Document or Communication that is responsive to any Request shall be produced, as shall all copies of Documents or Communication responsive to any Request that are not identical in any respect, including copies containing handwritten notes, markings, stamps, or interlineations. You must identify the author(s) of each handwritten Document or Communication, or Document or Communication containing handwritten annotations, notes, or markings in a log.

10. These Requests are deemed continuing. If after Your response to any Request You obtain, locate, create, or otherwise become aware of a Document or Communication that would have been included in Your production, You are required to promptly furnish any additional Documents or Communications responsive to any of the Requests.

11. Defendants serve these Requests without prejudice to their right to serve additional Requests for the production of Documents.

12. Unless otherwise indicated, each Request seeks Documents and Communications relating to the Relevant Period.

## DOCUMENT REQUESTS

1. Documents sufficient to show all Account Transactions during the Relevant Period.

2. For each Transaction disclosed in connection with Request No. 1, Documents sufficient to show:

    a. All available identifying information for the counterparty to each such Transaction, including the counterparty's name, account number, address, telephone number, and email address, as well as the counterparty's bank name, address, and routing number;

    b. The identity of the Individual initiating each Transaction;

    c. The amount transacted or exchanged;

    d. The date and time of the Transaction; and

    e. The resulting balance in the Account following such Transaction.

3. All Communications during the Relevant Time Period concerning the Account, including between You and any of the following Individuals, or any agent or representative acting or purporting to act on such Individual's behalf:

    a. Chaskel Frankel

    b. Israel Goldberg, Esq.

 c. Yeshaya Gorkin, Esq.

 d. Mark David Graubard, Esq, a Defendant in this Action

 e. Edward Harold King, Esq.

 f. Ethan A. Kobre, Esq.

 g. Paul D. Montclare, Esq.

 h. Olden LLC

 i. Olden Group LLC

 j. Olden Equities LLC

 k. Johnathan Rubin, a Defendant in this Action

 l. Frank R. Seddio, Esq., a Defendant in this Action

 m. Seddio & Associates

 n. Yeschiel Shimon "Sam" Sprei, a Defendant in this Action

 o. Lauren J. Wachtler, Esq.