

Gregory J. Ryan ∗
Alexandra Lyras ‡
George Kontogiannis †
Randall Tesser ∗
Jackson Kerr •
Richard Grayson • ℂ
Lewis F. Tesser • ℰ
Irwin Rochman, *Dec'd.*

• *Admitted in NY*
∗ *Admitted in NY, NJ*
† *Admitted in NY, CT*
‡ *Admitted in NY, CT, DC*
ℂ *Of Counsel*
ℰ *Counsel Emeritus*

January 27, 2026

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

*Metaxas et al v. Graubard et al*
*25-cv-05844 (AMD) (PCG)*

Dear Judge Cross-Goldenberg,

     I represent defendant Mark David Graubard, Esq. I submit this letter motion pursuant to the Individual Practices and Rules of Magistrate Judge Peggy Cross-Goldenberg, Rule IV(A) (1) to amend Defendant Graubard's Answer pursuant to FRCP Rule 15(a)(2) and (2) to file a third-party complaint against Third-Party Defendant (TPD) Chaskel Frankel pursuant to FRCP Rule 14(a)(1).

     Attached as **Exhibit 1** is a true copy of Defendant Graubard's proposed Amended Answer to the Complaint. Attached as **Exhibit 2** is a true copy of Defendant Graubard's proposed Third-Party Complaint against proposed TPD Frankel.

     Prior to Your Honor's assignment to this matter, a formal motion was drafted pursuant to the rules of the previously assigned Magistrate Judge Cheryl L. Pollak. Pursuant to Your Honor's Rules, we drafted this letter motion; however, we are prepared to file the original formal motion upon request.

<u>Background and Relevant Facts</u>

     On December 6, 2024, Plaintiff Angelos Metaxas and Plaintiff Pertshire Investments, LP each deposited the sum of $1,000,000.00 with Defendant Graubard to hold in escrow (the "Escrowed Funds") in connection with a contemplated business transaction (the "Business Transaction") in which the Plaintiffs would be investors.

     Some time on or prior to December 6, 2024, TPD Frankel and/or Defendant Yeschiel Shimon "Sam" Sprei communicated to Defendant Graubard that TPD Frankel was acting as a representative of the investors of the Business Transaction, including the Plaintiffs.

     Also on December 6, 2024, TPD Frankel, purporting to have the right and authorization to direct the disposition of the Escrowed Funds, e-mailed Defendant Graubard and instructed him to release the Escrowed Funds as contemplated pursuant to the Business Transaction. Attached as **Exhibit 3** is a true copy of the e-mail.

Relying on TPD Frankel's inducement, Defendant Graubard disbursed the Escrowed Funds to 536 Holdings LLC as contemplated pursuant to the Business Transaction.

On December 11, 2024, TPD Frankel sent Defendant Graubard another e-mail containing a signed letter confirming his prior instructions with regard to the Escrowed Funds and stating, "I have the right and authorization to direct the disposition of those deposits." Attached as **Exhibit 4** is a true copy of the letter.

The Complaint was filed on October 17, 2025. Defendant Graubard filed his Answer *pro se* on November 13, 2025. On December 22, 2025, the undersigned entered a Notice of Appearance confirming his representation of Defendant Graubard. Pursuant to a discovery Order filed December 22, 2025, the Plaintiffs and Defendant Graubard exchanged document requests and interrogatories by January 19, 2026, with responses due by February 18, 2026. No dispositive motions have been filed in this matter.

Motion for Amended Answer

FRCP Rule 15(a) provides that a party may amend its pleading more than 21 days after serving it with leave of court and that "the court should freely give leave when justice so requires." FRCP Rule 15(a)(2).

"The rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) (finding that an amended pleading would be prejudicial if it would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.)*. None of these factors apply here.

Discovery is still in early stages and trial preparation has not yet begun. Most of the newly asserted affirmative defenses concern the involvement of TPD Frankel. Plaintiffs have served broad discovery requests which already include all communications with proposed TPD Frankel regarding the subject matter of the litigation. To the extent that Plaintiffs wish to make additional discovery requests relating to the information contained in the Amended Answer and the affirmative defenses asserted therein, such additions would involve little time and expense in light of the early stage of discovery and the encompassing nature of the previously served discovery requests.

For the same reasons, filing an Amended Answer would not significantly delay the resolution of the dispute. The Amended Answer would not affect any Party's ability to respond to the currently-pending discovery requests by the current deadline of February 18, 2026. Supplemental discovery requests on the basis of the Amended Answer would be limited in scope and would not induce substantial delays. Further, the Amended Answer would not prevent the parties from engaging in the previously scheduled mediation to attempt to resolve the litigation.

Finally, the requested amendment is not made in bad faith. The requested amendments are put forth to promote the determination of this case on the merits, not with dilatory intent or malice.

Motion for Third-Party Complaint

A third-party complaint is appropriate where the third-party defendant "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." *See Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437 (2d Cir. 2000). The allegations in the proposed Third-Party Complaint are clearly dependent upon and derivative of the main claim.

When a defendant seeks leave from the court to file a third-party complaint beyond the time period set forth in Rule 14(a)(1), "leave should be 'freely granted unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *Alzola-Blair v. Stop & Shop Supermarket*, 20 CV 412, 2021 WL 7185500, 2 (E.D.N.Y. Jan. 25, 2021) *quoting Wylie v. Powerscreen Int'l Distribution, Ltd. Et al.*, No. 16 CV 464, 2017 WL 396533 (D. Conn. Jan. 30, 2017).

Granting leave to allow Defendant Graubard to assert a third-party complaint against TPD Frankel would not prejudice the Plaintiffs. This Court has found that there is no prejudice to the parties where "discovery is ongoing and there is no deadline for the completion of such discovery." *Id*. Here, although there is a deadline for a particular set of document requests, there is no deadline set for the close of the discovery phase of the litigation.

Filing the third-party complaint would not unduly complicate the trial. The claims in the third-party complaint arise out of the same operative facts as the underlying dispute. Allowing the filing of a third-party complaint against TPD Frankel would serve the purpose of the Rule 14, *i.e.*, to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate cause of action against a third-party." *Id. quoting Too, Inc. v. Kohls Dept. Stores, Inc.*, 213 F.R.D 138, 140 (S.D.N.Y. 2003).

Finally, granting leave to assert the third-party complaint would not foster an unmeritorious claim. Defendant Graubard has meritorious claims against TPD Frankel. *See* Exhibit 2, hereto.

TESSER, RYAN & ROCHMAN LLP

Conclusion

      For the foregoing reasons, Defendant Graubard respectfully requests that the Court grant leave to amend its Answer and to file the proposed Third-Party Complaint, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Randall Tesser*
Randall Tesser

Cc: All Counsel and Parties (via ECF)