UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

        Plaintiffs,

        v.

MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID
GRAUBARD, YESCHIEL SHIMON "SAM" SPREI,
FRANK P. SEDDIO, ESQ., AND JOHNATHAN RUBIN,

        Defendants.

Case No. 1:25-cv-5844

MARK DAVID GRAUBARD,

        Third-Party Plaintiff,

        v.

CHASKEL FRANKEL,

        Third-Party Defendant.

**THIRD-PARTY COMPLAINT OF THIRD-PARTY PLAINTIFF MARK DAVID
GRAUBARD AGAINST THIRD-PARTY DEFENDANT CHASKEL FRANKEL
PURSUANT TO FRCP RULE 14(a)(1)**

The defendant/third-party plaintiff, MARK DAVID GRAUBARD, by his attorneys, TESSER, RYAN & ROCHMAN, LLP, as and for a third-party complaint against the above-named third-party defendant (TPD), CHASKEL FRANKEL, alleges upon information and belief as follows:

**The Parties**

1. At all times hereinafter mentioned, the defendant/third-party plaintiff (TPP) MARK DAVID GRAUBARD was a resident of the State of New York.

2. At all times hereinafter mentioned, the third-party defendant CHASKEL FRANKEL was a resident of the State of New York.

## Jurisdiction

3. This Court has general personal jurisdiction over TPD Frankel because he is domiciled in New York.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1369(a) because the claims in this Third-Party Complaint are so related to the claims in the Complaint within this Courts jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[1]

5. This Third Party Complaint does not raise a novel or complex issue of State law, it does not substantially predominate over the claim or claims over which the Court has original jurisdiction, the Court has not dismissed all claims over which it has original jurisdiction, and there are no exceptional circumstances providing other compelling reasons for declining jurisdiction.

## Factual Allegations

6. On December 6, 2024, Plaintiff Angelos Metaxas and Plaintiff Pertshire Investments, LP each deposited the sum of $1,000,000.00 with Defendant Graubard to hold in escrow (the "Escrowed Funds") in connection with a contemplated business transaction (the "Business Transaction") in which the Plaintiffs would be investors.

7. Some time on or prior to December 6, 2024, TPD Frankel and/or Defendant Yeschiel Shimon "Sam" Sprei communicated to TPP Graubard that TPD Frankel was acting as a representative of the investors of the Business Transaction, including the Plaintiffs.

---

[1] Although 28 U.S.C. § 1367(b) prohibits the exercise of supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14", this does not apply to claims by defendants.

8. Also on December 6, 2024, TPD Frankel, purporting to have the right and authorization to direct the disposition of the Escrowed Funds, e-mailed TPP Graubard and instructed him to release the Escrowed Funds as contemplated pursuant to the Business Transaction. Attached as Exhibit 1 is a true copy of the e-mail.

9. Relying on TPD Frankel's representations and instructions, TPP Graubard disbursed the Escrowed Funds to 536 Holdings LLC as contemplated pursuant to the Business Transaction.

10. On December 11, 2024, TPD Frankel sent TPP Graubard another e-mail containing a signed letter confirming his prior instructions with regard to the Escrowed Funds and stating, "I have the right and authorization to direct the disposition of those deposits." Attached as Exhibit 2 is a true copy of the letter.

11. While representing to TPP Graubard that TPD Frankel was an agent for the Plaintiffs and other investors to the Business Transaction, TPD Frankel was contradictorily representing to Plaintiffs that he was an agent for TPP Graubard.

## Causes of Action

### COUNT 1
### Fraud

12. TPP Graubard restates and realleges paragraphs 1-11 as if fully set forth herein.

13. By stating that he had the right and authorization to direct the disposition of the Escrowed Funds and falsely directing the disposition of the Escrowed Funds, TPD Frankel made a material misrepresentation.

14. TPD Frankel knew that his representation that he had the right and authorization to direct the disposition of the Escrowed Funds was false.

15. TPD Frankel falsely represented that he had the right and authorization to direct the disposition of the Escrowed Funds with intent to defraud TPP Graubard.

16. TPP Graubard reasonably relied on TPD Frankel's false representation that he had the right and authorization to direct the disposition of the Escrowed Funds.

17. In the event that TPP Graubard is found to be liable to Plaintiff(s) in the original action, TPD Frankel's false representation that he had the right and authorization to direct the disposition of the Escrowed Funds will have caused resulting damage to TPP Graubard in an amount that could exceed $2 million.

## COUNT 2
### Contribution to Breach of Fiduciary Duty Pursuant to NY CPLR § 1401

18. TPP Graubard restates and realleges paragraphs 1-18 as if fully set forth herein.

19. Breach of fiduciary duty is not an intentional tort.

20. If TPP Graubard is held liable to Plaintiffs for a breach of fiduciary duty pursuant to Count 4 of the Complaint, TPD Frankel would have had a part in causing or augmenting the injury allegedly suffered by Plaintiffs.

21. TPD Frankel's part in causing or augmenting the injury allegedly suffered by Plaintiffs was independently tortious, constituting fraud, negligent misrepresentation, and/or tortious interference with contract.

## COUNT 3
### Contribution to Non-Economic Losses Stemming from Breach of Contract Pursuant to NY CPLR § 1401

22. If it is found in the underlying action that valid contracts existed between Defendant/TPP Graubard and one or more Plaintiff(s) and that Defendant/TPP Graubard breached the

contract(s) causing harm to Plaintiff(s), TPD Frankel would be liable to TPP Graubard for contribution to any non-economic losses stemming from that alleged breach.

23. In the event that such contract(s) is/are found to exist, TPD Frankel would have had knowledge of those contract(s).

24. In the event that such contract(s) is/are found to exist, TPD Frankel would have intentionally induced or caused TPP Graubard to breach the contract without reasonable justification.

25. In the event that such contract(s) is/are found to exist, TPP Graubard will have suffered tangible, non-speculative damages.

**WHEREFORE**, the defendant/third-party plaintiff demands judgement against the third-party defendant, CHASEKL FRANKEL, for any and all damages recovered by the plaintiff herein, together with all costs, disbursements and attorneys' fees in connection with this action.

Dated:    White Plains, New York
          January 27, 2026

TESSER, RYAN & ROCHMAN, LLP

By:    /s/ *Randall Tesser*
       Randall Tesser
       15 Fisher Lane, Suite 200
       White Plains, NY 10603
       (212) 754-9000
       rtesser@tesserryan.com

       *Attorneys for Third-Party*
       *Plaintiff Mark David Graubard*