**Benesch**

Lauren Zimmerman
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 646.356.6023
lzimmerman@beneschlaw.com

February 3, 2026

<u>Via ECF</u>

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

  Re: *Metaxas et al v. Graubard et al.,* 25-cv-05844 (AMD) (PCG)

Dear Magistrate Judge Cross-Goldenberg:

  On behalf of Plaintiffs Angelos Metaxas and Pertshire Investments LP ("together, Plaintiffs") in the above-captioned matter, I submit this letter in response to the January 27, 2026 letter motion filed by Defendant Mark David Graubard ("Graubard") requesting leave to amend Graubard's Answer and leave to file a Third-Party Complaint against Chaskel Frankel ("Frankel") (ECF No. 34) (together, the "Leave Requests").

  Given the liberal standard for amending pleadings and asserting third-party claims at this stage of a case, Plaintiffs do not, as a procedural matter, oppose Graubard's Leave Requests. However, the substance and timing of Graubard's' Leave Requests raise significant concerns. Several of the affirmative defenses newly asserted in Graubard's Amended Answer are legally improper and should be stricken. Moreover, the context in which Graubard brings his Leave Requests—after months of repeated delays by Defendants in this action and a documented pattern of abuse of process in the related state-court proceedings, which is the subject of Plaintiffs' Complaint against them here—suggests that the Leave Requests may be Graubard's latest attempt to stall the progress of this case.

  Plaintiffs therefore outline below the defects in Graubard's newly asserted defenses and respectfully request that the Court strike those that are, on their face, improper. Plaintiffs next provide for the Court the troubling procedural history of delay and obstruction that accompanies Graubard's Leave Requests, and consequently request that if the Court grants Graubard's Leave Requests, the Court also (1) hold an in-person status conference on February 11, 2026, as referenced in the Court's minute order from today; (2) enter a case management schedule based on the Rule 26(f) report filed by Plaintiffs and Defendant Graubard on December 15, 2025 (ECF No. 22) or the Court's discussion with the parties at the proposed forthcoming status conference; and (3) adjourn the mediation deadline until April 10, 2026, at which point the putative Third-

Party Defendant, Chaskel Frankel ("Frankel"), will have been served and the parties will have exchanged discovery,[1] including regarding Graubard's latest allegations concerning Frankel.[2]

<u>Improper Affirmative Defenses</u>

Graubard, who is himself a practicing attorney, filed an Answer in this matter over two and a half months ago, on November 13, 2025. (*See* ECF No. 14). Nowhere in his Answer did he raise a single defense or even reference Frankel, even though Plaintiffs repeatedly addressed Frankel's conduct in their Complaint and alleged that, at all times, Frankel was working as Graubard's agent. Moreover, in the related case that has been pending in state court for almost a year, Graubard has not once referenced Frankel. But while Graubard's late-breaking allegations are suspect, as discussed *infra*, given the procedural posture here, Plaintiffs do not object to Graubard's amending his Answer but request that the Court strike three of Graubard's six newly interposed affirmative defenses as legally defective. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses may be stricken when "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc.,* 2020 WL 1031271, at *1 (S.D.N.Y. Mar. 2, 2020) (*citing S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)). Three of Graubard's newly asserted affirmative defenses meet this standard.

Graubard's Second and Third Affirmative Defenses contend that Graubard's breaches of contract and fiduciary duty "were induced by the fraud and/or tortious interference of another party and/or third party," *i.e.*, Frankel. (ECF No. 34-1). But neither are legally cognizable defenses to a claim for breach of contract or breach of fiduciary duty. "It is elementary that fraud in the inducement may not be used as a defense against a plaintiff unless plaintiff participated in the fraud." *Fed. Ins. Co. v. Mallardi*, 696 F. Supp. 875, 884 (S.D.N.Y. 1988). Moreover, tortious interference is not a defense to a breach of contract claim; rather, it is a separate cause of action for affirmative relief. *See In re Worldcom, Inc.,* 361 B.R. 697, 719–20 (Bankr. S.D.N.Y. 2007); *see also Wright & Miller*, 5 Fed. Prac. & Proc. Civ. § 1271 (4th ed. Sept. 2025) (tortious interference not mentioned as a valid affirmative defense). At best, and as reflected in Graubard's proposed Third-Party Complaint, Graubard's newly asserted facts may serve as grounds for a contributory negligence claim by Graubard against Frankel. Graubard's Second and Third Affirmative Defenses must thus be stricken as there is no question of fact or law which might allow them to succeed, and Plaintiffs would be prejudiced by being required to defend against them.

Graubard's Sixth Affirmative Defense should also be stricken as it is merely a reservation of rights to further amend his Answer in the future to assert additional defenses. This, too, is not a legally cognizable affirmative defense for two separate reasons. First, a reservation of rights is not in itself a defense. *Jefferies Strategic Invs., LLC v. Weiss,* 2025 WL 786578, at *4 (S.D.N.Y. Mar.

---

[1] The parties' responses and objections to Plaintiffs' and Graubard's initial discovery requests are due on February 18, 2026.

[2] Plaintiffs will be prepared to proceed with mediation before the requested April 10, 2026 deadline in the event Frankel is timely served and appears in this matter.

12, 2025), *corrected,* 2025 WL 1445744 (S.D.N.Y. May 20, 2025). Second, even if it were, Graubard cannot further amend his pleadings by right but instead can only do so upon leave of the Court or consent of the parties. *See* Fed. R. Civ. P. 15(a)(2). Courts in this circuit routinely strike affirmative defenses reserving rights to raise additional defenses. *Calabrese v. CSC Holdings, Inc.*, 2006 WL 544394, at *6 (E.D.N.Y. Mar. 6, 2006); *Fed. Trade Comm'n,* 2020 WL 1031271, at *5; *Boss Prods. Corp. v. Tapco Int'l Corp.,* 2001 WL 135819, at *3 (W.D.N.Y. Feb. 16, 2001).

Therefore, while Plaintiffs do not oppose Graubard's Leave Requests, Plaintiffs respectfully request that the Court strike Graubard's proposed Second, Third, and Sixth Affirmative Defenses.[3]

Preventing the Potential Use of Graubard's Leave Requests as a Means of Further Delay

Plaintiffs are genuinely concerned, and have a good faith belief, that Graubard's Leave Requests are nothing more than the latest in his and his co-Defendants' well-documented pattern of abusing process to prevent Plaintiffs from vindicating their rights.

*First*, as Plaintiffs explained in detail in their Complaint, and again during the December 22, 2025 Initial Status Conference held before Magistrate Judge Pollack, Defendants have a history of, and continue to engage in, meritless delay tactics aimed at preventing the adjudication of Plaintiffs' claims. (*See* ECF No. 1 ¶¶ 86-117). Indeed, in the related state court action, *Olden LLC v. Metaxas et al.*, Index No. 505819/2025 (Sup. Ct. Kings Cnty. Feb. 19, 2025) (the "State Court Action"), Graubard was found in contempt of court for repeatedly failing to abide by the court's orders regarding Plaintiffs' escrow deposits and Graubard's related bank records. During a commitment hearing held on January 14, 2026, the Kings County Supreme Court nearly remanded Graubard to custody for his ongoing defiance, but after Plaintiffs obtained via a third party subpoena the bank account records Graubard had been ordered to file with the court, the court converted the motion for commitment to a sanctions motion, returnable on March 20, 2026, for Graubard's non-compliant and frivolous litigation conduct. *See Olden LLC*, NYSCEF Doc. No. 187. In addition, Defendants Seddio and Rubin are the subject of a separate sanctions motion, returnable on March 12, 2026, for their own abusive and frivolous litigation conduct in the State Court Action. *See id.*, NYSCEF Doc. Nos. 93–101.

Unfortunately, the Defendants have not limited their delay tactics to the State Court Action. In this matter alone, Graubard and Sprei have each sought inappropriate delays of these proceedings. (*See* ECF No. 18 (Sprei requesting extension of time to answer and adjournment of initial conference); ECF Nos. 20 and 21 (Graubard requesting further adjournment of initial conference and extension to complete Initial Disclosures); ECF No. 21 (Sprei requesting same); ECF No. 23 (Graubard renewing request for same). Judge Pollack ultimately denied most of these requests. (ECF No. 26). Defendants further proposed that mediation take place in this matter on the condition that that discovery be stayed in the interim—another request for delay that Judge Pollack denied, making clear that this case would proceed "on parallel tracks." (ECF No. 28).

---

[3] Plaintiffs reserve all rights under Rule 14 to bring their own claims against the proposed Third-Party Defendant.

*Second*, the timing of Graubard's Leave Requests is suspicious, as it comes only **after** Plaintiffs served written discovery requests on each of the Defendants and despite Graubard's filing his Answer over two months ago (ECF No. 14), and his attorney joining the case almost a month ago, on January 6, 2026 (ECF No. 30). Graubard chose not to assert any affirmative defenses in his original Answer. (*See* ECF No. 14). While Graubard was a *pro se* defendant at the time, he himself is an attorney. The only differences in his proposed Amended Answer are the assertion of six affirmative defenses and a change in response to paragraph 116.[4] The fact that Graubard waited three months to obtain counsel does not justify the belated strategic decision to include affirmative defenses in his Amended Answer. The factual basis for Graubard's Third-Party Complaint was known to Graubard from the outset of this litigation. The exhibits he cites in his proposed Third-Party Complaint—correspondence between himself and Frankel from December 2024 (ECF No. 34-3, -4)—are not new, were presumably in his possession at the start of this case, and provide no justification for waiting more than three months to bring these claims.

In addition, Graubard concedes in his Answer and proposed Amended Answer that Frankel was acting as *his* agent. (ECF Nos. 14 ¶ 17, 34-1 ¶ 17). This directly contradicts the allegations in his proposed Third-Party Complaint that Graubard understood Frankel to be acting as *Plaintiffs'* agent. (*See, e.g.,* ECF No. 34-2 ¶¶ 7, 11). Frankel is not a "new" player; Plaintiffs allege throughout their Complaint that Frankel acted as Graubard's agent and in aid of his unlawful theft of their funds. (ECF No. 1 ¶ 59 ("On January 21, 22, and 23, *Graubard and his agent, non-party Chaskel Frankel,* falsely represented to Plaintiffs, as well as Maamari and El-Khoury, that all of their Escrow Deposits had been returned by wire transfer… *Graubard, through his agent Frankel,* provided Metaxas with a fictitious 'Fed ref'…"), ¶ 61 ("*Graubard's agent Frankel* falsely represented that the wire would be 'out today.'") (emphasis added)). Each of these allegations were contained in Plaintiffs' Complaint, and yet Graubard did not flag Frankel's alleged fraud until 102 days later, and only after Plaintiffs served extensive written discovery requests on January 20, 2026.

Given the questionable timing and nature of Graubard's Leave Requests, and Defendants' conduct in this and the State Court Action, Plaintiffs are concerned that Defendants will use the Leave Requests as a vehicle to delay the forward movement of discovery and other deadlines in this matter that will prejudice Plaintiffs. Plaintiffs respectfully request that no such requests for delay be granted absent good cause shown. While Graubard is seeking contributory negligence liability from Frankel, that has no impact on Plaintiffs' claims against, and their pending discovery requests sought from, each Defendant.

\* \* \*

Accordingly, to ensure the continued efficient progression of this matter, Plaintiffs respectfully submit alongside this response a separate letter motion requesting that the Court (1) hold an in-person status conference on February 11, 2026, as referenced in the Court's minute

---

[4] Paragraph 116 alleges, "Despite reserving ruling on sanctions against Seddio and Gorkin, and his statements during the attorney sanctions hearing regarding the likely dissipation of Plaintiffs' Escrow Deposits, the very next morning, Judge Mostofsky recused himself *sua sponte* 'due to personal relationship with' Graubard's replacement counsel Goldberg, just as Seddio and Graubard had intended." Graubard originally admitted this paragraph but now denies knowledge or information sufficient to form a belief. *Compare* ECF No. 14 at ¶ 1 *with* ECF No. 34-1 at ¶ 3.

order from today; (2) enter a case management schedule based on the Rule 26(f) report filed by Plaintiffs and Defendant Graubard on December 15, 2025 (ECF No. 22) or the Court's discussion with the parties at the proposed forthcoming status conference; and (3) adjourn the mediation deadline until April 10, 2026, at which point Frankel will have been served and the parties will have exchanged discovery, including regarding Graubard's latest allegations concerning Frankel.

    Sincerely,

    BENESCH, FRIEDLANDER,
      COPLAN & ARONOFF LLP

    */s/ Lauren J. Zimmerman*

    Lauren J. Zimmerman

Cc: All Parties via ECF