

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.356.6023
Fax: 646.755.3397
lzimmerman@beneschlaw.com

March 4, 2026

<u>Via ECF</u>

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 1120

  Re: *Metaxas et al. v Graubard et al.*, No. 25-cv-5844 (AMD) (PCG)

Dear Magistrate Judge Peggy Cross-Goldenberg:

  Pursuant to Section III.A of the Court's Individual Practices and Rules, Plaintiffs Angelos Metaxas and Pertshire Investments LP (together, "Plaintiffs"), and Defendant Jonathan Rubin respectfully submit this joint letter motion requesting that the Court schedule an informal discovery conference concerning Plaintiffs' outstanding discovery requests.[1]

  Plaintiffs note that they seek, through this joint letter motion, the Court's intervention regarding Defendant Frank R. Seddio, Esq.'s and Defendant Yeschiel Shimon Sprei's failure to respond to Plaintiffs' discovery requests. Both Defendants Seddio and Sprei declined to provide their position regarding Plaintiffs' instant letter motion.

  **Statement of Claims and Defenses**. This case is about the ongoing theft of $2 million that Plaintiffs placed in escrow with Defendant Graubard in December 2024 in connection with a potential investment opportunity through Defendant Sprei. After deciding in January 2025 not to pursue the investment opportunity, pursuant to the plain terms of their escrow agreements with Defendant Graubard, Plaintiffs demanded the immediate return of their $2 million in escrowed funds. In response, Defendant Graubard claimed at the time that he was withholding Plaintiffs' escrowed funds at the direction of his client, Defendant Sprei. Third party discovery, as well as Defendant Graubard's Amended Answer and Third Party Complaint filed in this matter, have since revealed that Defendant Graubard had in fact dissipated Plaintiffs' escrowed funds almost immediately upon receiving them in December 2024 and in direct violation of his contractual, fiduciary, and ethical obligations.

  Rather than admit this fact in January 2025, Defendant Graubard chose to conceal the unlawful dissipation of Plaintiffs' $2 million by working with Defendants Seddio, Sprei, and

---

[1] Plaintiffs and Defendant Mark David Graubard, Esq. are not requesting the Court's intervention in discovery between them at this time.

Rubin, to initiate, on behalf of a fictitious entity, a meritless state court action purporting to challenge Plaintiffs' exclusive rights to their escrow funds and asking the Kings County Supreme Court to direct Defendant Graubard to continue holding the escrowed funds in his interest on lawyer account—the same escrowed funds he has had transferred to Defendant Sprei months earlier. (ECF No. 44, Third Party Complaint of Graubard, ¶¶ 7–9). After Defendant Graubard was found in contempt of court for failing to deposit Plaintiffs' funds with the Clerk of the Kings County Supreme Court, Defendants Seddio and Rubin discontinued the state court action and thereby disclaimed any rights to the money.

Plaintiffs brought this action to conclusively establish their rights to the $2 million and hold Defendants accountable for their misconduct. All Defendants have answered the Complaint, but only Defendant Graubard has raised any affirmative defenses, including failure to state a claim, unenforceable contract, and unclean hands. Defendant Graubard has also filed a third-party complaint against Chaskel Frankel ("Frankel"), claiming Frankel fraudulently held himself out as Plaintiffs' agent and directed Graubard to transfer Plaintiffs' $2 million to an entity controlled by Defendant Sprei. Frankel has not yet been served or appeared in the action.

**Plaintiffs' Efforts to Resolve the Instant Dispute**. Despite Plaintiffs' best efforts to seek Defendants' compliance with their obligations to fully respond to Plaintiffs' written discovery requests, as Plaintiffs predicted at the February 11, 2026 conference before this Court, Defendants Sprei, Seddio, and Rubin have refused to abide by their discovery obligations. As discussed in more detail below, Defendant Seddio has not responded to any of Plaintiffs' written discovery requests and has been unresponsive to Plaintiffs' discovery-related communications. Defendant Sprei has been engaged in discovery-related communications but has not provided responses to Plaintiffs' written discovery requests. Defendant Rubin has been engaged in discovery-related communications but has refused to respond to Plaintiffs' First Set of Interrogatories ("ROGs") and has provided woefully insufficient responses to Plaintiffs' First Set of Requests for Production of Documents ("RFPs" together with the ROGS, the "Requests"). Given Defendants' conduct during discovery thus far, and history of engaging in delay tactics, Plaintiffs now seek this Court's intervention to compel Defendants Sprei, Seddio, and Rubin to produce complete responses to Plaintiffs' Requests.

On January 20, 2026[2], Plaintiffs served their Requests, via FedEx, to each Defendant, consistent with this Court's December 22, 2025 Order (the "Order") (ECF No. 28). Under the Order, responses to the Requests were due by February 18, 2026. Defendant Graubard served timely responses,[3] but none of the remaining Defendants timely responded to the Requests or requested an extension to respond to the Requests.

**Defendant Sprei's and Defendant Seddio's Failure to Respond.** On February 23, 2026, Plaintiffs' counsel sent courtesy emails to Defendants Sprei and Seddio: (1) reminding them that

---

[2] The Court's December 22, 2025 Order required written discovery requests to be exchanged by January 19, 2026. January 19, 2026 was a federal and Court holiday, therefore the date to exchange documents was extended to January 20, 2026, under Fed. R. Civ. P. 6(a)(1)(C).

[3] Plaintiffs do not make any representations about the adequacy of Defendant Graubard's responses in this letter motion.

their responses were due February 18, 2026; (2) requesting that they explain their failure to serve timely responses; and (3) requesting the date on which they intended to respond to the Requests. To date, neither Defendant Sprei nor Defendant Seddio has responded to Plaintiffs' emails.

On February 24, 2026, in an email thread copying all parties, Plaintiffs' counsel circulated multiple versions of the draft joint status report, which, by the final version that was filed on the docket at ECF No. 49, detailed the status of discovery, including that the deadline for Defendants' responses to the Requests had passed, that Defendant Rubin's responses to the ROGs remained outstanding, and that Defendants Sprei and Seddio had failed to serve any discovery responses despite Plaintiffs' aforementioned outreach.

On March 3, 2026, at 1:41 p.m., Plaintiffs circulated a draft of the instant letter to Defendants Sprei, Seddio, and Rubin, requesting their positions by 9 a.m. on March 4, 2026. Defendant Sprei responded that he would need until 6 p.m. on March 4, 2026, in light of Purim, the Jewish holiday that ended at nightfall on March 3, 2026. Plaintiffs agreed to wait until 6 p.m. today to receive Defendant Sprei's response or position for purposes of the instant joint letter motion. As of the time of this filing, Defendant Sprei has not provided his position regarding the relief Plaintiffs seek herein and Defendant Seddio still has not responded to Plaintiffs' request for his position on the instant joint letter motion.

In addition, as of the time of this filing, neither Defendant Sprei nor Defendant Seddio has responded to Plaintiffs' Requests

**Defendant Rubin's Failure to Respond to Plaintiffs' ROGs & Insufficient Responses to Plaintiff's RFPs**. On February 24, 2026, following his receipt of Plaintiffs' drafts of the joint status report ultimately filed on the docket at ECF No. 49, Defendant Rubin belatedly served his responses to Plaintiffs' RFPs. That same day, Plaintiffs' counsel emailed Defendant Rubin asking him when he intended to respond to Plaintiffs' ROGs and the basis for his failure to do so. Defendant Rubin replied that he would "have [the responses] back tonight." To date, Defendant Rubin has not, however, responded to Plaintiffs' ROGs.

On March 2, 2026, Plaintiffs' counsel again emailed Defendant Rubin noting that almost a week had elapsed since the date on which Defendant Rubin represented he would provide his responses to the ROGs and advised Defendant Rubin that Plaintiffs would seek court intervention if he did not comply. In response, Defendant Rubin stated that he had "no records or knowledge of the matter," and that his ROG responses would be "more of the same." After Plaintiffs shared a draft of the instant joint letter motion with Defendants Sprei, Seddio, and Rubin on March 3, 2026, requesting that they provide their position thereon, Defendant Rubin confirmed that he had not served any ROG responses and provided no explanation for his failure to meet his discovery obligations here. Instead, he stated, "I will have answers by tomorrow night." To date, Defendant Rubin has not provided responses to Plaintiffs' ROGs. Defendant Rubin also refused to respond to several of Defendants' RFPs, stating that he would not do so "absent a court order", and has failed to collect and produce all responsive documents and communications in his possession or control, including communications Defendant Graubard produced in response to Plaintiffs' RFPs and on which Defendant Rubin was copied.

This morning, March 4, 2026, Defendant Rubin provided the following position regarding Plaintiffs' Requests: "Mr. Rubin has not answered the interrogatories because he has no knowledge of this matter. He is not the Jo<u>h</u>nathan Rubin who is connected to Olden LLC, and has never filed or authorized anyone to file anything on his behalf. The few interrogatories not relating to this matter are so broad and intrusive, that he refuses to answer with out a court order. By way of example, "Identify each and every bank account held, owned, or controlled by You, Your spouse, if any, or any entity identified in Your response to Interrogatory No. 1 during the Relevant Period, and for each such account, identify the bank in which the account is or was held, bank address, account type, account number, date the account was opened, date the account was closed (if applicable), and all authorized account users on each bank account.". Some thing which is incredible burdensome and intrusive" [sic]

\* \* \*

Plaintiffs have noticed their depositions of Defendants beginning on March 26, 2026. If Defendants do not promptly respond to Plaintiffs' outstanding Requests, Plaintiffs' ability to adequately prepare for those depositions will be significantly curtailed—a result Plaintiffs believe Defendants Sprei, Seddio, and Rubin intend through their conduct here.

Consistent with Rule 37, Plaintiffs have, in good faith, attempted to confer with Defendants Sprei, Seddio, and Rubin about their failure to respond to the Requests, through Plaintiffs' efforts in sending follow-up emails to Defendants Sprei and Seddio, communicating with Defendant Rubin, and circulating the joint status report, ECF No. 49, to all parties, and a draft of the instant joint letter motion to Defendants Sprei, Seddio, and Rubin.

Accordingly, for the foregoing reasons, and to ensure that discovery proceeds efficiently, Plaintiffs and Defendant Rubin respectfully request that this Court schedule an informal discovery conference as soon as possible to resolve the parties' dispute concerning Plaintiffs' outstanding Requests.

Respectfully,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*/s/ Lauren Zimmerman*

Lauren Zimmerman

Cc: All Parties via ECF