# Jonathan Rubin

1120 Lexington Ave, Lakewood, N.J. 08701
732-620-0460 Email RubinJ20@Gmail.Com

*** Filed ***, 15 Mar, 2026
09:37 AM, U.S.D.C. Eastern District of New York

May 15th, 2025

**Via: Goldenberg_Chambers@nyed.uscourts.gov and ECF**
Magistrate Judge Peggy Cross-Goldenberg
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn NY 11201

RE: **Case No. 1:25-cv-5844**
**ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,**
**v. MARK DAVID GRAUBARD, ESQ. et al**
Jonathan Rubin's Motion to Quash Subpoenas

Dear Magistrate Judge Peggy Cross-Goldenberg,

    I have received the joint letter of Plaintiffs Angelos Metaxas and Pertshire Investments LP, and Defendant Mark David Graubard requesting that the Court address Plaintiffs' outstanding discovery requests with respect to Defendant Graubard at the upcoming discovery conference scheduled for March 16, 2026. While I obviously support Defendant Graubard position, and in fact filed a motion along the same lines on March 6th, 2026, that is not the point of this letter.

    The point of this letter is to protest the ceaseless campaign by Plaintiff of 'poising the well' by dropping inuendo and smears. All of which are untrue. In present example, Plaintiff states "it does not escape them that <u>within a day of Defendant Graubard's eleventh hour raising of this issue, his co-Defendants each issued untimely demands</u> for a stay of the Third-Party Subpoenas and then, without conferring with Plaintiffs or seeking a discovery conference, improperly filed two motions to quash <u>despite their complete unwillingness to date to engage in any discovery communications with Plaintiffs.</u>"

    This is of course (at least with regards to me) completely untrue. I filed my objections to the subpoenas the same day that I receive notice of the subpoenas from TD Bank, March 6th, 2026. . (And I find it funny to call a timely filled Motion 'eleventh hour', are all time lines not allowed to be adhered to?!). Similarly, the statement "despite their complete unwillingness to date to engage in any discovery communications with Plaintiffs", is untrue. I have provided documents to Plaintiff on Tue 2/24/2026 @ 7:05 AM. Since then, I have consistently been responsive to emails from the Plaintiff, albite refusing to comply with the Plaintiffs draconian massive requests. I would be more than happy to clog the ECF with the 20 emails back and forth between myself and Plaintiffs consul if the court requests it.

    <u>There is only one reason for the Plaintiff to be doing this; This action, is premised not on particularized factual allegations, but on sweeping rhetoric, impermissible group pleading, and an attempt to impose liability by association rather than conduct. To that end, Plaintiff is consistently</u>

<u>referring to what it perceives as 'Bad Behavior' by the defendants as a group, in order to ty them all together in the mind of the court, to archive their aims.</u>

**For all of the foregoing reasons, Defendant Jonathan Rubin respectfully requests that this Court instruct Plaintiffs from referring to Defendants as a group, unless Plaintiff means to include each and every Defendant.**
.

                                                Respectfully Submitted,

                                                Jonathan Rubin Pro Se

CC:    Babak Ghafarzad    <u>bghafarzade@selendygay.com</u>
           Frank R. Seddio    <u>seddiolaw@gmail.com</u>, <u>vjvseddiolaw@gmail.com</u>, <u>vmao@seddiolaw.com</u>
           Lauren J Zimmerman    <u>lzimmerman@beneschlaw.com</u>, <u>docket2@beneschlaw.com</u>, <u>rweston@beneschlaw.com</u>
           M. David Graubard    <u>dgraubard@keragraubard.com</u>, <u>Zaidiekgh@aol.com</u>
           Randall Tesser    <u>rtesser@tesserryan.com</u>
           Sam Sam <oldenequitiesgroup@gmail.com>