UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

                Plaintiff(s),

      v.

MARK DAVID GRAUBARD, ESQ. d/b/a M.
DAVID GRAUBARD, YESCHIEL SHIMON
"SAM" SPREI, FRANK R. SEDDIO, ESQ., and
JOHNATHAN RUBIN

                Defendants.

Case No. 1:25-cv-05844-AMD-PCG

## JOINT STATUS REPORT

Pursuant to the Court's March 16, 2026 Minute Order (the "March 16 Order"), Plaintiffs Angelos Metaxas and Pertshire Investments LP, jointly with Defendants Mark David Graubard, Esq. ("Graubard"), Sam Sprei ("Sprei"), Frank Seddio, Esq. ("Seddio"), and Jonathan Rubin ("Rubin"), respectfully submit this joint status report concerning the status of discovery.

**I.    Status Update**

    **A.    Retention of Counsel by Defendants Sprei, Seddio, and Rubin**

Counsel for Defendants Sprei and Seddio noticed their appearances on March 18 and 19, 2026, respectively. *See* ECF Nos. 61–64. On March 20, 2026, Mordy Gross, Esq., contacted counsel for Plaintiffs, identified himself as having recently been retained by Defendant Rubin for this action, and indicated that he would notice his appearance shortly. Mr. Gross noticed his appearance on March 24, 2026. ECF No. 68.

    **B.    Protective Order**

The Court entered the parties' proposed protective order on March 20, 2026. ECF No. 66.

**C.    Discovery Deadlines**

Counsel for Plaintiffs and Defendants Sprei and Seddio have met and conferred regarding the discovery deadlines in this matter, and have agreed to the following proposed schedule:

- A deadline of March 25, 2026, for Defendants Sprei and Seddio to respond to Plaintiffs' Requests for Production;

- A deadline of March 27, 2026, for Defendants Sprei and Seddio to respond to Plaintiffs' Interrogatories;

- A deadline of April 1, 2026, for Defendants Sprei, Seddio, and Rubin to propound discovery requests on Plaintiffs, Defendant Rubin having agreed to replace all of the March 5, 2026 written discovery requests he served on Plaintiffs with new requests to be served on or before April 1, 2026, which shall supersede Defendant Rubin's previous discovery requests;

- A deadline of April 30, 2026, for the parties to substantially complete the production of all documents responsive to discovery requests propounded on or before January 20, 2026;

- A deadline of May 29, 2026, for the parties to substantially complete the production of documents responsive to any discovery requests propounded on or before April 1, 2026;

- A deadline of June 30, 2026, for the close of discovery; and

- A deadline of July 31, 2026 for all dispositive motions.

**D.    Initial Disclosures**

As of the time of this filing Defendants Sprei and Seddio have not served initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A). The Court's December 22, 2025 order directed all represented parties to serve initial disclosures by January 5, 2026. ECF No. 28. At that time, Defendants Sprei and Seddio were not represented by counsel. Now that Defendants Sprei and Seddio are represented by counsel, they must comply with the mandatory disclosure requirements of 26(a)(1)(A). Defendants Sprei and Seddio have agreed to serve initial disclosures by April 1, 2026. Similarly, counsel for Defendant Rubin has agreed to update his disclosures by the same date if not complete.

2

**E.      Pending Letter Motions to Quash Plaintiffs' Third Party Subpoenas to TD Bank, Northfield Bank, and Flagstar Bank Duly Served on February 25, 2026**

The parties discussed the motions to quash at the Court's March 16, 2026 informal discovery conference (the "Discovery Conference"), at which point the Court conveyed its initial view that the entry of a protective order would likely resolve the pending motions to quash. Accordingly, the Court's March 16 Order stated, "No ruling on the pending motions to quash will be made at this time. As a result, there will be stay of the response date to the motions to quash pending a filing of a protective order. The parties are directed to file a proposed protective order no later than Thursday March 19, 2026 at 5PM. Responses to the third-party subpoenas presently pending are due no later than Monday March 23, 2026."

Pursuant to the Court's instructions at the Discovery Conference and in the March 16 Order, the parties entered a proposed Protective Order on March 19, which the Court granted on March 20. ECF No. 66.

The responses to the Third Party Subpoenas were due on March 16 (Flagstar Bank), March 18 (TD Bank), and April 3 (Northfield Bank). Plaintiffs understand that one or more of the Defendants have advised the banks not to respond to Plaintiffs' duly served subpoenas, without conveying this Court's limited stay until this past March 23, 2026. Defendants Sprei and Seddio understand, based on the text of the Court's March 16 Order, that the motions to quash remain pending, and respectfully submit that such motions should be resolved prior to any compliance with the outstanding subpoenas. Plaintiffs maintain that the Third Party Subpoenas are proper for the reasons stated in their letter response to the motions to quash, including that account transaction records from Defendants and others are relevant to the tracing and disposition of the escrow funds, and the equitable and monetary relief Plaintiffs seek to recover from Defendants for their conduct, including punitive damages. ECF No. 55. Moreover, none of the Defendants have articulated

3

which requests within the Third Party Subpoenas relate to them and thus, what standing they have, if any, to challenge the subpoenas. And finally, Plaintiffs believe that Defendants themselves have now affirmatively put the information sought through Plaintiffs' Third Party Subpoenas at issue.

Defendants maintain that Plaintiffs are improperly seeking post-judgment discovery prior to the entry of any judgment, *see* Fed. R. Civ. P. 69, and that the purposes outlined by Plaintiffs are overbroad, unduly invasive, and disproportionate to the needs of this litigation.

Defendant Rubin maintains that the Third Party Subpoenas are overbroad and seek information beyond what is relevant or proportional to the needs of the case. Defendant Rubin reserves all rights to challenge the subpoenas on the grounds set forth in his motion to quash. Defendant Rubin further objects to the characterization of including any purported conduct of Defendant Rubin together with the other Defendants.

**F.        Defendant Rubin's Discovery Requests and Responses**

On February 24, March 11, and March 13, Rubin produced a total of 30 documents. On March 23 and 24, 2026, counsel for Rubin served amended responses and objections to Plaintiffs' Interrogatories and Requests for Production, respectively. Plaintiffs are reviewing and evaluating Rubin's amended responses and objections. The issue of Rubin's potential spoliation of relevant evidence also remains given his representation to counsel for Plaintiffs that he dropped his cellular phone in water and thus does not have data from before August 2025, a period which includes the time that Plaintiffs deposited their funds with Defendant Graubard, Plaintiffs' escrowed funds were transferred to one or more third parties without Plaintiffs' consent, and the initiation and litigation of the State Court Action, which was brought on February 19, 2025, including by means of a sworn affirmation purportedly signed by Defendant Rubin.

Defendant Rubin denies any spoliation. Rubin's position is that the cellular phone was destroyed in August 2025, well before Rubin had any notice of the pendency of the Federal Action,

4

which was initiated in October 2025, and well before any duty on Rubin to preserve existed. Rubin maintains that he is not a party in the state action, and further maintains that all responsive documents after Defendant Rubin had received proper notice have been preserved and produced in accordance with all Federal Rules of Civil Procedure.

The parties hope to resolve any outstanding discovery issues with counsel for Rubin without court intervention.

### G.    Defendant Graubard's Account Records

At the March 16 Discovery Conference, the Court ordered Graubard to identify, and produce documents sufficient to identify, every bank account held, owned, or controlled by Defendant Graubard, as requested in Plaintiffs' Interrogatory No. 13 and Request for Production No. 4. Graubard served a supplemental interrogatory answer and document production to Plaintiffs on the night of March 24, 2026. Plaintiffs are reviewing the production and will endeavor to raise any issues therewith at the March 27, 2026 discovery conference.

*    *    *

The parties appreciate the Court's time and attention on this matter.

5

Dated:  March 25, 2026

<table>
<tr>
<td>

*/s/ Lauren J. Zimmerman*

Lauren J. Zimmerman
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Tel: (646) 356-6023
lzimmerman@beneschlaw.com

Jennifer M. Selendy
Babak Ghafarzade
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
jselendy@selendygay.com
bghafarzade@selendygay.com

*Attorneys for Plaintiffs Angelos Metaxas
and Pertshire Investments LP*

</td>
<td>

*/s/ Randall Tesser*

Randall Tesser
TESSER, RYAN & ROCHMAN, LLP
15 Fisher Lane, Suite 200
White Plains, NY 10603
(212) 754-9000
rtesser@tesserryan.com

*Attorney for Defendant Mark David Graubard*

*/s/ David Shargel*

David Shargel
Nicole Boeckman
BRACEWELL LLP
31 West 52nd Street Suite 1900
New York, NY 10019
212-508-6100 / -6013
David.Shargel@bracewell.com
Nicole.Boeckmann@bracewell.com

*Attorneys for Defendant Sam Sprei*

*/s/ Jarrod L. Shaeffer*

Kenneth M. Abell
Jarrod L. Schaeffer
ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
Tel: 646-970-7341 / -7339
kabell@aellaw.com
jschaeffer@aellaw.com

*Attorneys for Defendant Frank R. Seddio, Esq.*

*/s/ Mordy Gross*

Mordy Gross
LAW OFFICES OF MORDY GROSS LLC
18 Broadway Ste 10612
Albany, NY 12207
484-680-0768
Mg@mordygross.com

*Attorney for Defendant Jonathan Rubin*

</td>
</tr>
</table>

6