Law Offices of Mordy Gross LLC
418 Broadway # 10612 ● Albany, NY 12207
484.680.0768 ● mg@mordygross.com
*Admitted in New York and New Jersey*

April 1, 2026

BY ECF and via email to Cross-Goldenberg_Chambers@nyed.uscourts.gov

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Metaxas, et al. v. Graubard, et al., No. 1:25-cv-05844-AMD-PCG

Dear Judge Cross-Goldenberg:

Defendant Jonathan Rubin respectfully submits this letter motion pursuant to the Court's March 27, 2026 Minute Order (entered March 31, 2026), which directed the parties to advise the Court "whether the disputes regarding the subpoenas have been resolved or whether the pending motions to quash will be maintained or renewed."

As set forth in the Joint Status Report filed contemporaneously herewith, Defendant Rubin has resolved the majority of the disputes concerning the TD Bank subpoena through good-faith conferral with Plaintiffs. Specifically, Mr. Rubin has withdrawn his objections to the extent they seemed to be directed toward the Flagstar Bank and Northfield Bank subpoenas; has agreed to the production of account and transaction records for Queen Equities LLC and WHP Equities LLC from December 1, 2024 through the present, subject to the Confidentiality Order (ECF No. 66); and does not object to Request No. 6. The parties agreed to hold in abeyance requests pertaining to Esther Equities LLC.

The parties remain at impasse on two narrowed issues, and Defendant Rubin hereby renews his Motion to Quash (ECF No. 51) as to those issues:

1. **Request Nos. 1(n) and 2 — Mr. Rubin's individual account(s).** Defendant Rubin respectfully requests that the Court quash the TD Bank subpoena insofar as it seeks account and transaction records for Mr. Rubin's individual account(s). Every transaction Plaintiffs have identified involves corporate entity accounts, not personal accounts. Plaintiffs have not identified a single personal-account transaction relevant to their claims, and discovery of an individual's personal and family banking records — which may include joint accounts with Mr. Rubin's spouse and children, who are not parties to this action — is disproportionate under Fed. R. Civ. P. 26(b)(1) absent a factual predicate Plaintiffs have not established. The arguments supporting this request are set forth in full in Defendant Rubin's Position Statement in the Joint Status Report.

1

2. **Request Nos. 7(k) and 8(j) — Communications as to Defendant Rubin.** Defendant Rubin respectfully requests that the Court modify the TD Bank subpoena to exclude Mr. Rubin from Request Nos. 7 and 8. As narrowed by Plaintiffs, these requests seek TD Bank communications regarding cancelled, returned, or bounced checks; potentially fraudulent or suspicious transactions; and account freezes, holds, or closures. These categories are untethered to any allegation in the Complaint against Defendant Rubin and are designed to elicit prejudicial information rather than trace the specific funds at issue.

Defendant Rubin's position on both issues, including supporting authority, is set forth in detail in the Joint Status Report filed herewith and is incorporated by reference.

**Request for Leave to File Supplemental Brief.** Undersigned counsel respectfully requests leave to file a supplemental brief in support of this renewed motion following the Court's review of the Joint Status Report. The Jewish holiday of Passover begins this evening, April 1, 2026, at sundown, and counsel will have limited availability through April 10, 2026. Counsel respectfully requests that the Court set a briefing schedule permitting the filing of any supplemental papers on or after April 13, 2026. However, if necessary, Counsel can file papers as early as April 7, 2026.

Respectfully submitted,

/s/ Mordy Gross
Mordy Gross, Esq.
Law Offices of Mordy Gross, LLC
418 Broadway # 10612
Albany, NY 12207
(484) 680-0768
mg@mordygross.com