

**JARROD L. SCHAEFFER**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

April 1, 2026

**By ECF**

Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   Re:   *Metaxas, et al., v. Graubard, et al.*, **No. 25 Civ. 5844 (AMD) (PCG)**

Your Honor:

We represent Frank R. Seddio, Esq., in the above-referenced action and, pursuant to the Court's order, write respectfully regarding Mr. Seddio's prior motion to quash Plaintiffs' third-party subpoenas to Flagstar Bank, N.A., Northfield Bank, and TD Bank, N.A. (*See* Dkt. 53.)

For the reasons that follow, that motion should be granted with respect to the subpoena issued to TD Bank, N.A. (the "Subpoena").[1]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that," *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii). Likewise, in order "[t]o protect a person . . . affected by a subpoena," the court also "may, on motion, quash or modify the subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 45(d)(3)(B)(i).

"Courts in this Circuit 'have found that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA) (HBP), 2014 WL 5420225, at \*4 (S.D.N.Y. Oct. 24, 2014) (quoting *Arias-Zeballos v. Tan*, 06 Civ. 1268 (GEL) (KNF), 2007 WL 210112 at \*1 (S.D.N.Y. Jan. 25, 2007)). In part, that is because bank accountholders have a recognized privacy

---

[1]    A copy of the Subpoena was appended to the parties' Joint Status Report, which was filed today. (Dkt. 74-1.) Mr. Seddio incorporates those portions of his pending motion that pertain to the Subpoena.

interest in their financial records. *See, e.g.*, *Carey v. Berisford Metals Corp.*, No. 90 Civ. 1045 (JMC), 1991 WL 44843, at *8 (S.D.N.Y. Mar. 28, 1991), *on rearg.*, 1991 WL 120260 (S.D.N.Y. June 26, 1991) (identifying "a privacy interest in [] bank records").

Typically, "a non-recipient 'lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.'" *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (quoting *Universitas Educ., LLC v. Nova Group, Inc.*, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)). "A non-recipient . . . may, however, raise the relevance of the evidence sought by a subpoena for purposes of balancing the relevance of the information sought against the litigant's protected interest." *Id.* at 203 (citing *Refco*, 2014 WL 5420225 at *6). Thus, "[w]here a movant claims a privacy interest in information subject to a subpoena and the movant has standing, 'the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests [] asserted.'" *Id.* And "th[e] confidentiality interest" in one's financial records likewise grants "standing to challenge whether the information sought by the subpoena is tailored to the dispute's needs." *In re Subpoenas Served on Lloyds Banking Grp. PLC*, No. 21-MC-376 (JGK) (SN), 2021 WL 3037388, at *2 (S.D.N.Y. July 19, 2021), *aff'd and remanded*, 2021 WL 5494816 (S.D.N.Y. Nov. 22, 2021), *op. amended and superseded*, 2021 WL 5708721 (S.D.N.Y. Nov. 26, 2021) (citing *Aurelius Cap. Partners v. Republic of Argentina*, No. 07 Civ. 11327, 2013 WL 857730, at *2 (S.D.N.Y. Mar. 7, 2013)).

## **DISCUSSION**

As reflected in the parties' joint status report filed today (*see* Dkt. 74), Mr. Seddio's prior motion, which originally sought to quash subpoenas issued to all three banks, should be narrowed solely to the Subpoena.[2] The Court should grant the relief requested with respect to that Subpoena.

*First*, "[w]hile the scope of discovery is 'broad,' it is not 'limitless.'" *United States v. Veeraswamy*, 347 F.R.D. 591, 598–99 (E.D.N.Y. 2024) (quoting *Sanders v. SUNY Downstate Med. Ctr.*, No. 22-CV-4139 (KAM) (CLP), 2024 WL 4198355, at *2 (E.D.N.Y. Sept. 16, 2024)). "Permissible discovery under Rule 26 must be relevant 'to any party's claim or defense,' and that means 'proportional to the needs of the case.'" *Id.* at 598 (quoting *White v. Cnty. of Suffolk*, No. 20-CV-1501 (JS) (JMW), 2022 WL 1154839, at *2–3 (E.D.N.Y. Apr. 19, 2022)). Here, Plaintiffs have requested—both in their discovery requests and in the Subpoena—broad swaths of information and records that exceed the bounds of relevance. In the Subpoena, for instance, Plaintiffs seek information identifying any account held by Mr. Seddio or his law firm, regardless of whether such accounts have any connection to this action; personal identifying information for anyone with access to such accounts, regardless of any connection they may have to this action; and "[d]ocuments sufficient to show all Transactions during the Relevant Period," which Plaintiffs define as a period extending from 2024 through the present (*i.e.* well after the conduct alleged in the complaint as the basis for their claims), regardless of any connection such transactions may have to this action. Such demands are not "tailored to the dispute's needs." *In re Subpoenas Served on Lloyds Banking Grp. PLC*, 2021 WL 3037388 at *2.

---

[2] Even more specifically, Mr. Seddio objects only to requests 1(o), 1(p), 2–4 (as applied to Mr. Seddio or his firm), 7(l), 7(m), 8(k), and 8(l).

"Where a movant claims a privacy interest in information subject to a subpoena and the movant has standing, 'the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests asserted.'" *Silverstone Holding Grp., LLC*, 650 F. Supp. 3d at 203 (citing *Refco*, 2014 WL 5420225 at *6). Here, that balance tips toward Mr. Seddio because the Subpoena seeks broad disclosures beyond what may be relevant in this case. To be sure, Plaintiffs *speculate* about ways in which such information *might* be relevant if various of their assumptions are presumed to be true. But Plaintiffs' bare belief that Mr. Seddio knowingly participated in a wide-ranging scheme—participation alleged in large part, and certainly at key junctures, only "[o]n information and belief" (Compl. ¶ 82)—is insufficient to authorize a "fishing expedition" through any and every bank account that Mr. Seddio or his law firm may have. *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (finding that "a party whose banking records are subpoenaed has standing to oppose the subpoena" and concluding that "the Magistrate Judge correctly quashed the . . . subpoena because the request for documents is nothing more than a fishing expedition").

*Second*, party discovery is the appropriate way for Plaintiffs to seek potentially relevant bank account records from Mr. Seddio and his law firm. "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34, which governs discovery between parties, rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Athalonz, LLC v. Under Armour, Inc.*, No. 24 Misc. 47 (DEH), 2024 WL 1555685, at *2 (S.D.N.Y. Apr. 10, 2024) (quoting *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020)). Indeed, "courts have consistently granted motions to quash where the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery." *Lemoine v. Mossberg Corp.*, No. 3:18 Civ. 1270 (KAD), 2020 WL 3316119, at *1 (D. Conn. June 18, 2020); *see also Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, No. 10 Civ. 35A (SR), 2013 WL 5652759, at *3 (W.D.N.Y. Oct. 15, 2013) (finding subpoena was unduly burdensome where documents at issue "could easily have been requested of [the plaintiff] during the normal course of discovery").

In this case, Plaintiffs have already requested discovery that would encompass potentially relevant records sought via the Subpoena. For example, among many other requests, Plaintiffs have requested:

> All Documents and Communications concerning any Transaction between [Mr. Seddio] . . . , on the one hand, and CPE Member LLC, Esther Equities LL, Frankl, Graubard, King, Kobre, Montclare, Montclare & Wachtler, Queen Equities LLC, Rubin, Shefa Holdings LLC, Sprei, Surf 9, Wachtler, WHP Equities LLC, or any attorney acting on their behalf, on the other hand . . . .

And as noted in the parties' joint status report filed today, Mr. Seddio has agreed to produce a number of those records for which the complaint discloses a factual basis for relevance—or where Plaintiffs have disclosed additional facts during meet-and-confer discussions that establish potential relevance. Moreover, in addition to being the appropriate avenue to obtain discovery of such material, proceeding through party discovery allows for the review and redaction of sensitive, irrelevant information while affording the Court an opportunity to consider and rule on subsidiary questions regarding relevance, privilege, or other similar matters in the ordinary course.

*Third*, "the court . . . must quash or modify a subpoena that," *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii). Among other things, the Subpoena explicitly requests records, information, and communications regarding or involving Mr. Seddio's law firm. To the extent the Subpoena seeks information that may be subject to a claim of privilege, including by any clients of Mr. Seddio's law firm, the Subpoena must be quashed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Subpoena should be quashed. We thank the Court for its attention to this matter.

Respectfully submitted,

*Jarrod L. Schaeffer*

ABELL ESKEW LANDAU LLP

Kenneth M. Abell
Jarrod L. Schaeffer

256 Fifth Avenue, 5th Floor
New York, NY 10001
kabell@aellaw.com
jschaeffer@aellaw.com
(646) 970-7341 / -7339

*Counsel for Frank R. Seddio, Esq.*

Abell Eskew Landau LLP │jschaeffer@aellaw.com │ (646) 970-7339 │ aellaw.com