## Law Offices of Mordy Gross LLC

418 Broadway # 10612 • Albany, NY 12207
484.680.0768 • mg@mordygross.com
*Admitted in New York and New Jersey*

April 22, 2026

<u>BY ECF</u>

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Metaxas, et al. v. Graubard, et al.*, No. 1:25-cv-05844-AMD-PCG

**Defendant Rubin's Letter Motion to Enforce the Confidentiality Order,
for an Interim Protective Order Sequestering the TD Bank Production,
and in Opposition to Plaintiffs' Claim of Mootness (ECF No. 79)**

Dear Magistrate Judge Cross-Goldenberg:

Defendant Jonathan Rubin ("Defendant Rubin") respectfully submits this letter motion in response to Plaintiffs' April 21, 2026 letter (ECF No. 79) and in support of his request for limited interim relief pending the Court's ruling on his Renewed Motion to Quash (ECF No. 73). Specifically, Defendant Rubin asks the Court to (i) reject Plaintiffs' contention that the Renewed Motion is moot; (ii) enforce the Confidentiality Order (ECF No. 66) by designating the entire April 20, 2026 TD Bank production as "Confidential" and restricting its use and dissemination pending ruling; (iii) order the personal-account records contained in that production sequestered pending ruling; (iv) provide for return or destruction of any records subsequently quashed, with sworn certification of compliance; and (v) expressly preserve all objections and rights Defendant Rubin has asserted in ECF Nos. 51, 73, and 78.

The Renewed Motion is not moot. As Plaintiffs themselves acknowledge (ECF No. 79 n.1), TD Bank has *not* produced any communications—so the Renewed Motion remains fully live as to

1

Request Nos. 7(k) and 8(j). And as to the personal-account and transaction records that TD Bank did produce on April 20, 2026—after Defendant Rubin had placed TD Bank on direct notice of the motion on March 6, 2026 and requested that it "not be acted on until the court rules," and after TD Bank's March 24, 2026 statement to Plaintiffs that it would "withhold its response to the Subpoena pending a resolution of the motions to quash" (ECF No. 76, at 2)—this Court retains ample authority under Fed. R. Civ. P. 26(c) and the Confidentiality Order (ECF No. 66) to grant meaningful relief: sequestration, restrictions on use and dissemination, and, if the Renewed Motion is granted, return or destruction. That relief is "effectual," and its availability forecloses mootness.

The stakes are concrete. The Subpoena's personal-account requests reach records of a family's private financial affairs, which may include accounts Defendant Rubin holds jointly with his spouse and minor children—none of whom is a party to this action. Plaintiffs state they "are in the process of reproducing [the records] to Defendants," meaning dissemination to six other parties is imminent. The status quo should be preserved until the Court rules.

### RELEVANT BACKGROUND

**Motion Practice.** On March 6, 2026, Defendant Rubin (then pro se) filed his initial motion to quash the TD Bank Subpoena (ECF No. 51). Following the March 16, 2026 conference, the Court stayed enforcement pending entry of a Confidentiality Order, which the Court entered on March 20, 2026 (ECF No. 66). On March 27, 2026, the Court held the subpoenas in abeyance through April 1, 2026 pending further meet-and-confer. On April 1, 2026, Defendant Rubin filed his Renewed Motion to Quash (ECF No. 73), narrowed to two sets of issues: Request Nos. 1(n) and 2 (insofar as they seek Defendant Rubin's *individual* account records) and Request Nos. 7(k) and 8(j) (TD Bank internal communications). Plaintiffs filed their Opposition on April 8, 2026

2

(ECF No. 76). Defendant Rubin filed his Reply on April 13, 2026 (ECF No. 78), concurrently producing 452 pages of Bates-stamped corporate bank records (RUBIN-000127 through RUBIN-000578) for Queen Equities LLC and WHP Equities LLC. The Renewed Motion has been fully briefed and pending before this Court since April 13, 2026.

**Defendant Rubin's March 6, 2026 Notice to TD Bank.** Within hours of filing ECF No. 51, Defendant Rubin communicated directly with TD Bank's Subpoena Associate, Maureen T. Haney, at 4140 Church Road, Mount Laurel, NJ. At 9:37 AM, Defendant Rubin emailed TD Bank regarding the Subpoena (referenced by TD Bank as "ref 277020"). At 9:46 AM, Ms. Haney requested a copy of the filed motion. At 5:07 PM that same day, Defendant Rubin forwarded Ms. Haney his filed motion to quash and requested in writing that TD Bank "confirm [] th[at] this request will not be acted on until the court rules." This communication long pre-dates TD Bank's March 24, 2026 written statement to Plaintiffs that it would "withhold its response to the Subpoena pending a resolution of the motions to quash" (ECF No. 76, at 2; ECF No. 77, at 2). Copies of the March 6, 2026 correspondence are available for the Court's review upon request.

**The April 20, 2026 Production.** On April 20, 2026—one week after briefing on the Renewed Motion closed, while the Motion was pending before the Court, and without notice to Defendant Rubin or any other Defendant—TD Bank informed Plaintiffs that it had produced "all of Defendant Rubin's individual and corporate account and transaction records responsive to the Subpoena" (ECF No. 79). Defendant Rubin first learned of the production the next day, upon receipt of Plaintiffs' April 21 letter. As of this filing, no Defendant has received the actual production from TD Bank; Plaintiffs state they "are in the process of reproducing [the records] to Defendants." (*Id.*) TD Bank has not produced any communications responsive to the Subpoena (*Id.* n.1).

3

# ARGUMENT

**I.    The Renewed Motion to Quash Is Not Moot.**

    ***A.    Effective Relief Remains Available Under Fed. R. Civ. P. 26(c) and the Confidentiality Order.***

A dispute is not moot so long as the Court can grant "any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted). Effectual relief is plainly available here. Under Fed. R. Civ. P. 26(c)(1), the Court has "broad discretion" to "issue an order to protect a party" by, *inter alia*, "forbidding the disclosure or discovery," "specifying terms . . . for the disclosure or discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery." *Id.* R. 26(c)(1)(A), (B) (D); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–36 (1984). That authority does not evaporate simply because materials have changed hands; courts routinely use it to restrict access to, use of, and further dissemination of records after production—and to order their return or destruction where the underlying request is subject to a pending and fully-briefed motion to quash.

The Court's own Confidentiality Order (ECF No. 66) reinforces this authority. The Order expressly contemplates that "Confidential Discovery Material" includes materials produced by non-parties; that designations may be made either at the time of production or after-the-fact; and that the Court "retains jurisdiction…to enforce" the Order's terms. If the Renewed Motion is granted, the Court can order the personal-account records returned or destroyed; if it is denied, the records will at minimum be restricted to use in this litigation pursuant to the Confidentiality Order. Either way, there is meaningful relief to grant.

### B.    *The Communications Requests Concededly Remain Outstanding.*

Plaintiffs' own letter confirms that the Renewed Motion is not moot as to communications. (*See* ECF No. 79 n.1 ("To date, TD Bank has not produced communications responsive to the Subpoena.").) Request Nos. 7(k) and 8(j) are a distinct and substantial component of the Renewed Motion. (ECF No. 73 at 2; ECF No. 78 at 5–6.) Because they remain unproduced, the Renewed Motion must be adjudicated on the merits regardless of Plaintiffs' mootness contention as to account records.

### C.    *Sali Does Not Compel a Different Result.*

Plaintiffs' sole authority—*Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 2:19-cv-00275-FB-CLP, 2022 U.S. Dist. LEXIS 48699, at *14-23, 2022 WL 1085508 (E.D.N.Y. Jan. 10, 2022), *R. & R. adopted*, 2022 U.S. Dist. LEXIS 48668, at *4 , 2022 WL 819178 (E.D.N.Y. Mar. 18, 2022) —does not dictate mootness here. *Sali* did not address the circumstances presented: a third-party bank's production during a pending, fully-briefed motion to quash, after the objecting party had given direct notice to the bank and the bank had represented (to the subpoenaing party) that it would withhold pending resolution of the motion. Nor did *Sali* purport to abrogate the Court's Fed. R. Civ. P. 26(c) authority to issue protective orders governing produced materials. Where, as here, this Court can still order return, destruction, or limited use of the produced records, and communications responsive to the Subpoena have not been produced at all, mootness has no application.

## II.    An Interim Protective Order Is Warranted.

### A.    *The Records Implicate Acute Privacy Interests, Including of Non-Parties.*

The personal-account records are precisely the category for which courts have recognized a heightened need for protection. Defendant Rubin's personal accounts may include joint accounts

with his spouse and minor children, none of whom is a party to this action and none of whom has had the opportunity to be heard. (*See* ECF No. 73, at 1; ECF No. 78, at 1.) *See Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005) (granting protective order for personal bank accounts where discovering party offered only a generalized "follow the money" rationale); *Pasternak v. Dow Kim*, 275 F.R.D. 461, 463 (S.D.N.Y. 2011) (personal-account discovery must be proportional and may be phased until less intrusive alternatives are exhausted).

### B.      *No Factual Predicate Justifies Unrestricted Review of Personal Accounts.*

As set forth in Defendant Rubin's Reply, Plaintiffs have not identified a single personal-account transaction connected to their claims. (ECF No. 78, at 1–3.) The 452 pages of corporate records already produced encompass every transaction Plaintiffs identified in their Opposition—together representing less than two-tenths of one percent of the transaction volume in those records. (*Id.* at 1–2.) That record does not warrant an intrusion into Defendant Rubin's family banking records; at a minimum, it supports a narrow interim order pausing review and use of those records until the Court rules on the Renewed Motion.

### C.      *The Status Quo Should Be Preserved Pending Ruling.*

Defendant Rubin has engaged in good-faith conferral, withdrawn objections to the Flagstar and Northfield subpoenas, agreed to the production of corporate records, consented to Request No. 6, and produced 452 Bates-stamped pages. (ECF No. 78, at 1.) He did so on the reasonable expectation—shared by all parties and, as of March 24, 2026, apparently by TD Bank itself—that the two narrow outstanding issues would be resolved by this Court before further production occurred. The Renewed Motion was fully briefed and pending for a week when the April 20, 2026

6

production issued. A narrow interim order preserving the status quo until the Court rules is both appropriate and modest.

**III.     Requested Relief.**

Defendant Rubin respectfully requests that the Court enter an order, pending its ruling on the Renewed Motion to Quash (ECF No. 73), providing as follows:

1. **Enforcement of the Confidentiality Order.** Pursuant to Defendant Rubin's designation herein, all records produced by TD Bank on April 20, 2026 responsive to the Subpoena shall be treated as "CONFIDENTIAL" under the Confidentiality Order (ECF No. 66) pending further order of the Court. Plaintiffs and any recipient of the TD Bank production shall use such records solely in connection with this litigation and may not disseminate them beyond the persons authorized by the Confidentiality Order.

   a. Within three (3) days, Plaintiffs shall provide to all parties, and file with the Court, an inventory identifying by Bates range and category the records received from TD Bank, distinguishing among (i) corporate account and transaction records for Queen Equities LLC and WHP Equities LLC; (ii) any *individual* account and transaction records for Defendant Rubin; and (iii) any communications.

   b. Within three (3) days, Plaintiffs shall confirm in writing, to all parties, each person or entity to whom any portion of the TD Bank production has been or will be provided and confirm that each such recipient is bound by the Confidentiality Order.

c.  Within three (3) days, Plaintiffs shall provide all communications had with TD Bank regarding the Subpoenas, the pendency of the motions to quash, and the Courts' orders, to ensure that Plaintiffs have complied with the protective orders in this matter.

2.  **Sequestration of Personal-Account Records.** Plaintiffs and any other party who has received, or receives, any portion of the TD Bank production shall sequester all records that relate to any *individual* account held by Defendant Rubin in his personal capacity (including any joint accounts) and shall not review, analyze, use, reference, or further disseminate such records for any purpose pending the Court's ruling on the Renewed Motion. The individual-account records shall be segregated from the corporate account records for Queen Equities LLC and WHP Equities LLC.

3.  **Treatment Upon Ruling.** If the Renewed Motion is granted in whole or in part, Plaintiffs and all other recipients shall, within three (3) days of the Court's order, return or destroy all sequestered records (and all copies, extracts, summaries, or derivative materials) consistent with the Court's ruling, and provide a written certification of compliance by sworn declaration. If the Renewed Motion is denied, the produced records shall be treated as CONFIDENTIAL pursuant to ECF No. 66 absent further order.

4.  **Communications.** The Renewed Motion remains pending as to Request Nos. 7(k) and 8(j). TD Bank shall not produce, and Plaintiffs shall not accept, any communications responsive to those Requests pending the Court's ruling.

5.  **Preservation of Rights.** Defendant Rubin does not waive, and expressly preserves, all objections and rights asserted in ECF Nos. 51, 73, and 78, including objections to the scope of the Subpoena, the factual predicate for personal-account discovery, and relevance and

8

proportionality under Fed. R. Civ. P. 26(b)(1). Any disputes concerning confidentiality designations shall proceed pursuant to the Confidentiality Order (ECF No. 66).

6. **Reservation as to Cost-Shifting.** To the extent the Court determines upon review that the April 20, 2026 production occurred in contravention of any order or agreement concerning the Subpoena, Defendant Rubin reserves the right to seek cost-shifting and such other remedial relief as the Court deems just and proper under Fed. R. Civ. P. 26(c), 37, and the Court's inherent authority.

The relief requested is narrow, preserves the status quo, and allows the Court to rule on the Renewed Motion on the merits without being overtaken by events. Defendant Rubin is prepared to confer with Plaintiffs and the other Defendants regarding the specific terms of any interim order and will promptly report any narrowing of this request.

## IV.    Request for a Discovery Conference.

Given the sensitivity of the records at issue, the risk of irreparable prejudice from further dissemination, and the imminence of Plaintiffs' reproduction of the TD Bank records to six other parties, Defendant Rubin respectfully requests that the Court schedule a prompt discovery conference pursuant to Section III.A of the Court's Individual Practices to address (i) interim sequestration and access restrictions pending ruling on the Renewed Motion; (ii) the scope of any remedial relief; and (iii) the circumstances of the April 20, 2026 production.

## **CONCLUSION**

For the foregoing reasons and those set forth in ECF Nos. 73 and 78, Defendant Rubin respectfully requests that the Court (i) reject Plaintiffs' mootness contention in ECF No. 79; (ii)

enter the interim protective order set forth in Part III; (iii) schedule a prompt discovery conference;

and (iv) proceed to rule on the Renewed Motion to Quash (ECF No. 73).

Respectfully submitted,

/s/ Mordy Gross
Mordy Gross, Esq.
Law Offices of Mordy Gross LLC
418 Broadway # 10612
Albany, NY 12207
(484) 680-0768
mg@mordygross.com
*Counsel for Defendant Jonathan Rubin*

cc:    All Counsel (via ECF)