UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANGELOS METAXAS, *et al.*,<br><br>     *Plaintiffs*,<br><br> v.<br><br>MARK DAVID GRAUBARD, *et al.*,<br><br>     *Defendants*. | Case No. 25-cv-5844 (AMD) (PCG) |

## **DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

KENNETH M. ABELL and JARROD L. SCHAEFFER, each declare, collectively and individually, as follows pursuant to 28 U.S.C. § 1746:

1. The undersigned are duly admitted to practice before this Court and currently represent defendant Frank Seddio, in this action as attorneys with the law firm of Abell Eskew Landau LLP (the "Firm"). For the reasons outlined herein, the Firm respectfully seeks to withdraw from continued representation of Mr. Seddio in connection with this action, and this declaration is submitted in support of the accompanying Motion to Withdraw as Counsel of Record.

2. Kenneth M. Abell first filed a Notice of Appearance in this action on behalf of Mr. Seddio a little over one month ago, on March 19, 2026.

3. Jarrod L. Schaeffer first filed a Notice of Appearance in this action on the same date, March 19, 2026.

4. By way of brief background, plaintiffs filed their complaint in this action approximately six months ago, on October 17, 2025.

5.     Defendant Seddio represented himself in this matter until March 19, 2026, when the Firm appeared on his behalf.  Thereafter, the Firm engaged in good faith efforts to resolve this matter and to advance outstanding discovery issues.

6.     Unfortunately, the Firm has had difficulties communicating with Mr. Seddio to an extent that the Firm feels it is not able to continue to effectively represent Mr. Seddio in this matter. *See, e.g.*, *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." (quoting *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)). While the firm has made reasonable efforts to resolve this issue, we have been unable to do so and thus reluctantly conclude that we are unable to continue as effective advocates for Mr. Seddio. *See, e.g.*, *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 1:19-CV-09649-MKV, 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (finding that "[s]everal courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal.").

7.     The Firm has also already accumulated significant unpaid legal fees and has not been able to reach an agreement with Mr. Seddio about the fees that will be incurred moving forward.  This provides another independent basis for allowing the Firm to withdraw in this matter. *See, e.g.*, *Guevara Nolasco v. Sunrise Metal Inc.*, No. 24-CV-08057 (JMW), 2026 WL 858606, at *3 (E.D.N.Y. Mar. 30, 2026) (granting motion to withdraw and recognizing that "Courts in this District have granted withdraw motions under similar circumstances by finding non-payment is a satisfactory reason.")

8.    As of today, written discovery in this matter is still open, there have been no depositions, no trial date has been set and thus any prejudice resulting from the requested withdrawal is minimized. *See, e.g.*, *Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) ("Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice [resulting from counsel's withdrawal] is unlikely to be found.").

9.    We have advised Mr. Seddio of our intention to withdraw both orally and in writing, and have provided him with a copy of this motion and declaration prior to its filing.  Mr. Seddio consents to the Firm's withdrawal as his counsel in this matter.

10.    The Firm is not seeking a charging lien in connection with this matter.

11.    We regret that we cannot continue as his counsel in this matter, and wish him well in the resolution of this litigation.  In order to eliminate any prejudice to Mr. Seddio and to encourage the orderly and efficient progress of this matter going forward, we believe that Mr. Seddio should be permitted at least 30 days in which to retain new counsel in connection with this case.

12.    The Firm has advised plaintiff's counsel of its need to withdraw as counsel in this matter prior to filing this motion.

13.    The foregoing statements are true and correct to the best knowledge of each of the undersigned.  Accordingly, we respectfully request that the Court (a) grant the accompanying Motion to Withdraw pursuant to Local Rule 1.4 and permit the Firm and its attorneys, Kenneth M. Abell and Jarrod L. Schaeffer to withdraw as counsel of record for Mr. Seddio; (b) afford Mr. Seddio 30 days to retain new counsel; and (c) grant such other relief as the Court may determine to be just, equitable, and necessary.

Dated: New York, New York
      April 23, 2026

ABELL ESKEW LANDAU LLP


By:     *Kenneth M. Abell*
         Kenneth M. Abell

      *Jarrod L. Schaeffer*
      Jarrod L. Schaeffer

      256 5th Avenue, 5th Floor
      New York, New York
      (646) 970-7341

      kabell@aellaw.com
      jschaeffer@aellaw.com

      *Attorneys for Frank Seddio*

4