**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ANGELOS METAXAS, *et al.*,

          Plaintiffs,

    v.

MARK DAVID GRAUBARD, *et al.*,

          Defendants.

Case No.: 25-cv-5844 (AMD) (PCG)

### DECLARATION OF DAVID A. SHARGEL
### IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

DAVID A. SHARGEL, pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am a partner with the law firm Bracewell LLP ("Bracewell"), counsel for defendant Yeschiel Shimon "Sam" Sprei.

2.     Pursuant to Rule 1.4 of the Local Rules for the Southern and Eastern Districts of New York, Bracewell respectfully seeks permission to withdraw as counsel for Mr. Sprei.

3.     This was case filed on October 17, 2025. Mr. Sprei represented himself until March 18, 2026 when I, together with my Bracewell colleague Nicole Boeckmann, filed notices of appearance on his behalf.

4.     Since then, our work has included efforts to resolve this matter, including during settlement conferences with the Court on March 24, 2026, and again on March 27, 2026. We have also worked in good faith to advance the discovery process by working with opposing counsel to meet plaintiffs' discovery demands.

5.     Despite our efforts, the attorney-client relationship between Bracewell and Mr. Sprei has irretrievably broken down. Among other things, communicating with, and obtaining information from, Mr. Sprei that is necessary to effectively represent him has become exceedingly and unreasonably difficult. Moreover, Mr. Sprei has failed to comply with his financial obligations

under the terms of our engagement.

6.     Courts in this district regularly grant motions to withdraw in similar circumstances. *See*, *e.g.*, *Interpool, Inc. v. JJS Transportation & Distribution Co., Inc.*, No. 22-cv-01103 (JMA) (JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client—like here—that is sufficient grounds to grant the application."); *Harris v. Millington*, No 07-cv-3391 (ERK) (MDG), 2008 WL 11438291, at *1 (E.D.N.Y. Sept. 18, 2008) ("The evident strained attorney-client relationship and counsel's resulting difficulty in providing what it considers to be proper representation is sufficient grounds for [counsel's] withdrawal."); *Tokarz v. LOT Polish Airlines*, No. 96-cv-3154 (FB) (JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (granting motion to withdraw due to both nonpayment of fees and where "client conduct [made] it unreasonably difficult for the attorney to carry out the employment effectively").

7.     If the Court requires more detailed information concerning the basis of our requested withdrawal, we respectfully request permission to make an *in camera* submission. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) (granting motion to withdraw and collecting cases demonstrating "that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts.").

8.     Additionally, given the posture of this case, withdrawing will not cause undue prejudice to Mr. Sprei or the plaintiffs. Where, as here, "a trial date has not been set and discovery has not been completed, courts have generally granted counsel's motion to withdraw." *Tokarz*, 2005 WL 8161165, at *2; *see also Jimenez v. Garvies Point Bagel Corp.*, No. 24-cv-04449 (SJB)

(JMW), 2025 WL 3299442, at *3 (E.D.N.Y. Oct. 7, 2025) (finding no substantial prejudice where discovery was ongoing).

9.   However, to reduce any potential prejudice to Mr. Sprei, we respectfully request that the Court permit him 30 days to obtain new counsel—relief that is often granted. *See*, *e.g.*, *Jimenez*, 2025 WL 3299442, at *3 ("Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel.") (citation omitted).

10.   We have informed Mr. Sprei of our intention to withdraw in writing and will serve him with a copy of this motion as required by Local Rule 1.4. Bracewell is not seeking a charging lien in this matter.

11.   Accordingly, we respectfully request that the Court grant Bracewell's motion to withdraw pursuant to Local Rule 1.4, permit David A. Shargel and Nicole Boeckmann to withdraw as counsel of record for Mr. Sprei, and grant Mr. Sprei 30 days to retain new counsel.

12.   I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      April 24, 2026

BRACEWELL LLP

*/s/ David A. Shargel*
David A. Shargel
31 W. 52nd Street, Suite 1900
New York, NY 10019
(212) 508-6154
david.shargel@bracewell.com

*Attorneys for Yeschiel Shimon "Sam" Sprei*