

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.356.6023
lzimmerman@beneschlaw.com

April 27, 2026

<u>Via ECF</u>

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 1120

   Re: *Metaxas et al. v. Graubard et al.*, No. 25-cv-5844 (AMD) (PCG)

Dear Magistrate Judge Cross-Goldenberg:

  On behalf of Plaintiffs Angelos Metaxas and Pertshire Investments LP (together, "Plaintiffs") and pursuant to Section III.A of the Court's Individual Practices and Rules, we respectfully request that the emergency discovery conference Plaintiffs requested through our April 24, 2026 letter, ECF No. 82 (the "April 24 Letter"), address the apparent refusal of not only Defendant Frank Seddio, Esq. ("Seddio") to abide by his discovery obligations in this matter, but also the refusal of his co-Defendant and longtime associate, Yeschiel Shimon "Sam" Sprei ("Sprei").

  After Plaintiffs filed their April 24 Letter concerning Seddio's failure to engage in discovery and his attorneys' motion to withdraw as counsel just weeks after they appeared in this action, *see* ECF No. 81, like clockwork, and in an apparent coordinated effort to prevent the adjudication of this matter, Sprei's attorneys filed a separate withdrawal motion less than twenty-four hours after Seddio's, ECF No. 83 (together with ECF No. 81, the "Withdrawal Motions"). As with Seddio, *Sprei has not produced a single document in discovery to date* despite having been served with Plaintiffs' requests for production and interrogatories over three months ago, on January 20, 2026. Sprei's interrogatory responses are also plainly deficient.[1]

  The Withdrawal Motions are proof positive that Seddio and Sprei are, yet again, visiting on this Court the same types of misconduct and delay tactics that gave rise to Plaintiffs' claims in this action. As alleged in the Complaint, Seddio was involved in the July 31, 2025 substitution of counsel for Defendant Mark David Graubard, Esq. ("Graubard"), which forced the recusal of the second presiding judge in the Kings County Supreme Court case captioned *Olden LLC v. Metaxas et al.*, Index No. 505819/2025 (the "State Court Action") and delayed

---

[1] Sprei's responses and objections to Plaintiffs' requests for production and interrogatories are attached as Exhibits A and B.

the proceedings by more than two months.[2] *See* ECF No. 1 at ¶¶111–17. Discovery has since revealed that the day before a scheduled sanctions hearing in the State Court Action, *Sprei* met with Graubard's new attorney, whose relationship with the judge caused the recusal, and enlisted him to notice his appearance on Graubard's behalf on the day of the sanctions hearing. Then on December 15, 2025 (after the Complaint was filed in this action), in the midst of contempt proceedings against Graubard, Seddio filed a gratuitous letter—much like the procedurally improper letter[3] Seddio sent to Chambers this past Friday, April 24, 2026, ECF No. 83—stating, for no apparent reason, that he had retained his own counsel to defend him against Plaintiffs' pending sanctions motion against him, which was not returnable for another two months, and that he and his counsel would reach out to Plaintiffs to discuss withdrawing their motion. *See* State Court Action NYSCEF No. 223 (March 10, 2026), at 16 of 20. Of course, no counsel filed a notice of appearance along with Seddio's letter and no outreach to Plaintiffs occurred. But Seddio's letter achieved its intended effect: the presiding judge recused the next day because he was being represented in unrelated litigation by the same law firm Seddio claimed he had retained, and the proceedings were yet again delayed. *See id.*

The same egregious stall tactics are afoot here.

Despite the Court's December 19, 2025 order denying Sprei's motion to extend a discovery deadline because he already "had almost two months to find counsel," ECF No. 26 at 2, and after Seddio and Sprei completely ignored *for months* their Court-ordered obligations to respond to Plaintiffs' discovery requests by February 18, 2026, *see* ECF No. 28, this Court granted their requests for additional time to retain counsel to complete discovery, *see* Mar. 16, 2026 Minute Entry. Yet now, on the eve of the April 30 substantial-completion deadline stipulated by all parties and so-ordered by the Court,[4] and without having produced a single document, Seddio and Sprei *both coincidentally stopped cooperating with (and paying) their attorneys*. By apparent design, Seddio's and Sprei's conduct continues to inject chaos and extreme delay into the discovery process here. Plaintiffs implore this Court to intervene and reject these defendants' efforts to prevent Plaintiffs from vindicating their rights here and to intentionally drive up Plaintiffs costs by forcing them to repeatedly engage in good faith

---

[2] The Complaint also alleges, on information and belief, that Seddio's relationship with the first presiding judge in the State Court Action occasioned her curiously timed recusal in May 2025, on the eve of the scheduled hearing on a preliminary injunction. ECF No. 1 at ¶93. To date, four judges have recused themselves from the State Court Action.

[3] At 8:07 p.m. on Friday, April 24, 2026, Seddio emailed Chambers, copying all counsel of record (including his own), a letter contending that he has "actively engaged" in discovery and "expect[s] to begin production within the next several days," so a discovery conference "is not warranted." Beyond the impropriety of Seddio's *pro se* submission while he is still represented by counsel, *e.g.*, *Miller v. Smith*, 2021 WL 4222981, at *10 n.11 (E.D.N.Y. Sept. 16, 2021), Seddio's representations are illusory. Seddio has been wholly disengaged from meaningful discovery for the entirety of this case, his own lawyers have affirmed that Seddio refused to communicate with them regarding discovery, and of course, Plaintiffs cannot contact Seddio as long as his counsel remains of record (nor has Seddio made any effort to communicate directly with Plaintiffs' counsel). These discrepancies highlight the need for an emergency conference. If Seddio is truly on track to comply with his court-ordered discovery obligations, he should have no objection to reporting as much to the Court during an in-person conference.

[4] *See* ECF No. 72 (Joint Status Report) at 2; Mar. 31, 2026 Minute Entry ("The deadlines outlined in the parties' joint status report are hereby SO ORDERED.").

discovery processes which Sprei and Seddio continue to stall, ignore, and then restart as they see fit.

The Court should not and cannot allow Seddio's and Sprei's egregious efforts to further frustrate judicial process. Seddio's and Sprei's unabashed willingness to flout court orders and the governing procedural rules has made it nearly impossible for Plaintiffs to pursue their legitimate claims. It is no secret that the costs of vindicating their rights have now dwarfed Plaintiffs' initial investment, and yet Plaintiffs' faith in the judicial system and fidelity to basic principles of fairness persist.

\* \* \*

Accordingly, Plaintiffs respectfully request that the Court:

1.  schedule, at the Court's earliest convenience, an in-person emergency conference to discuss the discovery issues raised herein and in Plaintiffs' April 24 Letter, as well as the pending Withdrawal Motions;

2.  order that Seddio and Sprei appear at the conference in person;

3.  accept the invitation of counsel to submit, *ex parte*, more detailed information about the bases for the Withdrawal Motions for the Court's *in camera* review, *see* ECF No. 83-1 ¶7, and order such submissions made before the emergency conference;

4.  regardless of the disposition of the Withdrawal Motions, maintain the April 30 substantial-completion deadline; and

5.  issue Rule 37 sanctions against Seddio and Sprei in the event they fail to comply with the April 30, 2026 substantial completion deadline and any other discovery orders, including but not limited to monetary sanctions and adverse inferences about the facts sought to be established during discovery.

Plaintiffs thank the Court for its time and attention to these troubling developments and are available at the Court's convenience for a hearing.

Respectfully,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Lauren J. Zimmerman

Cc: All Parties via ECF