## Law Offices of Mordy Gross LLC

418 Broadway # 10612 • Albany, NY 12207
484.680.0768 • mg@mordygross.com
*Admitted in New York and New Jersey*

April 28, 2026

BY ECF

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Metaxas, et al. v. Graubard, et al.*, No. 1:25-cv-05844-AMD-PCG

        **Defendant Rubin's Response to ECF No. 86 and Joinder in**
        **Request for an Emergency Discovery Conference (ECF Nos. 82, 84)**

Dear Magistrate Judge Cross-Goldenberg:

Defendant Jonathan Rubin ("Defendant Rubin") respectfully submits this letter (i) in response to Plaintiffs' April 27, 2026 letter (ECF No. 86) requesting that the Court strike Defendant Rubin's Letter Motion (ECF No. 80) as procedurally improper or, in the alternative, deny it on the merits, and (ii) to join Plaintiffs' request for an emergency discovery conference (ECF Nos. 82, 84). Plaintiffs' procedural attack should be rejected. The substantive issues should be heard at the conference Plaintiffs themselves have requested.

ECF No. 80 was filed within hours of Plaintiffs' ECF No. 79, in direct response to a development that materialized only the previous evening. The meet-and-confer record on the underlying personal-account discovery dispute is extensive and well-documented, and the parties had reached impasse on that very issue weeks earlier – and further discussions with counsel have not resolved the impasse on the personal bank statements of Defendant Rubin. *See* Ex. A. ECF No. 80 produced concrete results: Plaintiffs themselves concede in ECF No. 86 that, following the

1

parties' April 24, 2026 conferral, they "agreed to certain of [Defendant] Rubin's requests made in the Letter Motion, thereby mooting them." (ECF No. 86 at 3.) The remaining disputes — including Plaintiffs' communications with TD Bank and the disposition of Defendant Rubin's individual-account records — are appropriate for resolution at a conference, not by an order striking ECF No. 80.

### **RELEVANT BACKGROUND**

**ECF No. 80 followed directly from ECF No. 79.** Plaintiffs filed ECF No. 79 — their first notice that TD Bank had produced Defendant Rubin's individual-account records and their first assertion of mootness — on the afternoon of April 21, 2026. Defendant Rubin filed ECF No. 80 the following morning, April 22, 2026. The intervening period was a single overnight. Plaintiffs' own letter announced that they were "in the process of reproducing" the TD Bank production to all Defendants, meaning dissemination was imminent. (ECF No. 79.) On the morning of April 22, Plaintiffs in fact reproduced the corporate-account records to all Defendants and, having read ECF No. 80 filed earlier that morning, voluntarily withheld Defendant Rubin's individual-account records from the other Defendants pending resolution. There was no meaningful opportunity for pre-filing meet-and-confer on the new issues raised by ECF No. 79; the immediate filing of ECF No. 80 was the only mechanism available to Defendant Rubin to seek interim relief before further dissemination.

**Plaintiffs and Defendant Rubin met and conferred on April 24, 2026.** Following the filing of ECF No. 80, the parties met and conferred on April 24, 2026. Plaintiffs concede in ECF No. 86 that, as a result of that conferral, "Plaintiffs have agreed to certain of [Defendant] Rubin's requests made in the Letter Motion, thereby mooting them." (ECF No. 86 at 3.) The remaining

items in dispute — most notably the request that Plaintiffs produce their communications with TD Bank concerning Plaintiffs' third-party subpoena, and the disposition of Defendant Rubin's individual-account records pending ruling on the Renewed Motion to Quash (ECF No. 73) — are narrow and appropriate for the Court's consideration at a conference.

**The underlying meet-and-confer record is extensive.** Defendant Rubin and Plaintiffs have engaged in a sustained meet-and-confer process running from early April 2026 through the present. The parties held an hours-long video conference on April 7, 2026, exchanged formal memoranda on April 11, 13, 16 (twice), 17, 21, 22, and 24, 2026, and continued conferring through April 27, 2026, when Defendant Rubin produced a comprehensive search-term hit report. (Documentation of these communications is available for the Court's in camera review upon request.) The parties reached agreement on substantially all of Plaintiffs' RFPs and ROGs; documented impasse on Defendant Rubin's individual accounts (RFP No. 2), net-worth discovery (RFP No. 19, ROG No. 13); reached agreement on a 97-term ESI search protocol; and exchanged the agreed hit report on April 27, 2026, in furtherance of the April 30, 2026 substantial-completion deadline.

**ARGUMENT**

## I. ECF No. 80 Should Not Be Stricken.

### A. *ECF No. 80 Was a Timely and Necessary Response to ECF No. 79.*

Plaintiffs' procedural argument rests on the premise that Defendant Rubin should have met and conferred before filing ECF No. 80. (ECF No. 86 at 2.) That premise cannot be reconciled with the timing and content of ECF No. 79 itself. Plaintiffs' letter informed the Court — for the first time — that TD Bank had produced Defendant Rubin's individual-account records and that Plaintiffs

3

were "in the process of reproducing" those records to all Defendants. Plaintiffs simultaneously asserted, for the first time, that the Renewed Motion to Quash was moot. ECF No. 80 was filed the next morning, before the reproduction to other Defendants could occur. There was no time for pre-filing conferral on the new issues raised by ECF No. 79, and the urgency of the impending dissemination did not permit waiting.

Plaintiffs themselves applied the same standard four days later. On April 24, 2026, Plaintiffs filed ECF No. 82 — a unilateral letter motion for an emergency discovery conference, filed without the joint-letter procedure described in Section III.A.2 of the Court's Individual Practices and Rules. Plaintiffs explained that they had attempted to obtain Seddio's position the night before, that Seddio's counsel had moved to withdraw, and that delay would prejudice Plaintiffs. (ECF No. 82 at 1–2.) Plaintiffs filed ECF No. 84 on April 27, 2026, similarly unilateral, on shorter notice. Plaintiffs cannot consistently maintain that ECF No. 80 was procedurally improper while themselves invoking exactly the same procedural mechanism on the same set of facts.

### B. The Pre-filing Meet-and-Confer Record on the Underlying Issues Is Extensive.

Even setting aside the timing of ECF No. 79, the meet-and-confer record on the underlying personal-account discovery dispute is among the most extensive in this action. Plaintiffs' own April 11, 2026 memorandum to Defendant Rubin expressly recorded that "We have reached an *impasse* regarding your client's personal accounts." (April 11, 2026 Email from L. Zimmerman to M. Gross at ¶ RFP 2.) The Renewed Motion to Quash (ECF No. 73), filed on April 1, 2026, narrowed the dispute to that exact issue and to TD Bank communications. Plaintiffs filed their opposition (ECF No. 76); Defendant Rubin filed his reply (ECF No. 78). The motion has been fully

briefed and pending before the Court since April 13, 2026. There is nothing left for the parties to confer about on the threshold question of whether Plaintiffs are entitled to Defendant Rubin's personal-account records — the issue is teed up for the Court's ruling.

### C. Post-Filing Conferral Resolved Most of ECF No. 80's Requested Relief.

Plaintiffs concede that, following the parties' April 24, 2026 meet-and-confer, they "have agreed to certain of [Defendant] Rubin's requests made in the Letter Motion, thereby mooting them." (ECF No. 86 at 3.) That concession answers Plaintiffs' own argument that ECF No. 80 "wasted the Court's and the Plaintiffs' time and resources." (ECF No. 86 at 2.) The opposite is true: ECF No. 80 surfaced the issues created by TD Bank's April 20, 2026 production and produced concrete results, including Plaintiffs' voluntary sequestration of Defendant Rubin's individual-account records pending further order, and Plaintiffs' confirmed agreement to several of Defendant Rubin's requested terms. The discrete remaining items — chiefly the Paragraph 1(c) request for Plaintiffs' communications with TD Bank, and the proper disposition of the individual-account records pending ruling on the Renewed Motion — are matters appropriate for the Court at a conference, not for an order striking the filing that surfaced them.

## II. The Underlying Mootness and Sequestration Issues Remain Live.

Plaintiffs' alternative request that the Court "deny all relief requested" in ECF No. 80 (ECF No. 86 at 1) misstates the posture in two respects.

**First, mootness is partial at best.** Plaintiffs concede in ECF No. 86 that "TD Bank has not yet produced any responsive communications," and that "[t]hat portion of the Renewed Motion to Quash remains pending." (ECF No. 86 at 3.) The Renewed Motion to Quash, ECF No. 80, and Plaintiffs' ECF No. 86 are aligned on this point: Request Nos. 7(k) and 8(j) (TD Bank

5

communications concerning Defendant Rubin and his entities) remain in dispute and have not been produced. There is nothing further to brief. The issue is ripe for ruling.

**Second, effectual relief remains available as to the personal-account records.** Plaintiffs themselves recognized this when, on April 22, 2026, they voluntarily withheld Defendant Rubin's individual-account records (METAXAS_TDB_PROD003) from the production made to the other Defendants and produced those records to Defendant Rubin only. (April 22, 2026 Production Letter to Defendants n.1 ("In light of Mr. Gross's filing from moments ago, we have withheld the portion of TD Bank's production which includes his client's personal account records."); *see also* ECF No. 86 at 2 ("As a courtesy, Plaintiffs did not provide to the other named Defendants the portion of TD Bank's production consisting of Rubin's personal account records.").) The Court retains plenary authority under Fed. R. Civ. P. 26(c) to maintain that status quo, to enforce the Confidentiality Order (ECF No. 66), and — if the Renewed Motion is granted in whole or in part — to direct return or destruction of the affected materials. None of that authority is mooted by TD Bank's production. ECF No. 80 sets forth the limited interim relief needed to preserve that authority pending ruling. Defendant Rubin remains prepared to confer with Plaintiffs and the other Defendants on the specific terms of any interim order, as he stated in ECF No. 80 at 8–9.

### III. Defendant Rubin Joins Plaintiffs' Request for an Emergency Conference.

Defendant Rubin respectfully joins Plaintiffs' request for an emergency discovery conference (ECF Nos. 82, 84). The conference is the appropriate forum to address, in addition to the issues Plaintiffs have raised concerning Defendants Seddio and Sprei: (i) the merits of the Renewed Motion to Quash (ECF No. 73), which has been fully briefed and pending since April 13, 2026; (ii) the discrete interim-relief issues remaining from ECF No. 80, including the disposition of

Defendant Rubin's individual-account records and Plaintiffs' communications with TD Bank concerning the third-party subpoena; and (iii) any necessary clarifications to the discovery schedule given the April 30, 2026 substantial-completion deadline now days away.

Defendant Rubin respectfully notes that he has continued to engage in good-faith discovery throughout this period, including by producing 452 pages of corporate bank records (RUBIN-000127 through RUBIN-000578) on April 13, 2026, serving a 97-term search-term hit report on April 27, 2026, and committing to substantial completion of his document production on the schedule contemplated by Joint Status Report 2 (ECF No. 72) and the March 31, 2026 Minute Entry.

**CONCLUSION**

For the foregoing reasons, Defendant Rubin respectfully requests that the Court (i) deny Plaintiffs' request to strike ECF No. 80; (ii) deny Plaintiffs' alternative request to deny ECF No. 80's requested relief on the merits; (iii) include the issues raised in ECF No. 80 and the pending Renewed Motion to Quash (ECF No. 73) in the agenda for the emergency discovery conference Plaintiffs have requested at ECF Nos. 82 and 84; and (iv) grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mordy Gross
Mordy Gross, Esq.
Law Offices of Mordy Gross LLC
418 Broadway # 10612
Albany, NY 12207
(484) 680-0768
mg@mordygross.com
*Counsel for Defendant Jonathan Rubin*

Encl.: Exhibit A — April 11, 2026 Email from L. Zimmerman to M. Gross
cc: All Counsel (via ECF)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,** <br> *Plaintiffs,* <br><br> v. <br><br> **MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,** <br> *Defendants.* | **Case No. 1:25-cv-05844-AMD-PCG** |

**Description:** April 11, 2026 email from Lauren J. Zimmerman, counsel for Plaintiffs, to Mordy Gross, Esq., counsel for Defendant Jonathan Rubin, memorializing the agreements and impasses reached at the parties' April 7, 2026 meet-and-confer regarding Plaintiffs' Requests for Production and Interrogatories served on Defendant Rubin.

**Submitted in support of:** Defendant Rubin's Response to ECF No. 86 and Joinder in Request for an Emergency Discovery Conference (ECF Nos. 82, 84).

**Cited at:** Section I.B (Pre-filing meet-and-confer record).

Mordy,

We write to memorialize the agreements and areas of impasse reached in our April 7 meet and confer regarding Plaintiffs' requests for the production of documents ("RFPs") and interrogatories ("ROGs," and together the "Requests"). Given that our meet and confer took place over 4 days ago, please respond to this email by end of day Monday, April 13.

<u>Searches</u>

- For some Requests noted below, Plaintiffs have agreed to provide a list of proposed search terms to run against electronically stored information ("ESI") collected from all repositories, devices, call logs, and accounts in Mr. Rubin's possession, custody, or control that may contain responsive ESI. These include, but are not limited to, computer hard drives (both laptop and desktop computers), email accounts, cloud storage accounts, instant message applications (WhatsApp, iMessage, etc.), and call logs. We have noted below those Requests for which we have agreed upon your use of search terms to identify responsive documents.

  Of course, for all Requests, in addition to searching the relevant repositories, you will also collect and review potentially responsive hard-copy documents in Mr. Sprei's possession, custody, or control.

- You represented during our meeting that you (1) have conducted your own Document and Communication collections in litigation before, (2) were almost "certified" in a relevant IT process, and (3) will take a systematic approach to the collection, search, review, and production of responsive Documents and Communications (capitalized terms not defined herein shall have the same meaning as in the Requests) in Mr. Rubin's possession. Based on these representations, we have provided our initial agreement for you to collect, search, and produced responsive Documents and Communications from across Mr. Rubin's accounts and devices yourself rather than engage a vendor. We reserve the right to demand a forensic search conducted by a vendor if we notice production gaps that you are unable to remedy.

  In addition, we asked you to provide what legal authority you have, if any, for the proposition that Plaintiffs should bear the cost of any forensic collection here. We await that authority.

- In terms of potential spoliation, you agreed to discuss with your client whether he has made any attempt to have a professional review the cellular phone he purports to have dropped in water and which contains data from before August 2025 to determine if such date can be accessed and uploaded. If he has not done so, we believe it is your obligation to do so. Please confirm whether he has done this, and if so, provide all information regarding the same. If he has not, please confirm that you will do so. And wither way, please provide the exact date your client claims to have inadvertently damaged his phone.

In terms of Plaintiffs' ("RFPs"), we have reached the following agreements and areas of impasse:

- 1: We have agreed to limit this request to entities in which Rubin has a "controlling interest." You agreed to confirm with your client whether this proposal is amenable. You have also agreed to produce the operating agreement for WHP Equities LLC, if it exists, and will let us know if it does not exist. We sent you the filing from *CPE Member LLC, et al. v. JP Morgan Chase Bank, N.A.* that indicates that CPE Member LLC and WHP Equities LLC share a common owner which appears to be Mr. Rubin. You agreed to discuss this with your client and to produce documents sufficient to show your client's controlling interest in CPE Member LLC if he has a controlling interest.

- 2: You confirmed that you are not making any redactions to the bank account records you have agreed to produce in response to this Request and that you will produce bank account records through present day (rather than February 2026). We have reached an impasse regarding your client's personal accounts.

- 3: We agreed that producing bank records responsive to RFP No. 2 satisfies this RFP for now; we will evaluate the production to see if any information sought from this RFP is missing and will follow up accordingly. You agreed to supply any missing information.

- 4-18: We agreed that you will run agreed-upon search terms for purposes of these Requests.

- 19: The parties have reached impasse.

- 20: You clarified that there are no insurance agreements that would cover your client in this action.

- 21: You clarified that you are not withholding any documents responsive to this request.


In terms of Plaintiffs' ROGs, we have reached the following agreements and areas of impasse:

- 1-2: Like with RFP No. 1, we agreed to limit these interrogatories to entities in which your client has a "controlling interest." You will confirm with your client his willingness to supplement his answer pursuant to this limitation. After our meeting, we sent you the filing from *CPE Member LLC, et al. v. JP Morgan Chase Bank, N.A.* that indicates that CPE Member LLC and WHP Equities LLC share a common owner which appears to be Mr. Rubin. You agreed to discuss this with your client and supplement accordingly if your client does have a controlling interest in CPE Member LLC. We note that any supplement to this or any other ROG response cannot be based on your client's belief or memory alone. *See Singh v. Petro*, No. 1:21-cv-813-LJV-JJM, 2025 WL 1350404 at *2 (W.D.N.Y. May 9, 2025) (finding party's interrogatory responses deficient where the party's response was based only on his recollection and directing party to "make a reasonable inquiry to obtain information necessary to fully respond to [the opposing party's] interrogatories").

- 4: You will confirm with your client his willingness to supplement this response to provide

information responsive to this interrogatory, including all transactions between your client or any entity in which he has a controlling interest and Graubard's IOLA.

- 5: You will confirm with your client his willingness to supplement this answer to provide additional information responsive to this interrogatory, particularly regarding how and when Rubin became acquainted with Graubard, Seddio, and Wachtler.

- 9: You agreed to speak with your client to confirm his response captures all responsive information and to supplement his response to address the missing court actions we identified: *Victor Ferreira v. Solomon Rubin et al*, Index No. 601008/2025 (Sup. Ct. Nassau Cnty. Mar. 14, 2025) and *CPE Member LLC, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-cv-02942-NCM-TAM (E.D.N.Y.). Again, we note that responses to interrogatories cannot be based on your client's belief or memory alone and requires "reasonable inquiry" and review, including by you as his counsel. *See Singh,* 2025 WL 1350404 at *2.

- 10: You agreed to confirm with your client that he will supplement this answer to describe and identify any transactions during the Relevant Period that are responsive to this ROG, not just transactions limited to what he avers are related to the Escrow Deposits. You will also confirm with your client his willingness to supplement this response to specify the individuals listed within with whom your client purportedly has had no transactions. Again, any such supplement cannot be based on your client's belief or memory alone and requires "reasonable inquiry" and review. *See Singh,* 2025 WL 1350404 at *2.

- 11: You will confirm whether your client will supplement this response to describe any responsive communications above and beyond the electronic communications captured in your client's forthcoming document production(s).

- 13: The parties have reached impasse.

Thanks,
Lauren



Lauren Zimmerman
Partner
Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435
LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Sent:** Tuesday, April 7, 2026 12:18 PM
**To:** Mordy Gross <mg@mordygross.com>
**Cc:** Babak Ghafarzade <bghafarzade@selendygay.com>; Bender, Sammi Roth <Srothbender@beneschlaw.com>; Frank, Jessica <JFrank@beneschlaw.com>

**Subject:** RE: Metaxas v. Graubard, 25-cv-5844 (EDNY)

Hey Mordy,

Looks like you dropped – are you having issues re-joining the Teams link?

Best,
Lauren



Lauren Zimmerman
Partner
Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435
LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Sent:** Sunday, April 5, 2026 8:23 PM
**To:** Mordy Gross <mg@mordygross.com>
**Cc:** Babak Ghafarzade <bghafarzade@selendygay.com>; Bender, Sammi Roth <Srothbender@beneschlaw.com>;
Frank, Jessica <JFrank@beneschlaw.com>
**Subject:** Re: Metaxas v. Graubard, 25-cv-5844 (EDNY)

Thanks, Mordy. Let's plan for Tuesday 11:30-1. I'll circulate a dial in.

Get Outlook for iOS



Lauren Zimmerman
Partner
Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435
LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Mordy Gross <mg@mordygross.com>
**Sent:** Sunday, April 5, 2026 8:07 AM
**To:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Cc:** Babak Ghafarzade <bghafarzade@selendygay.com>; Amattey, Amakie <AAmattey@beneschlaw.com>
**Subject:** RE: Metaxas v. Graubard, 25-cv-5844 (EDNY)

Lauren,
Due to Passover – those two dates are not available.

I can make some time available on Monday or Tuesday, 4/6 or 4/7.  Please let me know if that works for you and I will try to accommodate to the best of my ability.

Thank you,

Mordy Gross

(484) 680-0768

This e-mail message (including any attachments and prior emails contained herein) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Sent:** Thursday, April 2, 2026 11:11 AM
**To:** Mordy Gross <mg@mordygross.com>
**Cc:** Babak Ghafarzade <bghafarzade@selendygay.com>; Amattey, Amakie <AAmattey@beneschlaw.com>
**Subject:** Metaxas v. Graubard, 25-cv-5844 (EDNY)

Hi Mordy,

Can you please let us know your availability this coming Wednesday, April 8, or Thursday, April 9, for a meet and confer regarding your client's responses and objections to Plaintiffs' discovery requests.

Best,
Lauren

Lauren Zimmerman
Partner
Benesch Friedlander Coplan & Aronoff LLP



t: 646.356.6023 | m: 646.734.0435

LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036


Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice