UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANGELO METAXAS, *et al.*

               Plaintiffs,

         -against-

MARK DAVID GRAUBARD, *et al.*,

               Defendants.
----------------------------------------------------------X

**ORDER**
25 CV 5844 (AMD) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

On October 7, 2025, plaintiffs Angelo Metaxas and Pertshire Investments LP filed this action against defendants Mark David Graubard, Yeschiel Shimon Sprei, Frank R. Seddio and Jonathan Rubin bringing claims for an alleged fraudulent investment scheme. (See Dkt. No. 1 ("Compl.").) Presently before the Court are defendants Sprei, Seddio, and Rubin's motions to quash third-party subpoenas *duces tecum* served upon Flagstar Bank, TD Bank, and Northfield Bank. (Dkt. Nos. 51, 53, 54).

BACKGROUND

On February 25, 2026, plaintiffs served third-party subpoenas to TD Bank, Northfield Bank, and Flagstar Bank (collectively, "the banks") seeking "specific account and transaction records, including accounts belonging to Defendants Sprei, Seddio, and Rubin, which Plaintiffs identified through transaction records from Defendant Graubard's interest on lawyer account in which Plaintiffs' deposited their escrowed funds." (See Dkt No. 74 at 1; Dkt. No. 74-1 ("TD Bank Subpoena")).[1]

Defendants Sprei, Seddio, and Rubin, at the time representing themselves *pro se*, filed motions to quash the subpoenas on March 16, 2026. (See Dkt. Nos. 51, 53, 54). The Court held

---

[1] The parties have only supplied the Court with the subpoena to TD Bank.

a discovery conference on March 16, 2026 and held subpoena compliance in abeyance until defendants retained counsel and until a protective order was entered.  (Minute Entry, dated 3/16/2026; Minute Entry, dated 3/27/2026).  Defendants retained counsel and the parties filed a joint status report clarifying the parties' positions on the present discovery dispute.  (Dkt. No. 74).

I.     <u>Mr. Rubin's Objections</u>

Mr. Rubin has consented to the production of TD Bank account and transaction records for accounts belonging to Queen Equities LLC and WHP Equities LLC from December 1, 2024 through the present.  (<u>Id.</u> at 4).  However, Mr. Rubin maintains objections to the TD Bank subpoena request numbers 1(n), 2, 7(k), and 8(j).  Request numbers 1(n) and 2 identify Mr. Rubin and seek "[d]ocuments sufficient to show all accounts held, owned, or controlled by" Mr. Rubin and corporate entities with which he is affiliated, and "[d]ocuments sufficient to show the account opening records, including but not limited to [d]ocuments containing the following information: a. The Account Holder; b. All Authorized Users; c. The date the account was established; d. The Account Holder's mailing address; e. Each Authorized User's mailing addresses; and f. If the account is closed, the date the account was closed."  (TD Bank Subpoena at 9–10).  Request numbers 7(k) and 8(j) seek all communications from the bank involving Mr. Rubin or any agent or representative of Mr. Rubin.  (<u>Id.</u> at 12–13).

Mr. Rubin maintains his position that the transactions plaintiffs identify in support of their subpoena involve corporate accounts of Queen Equities LLC and WHP Equities LLC, not personal accounts.  (Dkt. No. 74 at 7–8).  He also claims that his individual accounts may include accounts held jointly with his spouse and children who are not parties to this action and whose privacy interests are implicated in the subpoena requests.  (<u>Id.</u> at 8).  He posits that,

because a factual nexus has not been established between his personal accounts and the alleged scheme, financial discovery should be staged such that his corporate accounts will be reviewed first. (Id.). He also argues that Requests 7(k) and 8(j) encompass communications untethered to the allegations in the Complaint. (Id. at 8).

On April 20, 2026, TD Bank produced all of Mr. Rubin's individual account and transaction records. (See Dkt. No. 79). It has not produced communications regarding Mr. Rubin's accounts and Mr. Rubin maintains his objections to the production of those communications. (See Dkt. No. 80). Mr. Rubin asks the Court to sequester the records that have been produced to prevent dissemination of private information. (Id. at 2).

II.   Mr. Seddio's Objections

Mr. Seddio objects to TD Bank subpoena request numbers 1(o), 1(p), 2, 3, 4, 7(l), 7(m), 8(k), and 8(l). Request numbers 1(o), 1(p), and 2 identify Mr. Seddio and his law firm, Seddio & Associates P.C., and seek "[d]ocuments sufficient to show the account opening records" of Mr. Seddio, including the account holder and corresponding mailing address, authorized users and their mailing addresses, date established, and date closed. (TD Bank Subpoena at 9–10). Request numbers 3 and 4 seek transaction records for the accounts identified in request number 1. (Id. at 11). Request numbers 7(l) and (m) and 8(k) and (l) seek all communications from TD Bank involving Mr. Seddio or his law firm. (Id. at 12–13).

Mr. Seddio points out that the subpoena seeks every transaction in every account for a period of more than two years. (Dkt. No. 74 at 14–15). He also argues that plaintiffs fail to identify any transfers to the particular accounts held by Mr. Seddio or his law firm in amounts similar to the deposits at issue in this case and that any individual transactions identified by plaintiffs are limited and do not provide a basis for the disclosure of his private bank information.

(Id.)  Mr. Seddio also maintains that party discovery is a more proper avenue for production of the requested records and that party discovery would permit the defendants to make proper redactions that the bank is not positioned to make.  (Id. at 17).  To date, however, he has made no such production.

 III.     Mr. Sprei's Objections

Mr. Sprei filed his motion to quash *pro se* on March 11, 2026.  (Dkt. No. 54).[2]  He argues that the subpoenas seek invasive banking records, the relevance of which is purely speculative. (Id. at 4–5).  He also argues that because he is a businessman, he has many bank accounts and the subpoena requests will therefore result in the production of irrelevant, private documents. (Id. at 5–6).

DISCUSSION

As a preliminary matter, the Court notes that although a party ordinarily lacks standing to challenge a subpoena served on a non-party, "a party may have 'a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas.'"  In re Flag Telecom Holdings, Ltd. Sec. Litig., No. 02 CC 3400, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) (quoting Sierra Rutile Ltd. v. Katz, No. 90 CV 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994)).  Here, the documents and communications sought pertain to the defendants' financial affairs and defendants therefore have the requisite standing to challenge the at-issue subpoenas.

"Motions to compel and motions to quash a subpoena are entrusted to the sound discretion of the district court."  In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting

---

[2] The parties' April 1, 2026 status report states that defendant Sprei withdraws his objections to the requests to Flagstar Bank and Northfield Bank.  Mr. Sprei's objections to the remaining subpoena requests are not listed in the status report.

<u>United States v. Sanders</u>, 211 F.3d 711, 720 (2d Cir. 2000)); <u>Ehrlich v. Incorporated Vill. of Sea Cliff</u>, No. 04 CV 4025, 2007 WL 1593211, at *2 (E.D.N.Y. May 31, 2007). The party moving to quash a subpoena has the burden of establishing "that the information that is the subject of the subpoena is not discoverable." <u>de Venustas v. Venustas Int'l, LLC</u>, No. 07 CV 4530, 2008 WL 619028, at *2 (S.D.N.Y. Mar. 5, 2008) (citing <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal cases. Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" <u>Garcia v. Benjamin Grp. Ent. Inc.</u>, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" <u>Crosby v. City of New York</u>, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, (1978)). While the scope of discovery is broad, it is not limitless. <u>Fears v. Wilhelmina Model Agency, Inc.</u>, No. 02 CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Thus, Rule 26(b)(2)(c) requires the Court to limit the extent of discovery where "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Indeed, subpoenas under Rule 45 are not intended to provide an "end-run around the regular discovery process under Rules 26 and 34."

Burns v. Bank of Am., No. 03 CV 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45." Id. (citation omitted).

Here, defendants' banking records are plainly relevant to the claims at issue. Plaintiffs brought this action to recover $2 million placed into an escrow account with defendant Graubard and allegedly converted and dissipated through a scheme with defendant Sprei and subsequently concealed with the help of defendants Seddio and Rubin. The tracing and disposition of the escrowed funds is relevant to those claims. The communications may also reveal the extent to which defendants participated in the scheme. Specifically, plaintiffs learned through defendant Graubard's Interest on Lawyer Account ("IOLA") records obtained through third-party discovery that defendants engaged in check kiting and other suspicious transactions to hide the present at-issue funds which resulted in the closure of the IOLA and other accounts held by defendants or their agents and the subpoenaed communications may show whether the other defendants engaged in similar deceptive account activity. (Dkt. No. 74 at 6, 13; Dkt. No. 76 at 5; Dkt. No. 77 at 6–7). Plaintiffs have also identified bounced transactions between defendant Graubard and other named defendants and similar transactions between the defendants may be reflected in the subpoenaed communications. (See Dkt. No. 77 at 6–7). Based on the specific facts of this case, the Court finds that the requests for transactions and communications are proportional to the needs of the case and reasonably calculated to lead to the discovery of information relevant to the allegations in the Complaint.

Additionally, the parties' objections that the account records may sweep in personal records including transactions with accounts jointly held by family members do not justify

quashing the subpoenas.  "The confidentiality of personal financial matters must yield to the Federal Rules of Civil Procedure."  Conopco, Inc. v. Wein, No. 05 CV 9899, 2007 WL 2119507, at *2 (S.D.N.Y. July 23, 2007).  Indeed, courts in this District often deny motions to quash third-party bank subpoenas on the grounds that spousal and family account records would be produced.  See, Lopez v. Setauket Car Wash & Detail Ctr., No. 12 CV 6324, 2015 WL 13753675, at *5 (E.D.N.Y. May 19, 2015) (collecting cases).  Adopting defendants' position would allow any fraudster to shield his fraudulent transactions from discovery simply by including a non-party as an accountholder.  The Court does not, therefore, adopt that position here.  To the extent there are concerns about confidential information contained in the responsive materials, the protective order entered by this Court addresses these concerns.

Lastly, while the Court agrees that party discovery can be a more appropriate route where available, plaintiffs claim that they have been unable to acquire these documents through Rule 34 discovery.  (Dkt. No. 74 at 14).  Indeed, the Court has had to remind defendants in the past that deadline compliance is mandatory.  (See Minute Entry, dated 3/16/2026).  Moreover, on April 24, 2026, plaintiffs filed another letter with the Court indicating that they have continued to request documents from defendant Seddio to no avail.  (Dkt. No. 82).  The Court is therefore not convinced that the records sought through these subpoenas actually are available through party discovery.

Accordingly, the Court denies the pending motions to quash subpoenas to Flagstar Bank, TD Bank, and Northfield Bank.  The production of the information called for in the subpoenas is proportional to the needs of this case, is likely to lead to relevant information, and is in service of Federal Rules of Civil Procedure's goal of securing a just, speedy, and inexpensive resolution of this matter.

<u>CONLCUSION</u>

For the reasons set forth above, the Court denies defendants Rubin, Seddio, and Sprei's motions to quash the subpoenas served on Flagstar Bank, TD Bank, and Northfield Bank. The Court also orders plaintiffs to produce to defendants any records provided by the banks. The parties are further ordered to designate the confidentiality of any records produced by the banks consistent with the Court's protective order.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 30, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York