

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.356.6023
lzimmerman@beneschlaw.com

May 1, 2026

Via ECF

Magistrate Judge Peggy Cross-
Goldenberg United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 1120

      Re:     *Metaxas et al. v. Graubard et al.*, No. 25-cv-5844 (AMD) (PCG)

Dear Magistrate Judge Cross-Goldenberg:

We write on behalf of Plaintiffs Angelos Metaxas and Pertshire Investments LP (together, "Plaintiffs") to update the Court, in advance of the May 4, 2026 status conference, on the ongoing violations by Defendants Yeschiel Shimon "Sam" Sprei ("Sprei"), Frank R. Seddio, Esq. ("Seddio"), and Jonathan Rubin ("Rubin") of the Court's discovery orders, once again delaying discovery in this matter and prejudicing Plaintiffs. *See* ECF No. 49 (Feb. 24, 2026 joint status report); ECF No. 50 (Mar. 4, 2026 joint letter motion for a discovery conference); ECF No. 82 (Plaintiffs' Apr. 27, 2026 letter); ECF No. 86 (Plaintiffs' Apr. 27, 2026 letter). Despite this Court's clear admonition yesterday, each has failed to meet the April 30, 2026 substantial-completion deadline agreed to by the parties and so-ordered by the Court.

Defendant Sprei

To date, ***Sprei has not produced a single document*** to Plaintiffs in response to their requests for production served on January 20, 2026—over three months ago—to Plaintiffs' substantial prejudice.

Based on Sprei's March 16, 2026 representation to the Court that he had engaged counsel to fulfill his discovery obligations here, from March 18, 2026, when his now-former counsel served notice in this matter, ECF Nos. 61–62, through this week, Plaintiffs expended considerable time and resources corresponding with and engaging in hours-long meet-and-confers with Sprei's former counsel to negotiate a new discovery schedule and attempt to reach agreement on Plaintiffs' document requests and interrogatories to which Sprei either refused to respond or provided facially insufficient responses. Plaintiffs also expended significant time and resources memorializing their meet-and-confers in writing and drafting proposed search terms and narrowing constructions for certain requests, which they timely sent to Sprei's counsel. Despite all of this, Plaintiffs' good faith efforts have been met with not so much as a single responsive document and an abrupt withdrawal of counsel as Sprei yet again chose to

completely disengage from and ignore his discovery obligations. There is thus no question that the time and resources Plaintiffs have expended over the past month-plus have been and will continue to be wasted.

Indeed, following the Court's order yesterday requiring Sprei to meet the April 30 substantial completion deadline, *see* ECF No. 91, Plaintiffs emailed Sprei asking him to confirm that he would comply with the Court's directive and meet yesterday's discovery deadline. As he did with Plaintiffs' previous communications about discovery here, Sprei (now acting *pro se*), has ***ignored our request***.

Defendant Seddio

Five minutes before midnight on April 30, Defendant Seddio emailed Plaintiffs a single, 91-page PDF that, according to Seddio, substantially completed his document productions. Seddio's production comprises:

a.  a handful of emails, spanning 77 pages, which Seddio appears to have printed out and intentionally compiled in non-chronological order, nearly all of which are instances of Seddio forwarding to a colleague or to Sprei emails among counsel or with chambers in connection with the State Court Action or this Action;

b.  only the first page from each of six monthly statements (February, May, July, August, October, and November 2025) for a TD Bank account belonging to his law firm, Seddio & Associates, P.C.;

c.  four apparently identical copies of a draft undertaking prepared in connection with the State Court Action; and

d.  scanned copies of four pages from his daily planner (April 23, July 17, July 30, and November 5, 2025), again compiled out of chronological order.[1]

Not only does the paltry volume confirm the insufficiency of Seddio's production— there is simply no way these 91 pages reflect all responsive communications over a 16-month period, including because the production lacks relevant communications involving Seddio that have been produced to Plaintiffs by Defendant Mark David Graubard—it makes clear that Seddio could have easily produced these documents at any point in the past three months since his January 20, 2026 receipt of Plaintiffs' requests for production.[2]

---

[1] Alongside his 91-page production of documents, Seddio also served supplemental responses and objections to Plaintiffs' requests for production and interrogatories.

[2] The formatting of the production also reveals that Defendant Seddio did not employ any of the search terms that Plaintiffs spent considerable time negotiating with his prior counsel, chose not to produce the materials in either the form requested by Plaintiffs or the form maintained in the ordinary course of business, and did not otherwise apply any methodical or sensible time period.

Like his co-Defendant and longtime business associate Sprei, in the six weeks since the March 16, 2026 discovery conference, Seddio forced Plaintiffs to expend considerable time and resources corresponding with and engaging in hours-long meet-and-confers with his former counsel to negotiate a new discovery schedule and attempt to reach agreement on Plaintiffs' document requests and interrogatories to which Seddio either refused to respond or provided facially insufficient responses. Plaintiffs also expended significant time and resources memorializing their meet-and-confers in writing, drafting proposed search terms and narrowing constructions for certain requests, which they timely sent to Seddio's counsel.

Seddio's egregiously insufficient production last night establishes that, as with Sprei's former counsel, Plaintiffs' time and effort negotiating Seddio's discovery responses with his former counsel was for naught.

<u>Defendant Rubin</u>

While Defendant Rubin's counsel has engaged with Plaintiffs in good faith regarding Plaintiffs' discovery requests since appearing in the case on March 24, 2026, ECF No. 68, Rubin has also failed, completely, to comply with the court-ordered substantial-completion deadline. To date, Rubin has produced only 75 documents,[3] comprising (a) 18 emails dated November 3 and 4, 2025; (b) corporate-organization documents for his companies Queen Equities LLC, WHP Equities LLC, and Esther Equities LLC; and (c) various monthly TD Bank statements for Queen Equities LLC and WHP Equities LLC. It is simply not plausible that this meager volume of materials, including two emails only from two days of 2025, substantially completes Rubin's document productions. And despite multiple rounds of meet-and-confers and exchanges of proposed search terms and hit reports, Rubin has not produced a single electronic or other communication from the relevant period since April 13, 2026, despite filing countless unauthorized letters to the Court seeking to quash a duly served third-party subpoena.

\* \* \*

Accordingly, each of Defendants Sprei, Seddio, and Rubin are in egregious violation of, at a minimum, the Court's discovery orders dated December 22, 2025 (ECF No. 28), March 31, 2026 (Minute Entry so-ordering the deadlines set forth in ECF No. 72), and April 30, 2026 (docket order).

In light of the foregoing and as set forth in Plaintiffs' prior submissions, *see* ECF Nos. 50, 82, 86, Plaintiffs respectfully notify the Court of their intention to request, at Monday's discovery conference, that the Court:

---

[3] Rubin produced 30 documents before retaining counsel and has produced 45 documents since.

    a.  treat each of Sprei's, Seddio's, and Rubin's failures to comply with the April 30 substantial-completion deadline as contempt of court pursuant to Federal Rule of Civil Procedure 37(b)(2)(vii);

    b.  award Plaintiffs, as a compensatory and coercive sanction against each of Sprei and Seddio[4] Plaintiffs' reasonable attorneys' fees and expenses, in an amount to be determined, resulting from Plaintiffs' good faith efforts to compel each of Sprei's and Seddio's compliance with discovery orders from March 3, 2026, when Plaintiffs began drafting the joint letter motion for a discovery conference that was filed on March 4, ECF No. 50, until such time as each of Sprei and Seddio substantially completes his document productions in response to Plaintiffs' requests;

    c.  award Plaintiffs, as a compensatory and coercive sanction against Rubin, Plaintiffs' reasonable attorneys' fees and expenses, in an amount to be determined, resulting from Plaintiffs' efforts to compel Rubin's compliance with discovery orders from May 1, 2026, until such time as Rubin substantially completes his document productions in response to Plaintiffs' requests; and

    d.  order, as a further coercive sanction, that each of Sprei, Seddio, and Rubin pay to Plaintiffs a fine of $1,000 per day for 14 days following the Court's order and $5,000 per day thereafter, until such time as each of Sprei, Seddio, and Rubin substantially completes his document productions in response to Plaintiffs' requests.[5]

Respectfully,

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

Lauren J. Zimmerman

Cc: All represented parties via ECF; all *pro se* parties via email

---

[4] "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Kosowski v. Nassau County*, 350 F.R.D. 346, 351 (E.D.N.Y. 2025) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004)). "The court may … serve either goal—the coercive or the compensatory—by awarding attorneys' fees and costs to a contempt victim." *Id.* (quoting *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 208 (S.D.N.Y. 2020)).

[5] *See Paramedics*, 369 F.3d at 651, 658 (finding such escalating amounts of per-day sanctions, from $1,000 to $5,000 per day, to be reasonable if properly supported in the district court's contempt order).