

Gregory J. Ryan *
Alexandra Lyras ‡
George Kontogiannis †
Randall Tesser *

Jackson Kerr •
Richard Grayson • ℂ
Lewis F. Tesser • ℰ
Irwin Rochman, *Dec'd.*

• *Admitted in NY*
* *Admitted in NY, NJ*
† *Admitted in NY, CT*
‡ *Admitted in NY, CT, DC*
ℂ *Of Counsel*
ℰ *Counsel Emeritus*

May 2, 2026

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

*Metaxas et al v. Graubard et al*
25-cv-05844 (AMD) (PCG)

Dear Judge Cross-Goldenberg,

Pursuant to Section III.A of the Court's Individual Practices and Rules, Plaintiffs Angelos Metaxas and Pertshire Investments LP (together, "Plaintiffs"), and Defendant Mark David Graubard ("Graubard") respectfully submit this joint letter motion requesting that the Court address Plaintiffs' outstanding discovery requests with respect to Graubard at the upcoming discovery conference scheduled for May 4, 2026.

### Statement of Claims and Defenses

The Complaint alleges that Graubard breached the Escrow Agreements entered into between Plaintiffs and Graubard, breached a fiduciary duty owed to Plaintiffs as an Escrow Agent, and engaged in conversion by conveying Plaintiffs' funds, *i.e.*, $2,000,000.00 (the "Escrowed Funds") from his interest on lawyer account ("IOLA") without Plaintiffs' authorization. Graubard has since admitted, and third-party discovery has confirmed, that Graubard transferred the Escrowed Funds without Plaintiffs' authorization. Plaintiffs seek punitive damages for their latter two claims. Plaintiffs also request a declaratory judgment confirming their exclusive and preclusive rights to the Escrowed Funds and Graubard's unqualified obligation to return the same. Against other Defendants, the Complaint alleges tortious interference with contract, aiding and abetting breach of fiduciary duty, abuse of process, violations of N.Y. Judiciary law § 487, and aiding and abetting conversion.

Graubard raised the affirmative defenses of failure to state a claim, unenforceable contract, and unclean hands, and filed a third-party complaint against Chaskel Frankel alleging that Frankel fraudulently held himself out as Plaintiffs' agent and directed Graubard to transfer the Escrowed Funds. Frankel was served with the third-party complaint on April 27, 2026.

### The Instant Discovery Dispute and the Parties' Efforts to Resolve It

Graubard has, to date, withheld a document which the parties agree is responsive to one or more of Plaintiffs' documents requests.

# T|R TESSER, RYAN & ROCHMAN LLP

Specifically, Graubard produced an e-mail (Bates numbered GRAUBARD_08247, the "Cover E-mail," annexed hereto as Exhibit A) he sent to a bonding company on November 3, 2025, in connection with his attempt to secure an undertaking to obtain an adjournment of the November 5, 2025 hearing on Plaintiffs' motion for contempt against him and Defendants Frank R. Seddio ("Seddio") and Jonathan Rubin ("Rubin") in the underlying State Court Action. The Cover Email included as an attachment Graubard and his wife's 2024 tax returns, which Graubard has withheld.

Counsel for Plaintiffs and Graubard have engaged in several phone calls and e-mails discussing this matter and have reached impasse as to the production of this particular document.

### Graubard's Position

Graubard's position is that his tax return is primarily responsive and only relevant to Plaintiffs' document request # 33, regarding Defendant Graubard's net worth.[1] When Graubard's objections to document request # 33 were raised at the previous discovery conference on March 16, 2026, *i.e., inter alia*, that the request was premature in a pre-judgment context, Your Honor withheld decision on the objection. Although the Cover Email is responsive to several other document requests, the attached tax return is not responsive to other document requests (other than by nature of being attached to the Cover Email), irrelevant to the dispute in a pre-judgment context, and of a sensitive and private nature for both Graubard and his wife (who is not a party to this proceeding).

### Plaintiffs' Position

Plaintiffs' position is that both the Cover E-mail and the attached tax return are responsive to multiple requests propounded by Plaintiffs, including #10(z) ("All Communications with Seddio or Seddio & Associates concerning… the State Court Action"), #11(w) ("All Communications with Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf … concerning … the State Court Action"), #12(q) ("All Communications with Rubin concerning … the State Court Action"), #13(u) ("All Communications with Sprei concerning … the State Court Action"), and #33 ("Documents sufficient to show the amount of unencumbered cash as well as the value of any marketable securities, secured, capital, or liquidatable assets, and liabilities presently held by You, Your spouse, if any, or any of the entities identified in Your Response to Request No. 3"). Graubard does not assert any privilege over the tax return, any confidentiality concerns were waived by his voluntary disclosure of the return to a third party without any non-disclosure agreement in place, and, in any event, the operative protective order in this action sufficiently addresses any confidentiality concerns, *see, e.g.*, ECF No. 89, at 7 ("To the extent there are concerns about confidential information contained in the responsive materials, the protective order entered by this Court addresses these concerns.").

---

[1] Plaintiffs' document request # 33 states, ""Documents sufficient to show the amount of unencumbered cash as well as the value of any marketable securities, secured, capital, or liquidatable assets, and liabilities presently held by You, Your spouse, if any, or any of the entities identified in Your Response to Request No. 3."

The circumstances of Graubard's (and Seddio's and Sprei's) outreach to the bonding company—which post-dated the Complaint in this action—are further relevant to Plaintiffs' claim against Seddio for attorney deceit and collusion, and against both Seddio and Rubin for abuse of process, as well as Plaintiffs' allegations that all four defendants worked in concert to convert Plaintiffs funds and deceive the court given that the entire episode was an apparent ploy to mislead the Court into delaying contempt proceedings in the State Court Action.

Ultimately, Graubard concedes that the Cover E-mail is responsive to Plaintiffs' document requests. Apparently, his only basis for not producing the attachment is his desire to keep hidden his financial status from Plaintiffs. That is not a legal basis for withholding a responsive document, or an attachment to a responsive document, and Graubard has provided no legal authority in support of that position. On the contrary, withholding the document in question contradicts the prevailing discovery practice of producing full families for any document that is responsive. *See Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.,* No. 08 CIV. 7508 SAS, 2011 WL 3738979, at *5 (S.D.N.Y. Aug. 18, 2011), *report and recommendation adopted,* No. 08 CIV. 7508 SAS, 2011 WL 3734236 (S.D.N.Y. Aug. 24, 2011) ("[T]he prevailing practice, absent party agreement or court order to the contrary, is for parties to produce any non-privileged attachment to an e-mail if the e-mail is determined to be relevant, and to produce the e-mail if any of the attachments are determined to be relevant.").

For all of these reasons, the attachment is as discoverable as the Cover Email, and Graubard has no lawful basis for withholding it.

Respectfully submitted,

/s/ *Randall Tesser*
Randall Tesser

Cc: All Counsel and Parties (via ECF)