**Law Offices of Mordy Gross LLC**
418 Broadway # 10612 • Albany, NY 12207
484.680.0768 • mg@mordygross.com
*Admitted in New York and New Jersey*

May 3, 2026

Via ECF

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

**Re:**   *Metaxas et al. v. Graubard et al.*, No. 1:25-cv-5844 (AMD) (PCG)

Dear Magistrate Judge Cross-Goldenberg:

I write on behalf of Defendant Jonathan Rubin in response to Plaintiffs' May 1, 2026 letter (ECF No. 93) and in advance of the May 4, 2026 status conference. Today, May 3, 2026, Defendant Rubin substantially completed his document production, serving 7,553 documents (24,831 pages; Bates RUBIN-000579–RUBIN-025409) with a Rule 26(b)(5)(A) privilege log. The Court should deny the relief Plaintiffs preview against Defendant Rubin and grant the limited cross-relief below.

> **I.**   **Defendant Rubin Has Substantially Completed His Production; Plaintiffs' Contempt Request Is Moot.**

Earlier today, the undersigned served Defendant Rubin's substantial-completion production on Plaintiffs, comprising:

1. 7,553 documents / 24,831 pages, Bates-numbered RUBIN-000579 through RUBIN-025409, broken out by source category;

2. a privilege log served concurrently in accordance with Federal Rule of Civil Procedure 26(b)(5)(A);

3. a complete document-by-document Bates Index spreadsheet; and

4. a confidentiality designation under the Court's Protective Order (ECF No. 66).

The production was generated by applying the parties' agreed v3 search-term list — finalized only at 6:11 p.m. on April 30, 2026 (the day of the deadline), when Plaintiffs at last accepted Defendant Rubin's hit report — across Defendant Rubin's Gmail account (130 GB / 407,954 messages), file folder (32,326 files), text-message export (22,095 messages), and phone-call log, filtered to the agreed Relevant Period (November 1, 2024 forward) with the agreed exclusions and standard de-duplication and family grouping. With production now served, Plaintiffs' request for contempt and sanctions as to Defendant Rubin (ECF No. 93 at 4) is moot.

I further stress, as will be pointed out below, that undersigned counsel has made a good faith effort to produce any documents, and engage in good-faith discussions over any disagreements, at all times.  I expected Plaintiffs' counsel to extend similar courtesy.  However, from the beginning of my engagement with Plaintiffs' counsel, I have not been met with the same.

Starting from pulling back on an agreed-upon understanding of providing search terms to my client, when he negotiated *pro se*, to filing the instant letter motion when I was in full communication with Plaintiffs' counsel, it seems as if they are more interested in an approach of litigation by attrition, rather than good faith, professional disclosures of documents.

## II.     Plaintiffs' Own Conduct Caused Whatever Slippage Occurred.

Plaintiffs' letter omits the timeline that produced a brief rolling completion after April 30. The record reflects that Plaintiffs — not Defendant Rubin — kept the search-term protocol in motion through the eve of the deadline:

1. April 7, 2026 — meet-and-confer held; Plaintiffs served their first written memorialization four days later (April 11), to which Defendant Rubin responded on April 13;

2. April 16-22, 2026 — multiple rounds on repository scope, boolean tooling, counsel's role, and search-term scope; on April 24 Plaintiffs corrected an erroneous phone-number attribution that had identified Defendant Rubin's personal cell number as belonging to Defendant Seddio;

3. April 27, 2026 — Defendant Rubin served a 97-term hit report across four sources;

4. April 28, 2026 — Plaintiffs demanded a v2 hit report by 10:00 a.m. the following day; Defendant Rubin served v2 the same evening (April 28) at 6:38 p.m.;

5. April 30, 2026 — After some further correspondence, Defendant Rubin served v3 of the hit list at 3:48 p.m.; Plaintiffs accepted v3 at 6:11 p.m. — less than six hours before the deadline they had insisted upon — and then demanded "all or substantially all" responsive material by 11:59 p.m. that same evening.

Plaintiffs' premise — that Defendant Rubin has not "substantially complete[d]" his production — ignores that the protocol against which any document set could be reviewed for responsiveness was fixed only hours before the deadline. The roughly seventy-two hours between the deadline and today's production reflects the time reasonably required to review 24,831 pages for privilege and Bates-stamp the production. The contrast with the productions Plaintiffs criticize from other Defendants (e.g., a 91-page production from Mr. Seddio) is itself dispositive of Defendant Rubin's good faith.

This is typical of the approach Plaintiffs have been taking throughout the discovery process — improperly lumping Defendant Rubin together with his co-defendants. Defendant Rubin is differently situated, and Plaintiffs would be better served by being cognizant of the fact that Defendant Rubin has cooperated throughout and intends to continue doing so.

## III.     Plaintiffs Have Themselves Served Deficient Discovery Responses and Have Failed to Confer.

While previewing a contempt motion against Defendant Rubin, Plaintiffs have served facially deficient responses to Defendant Rubin's First Sets of Requests for Admission, Interrogatories, and Requests for Production (each served April 27, 2026), and have ignored

Defendant Rubin's good-faith request for a Local Civil Rule 37.3 meet and confer on that same subject. Examples include:

a. *Improper Rule 33 "meet-and-confer" non-answers.* Plaintiffs respond to Interrogatory Nos. 2 and 8 by stating only that they are "willing to meet and confer." Rule 33(b)(3) requires a substantive answer.

b. *Improper Rule 33(d) reliance.* Plaintiffs' responses to Interrogatory Nos. 1, 4, 6, 11, 12, 14, and 15 — including the interrogatories asking Plaintiffs to identify the alleged tortious acts in New York and the bases for the claims against Defendant Rubin — promise only to "produce" documents in lieu of answering. **To date, no such documents were produced.** Rule 33(d) is unavailable where the burden of deriving the answer is not "substantially the same" for both parties.

c. *Improper Rule 36 non-answers.* Plaintiffs' responses to RFA Nos. 2, 5, 8, and 9 use the same "willing to meet and confer" formulation in place of an admission or denial. Rule 36(a)(4) does not permit such a response.

d. *Internally inconsistent admissions.* Plaintiffs deny RFA Nos. 8, 28, 48, and 49 — each addressing the absence of pre-suit investigation or evidence as to Defendant Rubin — yet admit in Interrogatory No. 9 that their "reasonable investigation to date has not confirmed" the very fact those denials presuppose, and concede in Interrogatory No. 16 only that counsel "reviewed Documents and Communications" without identifying any pre-filing investigation directed at Defendant Rubin.

e. *Improper Rule 34 non-commitments and unsupported objections.* Responses to RFP Nos. 7, 9, 10, and 26 promise only to "meet and confer to narrow scope" without the production commitment Rule 34(b)(2)(C) requires; RFP No. 7 is met with a baseless "First Amendment harassment" objection.

f. *Failure to provide any document discovery.* Despite Plaintiffs' criticism of Defendants' productions, Plaintiffs have not produced a single document in response to Defendant Rubin's First Set of Requests for Production served March 27, 2026. This point is telling.

On April 28, 2026, the undersigned served Plaintiffs a written meet-and-confer letter cataloguing the foregoing deficiencies and proposing a conference no later than April 30, 2026. Plaintiffs neither responded nor proposed an alternative time. Their silence — while contemporaneously preparing ECF No. 93 — confirms that the letter was tactical rather than reflective of any genuine grievance.

* * *

For the foregoing reasons, Defendant Rubin respectfully requests that the Court, at the May 4, 2026 conference:

1. deny Plaintiffs' request for contempt and sanctions as to Defendant Rubin as moot in light of today's substantial-completion production;

3

2. compel Plaintiffs to serve, within fourteen (14) days, supplemental responses to Defendant Rubin's First Sets of Requests for Admission, Interrogatories, and Requests for Production that comply with Rules 33, 34, and 36, including those deficiencies identified in the undersigned's April 28, 2026 meet-and-confer letter; and

award Defendant Rubin his reasonable attorneys' fees incurred as a result of Plaintiffs' refusal to confer pursuant to Local Civil Rule 37.3 and Federal Rule of Civil Procedure 37(a)(5).

Respectfully submitted,

/s/ Mordy Gross
Mordy Gross, Esq.
Law Offices of Mordy Gross, LLC
418 Broadway # 10612
Albany, NY 12207
(484) 680-0768
mg@mordygross.com
Counsel for Defendant Jonathan Rubin

cc:     All counsel of record (via ECF); pro se parties (via email)