# Law Offices of Mordy Gross LLC

418 Broadway # 10612 • Albany, NY 12207
484.680.0768 • mg@mordygross.com
*Admitted in New York and New Jersey*

---

May 11, 2026

<u>Via ECF</u>

Hon. Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

**Re:**   *Metaxas et al. v. Graubard et al.*, No. 1:25-cv-05844 (AMD) (PCG)
Defendant Jonathan Rubin's Pre-Motion Letter Re Anticipated Rule 12(c) Motion for
Judgment on the Pleadings

Dear Judge Donnelly:

I represent Defendant Jonathan Rubin in the above-captioned action. Pursuant to Section 4.A of
Your Honor's Individual Practices, Mr. Rubin respectfully requests a pre-motion conference in
advance of the Rule 12(c) motion he intends to file seeking judgment on the pleadings as to all
five counts asserted against him: Count 1 (declaratory judgment); Count 3 (tortious interference
with contract); Count 5 (aiding and abetting breach of fiduciary duty); Count 6 (abuse of process);
and Count 9 (aiding and abetting conversion).

**Procedural posture and the 12(c) record.** Mr. Rubin filed his pro se Answer at ECF No. 19 on
November 18, 2025 (superseding ECF No. 15). The Rule 12(c) standard is identical to Rule
12(b)(6). *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021); *Hayden v.
Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). The Court may consider the Complaint and Answer,
documents incorporated by reference or integral to the Complaint, and matters of judicial notice
— including state-court filings for their existence and contents; Plaintiffs' own statements in those
filings are separately admissible against them as opposing-party statements under Fed. R. Evid.
801(d)(2). *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016); *Chambers v. Time Warner, Inc.*,
282 F.3d 147, 152–53 (2d Cir. 2002); *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels &
Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). <u>The motion will rely solely on materials
within that record and will not require Rule 12(d) conversion</u>.

**Five independent grounds support dismissal:**

**1.   Count 6 (abuse of process) fails on the face of the Complaint under *Curiano*.** Two
independent steps each defeat the claim. *First,* the institution of a civil action — even maliciously
— is not abuse of process; commencement is not actionable. *Curiano v. Suozzi*, 63 N.Y.2d 113,
116–17 (1984); *Williams v. Williams*, 23 N.Y.2d 592, 596 (1969); *Bd. of Educ. v. Farmingdale
Classroom Teachers Ass'n*, 38 N.Y.2d 397, 403 (1975); *Hauser v. Bartow*, 273 N.Y. 370, 374
(1937). *Second,* even treating the TRO as issued process, it was used for its stated litigation purpose
— preserving the disputed escrow pending a hearing — not for any collateral objective. *Hornstein
v. Wolf*, 109 A.D.2d 129, 134 (2d Dep't 1985); *Du v. Latamie*, Index No. 157432/2021, 2022 N.Y.
Misc. LEXIS 5781 (Sup. Ct. N.Y. Cnty. Aug. 24, 2022); *Khandalavala v. Artsindia.com, LLC*,
Index No. 652450/13, 2014 N.Y. Misc. LEXIS 1676 (Sup. Ct. N.Y. Cnty. Apr. 8, 2014). Plaintiffs

1

themselves did not contest preliminary-injunction relief in the State Court Action (NYSCEF Doc. 11 at 11) and invoked *Congregation Erech Shai Bais Yosef, Inc. v. Werzberger*, 189 A.D.3d 1165 (2d Dep't 2020) — confirming the TRO's proper status-quo purpose. Accordingly, filing and prosecuting the State Court Action, standing alone, cannot support an abuse-of-process claim under New York law. Even assuming *arguendo* that Mr. Rubin participated in filing the State Court Action, the Complaint does not specifically plead any post-affirmation conduct by Mr. Rubin that could constitute 'improper use' of process; the only act tying him to the State Court Action is the February 19, 2025, affirmation. Generic "in concert" allegations appearing throughout the Federal Complaint (e.g. ¶¶ 79, 89, 124, 141, 153, 156, 161, 184) do not satisfy *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**2. Count 3 (tortious interference) fails for lack of intentional procurement.** Tortious interference requires that the defendant intentionally procure the third party's breach — i.e., conduct targeting and procuring the breach. *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996); *G.K.A. Bev. Corp. v. Honickman*, 55 F.3d 762, 767–68 (2d Cir. 1995); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). The Complaint pleads the breach as complete by late January 2025: Graubard refused to wire funds and made false "bank-system" excuses on *January 15–17, 2025* (¶¶ 53–55), and Sprei's counsel sent a release-as-condition demand on *January 30, 2025* (¶¶ 67–73). **The Complaint pleads no act, communication, agreement, or conduct of any kind by Mr. Rubin in the December 2024–January 2025 period when the breach was being procured.** Mr. Rubin's first alleged appearance anywhere in the Complaint's narrative is *February 19, 2025* (¶¶ 6, 75–80) — 33 days after Graubard's January 17 refusal/excuse conduct and 20 days after the January 30 release-as-condition demand, in other words, well after the alleged breach was complete. Plaintiffs' own pre-Complaint sworn admissions confirm the absence: Plaintiffs' agent Javier Macaya swore that "[p]rior to this litigation, I had never heard of Olden LLC or its manager, Johnathan Rubin" (NYSCEF Doc. 14 ¶ 4); Plaintiffs' counsel repeated the admission in two pre-Complaint filings (NYSCEF Docs. 11 at 9; 76 ¶¶ 3–4). A defendant who took no pre-breach action and was unknown to Plaintiffs before the breach cannot have intentionally procured it, and any conduct that follows a completed breach cannot procure it. *See G.K.A. Bev. Corp.*, 55 F.3d at 767–68; *Lama Holding Co.,* 88 N.Y.2d at 424; *Kirch,* 449 F.3d at 401.

**3. Counts 5 and 9 (aiding and abetting) fail for lack of nonconclusory facts of actual knowledge, substantial assistance, and proximate causation.** Aiding and abetting breach of fiduciary duty and aiding and abetting conversion each require <u>actual knowledge</u> of the underlying violation and substantial assistance proximately causing the harm. *Kaufman v. Cohen*, 307 A.D.2d 113, 125 (1st Dep't 2003); *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292–95 (2d Cir. 2006); *Krys v. Pigott*, 749 F.3d 117, 129 (2d Cir. 2014). The Complaint's actual-knowledge allegation (¶ 153) is a bare conclusion that fails *Iqbal*, 556 U.S. at 678, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs' pre-Complaint filings identify Sprei — not Mr. Rubin — as the controlling actor (NYSCEF Doc. 71 at 1 (Plaintiffs' Aug. 2025 letter naming "Mr. Seddio, working in concert with an individual named Samuel Sprei" as the actors who commenced and prosecuted the State Court Action; Mr. Rubin omitted)) and their later sanctions memorandum likewise concedes Mr. Rubin's "utter lack of connection to the dispute" (NYSCEF Doc. 98 fn. 2). Plaintiffs' court filings confirm the same inconsistency; e.g. NYSCEF Doc. 247 ¶¶ 3–4 (Plaintiffs' counsel's sworn statement that the action was 'actually controlled by Plaintiff's counsel Seddio and non-party Sam Sprei'). Plaintiffs' contrary scienter rhetoric in their post-Complaint state-court sanctions papers (NYSCEF Docs. 93, 94, 98, all filed *Nov. 20, 2025 — 34 days after the federal Complaint*) cannot

retroactively cure the federal pleading. The Complaint alleges no nonconclusory facts that Mr. Rubin knew of Graubard's fiduciary obligations, knowingly coordinated with Sprei, controlled the State Court Action, handled escrow funds, or substantially assisted the alleged breach or conversion. Count 9 (conversion) further fails because those omissions confirm the absence of substantial assistance and proximate causation: the Complaint pleads no fact that Mr. Rubin ever possessed the escrow funds, directed any transfer, controlled the IOLA account, instructed Graubard, communicated with the escrow agent, or otherwise participated in any exercise of dominion over the escrow funds.

**4.   Count 1 (declaratory judgment) fails as to Mr. Rubin for lack of a live Article III controversy.** Olden LLC voluntarily discontinued the State Court Action (NYSCEF Doc. 83), and Mr. Rubin's Answer asserts no claim, counterclaim, or individual interest in the funds (¶ 3). Together with Plaintiffs' prior litigation statements identifying Sprei (not Mr. Rubin) as the controlling party, no present, substantial controversy of sufficient immediacy exists between Plaintiffs and Mr. Rubin individually. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The claim is at minimum moot and fails for lack of present adversity.

**5.   To the extent Counts 3, 5, 6, and 9 rest on Mr. Rubin's affirmation, court submissions, TRO practice, or counsel communications in the State Court Action, they are barred by absolute litigation privilege; in the alternative, N.Y. Civ. Rights Law § 76-a(2) requires a heightened actual-malice showing the Complaint does not make.** Statements "material and pertinent to the questions involved" in a judicial proceeding are absolutely privileged. *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718 (2015); *Park Knoll Assocs. v. Schmidt*, 59 N.Y.2d 205, 209 (1983). "[T]he question of malice has no place." *Gottwald v. Sebert*, 40 N.Y.3d 240, 254 (2023) (quoting *Moore v. Mfrs. Nat'l Bank*, 123 N.Y. 420, 426 (1890)). The Court of Appeals in *Gottwald* expressly forecloses any "sham exception" — Plaintiffs cannot avoid the privilege by labeling the State Court Action a sham. Thus, the alleged affirmation and related court submissions — the predicate for Plaintiffs' theory of Rubin's involvement — fall within the privilege. Alternatively, if § 76-a applies — Mr. Rubin's pleaded conduct is paradigmatic petitioning activity — the statute imposes a substantive actual-malice standard that the Complaint's conclusory "information and belief" scienter allegations cannot satisfy. *Carroll v. Trump*, 590 F. Supp. 3d 575 (S.D.N.Y. 2022).

Mr. Rubin respectfully requests a pre-motion conference at the Court's earliest convenience and, following that conference, a briefing schedule for the Rule 12(c) motion.

Respectfully submitted,

/s/ Mordy Gross
Mordy Gross, Esq.
Law Offices of Mordy Gross, LLC
418 Broadway # 10612
Albany, NY 12207
(484) 680-0768
mg@mordygross.com
Counsel for Defendant Jonathan Rubin

cc:   All counsel of record (via ECF); pro se parties (via email)

3