Vincent Miletti, Esq.
***MILETTI LAW, P.C.***
153 West End Avenue, Suite 2A, Brooklyn, New York 11235
609-353-6287 (P) ⚖ 609-554-7927 (F) ⚖ VMiletti@Milettilaw.com (E)
*NY Bar 5194014* ⚖ *NJ Bar 078322013*

June 9, 2026

**Sent Via ECF**.

Hon. Judge Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *In Re*   *Metaxas et al. v. Graubard et al., No. 1:25-cv-05844-AMD-PCG*
> *Defendant Frank R. Seddio's Pre-Motion Letter Regarding Anticipated Rule 12(c)*
> *Motion*

Dear Judge Donnelly:

Pursuant to Section 4.A of Your Honor's Individual Practices and Rules, Defendant Frank R. Seddio respectfully requests a pre-motion conference, or in the alternative leave to file, a motion under Rule 12(c) for partial judgment on the pleadings dismissing Count 3 (tortious interference), Count 5 (aiding and abetting breach of fiduciary duty), Count 6 (abuse of process), and Count 9 (aiding and abetting conversion). Mr. Seddio does not move against Count 1 (not pleaded against him) and does not seek Rule 12(c) relief as to Count 7 at this time, reserving all defenses to that Count for a developed record under Rule 56.

The pleadings are closed as to Mr. Seddio (Answer, ECF No. 17, Nov. 17, 2025). The motion will rely only on materials properly considered on a Rule 12(c) motion — the Complaint, the Answer, documents incorporated by reference or integral to the Complaint, and matters subject to judicial notice — and will not require Rule 12(d) conversion. See *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion. See *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011). For purposes of this anticipated motion only, Mr. Seddio assumes the truth of the well-pleaded allegations solely to test the legal sufficiency of the claims, and expressly preserves all factual defenses, affirmative defenses, and arguments concerning the accuracy of Plaintiffs' allegations.

Three (3) independent grounds support dismissal.

1. **<u>Count 3 (tortious interference) fails for lack of intentional procurement</u>**. Tortious interference requires that the defendant intentionally procure the third party's breach — conduct that targets and brings about the breach itself. *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006); *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762, 767–68 (2d Cir. 1995). Further, under Twombly and Iqbal, conclusory assertions and threadbare recitals of elements do not state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Complaint pleads the alleged breach as complete by late January 2025: Graubard's refusal and "bank-system" excuses on January 15–17, 2025 (Compl.

¶¶ 52–55), and Sprei's counsel's release-as-condition demand on January 30, 2025 (¶¶ 67–69). Mr. Seddio's first alleged conduct anywhere in the Complaint is February 19, 2025 (¶¶ 6, 74) — more than three weeks after the breach was already complete. Because intentional procurement requires conduct that targets and causes the breach, a defendant whose every alleged act post-dates the completed breach cannot satisfy that element as a matter of law. *Lama Holding*, 88 N.Y.2d at 424. The Complaint's generic "in concert" and "longtime associate" labels (e.g., ¶¶ 6, 79, 124) do not cure the temporal gap; they are conclusory characterizations rather than specific pre-February conduct, and they do not satisfy the pleading standard under Iqbal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2. **Count 6 (abuse of process) fails under Curiano**. To state an abuse-of-process claim under New York law, a plaintiff must allege (1) regularly issued process, (2) an intent to harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective. Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984). Two independent steps each defeat the claim. First, the institution of a civil action — even maliciously — is not abuse of process. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116–17 (1984) *Perini v. Leo*, 148 A.D.3d 698, 700 (2d Dep't 2017). The only operative pleading filed in the State Court Action was a summons with notice under CPLR § 305(b) seeking declaratory and injunctive relief as to escrow funds "as to which the parties have competing claims" (Compl. ¶¶ 76–77) — a facially legitimate vehicle under New York law. Second, even treating the TRO as issued process, the Complaint's own allegations establish that the TRO was used for its stated litigation purpose — preserving the disputed escrow pending hearing — not for any collateral objective. Hornstein v. Wolf, 109 A.D.2d 129, 134 (2d Dep't 1985). Indeed, Plaintiffs themselves did not oppose the preliminary-injunction relief preserving those funds (Compl. ¶ 99), confirming the TRO's proper status-quo purpose. Allegations that the State Court Action was meritless, malicious, or strategically motivated do not convert commencement and prosecution into abuse of process. *Curiano*, 63 N.Y.2d at 116–17. *Hornstein*, 109 A.D.2d at 134.

3. **Counts 5 and 9 (aiding and abetting) fail for lack of non-conclusory scienter and substantial-assistance facts**. Aiding-and-abetting breach of fiduciary duty and aiding-and-abetting conversion each require actual knowledge of the underlying violation and substantial assistance proximately causing the harm. *Kaufman v. Cohen,* 307 A.D.2d 113, 125 (1st Dep't 2003); *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014). Constructive knowledge is insufficient. *Kaufman*, 307 A.D.2d at 125; *Krys v. Butt*, 486 F. App'x 153, 157 (2d Cir. 2012). The Complaint's actual-knowledge allegation as to Mr. Seddio (¶ 153) is a bare conclusion, and the surrounding paragraphs (¶¶ 153, 156) plead the elements in conclusory or collective terms that lump Mr. Seddio with other defendants; the parallel Count 9 allegations suffer the same defect (¶¶ 182, 185). Iqbal, 556 U.S. at 678. The temporal defect from Ground 1 is independently dispositive here: the alleged underlying breach and conversion were complete by late January 2025, before Mr. Seddio's first alleged appearance in the Complaint's narrative. Conduct that post-dates the underlying violation cannot have substantially assisted, or proximately caused, what had already occurred. See *Kaufman*, 307 A.D.2d at 125; *Krys*, 749 F.3d at 127.

If the Court permits the motion, Mr. Seddio respectfully requests a standard briefing schedule consistent with Individual Rule 4.C and reserves the right to request oral argument under Individual Rule 4.E.

We thank the Court for its attention to this matter.

Cordially,

Vincent Miletti, Esq.
Partner