

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.356.6023
Fax: 646.755.3397
lzimmerman@beneschlaw.com

June 16, 2026

Via ECF

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

  Re: *Metaxas et al. v. Graubard et al.*, 25-cv-05844 (AMD) (PCG)

Dear Judge Cross-Goldenberg:

  Pursuant to Section III.A of the Court's Individual Practices and Rules, Plaintiffs Angelos Metaxas and Pertshire Investments LP (together, "Plaintiffs") respectfully request an order: (1) scheduling a show cause hearing to examine 536 Holdings LLC's ("536 Holdings") noncompliance with Plaintiffs' third-party subpoena ("Subpoena," ECF No. 115); (2) holding 536 Holdings in civil contempt for its failure to comply with the Court's Order directing 536 Holdings to respond to the Subpoena by June 3, 2026 (the "Order," attached along with the Subpoena as Exhibit A); and (3) imposing sanctions on 536 Holdings.

  **Background.** On May 19, 2026, Plaintiffs filed a letter motion to compel compliance with the Subpoena (the "Motion," ECF No. 108). 536 Holdings is the entity to which Defendant M. David Graubard ("Graubard") has represented, both in this action and the related state court action, that he transferred Plaintiffs' escrow funds at Defendant Samuel Sprei's direction ("Sprei") and which Defendant Jonathan Rubin has testified has a relationship with Sprei.[1]

  During the Court's May 20, 2026 discovery conference, the Court addressed Plaintiffs' Motion and directed Plaintiffs to prepare a proposed order so-ordering 536 Holdings to respond to the Subpoena and providing that the Court would hold a show cause hearing should 536 Holdings fail to respond to the so-ordered Subpoena. On May 21, 2026, the Court entered the Order, directing "[t]hird-party 536 Holdings LLC [to] respond to the Subpoena by June 3, 2026." *See* Exhibit A, p. 1. On May 27, 2026, Plaintiffs personally served the Order on 536 Holdings.[2]

---

[1] Defendant Rubin testified that he understood Sprei to have a relationship with 536 Holdings and that he would send and receive payments to and from Sprei via 536 Holdings ("Mr. Sprei asked me to send money to 536. I gave money to Mr. Sprei. How? By sending the money to 536.").

[2] Plaintiffs attempted personal service of the Order on Friday, May 22, 2026, but the process server was unable to complete service because 536 Holdings' suite was empty, likely due to the observance of the religious holiday,

Magistrate Judge Peggy Cross-Goldenberg
June 16, 2026
Page 2

On June 1, 2026, 536 Holdings' self-described managing member, Jacob Jacobowitz ("Jacobowitz"), emailed Plaintiffs' counsel stating, "Please see the attached documents regarding the Subpoena. Thanks[.]" *See* Email thread with yqmanagement@gmail.com, attached as Exhibit B. The email attached a single three-page document containing a heavily redacted portion of 536 Holdings' December 2024 bank statement from Flagstar Bank, which reflected two incoming wires on December 6 and 12, 2024 (the day of and six days after Plaintiffs wired their escrow funds, respectively) from Graubard in the amounts of $2,500,000 and $335,000, respectively, and two outgoing checks dated December 5 and 11, 2024 in the amounts of $2,500,000 and $450,000 directed to "Montclair & Wachtler LLP," an entity controlled by two individuals named in Plaintiffs' Complaint and in their Subpoena. *See* Attachment to 536 Holdings' email, attached as Exhibit C.

Plaintiffs immediately responded, advising that 536 Holdings' response to the Subpoena was inadequate as it failed to respond to at least twelve of the Subpoena's thirteen requests, including but not limited to requests for documents showing the business purpose and organizational structure of 536 Holdings LLC, documents showing whether Sprei is a member or director, 536 Holdings' communications regarding Graubard's transfer of Plaintiffs' escrowed funds and other relevant transactions, and communications with or concerning the Defendants and entities under their control. *Id.* In response, on June 3, 2026, a 536 Holdings representative responded that the bank statements provided reflected all transactions with Graubard, that there were no communications with Graubard, and that 536 Holdings is a "New York Real Estate Limited Liability Company." *See* Exhibit B.

536 Holdings' provision by email of a single, largely redacted, partial bank record and refusal to respond to at least eleven of the Subpoena's thirteen requests is a patently insufficient response to Plaintiffs' Subpoena and a clear violation of this Court's Order.

**Argument.** As discussed *supra*, working in concert with Sprei, Graubard has admitted to unlawfully transferring some, if not all, of Plaintiffs' escrowed funds to 536 Holdings, an entity which Sprei apparently controls or directs. Plaintiffs' Subpoena, which the Court so-ordered, seeks documents and communications squarely relevant to Plaintiffs' claims against Defendants and the tracing of their stolen funds, which the Court has previously ruled is at issue here. Specifically, the Subpoena seeks documents and communications in 536 Holdings' possession or control regarding (a) the escrow agreement and deposits at issue in this matter (Requests 1–2), (b) the instant action and related state court action (Requests 3–4), (c) Graubard's interest on lawyer account in which Plaintiffs' funds were deposited (Request 5), (d) 536 Holdings' business purpose, organizational structure, including Sprei's position, and other entity information (Requests 6–8), (e) the transfer of some or all of Plaintiffs' escrowed funds to 536 Holdings and 536 Holdings' transfer of those funds to others working in concert with Defendants or entities under their control (Requests 9–11),

---

Shavuot. Personal service was likewise unavailable on the following Monday, May 25, 2026, due to the Memorial Day holiday. Plaintiffs completed personal service on 536 Holdings on May 27, 2026.

Magistrate Judge Peggy Cross-Goldenberg
June 16, 2026
Page 3

and (f) communications with or concerning Defendants and/or entities under their control (Request 12). *See* Exhibit A.

In addition to the facial insufficiency of 536 Holdings' Subpoena response, there can be no serious dispute that 536 Holdings has failed to produce documents and communications in its possession or control that are responsive to Plaintiffs' Subpoena. For example, Flagstar Bank's third-party production to Plaintiffs demonstrates that 536 Holdings engaged in several transactions during the relevant period, as defined in the Subpoena, with Queen Equities LLC, an entity explicitly named in the Subpoena, and which is controlled by Rubin and through which Plaintiffs believe Rubin obtained all or some of their unlawfully converted funds. *See* Exhibit A, Request 11. In addition, those same records show that 536 Holdings had additional transactions with Montclare & Wachtler, another entity named in the Subpoena, during the relevant period about which 536 Holdings has provided no materials. *Id.*

The Order required a response to the Subpoena. 536 Holdings raised no objection whatsoever to the Subpoena and yet has failed almost entirely to respond to the Subpoena, completely ignoring eleven out of thirteen Requests and providing only a redacted portion of a single responsive document in response to one. Accordingly, 536 Holdings is in violation of the Court's Order. *See King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (finding that failure to comply with a court's order with appropriate urgency constituted noncompliance for which a contempt finding is appropriate); *see also Nunez v. New York City Dep't of Correction*, 758 F. Supp. 3d 190, 221 (S.D.N.Y. 2024) (finding that compliance with some required tasks in a court order is not a defense to noncompliance with other tasks in a court order).

536 Holdings has failed to comply with the Court's clear and unambiguous Order. Indeed, the records in Plaintiffs' possession clearly demonstrate that 536 Holdings has withheld materials sought in the Subpoena, and 536 Holdings has not attempted to comply with the Subpoena in a reasonable manner. 536 Holdings has failed to produce documents concerning: (a) the escrow agreement and deposits at issue in this matter (Requests 1–2), (b) the instant action and related state court action (Requests 3–4), (c) 536 Holdings' business purpose and organizational structure (Requests 6–8), (d) the transfer of some or all of Plaintiffs' escrowed funds to 536 Holdings and 536 Holdings' subsequent transfer of those funds to others working in concert with Defendants or entities under their control (Requests 9–11), and (e) communications with or concerning Defendants and/or entities under their control (Request 12). Accordingly, a finding of civil contempt is appropriate. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) ("A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'"); *see also Teri v. Oxford Mgmt. Servs., Inc.*, No. CV052777DRHWDW, 2008 WL 11435689, at *5 (E.D.N.Y. Sept. 30, 2008) ("Noncompliance with discovery orders will be deemed willful 'when the court's orders have been clear, when the party has understood them and when the party's noncompliance is not due to factors beyond the party's control.'") (quoting *Perez v. Siragusa*, No. CV054873(CPS)(JMA), 2008 WL 2704402, at *4 (E.D.N.Y. July 3, 2008)). Upon a finding of contempt for failure to cooperate in discovery, like 536 Holdings' failure here, sanctions for reasonable expenses, including attorneys' fees, are appropriate. *See Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362

Magistrate Judge Peggy Cross-Goldenberg
June 16, 2026
Page 4

KAM ALC, 2011 WL 1004708, at *11 (E.D.N.Y. Mar. 18, 2011) (finding the "imposition of monetary sanctions necessary in order to secure [nonparty's] compliance with [the Court's] [o]rders").

    For all of the foregoing reasons, Plaintiffs respectfully request that this Court: (1) schedule a show cause hearing requiring 536 Holdings to justify its noncompliance with the Subpoena; (2) find 536 Holdings in civil contempt for noncompliance with the Court's Order; and (3) upon a finding of civil contempt, impose sanctions upon 536 Holdings consisting of Plaintiffs' attorneys' fees and costs expended to enforce the Subpoena as well as a fine of $5,000 per day until 536 Holdings complies with the Court's so-ordered Subpoena.

                                    Sincerely,
                                    BENESCH, FRIEDLANDER,
                                        COPLAN & ARONOFF LLP


                                    */s/ Lauren Zimmerman*


                                    Lauren Zimmerman

Cc: All Parties via ECF