UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANGELO METAXAS, *et al.*

                     Plaintiffs,

               -against-

MARK DAVID GRAUBARD, *et al.*,

                    Defendants.
-----------------------------------------------------------X

                          **ORDER**
                 25 CV 5844 (AMD) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

The Court has reviewed the joint status report between defendant Jonathan Rubin and defendants Angelo Metaxas and Pertshire Investments LP outlining several discovery disputes. (See Dkt. No. 128). The Court rules on each dispute as follows:

A. Interrogatory 16

The relief requested by defendant Rubin is denied, except to clarify that if plaintiffs have withheld documents on privilege grounds, they must produce a corresponding privilege log.

B. Request for Production 7

The Court understands that plaintiffs have responded by informing defendant Rubin that plaintiffs did not mention defendant Rubin to law enforcement. Considering all of the facts and circumstances of this case, the Court declines to compel plaintiff to provide additional information in response to Request for Production 7.

C. Requests for Production 9 and 10

The Court finds this request moot as the parties have been able to confer and reach an agreement.

D.  Interrogatory 2

Defendant Rubin's requested relief is denied.  However, to the extent plaintiffs intend to rely on facts in their possession regarding defendant Rubin's presence in New York, those facts must be disclosed, or plaintiffs may be precluded from introducing them at trial.

E.  Relevant Time Period

The parties are directed to meet and confer on this issue to reach an agreement regarding the relevant time period.

F.  AG Natives

As the Court understands the status of this dispute, plaintiffs have not withheld any attachments in their possession.  If they have, they must either produce the attachments or produce a privilege log explaining why they have been withheld.  If the attachments have been withheld by a third party, defendant Rubin is directed to meet and confer with their counsel to obtain the attachments or a corresponding privilege log.

G.  Call Detail Records

The Court grants defendant Rubin's requested relief.  The Court finds the requested information is relevant, proportional, and, while burdensome, not unduly burdensome in the context of this litigation.

H.  Per-Defendant Damages and Fee Allocation

This request is denied.  As the Court understands plaintiffs' position, they seek to hold defendants jointly and severally liable and do not have a breakdown of the joint and several liability that defendant Rubin has requested.  At this point, the Court will not require plaintiffs to commit to not seeking a particular allocation in the future.  The Court encourages the parties to engage in settlement discussions regarding the appropriate apportionment of liability.

I. <u>June 1, 2026 Privilege Log</u>

The Court understands that defendant Rubin has withdrawn two of the five deficiencies he raised regarding this privilege log. The parties are directed to continue to meet and confer regarding this dispute in hopes that the discussions regarding the relevant time period also will help resolve this dispute. To the extent plaintiffs are withholding information on privilege grounds, whether that privilege is asserted by plaintiffs or another client of plaintiffs' counsel, a corresponding privilege log shall be produced.

J. <u>May 29, 2026 Deposition Privilege Invocations</u>

Plaintiffs shall supplement their responses to Interrogatory 16 to the extent they have withheld factual, non-privileged information to the questions regarding their first anticipated litigation, searches they themselves ran, facts that led them to believe Mr. Rubin was potential defendant and potentially at fault in the state court litigation, and their communications with Mr. Macaya prior to his deposition. If additional information is withheld on privilege grounds, Plaintiffs' privilege log shall be updated accordingly.

K. <u>Plaintiffs' Request for Production 19 and Prejudgment Asset Discovery</u>

The Court does not consider this dispute ripe for the Court's decision. The Court does not deem plaintiffs' understanding that the issue was at an impasse to be an abandonment of the issue but understands from the outline of the dispute that additional discussions may narrow or resolve the issue. The parties therefore are directed to continue meeting and conferring on this issue.

<u>CONCLUSION</u>

The parties are directed to comply with the directives set forth in this Order. If the parties are unable to agree on the outstanding issues, they shall raise them in a joint letter in accordance

3

with the Court's Individual Rules and the Court will consider the issues at the July 29, 2026 conference. To the extent the Court decides during the conference that additional materials should be produced, the Court is prepared to extend the close of discovery for the limited purpose of complying with the Court's rulings.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
          June 22, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York