# Benesch

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial:  646.356.6023
lzimmerman@beneschlaw.com

June 22, 2026

<u>Via ECF</u>

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 1120

Re:     *Metaxas et al. v. Graubard et al.*, No. 25-cv-5844 (AMD) (PCG)

Dear Magistrate Judge Cross-Goldenberg:

We write on behalf of Plaintiffs Angelos Metaxas and Pertshire Investments LP (together, "Plaintiffs") to seek Court intervention regarding Defendant Yeschiel Shimon "Sam" Sprei's ("Sprei's") ongoing and egregious violations of this Court's discovery orders, once again stymying discovery in this matter and prejudicing Plaintiffs. See ECF No. 49 (Feb. 24, 2026 joint status report); ECF No. 50 (Mar. 4, 2026 joint letter motion for a discovery conference); ECF No. 82 (Plaintiffs' Apr. 27, 2026 letter); ECF No. 86 (Plaintiffs' Apr. 27, 2026 letter); ECF No. 93 (Plaintiffs' May 1, 2026 Letter); ECF No. 107 (Parties' May 18, 2026 Joint Status Report). Despite this Court's clear orders, Sprei continues to refuse, entirely, to engage in discovery in this matter and has decided to ignore Plaintiffs' repeated requests since June 17, 2026 for a meet and confer to discuss his failure to produce any documents or communications in this matter in *direct violation of yet another of this Court's clear orders*. *See* ECF No. 127 ("June 17 Order" ("Defendant Sprei is ordered to meet and confer with plaintiffs regarding the production of non-testimonial materials and the production of a privilege log.")).

Plaintiffs shared Your Honor's June 17 Order with Sprei on the date it was issued and have sent Sprei *five separate written requests* for a meet and confer in accordance with such Order. In each instance, Sprei has either ignored Plaintiffs' request or responded only with vague "[w]ill get back to you" emails, including in response to Plaintiffs' request for confirmation that Sprei would be attending his deposition this coming Thursday, June 25, 2026. When Plaintiffs' counsel called Sprei today, Sprei declined and, as of the time of this filing, has not returned Plaintiffs' call.

Sprei's conduct—openly and repeatedly defying this Court's clear discovery orders—is egregious and should not be countenanced any further. Plaintiffs have for the past five months expended significant time and resources attempting in good faith to obtain Sprei's compliance with

Magistrate Judge Cross-Goldenberg
June 22, 2026
Page 2

this Court's discovery orders.[1] Despite these efforts, Plaintiffs have been met with a complete refusal to engage in discovery here and yet another abrupt withdrawal of Sprei's counsel just days before his June 25, 2026 deposition.

At the May 20, 2026 discovery conference, this Court stated that it was ready to consider Plaintiffs' motion for sanctions against Sprei, which Plaintiffs first made on May 1, 2026 and renewed on May 18, 2026, once Sprei's motion for a stay (ECF No. 117) was resolved. The Court's June 17 Order denied that motion and ordered Sprei to meet and confer with Plaintiffs. He has since refused to abide. Sprei's egregious contempt of this Court's orders threatens this Court's authority, severely prejudices Plaintiffs' ability to litigate this matter, and continues to require Plaintiffs to waste substantial time and resources.

Plaintiffs therefore renew, for a second time and on an emergency basis, their May 1, 2026 request to:

(a) treat each of Sprei's failures to comply with the April 30 substantial-completion deadline and June 17 Order as contempt of court pursuant to Federal Rule of Civil Procedure 37(b)(2)(vii);

(b) award Plaintiffs, as a compensatory and coercive sanction against Sprei,[2] their reasonable attorneys' fees and expenses, in an amount to be determined, resulting from Plaintiffs' good faith efforts to compel Sprei's compliance with discovery orders from March 3, 2026, when Plaintiffs began drafting the joint letter motion for a discovery conference that was filed on March 4, ECF No. 50, until such time as Sprei substantially completes his document productions in response to Plaintiffs' requests and otherwise complies with the Court's outstanding orders; and

(c) order, as a further coercive sanction, that Sprei pay to Plaintiffs a fine of $1,000 per day for 14 days following the Court's order and $5,000 per day thereafter, until such

---

[1] Sprei's intransigence has forced Plaintiffs to needlessly engage in repeated lengthy meet and confers and communications with Sprei's counsel, draft and file several letter motions to this Court seeking Court intervention, and prepare for and attend multiple Court conferences regarding same, all of which have resulted in the production of exactly zero documents productions from Sprei.

[2] The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Kosowski v. Nassau County*, 350 F.R.D. 346, 351 (E.D.N.Y. 2025) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004)). "The court may … serve either goal—the coercive or the compensatory—by awarding attorneys' fees and costs to a contempt victim." *Id.* (quoting *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 208 (S.D.N.Y. 2020)).

Magistrate Judge Cross-Goldenberg
June 22, 2026
Page 3

time as Sprei substantially completes his document productions in response to Plaintiffs' requests and otherwise complies with the Court's outstanding orders.[3]

In addition, Sprei has refused to respond to the Parties' attempts to confirm his attendance and participation at his duly noticed deposition scheduled for this Thursday, June 25, 2026. Should Sprei fail to attend his deposition, Plaintiffs will move this Court to find Sprei in default and seek a default judgment pursuant to Rule 37.

Respectfully,
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Lauren J. Zimmerman

Cc: All represented parties via ECF; all *pro se* parties via email

---

[3] *See Paramedics*, 369 F.3d at 651, 658 (finding such escalating amounts of per-day sanctions, from $1,000 to $5,000 per day, to be reasonable if properly supported in the district court's contempt order).

28853654 v2