

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial:  646.356.6023
lzimmerman@beneschlaw.com

July 1, 2026

<u>Via ECF</u>

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225  Cadman  Plaza  East,  Room  1230
Brooklyn, New York 1120

Re:     *Metaxas et al. v. Graubard et al.*, No. 25-cv-5844 (AMD) (PCG)

Dear Judge Cross-Goldenberg:

We write pursuant to the Court's June 30, 2026 order to apprise the Court how the remainder of Plaintiffs' remote deposition of Defendant Yeschiel Shimon "Sam" Sprei ("Sprei") went, following the Court's intervention and directive that Sprei participate in the deposition.

As the Court is aware, while Sprei appeared for the remote deposition at 12:30 p.m., he refused to answer any questions, and the Court was required to intervene by joining the remote deposition at approximately 1:28 p.m. Almost immediately after Your Honor disconnected from the remote deposition at approximately 1:36 p.m., Sprei also disconnected himself. A few minutes later, at 1:42 p.m., Sprei emailed Plaintiffs' counsel that he would "rejoin 3 pm [*sic*] for deposition." At 2:01 p.m., Plaintiffs contacted Chambers via email, copying Sprei, to request the Court's guidance, given that the Court had not granted Sprei permission to adjourn the start time. At 2:25 p.m., Chambers responded to indicate that Your Honor was on the bench for another matter and was then unavailable to address the issue.[1] Accordingly, at 2:30 p.m., Plaintiffs emailed Sprei that they would restart the remote deposition at 3:00 p.m. and proceed for as long as necessary. One minute later, Sprei responded, "Will only be available till 515 [*sic*]."

Plaintiffs restarted the remote deposition at 3:00 p.m. Sprei joined from his mobile phone, had a spotty connection throughout the deposition, and took three breaks during the fewer than two hours during which he made himself available. In addition to his repeated delays, despite this Court's June 17, 2026 order, ECF No. 127, Sprei invoked the Fifth Amendment privilege against self-incrimination in response to almost every question from Plaintiffs. Sprei testified that he was making the privilege assertion "at his attorney's recommendation" but refused to identify the attorney at issue. The only substantive testimony offered by Sprei was to confirm his home address and to state that his prior claim of unavailability on June 30, 2026, was because of a dentist appointment. When pressed for additional details about the supposed appointment—like the name and location of the dentist—Sprei refused to answer based on the Fifth Amendment. Sprei stated

---

[1] At approximately 2:38 p.m., the Court issued its minute entry memorializing who appeared and what transpired during the Court's intervention at the remote deposition, and again ordering Sprei to proceed with the deposition. Chambers emailed a copy of the minute entry to Sprei and Plaintiffs' counsel at approximately 2:45 p.m.

Magistrate Judge Cross-Goldenberg
July 1, 2026
Page 2

on the record that, if he obtains counsel to represent him in a future deposition, he will provide substantive answers to Plaintiffs' questions if advised by counsel to do so.[2]

Despite Plaintiffs' counsel's insistence that the deposition continue until Plaintiffs completed their questioning, Sprei disconnected from the remote deposition at 5:02 p.m., after less than two hours on the record. Plaintiffs left open the deposition and reserved all rights to continue it on a later date.

Respectfully,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

Lauren Zimmerman

---

[2] Counsel for Sprei subsequently filed a notice of appearance at 5:42 p.m. on June 30, 2026. ECF No. 137.