

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

**LETTER BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND IN SUPPORT OF APPROPRIATE CASE MANAGEMENT RELIEF**

July 1, 2026

Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court-EDNY
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

> Re:    Metaxas, et al. v. Graubard, et al.
>        Case No. 1:25 cv 05844 (AMD) (PCG)

Dear Judge Cross-Goldenberg:

Undersigned counsel respectfully submits this Letter Brief on behalf of Defendant Yeschiel Shimon "Sam" Sprei opposition to Plaintiffs' applications ECF 133, 134, and the Court's June 29, 2026 Order to Show Cause seeking, among other relief, civil contempt, coercive monetary sanctions, compensatory attorneys' fees and costs, and the extraordinary sanction of default. At the same time, Defendant respectfully requests that the Court exercise its broad discretion to fashion appropriate interim case management relief that protects the integrity of these civil proceedings while preserving Defendant's constitutional rights in the parallel federal criminal prosecution.

## PRELIMINARY STATEMENT

This motion presents an issue far more significant than an ordinary discovery dispute. It presents the recurring constitutional dilemma that arises when a civil litigant seeks testimony from a defendant who is simultaneously defending an active federal criminal prosecution arising from related factual allegations that implicate his Fifth Amendment privilege**.** The Second Circuit has long recognized that district courts possess broad discretion to manage parallel civil and criminal proceedings in a manner that protects a defendant's constitutional rights while permitting the civil litigation to proceed fairly and efficiently. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 through 99 (2d Cir. 2012).

Plaintiffs ask this Court to impose four separate forms of extraordinary relief. Specifically, they request that the Court find Mr. Sprei in civil contempt, impose coercive daily monetary sanctions, award compensatory attorneys' fees and costs, and direct the entry of a default judgment. Each requested sanction is extraordinary. Each requires an independent legal analysis. Respectfully, under the circumstances presented here, none is warranted.

The circumstances presently before the Court respectfully do not warrant such extraordinary relief. Plaintiffs' application repeatedly characterizes Mr. Sprei's conduct as "willful," "contumacious," and sanctionable. Respectfully, those characterizations assume the very conclusion the Court must decide. The undisputed facts establish that Mr. Sprei appeared for his

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026      Page  2

deposition. The issue before the Court is therefore not whether Defendant ignored the discovery process, but whether his invocation of the Fifth Amendment while facing an active federal criminal prosecution may properly be transformed into discovery misconduct warranting terminating sanctions. Under governing Supreme Court and Second Circuit authority, it may not.

First, Plaintiffs' application is based almost entirely upon events occurring before undersigned counsel was retained to represent Mr. Sprei in this civil action.

Second, Mr. Sprei is presently represented in the parallel federal criminal proceeding by Jacob Kaplan, Esq. and Zach Intrater, Esq. of Agnifilo Intrater LLP. That criminal case remains active, and the docket reflects that Mr. Sprei was arraigned, waived a preliminary hearing, was released on bond, and the criminal proceedings were continued pursuant to an Ends of Justice exclusion through July 13, 2026.

Third, on June 30, 2026, Mr. Sprei did not ignore the judicial process. He appeared for his duly noticed deposition. Acting upon the advice of criminal counsel, he invoked his privilege against self-incrimination under the Fifth Amendment in response to questioning that directly implicated the subject matter of the pending criminal prosecution.

Plaintiffs repeatedly state that Mr. Sprei "refused" to testify. Respectfully, that description omits the critical circumstance giving rise to the deposition. Mr. Sprei did not fail to appear. He appeared as required. Acting upon the advice of experienced criminal counsel, he asserted a constitutional privilege in response to questioning that directly implicated the pending federal prosecution. That distinction is not semantic. It is constitutional.

That distinction is critical. This is not a case involving a litigant who failed to appear, ignored court orders, destroyed evidence, or otherwise engaged in contumacious conduct. Rather, it involves a defendant who found himself confronted with the classic constitutional tension between civil discovery obligations and the Fifth Amendment privilege against self-incrimination.

Finally, immediately after being retained, undersigned counsel entered a Notice of Appearance, initiated communications with Plaintiffs' counsel, sought to meet and confer in good faith, and proposed a narrowly tailored thirty-day adjournment to permit newly retained counsel to review the extensive record, coordinate with criminal counsel, and explore whether the issues presented could be resolved without further burdening the Court. Those efforts were undertaken consistent with both Federal Rule of Civil Procedure 37 and this Court's Individual Rules encouraging counsel to resolve discovery disputes before seeking judicial intervention.[1]

Following undersigned counsel's appearance, Plaintiffs declined Defendant's request for a brief thirty-day adjournment and advised that they intended to oppose any modification of the existing schedule. Plaintiffs likewise demanded the immediate production of additional discovery notwithstanding that undersigned counsel had been retained only hours earlier and had not yet received or completed a review of the voluminous litigation file inherited from prior counsel.[2]

---

[1] A copy of Defendant's correspondence is attached as Exhibit 1. *This correspondence was emailed to the parties but not filed on ECF; the ECF notation on the letter was included inadvertently.*
[2] A copy of Plaintiff's correspondence is attached hereto as Exhibit 2.

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026        Page  3

Respectfully, while Defendant remains committed to complying with all appropriate discovery obligations, no attorney, regardless of the size or resources of his or her law firm, can responsibly evaluate prior productions, assess privilege issues, coordinate with parallel criminal counsel, and certify supplemental discovery within a matter of hours after first being retained. Undersigned counsel nevertheless remains committed to moving this matter forward promptly and in good faith.

The Court is therefore presented with two very different paths. The first is the path urged by Plaintiffs: impose the ultimate discovery sanction notwithstanding an active criminal prosecution and despite the availability of numerous less restrictive alternatives. The second is the course consistently endorsed by the Second Circuit: employ measured case management to protect the constitutional interests at stake, minimize unnecessary motion practice, and permit the civil action to proceed in an orderly and efficient manner.

Defendant respectfully submits that the latter course is the one compelled by the governing law and the interests of justice. Respectfully, this Court is not being asked to excuse discovery obligations. It is being asked to manage those obligations in a manner consistent with the Constitution.

Accordingly, Defendant addresses each category of relief identified in the Court's June 29, 2026 Order separately below. Although Plaintiffs seek four distinct sanctions, each ultimately rests upon the same premise, that Mr. Sprei's invocation of the Fifth Amendment during an active federal criminal prosecution constitutes sanctionable misconduct. Respectfully, governing Supreme Court and Second Circuit authority compels a different conclusion.

## I. RELEVANT PROCEDURAL BACKGROUND

This civil action and the parallel federal criminal prosecution arise from related factual circumstances that give rise to legitimate Fifth Amendment concerns.  On May 8, 2026, the United States filed a criminal complaint charging Mr. Sprei in the Eastern District of New York. Mr. Sprei thereafter appeared before the Court, waived his preliminary hearing, and was released on a $500,000 secured bond. The criminal proceedings remain active, and pursuant to an Ends of Justice continuance entered under the Speedy Trial Act, time has presently been excluded through July 13, 2026. Mr. Sprei is represented in the criminal proceeding by Jacob Kaplan, Esq. and Zach Intrater, Esq. of Agnifilo Intrater LLP.

Equally significant, the criminal proceeding remains at the complaint stage. No indictment has yet been returned, and the Government remains free to seek an indictment or superseding indictment as its investigation continues. Under those circumstances, criminal counsel appropriately advised caution because truthful testimony in the civil action could bear directly upon the scope of any future charging decision or otherwise affect Defendant's position in the pending criminal matter.

Pursuant to the Court's June 29, 2026 Order, Mr. Sprei appeared for his duly noticed deposition on June 30, 2026. Upon the advice of his criminal defense counsel, he asserted his

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026        Page  4

privilege against self-incrimination under the Fifth Amendment in response to questioning that directly implicated the subject matter of the pending criminal prosecution. The parties now sharply disagree regarding the legal significance of that invocation and whether it provides any basis for the extraordinary sanctions sought by Plaintiffs. Those issues are presently before the Court.

Undersigned counsel was retained after the events giving rise to Plaintiffs' application. Immediately upon being retained, undersigned counsel filed a Notice of Appearance, began coordinating the civil defense with Mr. Sprei's criminal attorneys, undertook a comprehensive review of the extensive procedural record, and initiated a good faith effort to meet and confer with Plaintiffs' counsel in an effort to avoid unnecessary motion practice. As a member of the Criminal Justice Act Panel for the United States District Court for the Eastern District of New York, undersigned counsel is acutely aware of the constitutional and practical considerations that arise when parallel civil discovery intersects with an active federal criminal prosecution. It was for that reason that undersigned counsel immediately undertook to coordinate with Mr. Sprei's criminal defense attorneys before proposing a measured case management approach to this Court. Specifically, undersigned counsel requested a brief thirty-day adjournment of issues arising from the June 30 deposition to permit meaningful discussions among counsel and to determine whether an orderly discovery framework could be developed that accommodated the parallel criminal proceedings while preserving the interests of all parties.

Despite those efforts, Plaintiffs declined to consent to the requested relief, thereby necessitating the present application.  Although Plaintiffs declined Defendant's proposal, those discussions demonstrate that Defendant's objective has never been to delay these proceedings, but rather to identify a practical framework that accommodates both the orderly progression of this civil litigation and the constitutional considerations presented by the parallel criminal prosecution.

The principal issue presently before the Court is whether Plaintiffs have established a legally sufficient basis for any of the extraordinary sanctions identified in the Court's June 29, 2026 Order in light of Defendant's appearance for deposition, the pending parallel federal criminal prosecution, and his invocation of the Fifth Amendment upon the advice of counsel.

Defendant respectfully submits that the answer, under governing Supreme Court and Second Circuit authority, is plainly no.

## II. GOVERNING LEGAL PRINCIPLES

The Federal Rules of Civil Procedure vest district courts with broad discretion to supervise discovery and to manage civil litigation in a manner that promotes fairness, efficiency, and the orderly administration of justice. That discretion is particularly important where civil litigation proceeds contemporaneously with a criminal prosecution sharing materially related subject matter with issues presented in this civil action.

The Second Circuit has expressly recognized that parallel civil and criminal proceedings frequently require careful judicial management because competing constitutional and procedural interests are implicated. In *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, the Court of Appeals

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026        Page  5

explained that district courts possess inherent authority to balance those competing interests and to fashion practical case management solutions that protect both the integrity of the civil proceedings and a defendant's constitutional rights. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 through 99 (2d Cir. 2012).

Likewise, although Rule 37 authorizes sanctions for discovery misconduct, the Second Circuit has consistently emphasized that terminating sanctions remain "the most severe" remedies available under the Federal Rules and are reserved for exceptional circumstances involving willfulness, bad faith, or persistent noncompliance after consideration of lesser alternatives. *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 through 145 (2d Cir. 2010); *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

Equally important, the Supreme Court has long recognized that the Fifth Amendment privilege remains fully applicable in civil proceedings. While the assertion of that privilege may, in appropriate circumstances, permit the trier of fact to draw a limited adverse inference, the invocation of the privilege itself is constitutionally protected and does not constitute misconduct. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

Accordingly, where a litigant faces simultaneous civil and criminal proceedings presenting materially related factual issues that implicate the privilege against self-incrimination, the appropriate judicial inquiry is not whether the privilege has been asserted, but how the Court should exercise its broad discretion to balance the competing interests of the parties in a manner that preserves constitutional protections while permitting the civil action to proceed fairly and efficiently.

## III. NONE OF THE SANCTIONS IDENTIFIED IN THE COURT'S ORDER TO SHOW CAUSE IS WARRANTED UNDER THE CIRCUMSTANCES PRESENTED

The Court's June 29, 2026 Order directs Mr. Sprei to show cause why the Court should not (1) hold him in civil contempt, (2) impose coercive daily monetary sanctions until he complies with his discovery obligations, (3) award Plaintiffs their attorneys' fees and costs incurred in connection with this motion, and (4) direct the entry of default as a discovery sanction. Respectfully, although each form of relief is distinct, each ultimately rests upon the same premise: that Mr. Sprei's invocation of the Fifth Amendment during an active parallel federal criminal prosecution constitutes sanctionable misconduct. Under the circumstances presented here, that premise is unsupported by the governing law.

First, a finding of civil contempt would be inappropriate because the record does not establish a willful disregard of this Court's authority. Civil contempt is an extraordinary remedy reserved for violations of clear and unambiguous court orders established by clear and convincing evidence. Here, Mr. Sprei complied with the Court's June 29, 2026 Order directing him to appear for deposition. He did so. The present dispute concerns only the legal consequences of his invocation of the Fifth Amendment after appearing and in response to questions that directly implicated the pending criminal prosecution. Whatever disagreement may exist regarding the proper scope or effect of that invocation, it cannot fairly be characterized as contempt of court.

Case 1:25-cv-05844-EK-PCG    Document 139    Filed 07/01/26    Page 6 of 10 PageID #: 1473

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026        Page  6

Importantly, Mr. Sprei did precisely what the Court directed him to do. He appeared for his deposition on June 30, 2026. The present dispute concerns only the legal consequences of his invocation of the Fifth Amendment after complying with the Court's directive that he attend. That distinction is highly significant when evaluating whether contempt or coercive sanctions are appropriate.

Plaintiffs' July 1, 2026 status letter ECF 138 confirms that the deposition proceeded following the Court's intervention and that Mr. Sprei continued to invoke the Fifth Amendment upon the advice of counsel. Respectfully, once it became apparent that Defendant would invoke the Fifth Amendment in response to substantially all substantive questioning, a more streamlined approach to the deposition would have fully preserved the record while avoiding unnecessary expenditure of party and judicial resources.

Second, coercive daily monetary sanctions would serve no legitimate purpose under the circumstances presented. Such sanctions are designed to compel compliance where compliance remains within a party's control. Here, however, the obstacle is not obstinacy, gamesmanship, or bad faith. Rather, it is the continuing existence of an active federal criminal prosecution and the constitutional privilege against self-incrimination. Monetary sanctions cannot eliminate that constitutional dilemma. Instead, they would operate only to increase the pressure upon Defendant to surrender a constitutional protection in order to avoid accumulating financial penalties. That is not the purpose for which coercive civil sanctions exist.

Third, the requested award of attorneys' fees and costs likewise is unwarranted. Plaintiffs incurred the costs associated with a deposition at which Mr. Sprei appeared, as directed by the Court. The present dispute arose not because Defendant ignored the judicial process, but because, upon the advice of experienced criminal counsel, he asserted a constitutional privilege in response to questioning directly related to the pending criminal prosecution. Under these circumstances, requiring Defendant to reimburse Plaintiffs' fees would effectively impose a monetary penalty for the exercise of a constitutional right. Respectfully, neither Rule 37 nor the Court's inherent authority should be employed in that manner absent the clear showing of bad faith that is wholly lacking here.

Finally, Plaintiffs seek the most severe sanction available under the Federal Rules: the entry of default. The Second Circuit has repeatedly emphasized that default is a remedy of last resort, reserved for exceptional circumstances involving willful misconduct, substantial prejudice, and the demonstrated inadequacy of lesser sanctions. *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 144–45 (2d Cir. 2010); *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Those circumstances are not present here. Nor have Plaintiffs demonstrated that they will suffer substantial prejudice if the Court declines to impose the requested sanctions. Documentary discovery, third party discovery, and evidence generated through the parallel criminal proceedings remain available. Plaintiffs therefore have not established that a measured case management approach would materially impair their ability to prosecute this action.

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026      Page 7

This measured approach is consistent with the manner in which courts within this District have recently exercised their discretion under Rule 37. In *Bologna v. Wilson*, Magistrate Judge Cheryl L. Pollak declined to impose the harsh dispositive and preclusion sanctions sought by the moving party notwithstanding an established discovery violation. Instead, the Court fashioned a narrowly tailored remedy requiring a limited supplemental deposition together with carefully circumscribed cost shifting designed only to cure the actual prejudice resulting from the discovery violation. See *Bologna v. Wilson*, No. 20 CV 955 (CLP), slip op. at 10 through 12 (E.D.N.Y. Nov. 6, 2024). That same principle of proportionality strongly counsels against the extraordinary relief sought here.

Mr. Sprei appeared for deposition, complied with the Court's directive requiring his attendance, and invoked the Fifth Amendment upon the advice of criminal counsel in light of an active federal prosecution concerning matters directly implicated by Plaintiffs' deposition questioning**.** Under these circumstances, the extraordinary sanction of default would be grossly disproportionate to the conduct at issue.

Significantly, the Court is not faced with an all or nothing choice. The Federal Rules, together with the Court's inherent authority to manage its docket, provide numerous alternatives that fully protect Plaintiffs' legitimate interests while preserving Defendant's constitutional rights. The Court may sequence discovery, permit third party and documentary discovery to continue, revisit deposition testimony as the criminal proceedings progress, or fashion such other reasonable case management measures as it deems appropriate. Those alternatives are both available and consistent with the Second Circuit's instruction that district courts carefully balance competing interests when parallel civil and criminal proceedings substantially overlap. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97–99 (2d Cir. 2012).

For all of these reasons, Defendant respectfully submits that none of the sanctions identified in the Court's June 29, 2026 Order is warranted on the present record.

## IV. PLAINTIFFS HAVE NOT ESTABLISHED THE EXTRAORDINARY CIRCUMSTANCES NECESSARY TO WARRANT TERMINATING SANCTIONS

Plaintiffs ask this Court to impose the harshest sanction available under Rule 37. The Second Circuit has repeatedly cautioned, however, that default judgment is an extraordinary remedy to be imposed only in the most extreme circumstances and only after careful consideration of whether lesser measures would adequately address the alleged misconduct. *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

In determining whether such relief is appropriate, courts within this Circuit examine, among other things, whether the challenged conduct was willful, whether lesser sanctions would be effective, the duration of any noncompliance, whether adequate notice was provided, and whether the opposing party has suffered meaningful prejudice. *Agiwal*, 555 F.3d at 302.

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026        Page  8

Measured against those standards, Plaintiffs' application falls well short. Plaintiffs devote considerable attention to the procedural history preceding undersigned counsel's appearance. Defendant does not minimize the importance of compliance with discovery obligations or the Court's orders. The present application, however, must be decided on the circumstances presently before the Court. Those circumstances now include an active federal criminal prosecution **a**ddressing matters sufficiently related to the deposition questioning that criminal counsel advised invocation of the Fifth Amendment. These developments materially distinguish the present posture of this case from the narrative advanced in Plaintiffs' application.

This is not a case involving the destruction of evidence. It is not a case involving repeated violations of court orders. It is not a case involving a defendant who absconded from discovery or refused to participate in the litigation. Nor is it a case involving years of unexplained delay or persistent disregard of this Court's authority.

Instead, Plaintiffs seek terminating sanctions because Mr. Sprei appeared for deposition and, upon the advice of experienced criminal counsel representing him in an active federal prosecution, invoked a constitutional privilege in response to questions that directly implicated the subject matter of that prosecution.

That distinction is dispositive.  Plaintiffs' application repeatedly characterizes Defendant's conduct as discovery abuse. Respectfully, that characterization assumes the very conclusion the Court must decide. The undisputed fact is that Mr. Sprei appeared for his deposition. The issue is not whether he ignored the discovery process, but whether his invocation of the Fifth Amendment while facing an active federal criminal prosecution may properly serve as the basis for terminating sanctions. Under the circumstances presented here, and considering the governing Supreme Court and Second Circuit authority, Plaintiffs have not demonstrated that such extraordinary relief is warranted.

Rule 37 was never intended to transform the exercise of a constitutional right into litigation misconduct. Nor should the existence of parallel criminal proceedings become the vehicle through which one litigant obtains, by way of discovery sanctions, what it has not yet established on the merits. Nor should Rule 37 become the mechanism by which a civil litigant secures a dispositive judgment because an opposing party elected to preserve constitutional rights in a pending federal criminal prosecution. The Federal Rules were designed to facilitate the fair adjudication of civil disputes, not to penalize the exercise of constitutional protections. The constitutional privilege against self-incrimination does not disappear simply because parallel civil litigation is pending. Rather, it is precisely during such proceedings that careful judicial management becomes essential.

Indeed, immediately after being retained, undersigned counsel undertook to review the extensive record, coordinate with criminal counsel, and engage Plaintiffs in a meaningful effort to resolve these issues without judicial intervention. Those efforts were consistent with both Rule 37 and this Court's Individual Rules encouraging counsel to confer in good faith before seeking judicial relief.

Under these circumstances, the extraordinary sanction requested by Plaintiffs would be neither necessary nor proportionate. Indeed, recent decisions from this District recognize that where a discovery violation can be adequately addressed through a measured procedural remedy, Rule 37 favors proportionality over forfeiture. *See Bologna v. Wilson*, No. 20 CV 955 (CLP), slip op. at 10 through 12 (E.D.N.Y. Nov. 6, 2024) (declining to impose dispositive sanctions and

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026        Page  9

instead fashioning a narrowly tailored remedy designed to eliminate any actual prejudice). That same measured approach is particularly appropriate where, as here, the discovery dispute intersects with an active federal criminal prosecution and the assertion of constitutional rights.

## V. THE PARALLEL FEDERAL CRIMINAL PROCEEDING REQUIRES CAREFUL CASE MANAGEMENT, NOT PUNITIVE SANCTIONS

Defendant respectfully does not ask the Court to revisit any prior ruling concerning the existence or scope of overlap between the civil and criminal proceedings. Rather, Defendant respectfully requests that the Court evaluate the present record as it now exists, including the pendency of an active federal criminal prosecution, Defendant's appearance for deposition, the retention of new civil counsel coordinating with criminal counsel, and the availability of practical case management measures short of contempt or default. The Second Circuit has expressly recognized that district courts possess broad inherent authority to manage overlapping civil and criminal proceedings in a manner that accommodates competing constitutional, procedural, and institutional interests. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 through 99 (2d Cir. 2012).

That authority exists precisely because simultaneous proceedings often place defendants in an untenable position. A defendant should not be forced to choose between waiving constitutional protections in the criminal case or suffering dispositive consequences in the civil case where reasonable alternatives remain available. Plaintiffs' proposed approach would effectively eliminate that discretion by converting the assertion of the Fifth Amendment into presumptive discovery misconduct whenever a parallel criminal case exists. That is not the law. The Second Circuit instead entrusts district courts with the responsibility of balancing competing interests through practical case management rather than automatic sanctions.

The Supreme Court has likewise recognized that although a court may, in appropriate circumstances, draw a limited adverse inference from the invocation of the Fifth Amendment in a civil proceeding, the privilege itself remains fully protected by the Constitution. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). The assertion of that privilege is therefore fundamentally different from refusing discovery in bad faith.

Here, the criminal complaint remains pending, Mr. Sprei has been arraigned, the preliminary hearing has been waived, counsel have appeared, and the criminal proceedings remain active pursuant to an Ends of Justice continuance.

Under these circumstances, the prudent exercise of judicial discretion favors careful case management rather than the immediate imposition of terminating sanctions.

## VI. A NARROWLY TAILORED CASE MANAGEMENT ORDER WILL ADEQUATELY PROTECT THE INTERESTS OF ALL PARTIES

Perhaps most importantly, Plaintiffs have failed to demonstrate why the extraordinary relief they seek is necessary when less restrictive alternatives remain readily available. The Court possesses numerous tools short of terminating sanctions that adequately protect Plaintiffs' legitimate interests. The Court may permit document discovery and third-party discovery to continue, sequence remaining discovery, defer particular testimony until the criminal proceedings

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 1, 2026        Page  10

advance, require periodic status reports, or revisit discovery issues as circumstances evolve. These alternatives preserve the integrity of the civil action while avoiding unnecessary intrusion upon Defendant's constitutional rights.

Those alternatives are particularly appropriate here, where newly retained counsel has already undertaken to coordinate the civil defense with criminal counsel, has attempted in good faith to resolve the present dispute without court intervention, and remains committed to working cooperatively with Plaintiffs to develop a practical discovery framework.

The Court is therefore not faced with an all or nothing choice. It need not either compel testimony or enter default. Rather, it may exercise its considerable discretion to adopt a measured approach that preserves Mr. Sprei's constitutional rights, permits this civil action to continue in an orderly fashion, and minimizes unnecessary motion practice while the parallel criminal proceeding advances. Such an approach faithfully reflects both the Federal Rules of Civil Procedure and the governing law of this Circuit.

Finally, Plaintiffs' own submission confirms that Mr. Sprei advised opposing counsel that, now that civil counsel has appeared, he will provide substantive testimony to the extent permitted following consultation with both civil and criminal counsel and consistent with his constitutional rights. Thus, the record does not demonstrate a litigant who refuses ever to participate in discovery. Rather, it demonstrates a defendant attempting to navigate the unique constitutional challenges presented by simultaneous civil and criminal proceedings while newly retained counsel undertakes to coordinate those parallel representations.

## CONCLUSION

Respectfully, Defendant does not seek special treatment because a criminal case is pending. Nor does Defendant contend that the existence of parallel criminal proceedings excuses compliance with the Federal Rules of Civil Procedure. Rather, Defendant asks only that the Court exercise the discretion repeatedly recognized by the Supreme Court and the Second Circuit to manage overlapping civil and criminal proceedings in a manner that preserves constitutional rights without unnecessarily impairing the orderly administration of justice.

For all of the foregoing reasons, Defendant respectfully requests that the Court discharge the June 29, 2026 Order to Show Cause, deny Plaintiffs' request for civil contempt, coercive monetary sanctions, compensatory attorneys' fees and costs, and the entry of default, and instead exercise its broad discretion to implement such reasonable case management measures as the Court deems appropriate while the parallel federal criminal prosecution remains pending. The Court's time and attention to this matter is greatly appreciated.

Respectfully submitted,

*Matin Emouna*

MATIN EMOUNA

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530