

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

### DEFENDANT SPREI'S LETTER MOTION FOR LEAVE TO WITHDRAW HIS ANSWER, TO MODIFY CERTAIN PROVISIONS OF THE COURT'S JULY 2, 2026 ORDER, AND FOR RELATED RELIEF

July 6, 2026

Honorable Peggy Cross-Goldenberg, U.S.M.J.
United States Magistrate Judge
United States District Court-EDNY
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

Re:     Metaxas, et al. v. Graubard, et al.
        Case No. 1:25 cv 05844

Dear Judge Cross-Goldenberg:

I represent Defendant Yeschiel Shimon "Sam" Sprei. First and foremost, please allow me to take this opportunity to thank the Court for the considerable time, patience, and attention afforded to counsel and the parties during the July 2, 2026 Order to Show Cause hearing.

Following the Court's July 2, 2026 ruling, Defendant has made a fundamental litigation decision that materially alters the procedural posture of this action. Specifically, Defendant respectfully seeks leave to withdraw his previously filed Answer and no longer contests liability in this civil action, thereby eliminating any further dispute concerning liability. Defendant recognizes that, if this application is granted, liability will no longer be contested and this action may proceed directly to such proceedings concerning damages and the entry of judgment as the Court deems appropriate.

Defendant respectfully submits that no legally cognizable prejudice will result from the requested relief. Plaintiffs remain free to pursue damages, attorneys' fees, costs, and any other relief to which they contend they are entitled. Defendant seeks only to eliminate further litigation concerning liability and to narrow the issues requiring judicial resolution.

### THIS APPLICATION PRESENTS A MATERIALLY DIFFERENT PROCEDURAL POSTURE

This application does not seek reconsideration of the Court's prior rulings, including the Court's June 17, 2026 Memorandum and Order denying Defendant's motion to stay (ECF No. 127), nor does Defendant challenge any findings made during the July 2, 2026 proceedings. Rather, Defendant's voluntary decision to withdraw his Answer fundamentally changes the procedural posture of this litigation.

The Court's July 2, 2026 Order was necessarily directed toward compelling Defendant's participation in merits discovery because liability remained contested. That circumstance has now changed. The issue before the Court is no longer whether Defendant should be compelled to continue litigating liability, but whether continued enforcement of those portions of the July 2,

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 6, 2026       Page  2

2026 Order directed solely toward establishing liability remains necessary where Defendant has voluntarily elected not to contest liability.

### MODIFICATION OF THE JULY 2 ORDER IS WARRANTED

Under Rules 15(a)(2) and 54(b), together with the Court's inherent authority to manage its docket, the Court possesses broad discretion to permit changes to the pleadings and to modify interlocutory orders where justice and changed circumstances so require. *See* Fed. R. Civ. P. 15(a)(2), 54(b); *Grace v. Rosenstock*, 228 F.3d 40, 51 (2d Cir. 2000).

The principal purpose underlying the July 2 discovery directives was to compel Defendant's participation in liability discovery while liability remained disputed. Defendant's voluntary decision to withdraw his Answer materially alters that premise. Continued deposition testimony and document discovery directed solely toward establishing liability would no longer materially advance the resolution of any genuinely disputed issue.

Accordingly, Defendant respectfully requests that the Court modify those portions of its July 2, 2026 Order requiring Defendant's continued deposition, document production, interrogatory responses, and other merits discovery to the extent such discovery is directed solely toward establishing liability and is not otherwise necessary for the adjudication of damages or any remaining issue the Court determines is properly before it.

Nothing in this application is intended to limit the Court's authority to require whatever proceedings or discovery it determines are reasonably necessary concerning damages, attorneys' fees, costs, the entry of judgment, or any other remaining issue. Rather, Defendant seeks only a limited modification of the July 2, 2026 Order in light of the materially changed procedural posture created by his decision to withdraw his Answer.

The requested relief promotes judicial economy, conserves the resources of the Court and the parties, and eliminates the need for further motion practice directed solely toward contested liability.

### REQUESTED RELIEF

Finally, Defendant respectfully requests that the Court clarify that this application is made solely for purposes of this civil action and shall not constitute an evidentiary admission, factual concession, or waiver of any constitutional right or privilege available to Defendant. Accordingly, Defendant respectfully requests that the Court:

A. Modify the Court's July 2, 2026 Order by vacating only those provisions requiring Defendant's continued deposition, document production, interrogatory responses, and other merits discovery to the extent such discovery is directed solely toward establishing liability and is not otherwise necessary for the adjudication of damages or any other issue the Court determines remains properly before it, while leaving all remaining portions of the Court's July 2, 2026 Order undisturbed.

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 6, 2026        Page  3

    B.  Grant Defendant leave to withdraw his previously filed Answer;
    C.  Direct that Defendant shall no longer contest liability in this action;
    D.  Reserve to the Court full authority to conduct such proceedings, including discovery, as it deems appropriate concerning damages, attorneys' fees, costs, the entry of judgment, and any remaining ancillary issues;
    E.  Clarify that Defendant's withdrawal of his Answer is made solely for purposes of this civil action and shall not constitute an evidentiary admission or waiver of any constitutional right or privilege in any other matters;

Defendant again expresses his sincere appreciation to the Court for its careful attention to these proceedings and respectfully submits that the requested relief represents the most efficient and orderly means of bringing the liability phase of this litigation to a close while conserving the resources of both the Court and the parties.

Respectfully, Defendant submits that the Court's July 2, 2026 Order was intended to compel discovery directed toward proving liability. Defendant's voluntary decision to withdraw his Answer has fundamentally altered that premise. Under these changed circumstances, the interests of justice and judicial economy are best served by modifying only those portions of the July 2, 2026 Order directed solely toward liability discovery, permitting the withdrawal of Defendant's Answer, and allowing this action to proceed directly to whatever proceedings the Court deems appropriate concerning damages and the entry of judgment.

Respectfully submitted,

*Matin Emouna*

MATIN EMOUNA

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530