# Law Offices of Mordy Gross LLC

418 Broadway # 10612 • Albany, NY 12207
484.680.0768 • mg@mordygross.com
*Admitted in New York and New Jersey*

---

July 9, 2026

VIA ECF

Hon. Peggy Cross-Goldenberg, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

**Re:**   *Metaxas, et al. v. Graubard, et al.*, No. 1:25-cv-05844-EK-PCG — Defendant Rubin's Response to Defendant Sprei's Letter Motion (ECF No. 145)

Dear Judge Cross-Goldenberg:

Pursuant to the Court's July 8, 2026 Order, I represent Defendant Jonathan Rubin and respectfully submit this response to Defendant Sprei's July 6, 2026 letter motion (ECF No. 145).

Defendant Rubin does not oppose Mr. Sprei's request for leave to withdraw his Answer and to no longer contest liability.

Since filing ECF No. 145, Mr. Sprei has served sworn Responses and Objections to Defendant Rubin's Second Set of Requests for Admission (Exhibit 1), which substantially resolve the parties' disputes as to those Requests. Two matters, however, remain. First, Defendant Rubin respectfully opposes any modification of the Court's July 2, 2026, Order that would relieve Mr. Sprei of producing the non-testimonial materials and privilege log the Court has already ordered. That production is relevant to Defendant Rubin's defense and to the apportionment of damages among defendants — not, as the motion frames it, "solely" to establishing Mr. Sprei's liability — and, as Mr. Sprei's own submission states, his withdrawal of his Answer is not an evidentiary admission or concession.

**Second, and more importantly,** Mr. Sprei's sworn Responses make it all the more essential that the Court grant Defendant Rubin's pending letter application for leave to depose non-party Javid Nesaralli, Esq. (ECF No. 141). In his Responses, Mr. Sprei **admitted** the authenticity of the February 19, 2025 emails in which he forwarded Mr. Kobre's clean drafts to Mr. Nesaralli (Request 2.5), and of Mr. Nesaralli's reply returning a modified version of the affirmation (Request 2.6) — but, asserting a purported "lack of knowledge," **declined to admit** who directed the substitution of Jonathan Rubin's name for his own as affiant (Request 2.9), who directed that the electronic signature "/s/ Johnathan Rubin" be affixed (Request 2.10), and who authorized the filing (Request 2.11). The identity of the person who prepared and filed that substitution — a predicate for Count 6 and for several other of the factual allegations in the Complaint, and the core of

1

Defendant Rubin's defense that his name and signature were used without his authorization — is therefore now placeable only through Mr. Nesaralli, the non-party who performed the modification and who has asserted no privilege. With Mr. Sprei now conceding liability, declining to own that conduct, and shielded by his Fifth Amendment privilege in the parallel criminal proceeding, Mr. Nesaralli is the sole remaining unprivileged source of testimony on that central fact. Defendant Rubin respectfully submits that his application (ECF No. 141) should be granted.

The parties are conferring on these issues: by email dated July 7, 2026, Defendant Rubin asked Mr. Sprei's counsel to confirm whether Mr. Sprei would respond to Rubin's served discovery and complete the ordered production. Mr. Sprei's First Set responses remain deemed admitted under Rule 36(a)(3) (a fact Mr. Sprei himself admits at Request 2.63). To the extent the Court is inclined to modify the July 2, 2026 Order, Defendant Rubin respectfully requests that it preserve Mr. Sprei's obligation to complete the ordered production and grant the deposition of Mr. Nesaralli. Defendant Rubin reserves all rights, including as to the deemed admissions and any adverse inference.

Respectfully submitted,

/s/ Mordy Gross
Mordy Gross
Law Offices of Mordy Gross LLC
Attorney for Defendant Jonathan Rubin

**Enclosure:**    Exhibit 1 — Defendant Sprei's Responses and Objections to Defendant Rubin's Second Set of Requests for Admission (served July 9, 2026)

**cc:**    All counsel of record (via ECF)