UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X    Index No. 1:25-cv-5844

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

*Plaintiff,*

-*against*-

MARK DAVID GRAUBARD, ESQ. d/b/a
M.DAVID GRAUBARD,
YESCHIEL SHIMON "SAM" SPREI,
FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,

*Defendants.*

-------------------------------------------------------------------X

**DEFENDANT YESCHIEL SHIMON "SAM" SPREI'S RESPONSES AND OBJECTIONS
TO DEFENDANT JONATHAN RUBIN'S SECOND SET OF REQUESTS FOR
ADMISSION**

Defendant YESCHIEL SHIMON "SAM" SPREI ("Defendant" or "Sprei"), by and through his attorneys, **Emouna & Mikhail, P.C.**, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds and objects to Defendant Jonathan Rubin's Second Set of Requests for Admission.

**PRELIMINARY STATEMENT**

These Responses and Objections are made solely for purposes of this civil action and pursuant to Rule 36 of the Federal Rules of Civil Procedure. Any admission made in response to a Request for Admission is made solely for the limited purpose contemplated by Rule 36 and shall not constitute an admission for any other purpose, proceeding, or action.

Defendant expressly reserves all constitutional, statutory, evidentiary, and procedural rights, including all rights available under the United States Constitution and the Federal Rules of Civil Procedure. Nothing contained in these Responses and Objections shall be construed as a waiver of any privilege, immunity, objection, or defense available to Defendant in this action or in any other civil, criminal, administrative, or regulatory proceeding.

Defendant further states that these Responses are based upon information presently known or reasonably available after a reasonable inquiry. Defendant expressly reserves the right to supplement, amend, modify, or correct these Responses as additional information becomes available, as discovery continues, or as otherwise permitted by the Federal Rules of Civil Procedure.

To the extent any Request seeks an admission concerning legal conclusions, disputed characterizations of documents, subjective intent, legal relationships, agency, authority, ownership interests, or any mixed question of law and fact, Defendant responds only to the extent required by Rule 36 and expressly objects to any Request exceeding the permissible scope of Rule 36.

Nothing contained herein shall be construed as an admission regarding the authenticity, admissibility, relevance, materiality, or legal significance of any document referenced in Defendant Rubin's Requests.

## GENERAL OBJECTIONS

Defendant incorporates each of the following General Objections into each individual Response as though fully set forth therein. The assertion of a General Objection with respect to any particular Request shall not be construed as limiting any additional objection specifically asserted in response to that Request.

**General Objection No. 1.**  Defendant objects to each Request to the extent it seeks information protected by the attorney client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege or immunity recognized under federal or state law. Any inadvertent disclosure shall not constitute a waiver of any applicable privilege.

**General Objection No. 2.** Defendant is presently the subject of a pending federal criminal prosecution. Accordingly, Defendant expressly reserves all rights afforded by the Fifth Amendment to the United States Constitution and any other applicable constitutional or statutory privilege. Nothing contained in these Responses and Objections shall be construed as a waiver of those rights. To the extent any particular Request presents a genuine risk of self-incrimination, Defendant reserves the right to assert the privilege in response to that specific Request in accordance with applicable law.

**General Objection No. 3.** Defendant objects to each Request to the extent it assumes facts not in evidence, mischaracterizes testimony, documents, communications, or events, or contains argumentative, speculative, misleading, compound, vague, ambiguous, or conclusory language.

**General Objection No. 4.** Defendant objects to each Request to the extent it seeks an admission regarding the legal effect, legal interpretation, legal significance, or legal characterization of documents, transactions, communications, or conduct, rather than the truth of discrete factual matters properly addressed under Rule 36.

**General Objection No. 5.** Defendant objects to each Request to the extent it seeks admissions concerning matters outside Defendant's personal knowledge or information reasonably available to Defendant after reasonable inquiry.

**General Objection No. 6.** Defendant objects to each Request to the extent it is duplicative of prior Requests for Admission, cumulative in nature, or designed primarily to create argumentative admissions rather than narrow genuinely disputed factual issues as contemplated by Rule 36.

**General Objection No. 7.** Defendant objects to each Request to the extent it inaccurately characterizes documents or selectively quotes from documents without providing the complete context of the underlying communication or record.

**General Objection No. 8.** Defendant objects to each Request to the extent it seeks an admission concerning another person's intent, knowledge, authority, understanding, beliefs, or state of mind, except to the extent Defendant possesses competent personal knowledge thereof.

**General Objection No. 9.** Defendant objects to each Request to the extent it purports to require Defendant to authenticate documents that have not been properly authenticated, stipulate to admissibility, or concede the evidentiary effect of any exhibit attached to the Requests.

**General Objection No. 10.** No objection or response contained herein shall be construed as an admission regarding the relevancy, admissibility, authenticity, completeness, or legal significance of any document identified or attached by Defendant Rubin.

**General Objection No. 11.** Defendant further objects to each Request to the extent that a truthful response to any particular Request may tend to incriminate Defendant or furnish a link in the chain of evidence that could reasonably be used against Defendant in the pending federal criminal prosecution or any other criminal investigation or proceeding. Defendant does not, by asserting this General Objection, invoke the privilege against self-incrimination as to every Request. Rather, Defendant expressly reserves the right to assert the privilege afforded by the Fifth Amendment to the United States Constitution, or any other applicable constitutional or statutory privilege, in response to any individual Request where, after consultation with counsel and upon consideration of the particular subject matter of the Request, a good faith basis exists for doing so. Any assertion of such privilege with respect to a particular Request shall not be construed as an admission of any fact, nor as a waiver of any other objection, privilege, immunity, or defense.

## RESERVATION OF RIGHTS

By serving these Responses and Objections, Defendant does not concede the relevance, admissibility, authenticity, materiality, or legal effect of any document referenced by Defendant Rubin. Defendant further reserves the right to amend, supplement, modify, or withdraw any response to the extent permitted by Rule 36 or any Order of the Court.

The fact that Defendant responds to any particular Request shall not be construed as an admission that the Request is proper under Rule 36 or that the facts asserted therein are relevant, material, or admissible.

Except as expressly admitted, every allegation, characterization, and factual assertion contained in Defendant Rubin's Requests for Admission is denied.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2.1    Admit that Exhibit A is a true and correct copy of the "Affidavit or Affirmation in Support" filed as NYSCEF Doc. No. 4 in the State Court Action on February 19, 2025, which begins "JOHNATHAN RUBIN affirms the following to be true."**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.2    Admit that Exhibit B (SEDDIO_002314) is a true and correct copy of the original draft of that affirmation prepared by Ethan Kobre.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.3    Admit that in Exhibit B, the affiant is You, Yeschiel Shimon Sprei.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure**

**REQUEST FOR ADMISSION NO. 2.4    Admit that in Exhibit B, the name "Graubard" is spelled correctly.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.5    Admit that Exhibit C (SEDDIO_002315–002317) is a true and correct copy of three emails sent from Your email address oldenequitiesgroup@gmail.com to Javid Nesaralli (jnesaralli@seddiolaw.com) on February 19, 2025 at 1:13:33 p.m., 1:13:51 p.m., and 1:14:05 p.m., forwarding Mr. Kobre's drafts.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.6    Admit that Exhibit D (SEDDIO_002318) is a true and correct copy of Mr. Nesaralli's email to You, sent February 19, 2025 at 1:55:34 p.m., returning a modified version of the affirmation.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.7    Admit that the modification reflected in Exhibit D substituted the name "Johnathan Rubin" for "Sam Sprei" as the affiant.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure**

**REQUEST FOR ADMISSION NO. 2.8     Admit that the modification reflected in Exhibit D changed "Graubard" to "Graubart."**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure**

**REQUEST FOR ADMISSION NO. 2.9     Admit that You directed Mr. Nesaralli to substitute Jonathan Rubin's name for Yours as the affiant.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure.**

**REQUEST FOR ADMISSION NO. 2.10   Admit that You directed Mr. Nesaralli to affix the electronic signature "/s/ Johnathan Rubin" to Exhibit A.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure.**

**REQUEST FOR ADMISSION NO. 2.11   Admit that You authorized the filing of Exhibit A in the State Court Action.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure.**

**REQUEST FOR ADMISSION NO. 2.12   Admit that You knew, before Exhibit A was filed, that Jonathan Rubin had not reviewed the affirmation attached as Exhibit A.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits that Defendant has no knowledge of  what Mr Rubin knew about this filing**

**REQUEST FOR ADMISSION NO. 2.13   Admit that You knew, before Exhibit A was filed, that Jonathan Rubin had not signed the affirmation attached as Exhibit A.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, , Defendant admits that Defendant has no knowledge of  what Mr Rubin knew about this filing.**

**REQUEST FOR ADMISSION NO. 2.14   Admit that You knew, before Exhibit A was filed, that Jonathan Rubin had not authorized the use of his electronic signature on Exhibit A.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, , Defendant admits that Defendant has no knowledge of  what Mr Rubin knew about this filing.**

**REQUEST FOR ADMISSION NO. 2.15   Admit that You knew, before Exhibit A was filed, that Jonathan Rubin had not sworn to the truth of the statements contained in Exhibit A.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, , Defendant admits that Defendant has no knowledge of  what Mr Rubin knew about this filing.**

**REQUEST FOR ADMISSION NO. 2.16   Admit that You never advised Jonathan Rubin that Exhibit A had been filed in the State Court Action before it was publicly filed.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.17   Admit that Jonathan Rubin first learned that Exhibit A had been filed after it appeared on the NYSCEF docket.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, , Defendant admits that Defendant has no knowledge of  what Mr. Rubin knew about this filing.**

**REQUEST FOR ADMISSION NO. 2.18   Admit that Exhibit E is a true and correct copy of the email chain dated February 19, 2025, concerning the preparation and filing of Exhibit A.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**B. Sprei's Manipulation of Names on Filings**

**REQUEST FOR ADMISSION NO. 2.19   Admit that Exhibit E (SEDDIO_002930) is a true and correct copy of the message dated September 22, 2025, stating "The caption pls fix take off Sam sprei."**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure**

**REQUEST FOR ADMISSION NO. 2.20    Admit that You sent the message reflected in Exhibit E.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure**

**REQUEST FOR ADMISSION NO. 2.21    Admit that You directed that names be added to or removed from court filings.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure**

**REQUEST FOR ADMISSION NO. 2.22    Admit that Jonathan Rubin's email address is rubinj20@gmail.com.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**E. The "Olden" Entities**

**REQUEST FOR ADMISSION NO. 2.33    Admit that You are the managing member of Olden Group LLC.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.34    Admit that You control the Olden Entities.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.35    Admit that Rubin does not control or manage Olden LLC.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.36    Admit that Rubin does not control or manage any of the Olden Entities.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**F. The Loan Relationship and Repayment**

**REQUEST FOR ADMISSION NO. 2.37    Admit that Jonathan Rubin lent money to You.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.38    Admit that Your loans from Jonathan Rubin were genuine debts that You were obligated to repay.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.39    Admit that, as security for one or more of those loans, You pledged, or represented that You held rights to, an escrow account held by M. David Graubard.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.40    Admit that You, or an attorney, represented to Jonathan Rubin that You held rights to that escrow account.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.41    Admit that, on other occasions, You directed that proceeds of Your other transactions be paid to Jonathan Rubin to repay debts You already owed him.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.42    Admit that each payment Jonathan Rubin received from You, or at Your direction, was made to repay a debt You owed him.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.43    Admit that on December 11, 2024, Jonathan Rubin lent You $250,000.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**Admit that that $250,000 loan was to be repaid the following day, December 12, 2024, from proceeds then held in M. David Graubard's account.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.45   Admit that You irrevocably assigned to Jonathan Rubin, and/or to Queen Equities LLC, $250,000 of the proceeds held in Mr. Graubard's account as repayment of that loan.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.46   Admit that the $250,000 wired to Queen Equities LLC on December 12, 2024 was the repayment of that loan.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.47   Admit that Jonathan Rubin's communications on December 11 and 12, 2024 concerning the $250,000 related to the repayment of his loan to You.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.48   Admit that Exhibit J is a true and correct copy of the December 6, 2024 email exchange (RUBIN-001802 and RUBIN-001784) between Jonathan Rubin and M. David Graubard, on which You were copied, concerning a $350,000 IOLA check to Queen Equities LLC.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.49   Admit that, on or about December 6, 2024, M. David Graubard issued a check, numbered 1015, in the amount of $350,000 payable to Queen Equities LLC.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.50   Admit that the $350,000 was irrevocably assigned to Queen Equities LLC.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.51   Admit that the $350,000 was paid to Jonathan Rubin, through Queen Equities LLC, either to repay money You owed him or as an advance against money he was to provide You.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.52   Admit that the $350,000 was money that You represented, directly or through Mr. Graubard, belonged to You and that You were entitled to direct.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.53   Admit that Jonathan Rubin did not direct or instruct the issuance of that check.**

**RESPONSE: After conducting a reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny this Request and therefore denies the same pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure.**

**REQUEST FOR ADMISSION NO. 2.54   Admit that You did not tell Jonathan Rubin that any funds used to repay him were the deposit of Plaintiffs Angelos Metaxas or Pertshire Investments LP.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.55   Admit that You did not tell Jonathan Rubin that any funds used to repay him were stolen or unlawfully obtained.**

**RESPONSE: Without agreeing to the description of any funds as 'stolen or unlawfully obtained' and subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.56   Admit that You did not tell Jonathan Rubin that M. David Graubard was acting as the escrow agent for Plaintiffs' deposit.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.57   Admit that, apart from the repayment of the $250,000 loan assigned to him, Jonathan Rubin did not direct or instruct the disposition of any funds that M. David Graubard was holding on behalf of Plaintiffs.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**G. Rubin's Limited Role as to Surf 9**

**REQUEST FOR ADMISSION NO. 2.58   Admit that Jonathan Rubin was never a partner, member, equity owner, or investor in Surf 9.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.59   Admit that any funds Rubin provided to You that You used in connection with Surf 9 were loans from Rubin to You, repayable to Rubin, and not investments by Rubin in Surf 9.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.60   Admit that, other than the repayment of money You owed him, Jonathan Rubin had no interest in the funds transmitted through Queen Equities LLC.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.61   Admit that the funds Jonathan Rubin placed with Mr. Graubard in connection with Surf 9 were Rubin's own funds, to be returned to Rubin, and were not Plaintiffs' escrowed deposit.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**REQUEST FOR ADMISSION NO. 2.62   Admit that Jonathan Rubin's role in Your Surf 9 related dealings was limited to lending money to You and transmitting funds at Your direction.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

**H. The First Set of Requests for Admission**

**REQUEST FOR ADMISSION NO. 2.63   Admit that You did not serve any response to Defendant Jonathan Rubin's First Set of Requests for Admission, served on You March 29, 2026.**

**RESPONSE: Subject to and without waiving the foregoing General Objections, to the extent applicable, Defendant admits this Request.**

Defendant has endeavored to respond to each Request in good faith based upon information presently known or reasonably available after a reasonable inquiry. To the extent any individual response reflects an objection, qualified response, inability to admit or deny, or assertion of constitutional or other privilege, Defendant expressly states that such response is made in accordance with Rule 36 of the Federal Rules of Civil Procedure and shall not be construed as an admission of any fact, waiver of any objection, concession as to the admissibility of any evidence, or waiver of any constitutional, statutory, or common law right available to Defendant in this or any other proceeding.

Dated: Garden City, New York
     July 9, 2026

                         EMOUNA & MIKHAIL, PC.

                         *Matin Emouna*

                         MATIN EMOUNA, ESQ.
                         100 Garden City Plaza., Suite 520
                         Garden City, N.Y. 11530
                         Tel (516) 877-9111
                         memouna@emiklaw.com

                         *Attorneys for Defendant Sprei*

*To: All Parties by ECF*

## VERIFICATION

I, Yeschiel Shimon "Sam" Sprei, hereby affirm and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Defendant Yeschiel Shimon "Sam" Sprei's Responses and Objections to Defendant Jonathan Rubin's Second Set of Requests for Admission, that I have discussed the same with my attorneys, and that the factual responses contained therein are true and correct to the best of my knowledge, information, and belief after reasonable inquiry. I understand that these Responses are made pursuant to Rule 36 of the Federal Rules of Civil Procedure and solely for purposes of this litigation.

Dated: Garden City, New York
July 9, 2026

_____
Yeschiel Shimon "Sam" Sprei