

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

July 17, 2026

Honorable Peggy Cross-Goldenberg, U.S.M.J.
United States Magistrate Judge
United States District Court-EDNY
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

Re:    Metaxas, et al. v. Graubard, et al.
       Case No. 1:25 cv 05844

Dear Judge Cross-Goldenberg:

Defendant Yeschiel Shimon Sprei, by his undersigned counsel, respectfully submits this response to Plaintiffs' July 16, 2026 letter (ECF NO. 156). Respectfully, Plaintiffs' submission presents an incomplete account of the procedural history following this Court's July 10, 2026 Order and, in doing so, omits the very circumstances that explain why Defendant has proceeded precisely as he has.

### I. The Court's July 10 Order Fundamentally Changed the Scope of Discovery

The July 10, 2026 Order substantially altered the posture of this litigation. The Court granted Defendant leave to withdraw his Answer, thereby eliminating any dispute concerning liability, and expressly directed that discovery thereafter be confined to damages and the tracing of relevant funds. Equally important, the Court directed counsel to meet and confer regarding which outstanding discovery requests remained pertinent in light of Defendant's concession of liability.

Accordingly, before documents could responsibly be produced, counsel was obligated to determine, together with Plaintiffs, which previously served requests remained operative and which had become moot by virtue of Defendant's concession of liability.

### II. Defendant Immediately Complied With the Court's Directive to Meet and Confer

Undersigned counsel spoke with Plaintiffs' counsel on Friday, July 10, 2026, immediately following entry of the Court's Order. Thereafter, on July 13, 2026, counsel formally initiated the meet and confer process directed by the Court by requesting that Plaintiffs identify those Requests for Production, interrogatories, and other discovery that Plaintiffs contended remained relevant to damages and the tracing of funds.

Additional discussions followed, including further communications on July 15, 2026. Those efforts ultimately resulted in the parties reaching agreement that the remaining written discovery would be limited to: Requests for Production Nos. 4, 5, 6, 7, 19, 20, and 22; and Interrogatory Nos. 1, 2, 7, 10, and 11.

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 17, 2026    Page  2

Thus, contrary to Plaintiffs' suggestion, Defendant was not disregarding the Court's Order. Defendant was complying with it by participating in the very meet and confer process the Court expressly required before determining the scope of the remaining production.

### III. Counsel's Review of Electronically Stored Information Could Not Reasonably Be Completed Within Five Days

Undersigned counsel first appeared in this action on June 30, 2026, after the discovery disputes that gave rise to the Court's prior Orders had already occurred. On July 10, 2026, the same day this Court entered its modified discovery Order, undersigned counsel received approximately 35 gigabytes of electronically stored information from prior counsel Dropbox.

As the sole litigation attorney at my firm, I alone am responsible for reviewing all discovery, determining responsiveness, identifying privileged communications, evaluating confidentiality issues, and preparing any required privilege log. Those professional obligations cannot ethically or responsibly be delegated.

Moreover, during this same period, undersigned counsel was simultaneously required to comply with obligations imposed by multiple federal courts, including several Criminal Justice Act appointments involving time sensitive matters, among them two death penalty eligible prosecutions and the representation of material witnesses in sealed federal proceedings requiring extensive preparation and proffer sessions with the United States Attorney's Office. Those obligations were not matters of convenience or scheduling preference; they were court-imposed obligations requiring counsel's personal attention.

Against that backdrop, it was simply not physically or professionally possible to review approximately 35 gigabytes of electronically stored information, determine what documents were responsive to the now narrowed discovery requests, identify privileged materials, evaluate confidentiality concerns, and prepare an accurate privilege log during the five-day period between July 10 and July 15, while simultaneously preparing Defendant for his Court ordered deposition.

Importantly, Defendant was not withholding discovery for strategic purposes. Rather, counsel was attempting to comply with this Court's July 10 directive requiring the parties to first meet and confer concerning the narrowed scope of discovery before undertaking what necessarily became a targeted document review. Once the parties agreed that the remaining discovery would be limited to Requests for Production Nos. 4, 5, 6, 7, 19, 20, and 22 and Interrogatory Nos. 1, 2, 7, 10, and 11, counsel immediately focused his review on those specific requests.

Under these unique circumstances, Defendant respectfully submits that the inability to complete production and prepare a privilege log by July 15 was not the product of disregard for this Court's Orders, but rather the practical consequence of receiving an extraordinarily large volume of electronically stored information on the very day the Court fundamentally altered the scope of discovery and directed the parties to redefine the universe of documents that remained subject to production.

### IV. Defendant and Counsel Have Acted Diligently and in Good Faith

At every stage following counsel's appearance, Defendant and undersigned counsel have acted diligently to comply with the Court's directives. Defendant appeared for his continued deposition on July 16, 2026 exactly as ordered.

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
July 17, 2026        Page  3

During that deposition, an evidentiary dispute arose concerning questioning directed to an expressly designated Rule 408 confidential settlement communication. Rather than engaging in unnecessary argument, both parties promptly sought guidance from the Court and proceeded in accordance with the Court's ruling.

Thereafter, Defendant Rubin's counsel utilized the available time to conduct his examination of Defendant Sprei while the parties awaited the Court's guidance. Following the Court's ruling, the parties further agreed that Plaintiffs' continued examination of Defendant Sprei would resume on August 3, 2026, after Defendant's July 29 production deadline, thereby ensuring that Plaintiffs would have the benefit of Defendant's written responses and document production before completing the deposition.

### V. Counsel Appreciates the Professional Courtesy Extended by Counsel

I also wish to acknowledge, on the record, the professionalism exhibited by Plaintiffs' counsel and counsel for Defendant Rubin during the July 16 deposition. As the Court is aware, I was required to appear before Magistrate Judge Henry that afternoon in *United States v. Awawdeh*, for a Change of Plea proceeding. All counsel attending graciously accommodated a brief recess to permit me to fulfill that obligation before Magistrate Henry of this Court, after which the deposition promptly resumed.  I sincerely appreciate that professional courtesy and believes it reflects the cooperative manner in which counsel have otherwise attempted to address scheduling issues notwithstanding their substantive disagreements.

### VI. Plaintiffs' Request for Additional Sanctions Is Neither Warranted Nor Consistent With the Record

Plaintiffs' July 16 letter portrays Defendant's conduct as deliberate noncompliance. The actual record demonstrates precisely the opposite. Following the Court's July 10 Order, Defendant immediately engaged in the required meet and confer process, worked with Plaintiffs to narrow the remaining discovery, received and began reviewing an extensive volume of electronically stored information produced by prior counsel, appeared for his Court ordered deposition, sought judicial guidance when a legitimate evidentiary dispute arose, and worked cooperatively with all parties to schedule the continuation of the deposition after the agreed upon July 29 production deadline. Those actions are not indicative of obstruction. They are indicative of substantial, continuing, and good faith compliance with the Court's directives.

### Conclusion

Defendant remains committed to fully complying with this Court's Orders. Now that the parties have agreed that the remaining written discovery is limited to Requests for Production Nos. 4, 5, 6, 7, 19, 20, and 22 and Interrogatory Nos. 1, 2, 7, 10, and 11, Defendant continues to review the electronically stored information received from prior counsel and intends to complete his written responses and document production by the Court's July 29, 2026 deadline.

Under these circumstances, Defendant respectfully submits that Plaintiffs' request for additional contempt findings and automatic sanctions should be denied.

Respectfully submitted,

*Matin Emouna*
MATIN EMOUNA

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530