Metaxas et al. v. Graubard et al., No. 1:25-cv-05844 (EK) (PCG) (E.D.N.Y.)

# EXHIBIT C

NYSCEF Doc. 200 — Supplemental Affirmation of Lauren J. Zimmerman, Esq. (filed Feb. 24, 2026)

Case 1:25-cv-05844-EK-PCG Document 162-4 Filed 07/21/26 Page 2 of 12 PageID #: 1934

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

OLDEN LLC,

               Plaintiff,

     v.

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

               Defendants,

       and

DAVID GRAUBART,

               Nominal Defendant.

Index No. 505819/2025

Hon. Francois A. Rivera: Part 52

Motion Sequence No. 4

**SUPPLEMENTAL EVIDENTIARY
AFFIRMATION OF LAUREN J.
ZIMMERMAN, ESQ., CONCERNING
ATTORNEYS' FEES**

Lauren J. Zimmerman, an attorney duly admitted to practice law before the Courts of this State, affirms the following to be true under penalty of perjury:

1.      I am a Partner at the law firm Benesch Friedlander Coplan & Aronoff LLP ("Benesch"), co-counsel for Defendants Angelos Metaxas and Pertshire Investments LP (together, "Defendants"). Until January 16, 2026, I represented Defendants as an attorney and Partner at the law firm Selendy Gay PLLC ("Selendy Gay"), co-counsel for Defendants. I continue to represent Defendants at Benesch. As such, I am familiar with the facts and circumstances of this case.

2.      I respectfully submit this evidentiary affirmation concerning attorneys' fees and legal expenses in further support of Defendants' pending motion (sequence no. 4), filed on November 20, 2025, for sanctions against Frank R. Seddio, Esq. ("Seddio") and Jonathan Rubin ("Rubin"), *see* NYSCEF 93–98, which is returnable on March 12, 2026.

3.      Defendants' supporting memorandum of law ("Defendants' Sanctions Brief," NYSCEF 98) describes each act taken by Seddio and/or Rubin from February 19, 2025 through November 20, 2025 that was frivolous for purposes of 22 NYCRR § 130-1.1 (each a "Frivolous

Case 1:25-cv-05844-EK-PCG    Document 162-4    Filed 07/21/26    Page 3 of 12 PageID #: 1935

Act"), and requests the opportunity to prove "the amount of costs and fees recoverable" by Defendants as a result of those Frivolous Acts. *See* Defs.' Sanctions Br. 21.

4.      In light of the Court's statement at the hearing held on January 14, 2026, that a frivolity sanctions motion may be resolved on the papers without the need for a hearing, NYSCEF 196, at 91:23-24, Defendants respectfully submit in support of Defendants' Sanctions Brief this evidentiary affirmation and the attached **Exhibit A** to quantify the attorneys' fees Defendants incurred as a result of the Frivolous Acts committed by Seddio and Rubin in this action and to prepare Defendants' Sanctions Brief and supporting papers. Seddio and Rubin should be held jointly and severally for their joint misconduct and individually liable for their individual misconduct. *See Miller v. Falco*, 170 A.D.3d 707, 710 (2d Dept. 2019).

5.      To calculate Defendants' recoverable attorneys' fees, I completed a review of the billing records of Selendy Gay from the Relevant Period. My review consisted of the following steps.

> (1)     *First*, I reviewed all time entries from February 19, 2025 to February 20, 2026 (the "Relevant Period") to identify and isolate those entries which address work conducted either as a direct result of one or more of the Frivolous Acts at issue or in service of preparing Defendants' Sanctions Brief and supporting papers. Specifically, I analyzed the narrative portions of the corresponding time entries created by each assigned Selendy Gay or Benesch professional. Based on that review, I identified and compiled all time entries for the Relevant Period that concerned work performed by Selendy and Benesch as a direct result of one or more Frivolous Acts or in service of preparing Defendants' Sanctions Brief and supporting papers (the "Relevant Time Entries").

> (2)     *Second*, for each Relevant Time Entry, I identified the hours billed and the billed amount for each task resulting from one or more Frivolous Acts.

2

Case 1:25-cv-05844-EK-PCG Document 162-4 Filed 07/21/26 Page 4 of 12 PageID #: 1936

(3)     *Third*, I aggregated the Relevant Time Entries attributable to each Frivolous Act.[1]

6.     Selendy Gay and Benesch attorneys and legal professionals reasonably spent approximately 340 hours and billed Defendants approximately $436.059.00 in attorneys' fees during the Relevant Period to respond to the six Frivolous Acts committed by Seddio and Rubin jointly and the five additional Frivolous Acts committed by Seddio individually, as well as to draft Defendants' Sanctions Brief and supporting papers. *See Kyowa Seni, Co. v. ANA Aircraft Technics, Co.*, 239 A.D.3d 413, 415 (1st Dept. 2025) (recoverable costs include not only attorneys' fees incurred prior to the filing of a sanctions motion but also those incurred in connection with briefing "the propriety of plaintiff's claims" for imposing sanctions).

7.     The list below identifies each of the six Frivolous Act committed by Seddio and Rubin jointly, and where appropriate, groups together closely related Frivolous Acts that were committed in the same course of conduct. Seddio and Rubin's joint Frivolous Acts are as follows:

(1)     commencing the instant legally and factually meritless litigation on behalf of a fictitious entity, "Olden LLC," *see* Defs.' Sanctions Br. 13–14;

(2)     making a legally meritless application for a temporary restraining order ("TRO"), *see id.* at 14–15, in support of which Seddio and Rubin each filed affirmations containing numerous false statements of material fact, *see id.* at 17–18; and

(3)     strategically discontinuing the action on November 6, 2025, for the purpose of preventing the Court's enforcement of its November 5, 2025 contempt

---

[1] Selendy Gay's and Benesch's time entries in this matter have been block-billed, meaning each time entry may reflect multiple distinct tasks, set off by semi-colons. For the entries containing tasks for which Defendants do not presently seek recovery, Defendants have reduced the time billed proportionally. (For example, if a block-billed 1.0 hour entry includes (1) one task for which Defendants seeks no recovery, and (2) four other tasks for which Defendants now seek recovery, Defendants have reduced the time entry by 0.2 hours (*i.e.*, 1/5). This approach comports with Selendy Gay's past practice in fee applications, *e.g.*, NYSCEF 198, at 2 n.1, as well as my understanding of industry custom accepted by courts in this state, *e.g.*, *Leser v. U.S. Bank Nat.'l Ass'n*, 2012 WL 580489, at *5 (E.D.N.Y. Feb. 21, 2021); *In re City of New York*, 2021 WL 7145228, at *16 (E.D.N.Y. Dec. 2, 2011). Other jurisdictions have also accepted this approach. *E.g.*, *ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999); *Godwin v. World Healing Center Church, Inc.*, 2021 WL 6618801, at *3 (C.D. Cal. Oct. 20, 2021).

3

order against Nominal Defendant Mark David Graubard, Esq. ("Graubard"), and advancing, without standing to do so, meritless arguments against the Court's continuing jurisdiction to punish *Graubard* for his pre-discontinuance contempt, *see id.* at 16–17.

8.      In addition, the list below identifies each of the five Frivolous Act Seddio committed individually, and where appropriate, groups together closely related Frivolous Acts that were committed in the same course of conduct. Seddio individually committed the following five additional Frivolous Acts detailed in Defendants' Sanctions Brief:

(1)      never serving Graubard with the TRO and supporting papers in violation of the Court's service directive in the TRO itself, *see* Defs.' Sanctions Br. 4–5;

(2)      intentionally and unjustifiably delaying the preliminary injunction hearing he requested on an emergency basis, *see id.* at 15;

(3)      co-signing, over Defendants' objection and without seeking leave of the court, the stipulation filed on July 21, 2025 (NYSCEF 47) purporting to extend the deadline for Graubard to comply with the Court's July 17, 2025 order (NYSCEF 44), *see id.*;

(4)      assisting Graubard in defying the Court's July 17, 2025 order by directing Graubard not to deposit Defendants' escrowed funds with the Clerk of the Court and having discussions with Graubard, an adverse and represented party, without counsel present, *see id.* at 6–7; and

(5)      taking repeated steps to delay the November 5, 2025 hearing on Defendants' contempt motion, including by filing a false bond proposal, *see id.* at 15–16.

9.      Since Defendants' Sanctions Brief was filed on November 20, 2025, Seddio has individually committed two additional Frivolous Acts.

10.      *First*, on December 15, 2025, following the Court's denial of Graubard's third application for a TRO staying the contempt order against him, NYSCEF 126, Seddio filed a letter (NYSCEF 135) purporting to have retained the law firm of Aidala, Bertuna & Kamins P.C. ("Aidala"), to represent him in connection with Defendants' Sanctions Brief which, at that time, had a return date approximately two months later. Seddio further claimed that Aidala would

4

Case 1:25-cv-05844-EK-PCG    Document 162-4    Filed 07/21/26    Page 6 of 12 PageID #: 1938

contact Defendants to request their withdrawal of the motion on the ground that "this Court no longer has jurisdiction over this matter." *Id.*

11.     There was no procedural or other meritorious basis for Seddio's letter filing, especially given his claim that he was soon to be represented by counsel in this matter. In addition, in the over two months since Seddio's letter filing, no outreach of any kind has been made to Defendants by Seddio or any counsel representing him regarding Defendants' Sanctions Motion. And neither Aidala nor any other attorney has appeared in this action on Seddio's behalf.

12.     Given the timing and circumstances of Seddio's letter filing—only after this Court had repeatedly denied Graubard's repeated motions for TROs, and to purportedly announce that Seddio had retained a specific law firm to represent him in a motion that was not returnable for almost two months—and the fact that neither Aidala or any other attorney has appeared on Seddio's behalf in the over two months since the letter's filing, the only plausible purpose of Seddio's letter was to force the recusal of Justice Montelione (Part 99) and thereby delay the Court's enforcement of its Superceding Contempt Order against Graubard and adjudication of Defendants' Sanctions Motion against him and Rubin. And it worked: as a result of Seddio's filing, Justice Montelione recused himself on the ground that he was "currently being represented by the same law firm in unrelated litigation," NYSCEF 142, this matter was reassigned (first to Justice Richard Velasquez (Part 66), and after his immediate, unexplained recusal (NYSCEF 143), to this Part 52), the Court's adjudication of Graubard's fourth TRO application was delayed, and the return date for Defendants' sanctions motion was adjourned from February 11 to March 12, 2026.

13.     *Second*, on December 23, 2025, less than a week after this case was reassigned to this Part 52, and in contravention of this Court's prior admonitions, Seddio called Justice Rivera's

5

Case 1:25-cv-05844-EK-PCG Document 162-4 Filed 07/21/26 Page 7 of 12 PageID #: 1939

private cell phone to make Seddio's presence in the instant matter known. *See* NYSCEF 166 (Jan. 6, 2026 hr'g tr.) at 14–15.

14. Both of these acts, committed after Defendants filed their Sanctions Brief, were frivolous and are sanctionable under 22 NYCRR § 130-1.1, though Defendants seek reimbursement of their resulting attorneys' fees only for the first.

15. The chart below, which is also contained in **Exhibit A**, summarizes the total attorneys' fees billed to Defendants as a result of each Frivolous Act, or group of related Frivolous Acts, as well as subtotals for the attorneys' fees Defendants incurred as a direct result of each Frivolous Act committed by Seddio and Rubin jointly, those committed by Seddio individually, and all Frivolous Acts collectively.

| | | Attorneys' Fees | |
|---|---|---|---|
| **No.** | **Frivolous Acts Committed by Seddio and Rubin Jointly** | **Hours** | **Fees** |
| 1. | Commencing this Sham Litigation | 54.3 | $67,064.00 |
| 2. | Making the Meritless TRO Application and Asserting False Statements of Material Fact in Their Sworn TRO Affirmations | 155.6 | $195,267.50 |
| 3. | Strategically Discontinuing this Action to Delay This Court's Adjudication of the Superceding Contempt Order and Sanctions Motion, and Making Meritless Arguments, Absent Standing, Against the Court's Continuing Jurisdiction Over Graubard's Contempt | 21.9 | $33,453.00 |
| | **SUBTOTAL FOR JOINT FRIVOLOUS ACTS** | **231.8** | **$295,784.50** |
| **No.** | **Frivolous Act Committed by Seddio Individually** | **Hours** | **Fees** |
| 4. | Never Serving the TRO on Graubard | 5.1 | $5,572.50 |
| 5. | Intentionally and Unjustifiably Delaying the Preliminary Injunction Hearing | 11.1 | $18,350.00 |
| 6. | Co-Signing the July 21 Stipulation | 1.2 | $2,160.00 |
| 7. | Assisting Graubard's Defiance of the July 17 Order | 3.9 | $6,027.00 |

6

Case 1:25-cv-05844-EK-PCG   Document 162-4   Filed 07/21/26   Page 8 of 12 PageID #: 1940

| 8. | Attempting to Delay the November 5 Contempt Hearing, Including Through Submission of a False Bond Proposal | 4.6 | $7,490.00 |
|---|---|---|---|
| 9. | Orchestrating Justice Montelione's Recusal | 4.6 | $8,040.00 |
| 10. | Calling Justice Rivera's Personal Cell Phone *Ex Parte* and in Violation of the Court's Previous Directive | n/a | n/a |
| **SUBTOTAL FOR SEDDIO'S INDIVIDUAL FRIVOLOUS ACTS** | | **30.5** | **$47,639.50** |
| **SUBTOTAL FOR ALL FRIVOLOUS ACTS** | | **262.3** | **$343,424.00** |

16.     Below are high-level summaries[2] of the work performed by Selendy Gay in response to each Frivolous Act. All Relevant Time Entries are compiled in **Exhibit A** alongside information about each timekeeper.

**A.     Frivolous Acts Committed by Seddio and Rubin Jointly**

(1)     **Commencing This Sham Litigation**. *See* Defs.' Sanctions Br. 13–14. Selendy Gay reasonably spent approximately 54.3 hours, billing Defendants approximately $67,064.00, in response to Seddio and Rubin's commencement of this meritless litigation on behalf of a fictitious entity, "Olden LLC." These fees reflect the time required to review and analyze documents and communications regarding the Escrowed Funds to which Seddio and Rubin claimed "Olden LLC" had a legal interest; investigate the identity and existence of Olden LLC; confer among counsel and with Defendants regarding a responsive litigation strategy; conduct legal research and analysis of the legal requirements for Seddio's and Rubin's pleadings and service of process requirements, as well as Defendants' ability to bring counterclaims; prepare and file notices of appearance by counsel; draft and move for the issuance of a subpoena *duces tecum* directed to Seddio; and prepare a demand for the complaint.

(2)     **Making the Meritless TRO Application**, *see* Defs.' Sanctions Br. 14–15, **and Asserting False Statements of Material Fact in Their Sworn TRO Affirmations**, *see id.* at 17–18. Selendy Gay reasonably spent approximately 155.6 hours, billing Defendants approximately $195,267.50, in response to Seddio's and Rubin's meritless TRO application, which was premised on supporting affirmations from Rubin and Seddio containing materially false statements of fact. These fees reflect the time required to review and analyze the TRO application; conduct legal research and analysis to develop Defendant's legal arguments in response to the

---

[2] Unless otherwise defined herein, defined terms have the meanings ascribed to them in Defendants' Sanctions Brief.

7

Case 1:25-cv-05844-EK-PCG       Document 162-4       Filed 07/21/26       Page 9 of 12 PageID #: 1941

associated motion for preliminary injunction; draft and file answering papers regarding the requested preliminary injunction; prepare for and attend the July 17, 2025 preliminary injunction hearing; communicate with Seddio regarding the same; and serve copies of the Court's July 17, 2025 order on all counsel.

(3) **Strategically Discontinuing the Action to Delay This Court's Adjudication of the Superceding Contempt Order and Sanctions Motion, and Making Meritless Arguments, Absent Standing, Against the Court's Continuing Jurisdiction Over Graubard's Contempt**. *See* Defs.' Sanctions Br. 16–17. Selendy Gay reasonably spent approximately 21.9 hours, billing Defendants approximately $33,453.00, in response to Seddio's and Rubin's dilatory discontinuance of the instant action on the heels of this Court's contempt finding against Graubard and ensuing arguments they asserted against the Court's ability to enforce its contempt order against Graubard. These fees reflect the time required to conduct legal research and analysis of the law governing the effect of a voluntary discontinuance on a court's jurisdiction to enforce a pending contempt order and to prepare for and attend the November 12, 2025 conference which this Court scheduled in response to Seddio's and Rubin's discontinuance.

B. **Frivolous Acts Committed by Seddio Individually**

(4) **Never Serving the TRO on Graubard**. *See* Defs.' Sanctions Br. 5. Selendy Gay reasonably spent approximately 5.1 hours, billing Defendants approximately $5,572.50, in response to Seddio's choice not to serve Graubard with the TRO and supporting papers, in contravention of the Court's order to do so. These fees reflect the time required to correspond with Seddio and Graubard to attempt to determine whether Graubard had been served with the TRO and, when Seddio repeatedly refused to disclose whether he had served or attempted service on Graubard, to serve copies of the TRO and supporting papers on Graubard.

(5) **Intentionally and Unjustifiably Delaying the Preliminary Injunction Hearing**. *See* Defs.' Sanctions Br. 15. Selendy Gay reasonably spent approximately 11.1 hours, billing Defendants approximately $18,350.00, in response to Seddio's successful efforts to delay the preliminary injunction hearing. These fees reflect the time required to correspond with Seddio and Chambers about Seddio's repeated requests for adjournments and eleventh-hour adjustments to his purported availability as well as drafting and filing a letter to the Court regarding Seddio's delays and Defendants' concern that Seddio would continue intentionally delaying the adjudication of his own preliminary injunction motion.

(6) **Co-Signing the July 21 Stipulation**. *See* Defs.' Sanctions Br. 15. Selendy Gay reasonably spent approximately 1.2 hours, billing Defendants approximately $2,160.00, in response to the July 21, 2025 stipulation signed

8

Case 1:25-cv-05844-EK-PCG Document 162-4 Filed 07/21/26 Page 10 of 12 PageID #: 1942

by Seddio and counsel for Graubard purporting to extend Graubard's deadline to comply with the July 17, 2025 order over Defendants' objection and absent leave of the court. These fees reflect the time required to review the Court's rules regarding stipulations and requested adjournments and correspond internally and with Seddio regarding the lack of legal or procedural merit for the July 21 Stipulation and Defendants' objection to same.

(7) **Assisting Graubard's Defiance of the July 17 Order**. *See* Defs.' Sanctions Br. 6–7. Selendy Gay reasonably spent approximately 3.9 hours, billing Defendants approximately $6,027.00, in response to Seddio's assistance of Graubard contempt of the Court's July 17, 2025 order requiring Graubard to deposit Defendants' $2 million with the Clerk of the Court by July 21, 2025. These fees reflect the time required to correspond and communicate with Seddio and Chambers about the defiance, and to prepare for and attend the July 31, 2025 court-ordered hearing on possible attorney sanctions. *See* NYSCEF 72 (transcript).

(8) **Attempting to Delay the November 5 Contempt Hearing, Including Through Submission of a False Bond Proposal**. *See* Defs.' Sanctions Br. 15–16. Selendy Gay reasonably spent approximately 4.6 hours, billing Defendants approximately $7,490.00, in response to Seddio's attempts to delay the November 5, 2025 contempt hearing, including by submitting a bogus bond proposal and instructing his per diem attorney to misrepresent to the Court at the start of the November 5 Contempt Hearing that the bond was being filed with the Court momentarily. These fees reflect the time required to correspond with Seddio and Chambers.

(9) **Orchestrating Justice Montelione's Recusal**. Selendy Gay reasonably spent approximately 4.6 hours, billing Defendants approximately $8,040.00, in response to Seddio's frivolous December 15, 2025 orchestration of Justice Montelione's recusal. These fees reflect the time required to review the Court's recusal order, confer internally regarding Seddio's conduct and any available remedies, and adjust litigation strategy in light of the third and then fourth judge recusal in this matter.

(10) **Calling Justice Rivera's Personal Cellular Phone *Ex Parte* and in Violation of the Court's Previous Directive**. Defendants seek sanctions against Seddio for this frivolous conduct, but not reimbursement of attorney's fees.

17. **Defendants Attorney's Fees Incurred for Preparing Defendants' Sanctions Brief and Supporting Papers**. Selendy Gay and Benesch reasonably spent approximately 70.1 hours and billed Defendants approximately $92,635.00 to prepare Defendants' Sanctions Brief and

9

Case 1:25-cv-05844-EK-PCG Document 162-4 Filed 07/21/26 Page 11 of 12 PageID #: 1943

supporting papers. These fees reflect the time required to conduct legal and factual research and analysis, review the relevant filings and transcripts for the purpose of drafting the Affirmation in Support of Sanctions, prepare Defendants' Sanctions Brief and supporting papers, and communicate regarding the same. The Relevant Time Entries are compiled in **Exhibit A**. The entries pertain only to work performed in connection with drafting the Defendants' Sanctions Brief and supporting papers, and do not include any time for work performed to determine the amount of fees that are recoverable. *See Kyowa Seni, Co.*, 239 A.D.3d at 415.

18.     Defendants therefore seek reimbursement for attorneys' fees in the total amount of $436,059.00, comprising $343,424.00 in attorneys' fees resulting from the Frivolous Acts and $92,635.00 in attorneys' fees to prepare Defendants' Sanctions Brief and supporting papers.

Dated:   New York, NY
         February 24, 2026

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP

By:  /s/      *Lauren J. Zimmerman*
     Lauren J. Zimmerman
     1155 Avenue of the Americas, Floor 26
     New York, NY 10036
     Tel: (646) 356-6023
     lzimmerman@beneschlaw.com

     Jennifer M. Selendy
     Babak Ghafarzade
     SELENDY GAY PLLC
     1290 Avenue of the Americas
     New York, NY  10104
     Tel: 212-390-9000
     jselendy@selendygay.com
     bghafarzade@selendygay.com

     *Attorneys for Defendants Angelos Metaxas and
     Pertshire Investments LP*

10

Case 1:25-cv-05844-EK-PCG   Document 162-4   Filed 07/21/26   Page 12 of 12 PageID #: 1944

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

OLDEN LLC,

                    Plaintiff,

          v.

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

                    Defendants,

          and

DAVID GRAUBART,

                    Nominal Defendant.

Index No. 505819/2025

Hon. Francois A. Rivera: Part 52

Motion Sequence No. 4

## CERTIFICATE OF WORD COUNT COMPLIANCE

As a Partner at the law firm Benesch Friedlander Coplan & Aronoff LLP, I hereby certify that this affirmation is in compliance with 22 NYCRR 202.8-b. The foregoing document was prepared using Microsoft Word, and the document contains 3,146 words as calculated by the application's word counting function.

Dated:   New York, New York
         February 24, 2026

                                        /s/        *Lauren J. Zimmerman*
                                                   Lauren J. Zimmerman