Metaxas et al. v. Graubard et al., No. 1:25-cv-05844 (EK) (PCG) (E.D.N.Y.)

# EXHIBIT E

NYSCEF Doc. 89 — Plaintiffs' Letter of November 7, 2025

Case 1:25-cv-05844-EK-PCG Document 162-6 Filed 07/21/26 Page 2 of 3 PageID #: 1949

Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Lauren J. Zimmerman
Partner
212.390.9068
lzimmerman@selendygay.com

November 7, 2025

<u>Via NYSCEF</u>

Hon. Richard J. Montelione
Kings County Supreme Court, Part 99
360 Adams Street
Brooklyn, NY 11201
Courtroom 574

> **Re:** ***Olden LLC v. Angelos Metaxas et al.*, Index No. 505819/2025**

Dear Justice Montelione,

On behalf of Defendants Angelos Metaxas and Pertshire Investments LP, we write in response to Plaintiff's notice of discontinuance and the accompanying letter from Plaintiff's counsel, Mr. Seddio, both filed yesterday afternoon (NYSCEF Doc. Nos. 83-84). This surprising new development is extremely troubling, given its suspicious timing following the Court's oral ruling from the day before granting Defendants' motion (sequence no. 2) for contempt against Nominal Defendant Graubard. During that hearing, the Court indicated that it would, "within the next few days," issue its written decision on contempt and give Nominal Defendant Graubard one final opportunity to deposit Defendants' $2 million in escrow deposits with the Clerk of the Court, subject to arrest for any further defiance. NYSCEF Doc. No. 87 at 3.

Plaintiff's deliberate choice not to timely serve a complaint pursuant to CPLR § 3012(b)—after having commenced this action by summons with notice (NYSCEF Doc. No. 1), obtained a temporary restraining order on an *ex parte* basis (NYSCEF Doc. No. 7), and obtained its requested preliminary injunction (NYSCEF Doc. No. 44)—did not, as Mr. Seddio contends, "divest[] this court of jurisdiction." NYSCEF Doc. No. 84. The plain text of CPLR § 3012(b) provides, "The court *upon motion may* dismiss the action if service of the complaint is not made as provided in this subdivision" (emphasis added). The Court necessarily has jurisdiction to decide the consequences of a plaintiff's default.

Mr. Seddio is also wrong in contending that his strategic choice to discontinue Plaintiff's frivolous action "terminates the proceeding in its entirety." NYSCEF Doc. No. 84). It is well-established that the discontinuance or dismissal of an action does not divest a court of jurisdiction to impose sanctions for frivolous conduct. *LLC v. J&M Realty Servs. Corp.*, 222 A.D.3d 446, 449 (1st Dept. 2023) ("Voluntary discontinuance did not divest the court of jurisdiction to impose sanctions for pre-discontinuance conduct."); *accord Destino v. Q Mgmt. Props., LLC*, 237 A.D.3d 1162, 1163 (2d Dept. 2025); *World Sports Grp., Inc. v. Motion Picture Acad. of Arts & Scis.*, 273 A.D.2d 53, 54 (1st Dept.

Case 1:25-cv-05844-EK-PCG   Document 162-6   Filed 07/21/26   Page 3 of 3 PageID #: 1950

Hon. Richard J. Montelione
November 7, 2025

2000) (affirming sanctions awarded to defendants following dismissal of complaint for lack of personal jurisdiction).

Mr. Seddio's letter also mischaracterizes Defendants' pending federal action, captioned *Metaxas et al. v. Graubard et al.*, No. 25-cv-05844 (E.D.N.Y.) (the "Federal Action"). The action was commenced on October 17, 2025, and it names as defendants Messrs. Graubard and Seddio, as well as Yeschiel Shimon "Sam" Sprei and Jonathan Rubin, who purports to be the manager of Plaintiff Olden LLC (NYSCEF Doc. No. 4). The Federal Action does not, as Mr. Seddio falsely contends, "name[] Olden LLC" or "assert[] substantially identical claims." NYSCEF Doc. No. 84 at 2. Olden LLC is not a named defendant in the Federal Action, nor is any "principal" of Olden LLC, because Defendants believe that Olden LLC is a fictitious, non-existent entity used as a stand-in to bring this sham litigation as a cover for the ongoing theft of Defendants' property by Mr. Graubard, in concert with Messrs. Seddio, Sprei, Rubin, and potentially others. Nor could the claims in the Federal Action overlap with any claims in this action, because there are no claims in this action. Mr. Seddio and his client(s) deliberately chose not to file any complaint in this action, despite multiple requests from the Court and Defendants to do so (*see* NYSCEF Doc. No. 60 at 8 & n.4) because, as Defendants believe and the evidence overwhelming reflects (especially in light of Mr. Seddio's filings of yesterday), the only purpose of this action was to obtain injunctive relief against Defendants to prevent them from using legal or other process to obtain their $2 million in escrow funds from Mr. Graubard. Moreover, Mr. Seddio provides no legal or other authority supporting his contention that the Federal Action in any way supersedes or preempts this matter—because it does not.

As outlined in Defendants' letter filed yesterday (NYSCEF Doc. No. 86) in response to the letter filed by Mr. Graubard at 11:56 p.m. on November 5, Messrs. Seddio and Graubard have engaged in repeated frivolous conduct throughout this litigation, which has materially prejudiced Defendants and caused substantial injustice. Indeed, this entire matter has been an instrument to perpetrate Messrs. Graubard and Sprei's ongoing fraud against Defendants. This gross misconduct, achieved through the manipulation of this Court, should not be rewarded. Defendants respectfully request that, at minimum, the Court retain jurisdiction over enforcement of its contempt order (and forthcoming decision) against Mr. Seddio and permit Defendants to be heard on why additional sanctions pursuant to 22 NYCRR § 130-1.1 are warranted, which Defendants raised at the November 5 hearing, and which the Court directed be raised at the preliminary conference scheduled for December 5. *See* NYSCEF Doc. No. 87 at 7–10.

Respectfully,

*s/ Lauren J. Zimmerman*

Lauren J. Zimmerman
Partner

Cc:     All counsel of record (via NYSCEF)

2