Metaxas et al. v. Graubard et al., No. 1:25-cv-05844 (EK) (PCG) (E.D.N.Y.)

# EXHIBIT K

Rubin's First Set of Requests for Admission to Sprei (served Mar. 29, 2026; never answered — deemed admitted, Fed. R. Civ. P. 36(a)(3)) with service and extension correspondence

## Email Chain — Service and Extension Correspondence

True and correct copy of email chain from the records of the Law Offices of Mordy Gross (authenticated in the accompanying Declaration of Mordy Gross; native .msg/.eml files available on request). Most recent message first; earlier messages appear inline below with their original headers. Subject: RE: Metaxas et al. v. Graubard et al., Case No. 1:25-cv-05844 — Defendant Rubin's First Discovery Requests to Defendant Sprei. Key messages: (i) March 29, 2026, 10:38 AM service email from Mordy Gross to D. Shargel and N. Boeckmann (Bracewell) attaching the First Set of Requests for Admission (dated March 27, 2026, following pages); (ii) April 27, 2026, 4:38 PM email from D. Shargel confirming the agreed extension of the RFA response deadline to May 5, 2026; (iii) June 1, 2026 cover email transmitting the deficiency letter (copy at the end of this exhibit). No response to the First Set was ever served. See Ex. J No. 2.63.
------------------------------------------------------------------------------------------

Counsel,

Please see the attached deficiency letter on behalf of Plaintiff Rubin.

Mordy Gross
(484) 680-0768

This e-mail message (including any attachments and prior emails contained herein) contains info rmation that may be confidential, be protected by the attorney-client or other applicable privi leges, or constitute non-public information. It is intended to be conveyed only to the designat ed recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribut ion, or reproduction of this message by unintended recipients is not authorized and may be unla wful.

From: Shargel, David <david.shargel@bracewell.com>
Sent: Monday, April 27, 2026 4:38 PM
To: Mordy Gross <mg@mordygross.com>; Boeckmann, Nicole <nicole.boeckmann@bracewell.com>
Cc: Harris, Alanah <alanah.harris@bracewell.com>; Gallaro, Russell <russell.gallaro@bracewell.c om>
Subject: RE: Metaxas et al. v. Graubard et al., Case No. 1:25-cv-05844-AMD-PCG — Defendant Rubi n's First Discovery Requests to Defendant Sprei

Mordy,

Thank you for taking my call. I'm writing to confirm our agreement that Mr. Sprei's response to the Requests for Admission, originally due April 28, will be due on May 5, and the response to the Requests for Production and Interrogatories will be due on May 12.

Thank you for the courtesy.

Thanks,

Dave

———

DAVID A. SHARGEL

Partner

<mailto:david.shargel@bracewell.com> david.shargel@bracewell.com

|

<https://bracewell.com/people/david-shargel/vcard> download v-card

T:  <tel:+1.212.508.6154> +1.212.508.6154

|

F:  <fax:+1.800.404.3970> +1.800.404.3970

|

M:  <tel:+1.917.346.4049> +1.917.346.4049


BRACEWELL LLP


31 W. 52nd Street, Suite 1900 | New York, NY | 10019-6118


 <http://www.bracewell.com/> bracewell.com  |  <https://bracewell.com/people/david-shargel> pr ofile  |  <https://www.linkedin.com/company/bracewell> LinkedIn  |  <https://twitter.com/Brac ewellLaw> Twitter


CONFIDENTIALITY STATEMENT
This message is sent by a law firm and may contain information that is privileged or confidenti al. If you received this transmission in error, please notify the sender by reply e-mail and de lete the message and any attachments.


From: Mordy Gross <mg@mordygross.com <mailto:mg@mordygross.com> >
Sent: Sunday, March 29, 2026 10:38 AM
To: Shargel, David <david.shargel@bracewell.com <mailto:david.shargel@bracewell.com> >; Boeckma nn, Nicole <nicole.boeckmann@bracewell.com <mailto:nicole.boeckmann@bracewell.com> >
Subject: [EXTERNAL] Metaxas et al. v. Graubard et al., Case No. 1:25-cv-05844-AMD-PCG — Defenda nt Rubin's First Discovery Requests to Defendant Sprei


Dear Mr. Shargel and Ms. Boeckman,

I hope this message finds you well. I write on behalf of Defendant Jonathan Rubin to serve the following discovery requests directed to your client, Defendant Yeschiel Shimon "Sam" Sprei:

1. Defendant Jonathan Rubin's First Set of Interrogatories to Defendant Sprei;
2. Defendant Jonathan Rubin's First Set of Requests for Admission to Defendant Sprei; and
3. Defendant Jonathan Rubin's First Set of Requests for Production of Documents to Defendant Sp rei.

Copies of each are attached hereto. Responses are due within thirty (30) days of the date of th is service.

Please do not hesitate to reach out if you have any questions or would like to discuss any aspe ct of these requests.

Best regards,

Mordy Gross
(484) 680-0768

This e-mail message (including any attachments and prior emails contained herein) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,<br><br>Defendants. | Case No. 1:25-cv-05844 (AMD) (PCG) |

## DEFENDANT JONATHAN RUBIN'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT SPREI

TO:

David Shargel, Esq.
Nicole Boeckman, Esq.
Bracewell LLP
31 W 52nd St., 19th Floor
New York, NY 10019
david.shargel@bracewell.com
nicole.boeckmann@bracewell.com

COUNSELORS:

PLEASE TAKE NOTICE that Pursuant to Federal Rule of Civil Procedure 36, Defendant Jonathan Rubin, by and through his undersigned counsel, hereby requests that Defendant Yeschiel Shimon "Sam" Sprei admit the truth of the following matters within thirty (30) days of service of these Requests.

## DEFINITIONS

1.    **"Complaint"** means the Complaint filed in This Action (ECF No. 1).

2.    **"Communication"** means every manner or means of disclosure, transfer, or exchange of information, whether oral or written, electronic or physical, including without limitation conversations, discussions, correspondence, emails, text messages, messages via any messaging application, voicemails, telephone calls, video calls, and any other transmission of information between two or more persons.

1

3.      **"Document"** has the meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and Local Civil Rule 26.3(c), and includes all electronically stored information.

4.      **"Escrow Agreements"** means the escrow agreements between Plaintiffs and Defendant Graubard, as described in the Complaint.

5.      **"Escrow Deposits"** means the approximately $2 million in funds deposited with Defendant Graubard pursuant to the Escrow Agreements.

6.      "**Federal Action**" or "**This Action**" shall mean and refer to the above-captioned action, Metaxas et al. v. Graubard et al., Case No. 1:25-cv-05844-AMD-PCG, pending in the United States District Court for the Eastern District of New York.

7.      **"Identify" or "Describe"** when used with respect to a person, means to state the person's full name, title, employer or business affiliation, and last known address and telephone number. When used with respect to a document, means to describe it by date, author, recipients, subject matter, and present location or custodian.

8.      **"Olden LLC"** means the entity in whose name the State Court Action was commenced, as described in the Complaint.

9.      **"Olden Group LLC"** means Olden Group LLC, a limited liability company.

10.     **"Relevant Period"** means the period from January 1, 2024 to the present.

11.     **"State Court Action"** means Olden LLC v. Metaxas et al., Index No. 505819/2025 (Kings County Supreme Court).

12.     **"You" or "Your"** refers to the Defendant to whom these requests are directed, including that Defendant's agents, employees, attorneys, and any persons acting on that Defendant's behalf.

## INSTRUCTIONS

1.  These Requests for Admission are propounded pursuant to Federal Rule of Civil Procedure 36.

2.  Each Request for Admission must be answered separately and fully in writing under oath within thirty (30) days of service, unless a different time is set by the Court.

3.  If You cannot truthfully admit or deny a Request in its entirety, You must specify the part that is true and qualify or deny the remainder.

4.  If You claim lack of information or knowledge as a basis for failure to admit or deny, You must state that You have made reasonable inquiry and that the information known or readily obtainable by You is insufficient to enable You to admit or deny.

2

5. Pursuant to Federal Rule of Civil Procedure 36(a)(3), any matter not denied within the time permitted is deemed admitted.

6. The use of present tense shall include past tenses, unless otherwise specifically indicated in the request.

7. The terms **"all"** and **"each"** shall be construed to include the other.

8. The term **"document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically-stored data or information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

9. **"Concerning"** means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

10. **"Including"** means including but not limited to.

11. **"And"** and **"or"** shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. These Requests are continuing in nature. If, after serving Your responses, You obtain information that would change any response, You must promptly supplement or amend Your response in accordance with Federal Rule of Civil Procedure 26(e).

13. Your written responses to these Requests for Admission must comply with Federal Rule of Civil Procedure 36, including the requirements that: (a) the grounds for any objection must be stated with specificity; and (b) an answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states

3

that it has made reasonable inquiry and that the information known or readily obtainable

is insufficient to enable it to admit or deny.

14.  The use of present tense shall include past tenses, unless otherwise specifically indicated

in the request.

**15.** If You object to any Request for Admission as overly broad or unduly burdensome, You

shall respond to those portions that are unobjectionable and specifically identify the

respect in which the Request for Admission is allegedly overly broad or burdensome.

16. If you object to any request on the ground that the answer would reveal privileged

information, please specify:

   a.  The nature of the privilege being claimed (including work product);
   b.  The general subject matter of the document or oral communication as to which
       the privilege is claimed;
   c.  The date of the document or oral communication;
   d.  The name of the author or person making such communication;
   e.  The addressees or recipients of the document or oral communication;
   f.  The relationship between the author or person making such communication and
       the addressees or recipients of the document or oral communication.

## <u>REQUESTS FOR ADMISSION</u>

**Request for Admission No. 1:** Admit that Jonathan Rubin is not now, and has never been, a member, manager, officer, owner, or authorized representative of Olden LLC.

**Request for Admission No. 2:** Admit that Jonathan Rubin is not now, and has never been, a member, manager, officer, owner, or authorized representative of Olden Group LLC.

**Request for Admission No. 3:** Admit that Yeschiel Shimon "Sam" Sprei is, and at all relevant times was, the sole member and/or managing member of Olden Group LLC.

**Request for Admission No. 4:** Admit that Jonathan Rubin is not a party to, signatory of, or third-party beneficiary of any Escrow Agreement between Plaintiffs and Defendant Graubard.

**Request for Admission No. 5:** Admit that Jonathan Rubin had no right, title, or interest in or to the Escrow Deposits at any time during the Relevant Period.

**Request for Admission No. 6:** Admit that Jonathan Rubin did not authorize, direct, or instruct anyone to commence the State Court Action.

**Request for Admission No. 7:** Admit that Jonathan Rubin did not authorize, direct, or instruct anyone to file any motion, application, or other paper in the State Court Action.

**Request for Admission No. 8:** Admit that, prior to the commencement of this federal action, You had no Communications with Jonathan Rubin concerning the Escrow Deposits.

**Request for Admission No. 9:** Admit that, prior to the commencement of this federal action, You had no Communications with Jonathan Rubin concerning the State Court Action.

**Request for Admission No. 10:** Admit that Jonathan Rubin had no involvement in any negotiations between Plaintiffs and any other party concerning the investment described in the Complaint.

**Request for Admission No. 11:** Admit that Jonathan Rubin did not participate in any meeting, telephone call, or other Communication with Plaintiffs at any time during the Relevant Period.

**Request for Admission No. 12:** Admit that You are the sole authorized signatory for Olden Group LLC.

5

**Request for Admission No. 13:** Admit that You directed Frank R. Seddio, Esq. to commence the State Court Action.

**Request for Admission No. 14:** Admit that Jonathan Rubin did not direct, authorize, or participate in Your decision to have the State Court Action filed.

**Request for Admission No. 15:** Admit that You, not Jonathan Rubin, directed Defendant Graubard to withhold the Escrow Deposits from Plaintiffs.

**Request for Admission No. 16:** Admit that in at least six actions commenced by Seddio on behalf of Olden Group LLC, You—not Jonathan Rubin—submitted evidentiary affirmations as the representative of Olden Group LLC.

**Request for Admission No. 17:** Admit that You retained Ethan A. Kobre, Esq. as litigation counsel in connection with the Escrow Deposits, and that Jonathan Rubin had no involvement in that retention.

**Request for Admission No. 18:** Admit that Jonathan Rubin's name was used in connection with the State Court Action without his knowledge or consent.

Dated: Albany, New York
March 27, 2026

Respectfully submitted,

**LAW OFFICES OF MORDY GROSS LLC**

By: /s/ Mordy Gross
    Mordy Gross, Esq.
    Bar No. 4759882
    418 Broadway # 10612
    Albany, NY 12207-2922
    Tel: (484) 680-0768
    mg@mordygross.com

*Attorney for Defendant Jonathan Rubin*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I caused a true and correct copy of the foregoing to be served upon all parties upon all counsel of record via email.


/s/ Mordy Gross
Mordy Gross, Esq.

## Law Offices of Mordy Gross LLC

418 Broadway # 10612 • Albany, NY 12207
484.680.0768 • mg@mordygross.com
*Admitted in New York and New Jersey*

---

June 1, 2026

VIA EMAIL

Nathaniel Z. Marmur, Esq.
The Law Offices of Nathaniel Z. Marmur, PLLC
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
nmarmur@marmurlaw.com

Matthew H. Sheppe, Esq.
Reiss Sheppe LLP
425 Madison Avenue, 19th Floor
New York, NY 10017
msheppe@reisssheppe.com

**Re:    *Metaxas, et al. v. Graubard, et al.*, No. 1:25-cv-05844-AMD-PCG (E.D.N.Y.) —
Defendant Sprei's Overdue Responses to Defendant Rubin's First Sets of Interrogatories,
Requests for Admission, and Requests for Production**

Dear Messrs. Marmur and Sheppe:

We represent Defendant Jonathan Rubin. We understand that your firms have recently appeared on behalf of Defendant Yeschiel Shimon "Sam" Sprei, and we write regarding Mr. Sprei's overdue responses to the three sets of discovery Rubin served on March 29, 2026. As of the date of this letter, Mr. Sprei has not served responses to any of the three sets, and the response deadlines—extended by written agreement with prior counsel—have long passed. The consequences are these: Mr. Sprei's Requests for Admission are now deemed admitted by operation of Rule 36(a)(3), and his responses to the Interrogatories and Requests for Production are overdue with all objections waived. We ask that you confirm Mr. Sprei's position and serve the overdue Interrogatory answers and document responses, and provide Mr. Sprei's deposition availability, by June 10, 2026.

By way of background, on March 29, 2026, Rubin served on Mr. Sprei, through his then-counsel at Bracewell LLP, (i) Defendant Jonathan Rubin's First Set of Interrogatories; (ii) Defendant Jonathan Rubin's First Set of Requests for Admission; and (iii) Defendant Jonathan Rubin's First Set of Requests for Production. By email dated April 27, 2026, Mr. Sprei's then-counsel, David A. Shargel, confirmed an agreed extension under which the Requests for Admission responses were due May 5, 2026, and the Interrogatory and document-production responses were due May 12, 2026. To date, Rubin has received no responses to any set, and no further communication

1

from Mr. Sprei or his counsel since April 27, 2026. Copies of the served discovery and Mr. Shargel's April 27, 2026 email are enclosed for your reference.

1. **The Requests for Admission are deemed admitted.** Under Federal Rule of Civil Procedure 36(a)(3), a matter is admitted unless, within 30 days after being served—or within the time the parties agree to in writing—the responding party serves a written answer or objection. Mr. Sprei's responses to Rubin's First Set of Requests for Admission were due May 5, 2026 under the parties' written agreement, and no answer or objection was served by that date. Each matter set forth in those Requests is therefore admitted and, under Rule 36(b), "conclusively established" for purposes of this action. Rubin will rely on these admissions for all purposes. Should Mr. Sprei wish to be relieved of any admission, the exclusive avenue is a motion to withdraw or amend under Rule 36(b); the admissions remain binding unless and until the Court grants such relief.

2. **The Interrogatory responses are overdue, and objections are waived.** Mr. Sprei's responses to Rubin's First Set of Interrogatories were due May 12, 2026 and have not been served. Under Rule 33(b)(4), any ground for objection not stated in a timely objection is waived unless the Court, for good cause, excuses the failure. Mr. Sprei has waived all objections, and complete, sworn answers under Rule 33(b)(3) and (b)(5) are now required.

3. **The document-production responses are overdue, and objections are waived.** Mr. Sprei's written responses to Rubin's First Set of Requests for Production—together with all responsive documents—were likewise due May 12, 2026 and have not been served. Courts in this Circuit treat the failure to serve timely Rule 34 responses as a waiver of objections, including privilege, absent good cause. Rubin demands complete written responses and production of all responsive documents.

4. **Deposition of Mr. Sprei.** Rubin also intends to take Mr. Sprei's deposition pursuant to Federal Rule of Civil Procedure 30. Please provide Mr. Sprei's available dates for a deposition, to be conducted after his written discovery responses and document production are complete. If Rubin does not receive proposed dates by June 10, 2026, Rubin will serve a notice of deposition unilaterally designating the date, time, and location.

5. **Demand and meet-and-confer.** Please confirm in writing, by June 10, 2026, that Mr. Sprei will (a) serve complete, sworn answers to Rubin's First Set of Interrogatories, (b) serve complete responses to Rubin's First Set of Requests for Production and produce all responsive documents, in each case without objection; and (c) provide Mr. Sprei's available dates for deposition. We are willing to discuss a reasonable schedule for the Interrogatory answers, document production, and deposition. Rubin does not, however, waive—and expressly preserves—the admissions established under Rule 36(a)(3).

Rubin remains available to confer at your convenience and prefers to resolve these issues without Court intervention. To the extent the overdue Interrogatory answers and document responses are

not served, and the foregoing is not otherwise resolved, Rubin reserves all rights, including the right to seek relief under Federal Rule of Civil Procedure 37(a)—including its reasonable fees and costs—and in accordance with the Magistrate Judge's Individual Practices.

Respectfully,

/s/ Mordy Gross
Mordy Gross
Law Offices of Mordy Gross LLC
Attorney for Defendant Jonathan Rubin

**Enclosures:**   (1) Defendant Jonathan Rubin's First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production to Defendant Sprei (served March 29, 2026); (2) Email from David A. Shargel dated April 27, 2026.

3