**Law Offices of Mordy Gross LLC**

418 Broadway # 10612  •  Albany, NY 12207
484.680.0768  •  mg@mordygross.com
*Admitted in New York and New Jersey*

July 22, 2026

Via ECF
Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Metaxas et al. v. Graubard et al.,* No. 1:25-cv-05844 (EK) (PCG)
Defendant Jonathan Rubin's Opposition to Plaintiffs' Motion for Leave to Amend (ECF 151)

Dear Judge Cross-Goldenberg:

I represent Defendant Jonathan Rubin. Mr. Rubin respectfully submits this letter, now conformed to the five-page limit in the Court's June 17, 2026 Order, in place of the letter filed at ECF 162; counsel apologizes for the overlength of that filing, which inadvertently overlooked the limit. The accompanying Declaration of Mordy Gross and Exhibits A–L are identical to those annexed to ECF 162 and are re-filed herewith for the Court's convenience (cited as "Ex. –"). Mr. Rubin opposes the motion (ECF 151) solely as to the two new claims proposed against him – malicious prosecution (proposed Count 8) and unjust enrichment (proposed Count 13). Mr. Rubin takes no position on the balance of the amendment. Paragraph citations to Plaintiff's proposed amended complaint are to the clean version, ECF 151-1 (the "Proposed Amended Complaint" or "PAC").

**Legal Standard.** Leave to amend is properly denied for undue delay, bad faith or dilatory motive, undue prejudice, or futility, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), and a proposed amendment is futile if it would not survive Rule 12(b)(6), *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Points I–III rest on the proposed pleading alone (with state-court filings subject to judicial notice); Point IV addresses prejudice and the conditions requested below.

**I.    The Motion Reverses Plaintiffs' June 3 Representation, Without Explanation, on Facts They Had Possessed for Months.**

On June 3, 2026, Mr. Rubin asked to be heard on the scope of any amendment before it was made. Plaintiffs responded that his request was "nonsensical given that Plaintiffs do not intend to add any new claims against Rubin." ECF 118 at 20. The timing of the instant motion was disclosed (ECF 118 at 19); the claims against Mr. Rubin *were expressly taken off the table*. Mr. Rubin proceeded on that stated understanding: two days later he renewed his Rule 12(c) pre-motion request on the stated premise that "[t]he Complaint as pled is therefore the entirety of Plaintiffs' case against Mr. Rubin," ECF 120 at 1, and he completed the final month of fact

1

discovery on the case as pleaded. Forty days after the representation, and thirteen days after fact discovery closed, Plaintiffs moved to add two new claims *against* Mr. Rubin without acknowledging the representation, let alone explaining what changed. "[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (quoting Wright & Miller). The unexplained reversal, and the reliance it induced, bear directly on the dilatory-motive, bad-faith, and prejudice factors that warrant denial under *Foman.*

The chronology forecloses any suggestion that the new claims rest on new information. Every fact Count 8 alleges predates June 3 – all by nearly seven months or more. The latest is the November 5, 2025 adjournment Mr. Rubin allegedly "engineer[ed]" (PAC ¶ 288); the pleaded termination accrued November 6, 2025 (PAC ¶ 293). Plaintiffs' April 11, 2025 state-court brief told that court that "Olden LLC and Rubin appear to be nothing more than fronts" (NYSCEF Doc. 11 at 9 (Ex. A)); on November 20, 2025 Plaintiffs moved for sanctions against Seddio and Mr. Rubin jointly for "[c]ommencing this sham litigation" (NYSCEF Docs. 93, 200 (Exs. B–C)); and at deposition Mr. Metaxas could not identify anything Plaintiffs learned about Mr. Rubin after the April 2025 filing (Metaxas Tr. 53:6–24 (Ex. H)). Indeed, on June 26, 2026 – seventeen days before this motion – Plaintiffs' own proposed findings of fact attributed the November 5 adjournment request to Seddio alone and the November 5 non-appearance to Graubard and Goldberg, without identifying any act by Mr. Rubin in connection (NYSCEF Doc. 353 ¶¶ 76–78, pt. D; NYSCEF Doc. 354 pt. II.A (Ex. F)).

The same is true of proposed Count 13. By Plaintiffs' own account in the motion letter itself, Graubard "admitted in open court" on January 14, 2026 that he had transferred the escrow deposits in December 2024 at third parties' instructions. ECF 151 at 2. By April 1, 2026, Plaintiffs' discovery requests defined and targeted the "Queen Equities Accounts" (ECF 74), and through April 2026 they litigated for Mr. Rubin's and Queen's bank records (ECF 76, 78, 80; Order, ECF 89 (Apr. 30, 2026)). All of it preceded June 3.

The delay has already cost Mr. Rubin something concrete: his Rule 12(c) pre-motion request – pending since May 11, 2026 (ECF 98) – was denied on June 18 with leave to renew only after this motion is decided, and Plaintiffs then waited another twenty-five days to file. Unexplained delay of that character, capped by the reversal of a representation on which Mr. Rubin structured the final month of discovery, warrants denial under *Foman.*

## II.     Proposed Count 8 Is Futile on the Face of the Proposed Pleading.

The elements of malicious prosecution of a civil action are "(1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury." *Sapienza v. Notaro*, 241 A.D.3d 1379, 1381 (2d Dep't 2025); *Stewart v. Fein Such & Crain, LLP*, 236 A.D.3d 959, 962 (2d Dep't 2025). The proposed pleading fails at least two independently necessary elements as to Mr. Rubin, and a third is at best sharply contested.

First, the pleading does not plausibly allege prosecution "by or at the instance of" Mr. Rubin. Its specific, chronological account places every act of initiation elsewhere: the initiating papers were drafted with "Sprei as the affiant" (PAC ¶ 125); "Sprei and Seddio, with and through their agents, falsified the papers before filing" (¶ 126); and "Sprei told Rubin that Sprei and Seddio . . . had filed the affirmation under Rubin's name" – after the fact (¶ 127). Against that account, the allegations directed to Mr. Rubin – "actual" or "constructive" approval, "constant contact with Sprei," and the "engineer[ed]" adjournment (¶ 288) – are stated without a single identified act, communication, appearance, submission, or payment, and the assertion that Mr. Rubin "knew . . . at the time they filed" (¶ 140) is pleaded on information and belief, with no source identified, in tension with ¶ 127. Continuation, or after-the-fact ratification, likewise requires acts that are not pleaded: inaction by a non-party to the proceeding, following an unauthorized use of his name, is not affirmative prosecution; and the pleading offers no factual content (except, perhaps, labels) from which ratification could plausibly be inferred. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, the pleading does not plausibly allege the absence of probable cause. The state court granted the TRO the same day the application was filed (PAC ¶¶ 136, 141), and provisional relief creates a presumption of probable cause that "must be overcome by specifically pleaded facts." *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 614 (1st Dep't 2015); *Napoli v. James*, 204 A.D.3d 413, 414 (1st Dep't 2022); *Shawe v. Elting*, 161 A.D.3d 585, 587 (1st Dep't 2018). Plaintiffs' fraud-in-procurement theory traps them in a dilemma of their own pleading. Either the affirmation was authentic as to Mr. Rubin – he really was the affiant – in which case the falsification account on which the rebuttal rests (PAC ¶¶ 125–126) falls away, and what remains – that he knowingly swore falsely (PAC ¶¶ 138–140) – is pleaded on information and belief without any identified source, which is not the "specifically pleaded facts" the presumption requires; or the papers were falsified as the pleading's detailed account alleges (PAC ¶¶ 125–127), in which case Mr. Rubin was the instrument of the fraud, not its author, and the action was not prosecuted by or at his instance. The remaining path – after-the-fact ratification – fails for the reasons previously stated: no act is pleaded. Plaintiffs cannot have it both ways: the same falsification they plead to rebut probable cause is the falsification that removes Mr. Rubin from the prosecution.

Third, favorable termination is at best sharply contested. The termination must show nonliability or an abandonment "under circumstances 'which fairly imply the plaintiff's innocence.'" *Hudson Val. Mar., Inc. v. Town of Cortlandt*, 79 A.D.3d 700, 703 (2d Dep't 2010); *Stewart*, 236 A.D.3d at 962–64. No such implication is pleaded here – the pleading characterizes the discontinuance as strategic – aimed at the contempt proceedings against Graubard, not at any assessment of the merits of Olden's claims against Plaintiffs (PAC ¶ 21) – while Seddio's contemporaneous explanation letter states procedural and judicial-economy grounds: the CPLR 3012(b) lapse, deference to this District Court action, "without prejudice," "each party to bear its own fees and costs." GRAUBARD_01576–77 (Ex. G). Those competing accounts do not supply

3

the clean pleading-stage inference *Stewart* found pleaded, and they confirm that claim-specific discovery would be required if leave were granted.

## III.    Proposed Count 13 Is Equally Futile.

The pleaded transferee is Queen Equities LLC – not Mr. Rubin (PAC ¶ 330) – and the personal-benefit allegations are conclusions: no distribution, withdrawal, personal expenditure, or discharged personal obligation is identified, and no veil-piercing facts are pleaded. *Iqbal*, 556 U.S. at 678–79. *United States v. Rivieccio*, 661 F. Supp. 281 (E.D.N.Y. 1987) (cited by Plaintiffs), is not to the contrary: there the individuals themselves received the diverted funds. *Id.* at 293. Second, the pleading itself frames the December transfers as "reimbursements" for value previously advanced (PAC ¶ 70) and describes lending compensation (¶ 74). Unjust enrichment lies only where "in equity and good conscience" the defendant should be required to surrender the money, *Rivieccio*, 661 F. Supp. at 293, and equity distinguishes the recipient who gave value from the gratuitous one: "[a] bona fide purchaser . . . takes free of the constructive trust, but a gratuitous donee, however innocent, does not." *Id.* at 292 (quoting *Simonds v. Simonds*, 45 N.Y.2d 233, 242 (1978)). A transfer in repayment of a genuine antecedent debt is a transfer for value, and no nonconclusory fact is pleaded showing Mr. Rubin knew the funds were not the debtor's to pay: the only knowledge allegations (¶¶ 66, 83) are on information and belief, without any identified source of knowledge. Third, the claim is too attenuated: Plaintiffs allege no dealings of any kind with Mr. Rubin or Queen – they wired their funds to Graubard (¶¶ 58–59), and the only transfer instruction identified is Frankl's (¶ 69). *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). Absent any allegation of a business relationship between Mr. Rubin and Plaintiffs – let alone between Plaintiffs and Queen Equities, the entity that allegedly received the funds from Graubard – the unjust enrichment claim fails as too attenuated. *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516–18 (2012).

## IV.    Amendment After the Close of Discovery Would Unduly Prejudice Mr. Rubin.

Prejudice turns on whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In this case, both are true. Plaintiffs' representation that no new claims were coming deprived Mr. Rubin of claim-directed discovery from the claimants themselves – on knowledge, approval, and direction; on special injury, claimed fee damages, and causation; and on the claimed personal benefit and tracing. This is not a hypothetical deprivation; rather, the dispute is concrete: when Mr. Rubin sought Plaintiffs' communications post-dating the February 19, 2025 commencement of the State Court Action – the period in which Count 8's alleged continuation, termination, and special injury arise – Plaintiffs refused, and repeated the refusal to this Court on July 17, four days after filing this motion: that discovery, they wrote, lacks "any relevance or bearing on this matter." ECF 161 at 3. The two positions cannot be reconciled. If the post-February 2025 period is irrelevant, Count 8 – which lives in that period – does not belong in this case; if these counts come in, discovery ended with Mr. Rubin deprived of necessary materials. Plaintiffs' assertion

4

that the amendment "will require no additional discovery" (ECF 151 at 5) cannot be reconciled with their own expanded fee-damages theory; Defendant Seddio's response makes the same point (ECF 157 at 1–2). The discovery record – detailed in the Gross Declaration and Exhibits H–L, and relied on only to confirm the pleading defects, demonstrate prejudice, and frame conditions – is uniform: Plaintiffs' Rule 30(b)(6) designee identified no facts curing the Rubin-specific defects (Macaya Tr. 84:23–85:17; 97:9–98:16 (Ex. H)); Plaintiffs' counsel has confirmed in writing there is "nothing to supplement" on the factual basis for naming Mr. Rubin (Ex. L); the Seddio-firm attorneys involved in preparing and filing the State Court Action have no recollection of any role by Mr. Rubin in it (Seddio Vol. 1 Tr. 21:14–19, 96:2–12; Seddio Vol. 2 Tr. 122:8–123:9, 155:5–19; Nesaralli Tr. 67:10–21, 68:8–12, 69:7–23 (Ex. H)); Sprei's Rule 36 responses – and the matters deemed admitted by his total failure to answer Mr. Rubin's First Set, Fed. R. Civ. P. 36(a)(3) (Exs. J–K) – corroborate that Mr. Rubin did not authorize or direct the action and that the transfers repaid "genuine debts" (Ex. J Nos. 2.16, 2.35–2.38, 2.41–2.43, 2.45–2.47); and the bank records show a two-way lending relationship (Ex. I).

**Conclusion.** Mr. Rubin respectfully requests that the Court deny leave to add proposed Counts 8 and 13 as against him. In the alternative, he requests that any leave be conditioned: (1) reopen fact discovery for sixty days, limited to the new claims, commencing upon the later of service of the amended complaint or Plaintiffs' disclosure of the factual basis and damages computations for those claims; (2) permit supplemental written discovery, third-party subpoenas, and re-examination of Plaintiffs, their Rule 30(b)(6) designee, and witnesses – including production of Plaintiffs' communications concerning the State Court Action and their claimed injuries from February 19, 2025 through the present, subject to privilege logging and continuing Rule 26(e) supplementation; (3) to the extent Plaintiffs seek attorneys' fees or litigation expenses as damages on the new claims, require production of the fee invoices, time records, payment records, retainer agreements, and claim-by-claim allocations underlying those claimed damages, with any withholdings logged; (4) permit targeted expert or forensic-accounting discovery if Plaintiffs rely on tracing or source-and-use analysis; (5) extend Mr. Rubin's time to answer or otherwise respond to any amended pleading, with no fewer than twenty-one days from service to file any Rule 12 pre-motion-conference letter (accord ECF 157), any Rule 56 pre-motion deadline to run from the close of the limited discovery, and participation in the limited discovery to waive no pleading or summary-judgment defense; and (6) permit Mr. Rubin to apply for the reasonable incremental costs of any discovery that must be duplicated solely because of the post-discovery amendment, on a documented showing.

Respectfully submitted,
/s/ Mordy Gross
Mordy Gross, Esq.
Attorney for Defendant Jonathan Rubin

cc:    All counsel of record (via ECF)

5