IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,<br><br>     Plaintiffs,<br><br>     v.<br><br>MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,<br><br>     Defendants. | Case No. 1:25-cv-05844 (EK) (PCG) |

**DECLARATION OF MORDY GROSS IN SUPPORT OF DEFENDANT JONATHAN RUBIN'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND (ECF 151)**

1.      I am the principal of the Law Offices of Mordy Gross LLC and counsel of record for Defendant Jonathan Rubin in this action. I submit this declaration to place before the Court true and correct copies of the materials cited in Mr. Rubin's accompanying letter in partial opposition to Plaintiffs' motion for leave to amend (ECF 151). I make this declaration on personal knowledge and on my review of the files of my office.

2.      Exhibits A through G are true and correct copies of documents filed on the NYSCEF docket of Olden LLC v. Metaxas et al., Index No. 505819/2025 (Sup. Ct., Kings County), downloaded from NYSCEF: Exhibit A (NYSCEF Doc. 11, full document); Exhibit B (NYSCEF Doc. 93); Exhibit C (NYSCEF Doc. 200, the Supplemental Evidentiary Affirmation of Lauren J. Zimmerman, Esq. Concerning Attorneys' Fees, filed February 24, 2026); Exhibit D (NYSCEF Doc. 260); Exhibit E (NYSCEF Doc. 89); Exhibit F (NYSCEF Docs. 353 and 354); and Exhibit G (NYSCEF Doc. 299, Attachment G, bearing Bates numbers GRAUBARD_01515 and GRAUBARD_01575–01577).

3.      Exhibit H contains true and correct excerpts — the cover page, the pages cited in the letter, and the court reporter's certification page — of the deposition transcripts taken in this action of Javier Macaya (Plaintiffs' Rule 30(b)(6) designee), Angelos Metaxas, Frank R. Seddio (Volumes 1 and 2), Yeshaya Gorkin, Changyeun Hahn (the attorney through whom Mr. Rubin transmitted his April 2025 written disavowal of the state-court affirmation), Jonathan Rubin, Mark David Graubard, and Javid Nesaralli, Esq. (deposed July 14, 2026, pursuant to the Court's order reopening discovery for that examination), each as received from the reporting service.

4.      Exhibit I contains true and correct copies of pages RUBIN-000255, 000258, 000263, 000283, 000288, 000308, 000309, and 000392 of the TD Bank statements produced by Mr. Rubin in this action on April 1, 2026 (RUBIN-000127–578). The version submitted for public filing is redacted to remove bank account numbers, customer reference identifiers, and account

1

activity unrelated to the transactions cited in the letter — third-party counterparties, balances, and unrelated transfers; an unredacted version, designated Confidential under the Protective Order (ECF 65), can be furnished to the Court on request or filed under seal at the Court's direction. Where the redactions obscure a posting date stated in the letter, I have confirmed each such transaction date against the unredacted production.

5.      Exhibit J is a true and correct copy of Defendant Sprei's Responses and Objections to Defendant Jonathan Rubin's Second Set of Requests for Admission, served on all parties by Sprei's counsel on July 9, 2026.

6.      Exhibit K contains: (a) a true and correct copy of the email chain from my office's records bearing the subject line "Metaxas et al. v. Graubard et al., Case No. 1:25-cv-05844 — Defendant Rubin's First Discovery Requests to Defendant Sprei"; (b) a true and correct copy of Defendant Jonathan Rubin's First Set of Requests for Admission to Defendant Sprei, dated March 27, 2026; and (c) a true and correct copy of my June 1, 2026 deficiency letter to Sprei's successor counsel.

7.      The certificate of service annexed to the First Set is dated March 27, 2026, the date the papers were finalized; actual service occurred by email on March 29, 2026, as the chain reflects and as Sprei's own Response No. 2.63 acknowledges. On March 29, 2026, at 10:38 a.m., I served the First Set of Requests for Admission (together with interrogatories and document requests) by email on Sprei's then-counsel of record, David Shargel, Esq. and Nicole Boeckmann, Esq. of Bracewell LLP. On April 27, 2026, at 4:38 p.m., Mr. Shargel wrote to confirm our agreement that Sprei's responses to the Requests for Admission, originally due April 28, 2026, would be due on May 5, 2026.

8.      No response to the First Set of Requests for Admission was ever served — not by the May 5, 2026 extended deadline, and not at any time since. In his July 9, 2026 responses to the Second Set, Sprei admitted that he did not serve any response to the First Set. Exhibit J, Response No. 2.63.

9.      Native email files (.msg/.eml) of the correspondence reproduced in Exhibit K are maintained in my office's records and will be furnished to the Court or counsel on request. The June 1, 2026 cover email's reference to "Plaintiff Rubin" was a typographical error; Mr. Rubin is, of course, a defendant.

10.      Exhibit L is a true and correct excerpt, reproduced verbatim from my office's records, of the July 8, 2026, 5:50 p.m. email from Sammi Roth Bender, Esq. of Benesch, Friedlander, Coplan & Aronoff LLP, counsel for Plaintiffs, to me (copying Plaintiffs' other counsel), addressing the parties' open discovery items following the Court's June 22, 2026 Order (ECF 132), including Item J (Interrogatory No. 16). The excerpt reproduces the items surrounding Item J for context. The same statement stood unretracted in the parties' correspondence through Ms. Zimmerman's July 15, 2026 email on the same thread. The complete native emails will be furnished to the Court or counsel on request.

2

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: Albany, New York
      July 21, 2026

                    /s/ Mordy Gross
                    Mordy Gross, Esq.
                    Law Offices of Mordy Gross LLC
                    Attorney for Defendant Jonathan Rubin