# EXHIBIT A

| | |
|---|---|
| **From:** | Brett A. Scher |
| **To:** | Zimmerman, Lauren |
| **Cc:** | Babak Ghafarzade; DeLucia, Eileen; Bender, Sammi Roth; Vinny Miletti |
| **Subject:** | RE: Metaxas v. Graubard, 25-cv-5844 (EK) (PCG) |
| **Date:** | Thursday, July 23, 2026 4:20:11 PM |
| **Attachments:** | image098462.png |
| | image742009.png |
| | image148355.png |
| | image205239.png |

Lauren,

We disagree with your characterization that Mr. Seddio's opposition contains "patently inaccurate assertions," and we do not agree that any correction is required. We view your letter as nothing more than an attempt to submit an impermissible reply brief on your pre-motion request. Notwithstanding, we provide our comments below.

First, with respect to the so-called "pattern" allegations, our point was not that Plaintiffs never previously included any allegations concerning other litigations. Rather, our point was that Plaintiffs are continuing to inject collateral, unrelated litigation allegations into the proposed amended pleading and are relying on those allegations as part of their effort to add and support new and expanded claims against Mr. Seddio. Plaintiffs' own motion states that the proposed amendment adds a malicious-prosecution claim against Mr. Seddio and adds allegations further supporting the existing Judiciary Law § 487 claim. The fact that certain allegations appeared elsewhere in the original complaint does not make it inaccurate for Mr. Seddio to object that Plaintiffs are using those unrelated litigations as prejudicial "pattern" allegations in support of the proposed amended pleading and the newly asserted claims.

Second, with respect to damages, we disagree that Mr. Seddio's position was inaccurate. Plaintiffs' proposed pleading changes the damages presentation from "hundreds of thousands" in legal fees to "millions" in legal fees and now seeks to proceed on new claims, including malicious prosecution, tied to the State Court Action. Certainly, if you are suggesting a cap as to your damages, we would love for you to say it, but whether Plaintiffs contend that the category of damages is technically the same does not eliminate the prejudice to Mr. Seddio. Plaintiffs cannot materially increase the alleged amount, add a malicious-prosecution theory, assert special damages, and then maintain that no further discovery is necessary. Our position was and remains that if Plaintiffs are permitted to amend, Mr. Seddio is entitled to targeted discovery into the claimed damages, including the alleged millions in legal fees, the allocation of those fees, causation, reasonableness, payment, and whether the fees are attributable to any conduct allegedly chargeable to Mr. Seddio.

Third, the fact that Plaintiffs have produced invoices does not resolve the discovery issue. Invoices alone do not necessarily establish allocation, causation, reasonableness, payment status, retainer terms, write-offs, whether fees relate to the State Court Action or this action, or whether fees are attributable to Mr. Seddio as opposed to other defendants, other claims, or unrelated issues. If Plaintiffs intend to seek attorneys' fees or legal expenses as damages against Mr. Seddio, and especially if Plaintiffs are now asserting malicious prosecution and special damages, Mr. Seddio is entitled to discovery into those issues. Plaintiffs' assertion that they have already produced invoices does not make our request for targeted discovery inaccurate or improper.

Fourth, with respect to the recusal allegations, Plaintiffs' proposed pleading repeatedly alleges that Mr. Seddio, with others, orchestrated or engineered judicial recusals and manipulated the State Court Action. Certainly, when you allege such behavior, you are also implying judicial collusion with Mr. Seddio, because why else are you saying it but to say "Mr. Seddio, because he is Mr. Seddio, influenced judges to recuse themselves." Regardless of your implications, we did not intend to suggest that Plaintiffs literally alleged that the state-court justices themselves conspired with Mr. Seddio. If Plaintiffs read the phrase that way, that is not the point being made. The point is that Plaintiffs' proposed pleading advances serious allegations that Mr. Seddio and others conspired or acted in concert to engineer recusals of multiple state-court justices and to manipulate the state-court proceedings. That is exactly the type of expanded and prejudicial theory into which Mr. Seddio is entitled to discovery if amendment is permitted.

In short, Plaintiffs' email does not identify a false statement requiring correction. It identifies disagreements with Mr. Seddio's characterization of Plaintiffs' proposed amendment, the prejudice arising from it, and the discovery that would be required if amendment is allowed.

Accordingly, Mr. Seddio will not file the "correction" Plaintiffs demand. To the extent Plaintiffs intend to submit an impermissible reply, please include this response so the Court has the full context.

Regards

**Brett A. Scher**
*Co-Managing Partner - Long Island Office, Chair of KD's Professional Liability Practice Group*

## KAUFMAN | DOLOWICH

135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Direct:   516-283-8705
Cell:     516-413-2997
Email:    bscher@kaufmandolowich.com



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Sent:** Wednesday, July 22, 2026 2:52 PM
**To:** Vinny Miletti <vmiletti@milettilaw.com>; Brett A. Scher <bscher@kaufmandolowich.com>
**Cc:** Babak Ghafarzade <bghafarzade@selendygay.com>; DeLucia, Eileen <EDeLucia@beneschlaw.com>; Bender, Sammi Roth <Srothbender@beneschlaw.com>
**Subject:** Metaxas v. Graubard, 25-cv-5844 (EK) (PCG) — Seddio Opposition Corrections

[EXTERNAL SENDER]

Vinny, Bret,

We write to notify you of multiple patently inaccurate assertions in your opposition to Plaintiffs' letter motion seeking leave to amend their complaint (ECF No. 157). We ask that you correct each of these incorrect statements immediately.

First, your assertion that Plaintiffs are now for the first time "inject[ing] allegations concerning their characterization of unrelated litigations" -- and characterization of these as "new 'pattern allegations'" -- is false. Plaintiffs' original complaint contained the ***exact same*** paragraphs regarding Seddio's conduct in other litigation which you claim to be somehow new. The only difference is their location in the proposed amended complaint—approximately 20 paragraphs later.  (*Compare* Compl. ¶¶ 118-123 *with* ECF No. 151-2 ¶¶142-147).

Second, your assertion that Plaintiffs are now "expand[ing]" and "enlgarg[ing] their *damages theory* to include purported 'millions' in legal expenses" (emphasis added) is false—the damages we seek from Mr. Seddio remain the same. The only difference is the number of claims which entitle us to those same damages. Plaintiffs' original complaint sought attorneys' fees from Seddio in connection with his violation of N.Y. Judiciary Law § 487 and abuse of process. (*See* Compl. ¶169 ("As a direct and proximate result of Seddio's misconduct, Plaintiffs have suffered actual damages, including substantial legal expenses to litigate both the sham State Court Action and this action, in an amount to be determined at trial."); ¶ 163 ("As a direct and proximate result of Seddio and Rubin's misconduct, Plaintiffs have suffered actual damages, including substantial legal expenses to litigate the sham State Court Action, in an amount to be determined at trial.")). While Plaintiffs had incurred "hundreds of thousands of dollars in legal fees" as of the timing of the original complaint in October 2025 (*see* Compl. ¶12), it should not be surprising that, after litigating this case for nine months, Plaintiffs' legal expenses have now surpassed a million dollars. This is not an expansion of Plaintiffs' "damages theory," rather an increase in legal fees incurred due to Plaintiffs' being forced to continue to litigate this action and the State Action since filing their original complaint.

Third, and relatedly, your letter claims you are in need of discovery into Plaintiffs' legal fees. However, you had the chance to and in fact received written discovery regarding Plaintiffs' attorney's fees. In fact, Plaintiffs have produced to all Defendants their attorney invoices to date, which includes both fees incurred in the state and federal matter. Nor is there any new type of damages claim - the special damages that Plaintiffs seek as a result of Mr. Seddio's malicious prosecution is the same $2 million Escrow Deposits that Plaintiffs have sought to recover throughout this matter.

Fourth, your assertion that Plaintiffs are now "claim[ing] that several state court justices 'conspired' with Mr. Seddio and others to delay proceedings, engineered judicial recusals and obstructed Plaintiffs' case" is false. We do not allege that Mr. Seddio "conspired" with any state court justices; rather, he himself orchestrated the state court justices' recusals on his own and/or in conjunction with the co-defendants. (*See, e.g.,* ECF No. 151-2 ¶¶155, 179, 211-221, 299). In addition to this false characterization, this is also not new: Plaintiffs alleged in their original complaint that Mr. Seddio "orchestrated the recusal of at least one judge in the State Court Action" (Compl. ¶ 168; *see also id*. at ¶¶ 93, 110, 114, 116) – a topic we explored extensively during your client's deposition.

Please advise by 5pm EST tomorrow July 23 whether you will correct your filing, as is required by your duty of candor to the Court, on or before noon on July 24. If you refuse or fail to do so, Plaintiffs will inform the court of these inaccuracies.

Best,
Lauren



Lauren Zimmerman
Partner
Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435
LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice