# TESSER | RYAN

## TESSER, RYAN & ROCHMAN LLP

Gregory J. Ryan ∗
Alexandra Lyras ‡
George Kontogiannis †
Randall Tesser ∗

Jackson Kerr •
Richard Grayson • ℂ
Lewis F. Tesser • ℰ
Irwin Rochman, *Dec'd.*

• *Admitted in NY*
∗ *Admitted in NY, NJ*
† *Admitted in NY, CT*
‡ *Admitted in NY, CT, DC*
ℂ *Of Counsel*
ℰ *Counsel Emeritus*

July 27, 2026

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

*Metaxas et al v. Graubard et al*
*25-cv-05844 (EK) (PCG)*

Dear Judge Cross-Goldenberg,

I represent defendant Mark David Graubard, Esq. I submit this letter in opposition to Plaintiffs' July 13, 2026 request for leave to amend and supplement the Complaint with respect to the proposed additional causes of action against Defendant Graubard.

Plaintiffs request permission to add three causes of action against Defendant Graubard: (1) abuse of process; (2) malicious prosecution; and (3) deceit and collusion under N.Y. Judiciary Law § 487.

Defendant Graubard opposes Plaintiffs' request to amend their complaint insofar as it seeks to add additional causes of action against Defendant Graubard.[1] The requested relief is untimely, prejudicial to Defendant Graubard, and futile.

Legal Standard

Where there is no court-ordered deadline for the amendment of pleadings, leave to amend is appropriately denied, *inter alia*, for undue delay, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Denial of leave to amend is appropriate where the motion is made after inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). "The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Id*.

---

[1] Although Defendant Graubard takes no position as to Plaintiffs' request to assert a cause of action against Chaskel Frankl, he is puzzled by this request. The undersigned informed Plaintiffs' counsel on or about June 11, 2026 that he had reason to believe that Chaskel Frankl was not actually the party who undertook the actions alleged in Defendant Graubard's third-party complaint and that Defendant Graubard anticipated withdrawing the third-party complaint. Indeed, on July 16, 2026, the third-party complaint was voluntarily dismissed.

# T|R  TESSER, RYAN & ROCHMAN LLP

A proposed amendment is futile if the added cause of action would fail to state a claim under Rule 12(b)(6). *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

If there is a deadline for amending pleadings pursuant to a scheduling order, leave to amend pleadings should only be granted upon a showing of good cause. *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009).

Although there was no court-ordered scheduling order which explicitly provided for a deadline for amendments of pleadings, <u>Plaintiffs themselves</u> proposed a deadline of February 27, 2026 for amendment of pleadings (ECF Doc. No. 22), which was relied on by the Parties and explicitly referenced by the Court. At a conference on February 11, 2026, the Court stated, (1) "there's a reason that the rules allow for the liberal amendment of pleadings *at the early stages of the case* and particularly in a case where the parties had already anticipated that amendments would still be permissible *at this time* [emphases added]*"* (Transcript of Conference at 6:6-10 (E.D.N.Y. Feb. 11, 2026)) and (2) "With respect to amendment and joinder, the parties had proposed a February 27, 2026 date" (*Id.* at 20:1-2).

Since the Court did not order this deadline, Defendant Graubard does not assert that Plaintiffs must meet the "good cause" standard; however, the explicit reliance on the proposed deadline by the Parties and the Court is clearly relevant to the analysis of whether there was undue delay and whether Defendant Graubard had reason to expect the assertion of additional claims against him.

<u>Additional Claims Against Defendant Graubard are Unduly Delayed, Without Satisfactory Explanation, and Prejudicial to Defendant Graubard</u>

Plaintiffs now assert causes of action, for the first time in this proceeding, that Defendant Graubard abused process by filing a December 8, 2025 TRO, by maliciously prosecuting Plaintiffs through the initiation of a litigation in Kings County, New York (the "State Court Action"), and for deceit and collusion under N.Y. Judiciary Law § 487.

Plaintiffs have made allegations that could have supported these claims much earlier in the litigation and have provided no satisfactory explanation for why these causes of action were not asserted sooner.

On February 11, 2026, Plaintiffs filed a motion for sanctions against Defendant Graubard in the State Court Action alleging the frivolity of several purportedly improper acts in the State Court Action including, *inter alia*, the December 8, 2025 TRO and correspondences to the court purportedly falsely stating that Defendant Graubard continued to possess and was capable of returning Plaintiffs' $2 million Escrow Deposits. *See* Affirmation of Lauren J. Zimmerman, Esq., in Support of Defendants' Motion for Sanctions Against Nominal Defendant Mark David Graubard, Esq. and Israel Goldberg, Esq. ¶¶ 27-34; 57-71; 75-83*, Olden LLC v. Angelo Metaxas and Pertshire Investments LP,* No. 505819/2025 (N.Y. Sup. Ct. Kings Cnty. Feb. 11, 2026), NYSCEF Doc. No. 195. Each of these allegations are also at issue here.

T|R  TESSER, RYAN & ROCHMAN LLP

Sanctions for frivolity are available under New York law for conduct that "(1) is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false. 22 NYCRR § 130.1.1(c). These standards are substantially related to the elements of a claim for abuse of process, *i.e.*, that regularly issued process is initiated by a party motivated to do harm without excuse or justification outside the legitimate ends of the process. *Board of Educ. Of Farmingdale Union Free School Dist. v. Farmingdale*, 38 N.Y. 397, 403 (1975).

Plaintiffs have offered no satisfactory explanation for why they waited five months to assert an abuse of process claim or a claim under Judiciary Law § 487 against Defendant Graubard when they asserted substantially similar claims against him in the State Court Action this past February.

More recently produced documents and/or testimony that Plaintiffs allege shows Defendant Graubard's counsel's involvement in Defendant Seddio's communications with the court and retention of counsel that resulted in the recusal of judges, does not sufficiently explain Plaintiffs' delay when Plaintiffs have been consistently alleging that Defendant Graubard colluded with, *inter alia*, Defendants Sprei and Seddio in the initiation and prosecution of the State Court Action. *See, e.g.* Complaint ¶¶ 11, 79.

Further, Defendant Graubard provided his final document production to Plaintiffs on March 31, 2026 (other than a single tax return which was produced on May 4, 2026), which has included all non-communications relevant to this action, as well as many communications for which privilege has been waived. Plaintiffs have confirmed, at least as early as May 18, 2026 that "Defendant Graubard has substantially completed his document production." Joint Status Report, Doc. No. 107.

The original Complaint in this action contained allegations that demonstrate that Plaintiffs were aware of, or had information and belief to assert, alleged facts that could ground purported causes of action for malicious prosecution.

The Complaint alleges that the State Court Action was a sham (Complaint ¶ 8), that "Seddio and Graubard again abused process and violated the law" (Complaint ¶ 11), and that "Seddio commenced the State Court Action in coordination with Graubard, Sprei, and Rubin" (Complaint ¶ 79).

Under these alleged facts, Plaintiffs could have initiated a malicious prosecution claim back in October, 2025 when they filed the Complaint. Plaintiffs have identified no newly discovered facts that would allow them to plead the elements of a malicious prosecution claim that they could not have pleaded on information and belief nine months ago, as demonstrated by the allegations they did make regarding essentially identical purported facts.

These delays are not benign. Defendant Graubard would be meaningfully prejudiced by an amendment of the Complaint at this late stage. Fact discovery has closed and depositions of Plaintiffs have concluded. Defendant Graubard had an opportunity to—and actually did—take

**T|R** TESSER, RYAN & ROCHMAN LLP

the testimony of the Plaintiffs, based on the allegations made in the Complaint. If additional claims were asserted against Defendant Graubard, he would be deprived of the opportunity to request documents from and depose Plaintiffs with respect to these additional claims and the affirmative defenses thereto; or would otherwise lead to significant expenses associated with reopening discovery for these purposes.

Additional Claims Against Defendant Graubard are Futile

*Abuse of Process Claim Would be Futile*

The December 8, 2025 TRO that Plaintiffs claim abused process was granted by Justice Monteleone, who stated that the "discontinuance of the [State Court Action] provides a pure question of law as to whether the trial court may direct the nominal defendant, an attorney, to provide evidence that he is in fact meeting his fiduciary responsibilities. State Court Action, NYSCEF Doc. No. 112. Defendant Graubard did not discontinue the State Court Action; he only sought relief from an order that he believed was rendered unenforceable by the discontinuance.

The alleged impropriety is that the application in support of the December 8, 2025 TRO did not identify an irreparable harm; however, a deficiency in a filing does not render the filing meritless or abusive of process. Instead, a claimant must show that the litigant, *inter alia*, intended to do harm without excuse or justification. *Curiano v. Suozzi,* 3. N.Y.2d 113, 116 (1984). An order that required Defendant Graubard to deposit or show proof of fiduciary funds he did not have would obviously cause irreparable harm to him as an attorney. His failure to plead this irreparable harm does not convert a merely purportedly deficient filing into an abusive one.

*Malicious Prosecution Would be Futile*

A malicious prosecution claim against Defendant Graubard would be futile because Defendant Graubard did not initiate an action against Plaintiffs. Plaintiffs assert virtually no actions by Defendant Graubard in support of its malicious prosecution claim. Instead, Plaintiffs rely entirely on actions undertaken by Defendants Sprei and Seddio in consultation and/or collaboration Defendant Graubard's one-time counsel, Yeshaya Gorkin, Esq. However, Mr. Gorkin, who has also represented and/or provided legal advice to Defendant Sprei, was not representing Mr. Graubard at the time that the State Court Action was filed. The State Court Action was filed on February 19, 2025. Mr. Gorkin was not consulted with or retained in connection with the State Court Action until mid-July, 2025. Deposition of Yeshaya Gorkin, 24:21-25; 25:1-3.

Further, Plaintiffs have not suffered "special injury", which is a required element under New York law to support a claim for malicious prosecution. *Engel v. CBS, Inc.*, 93 N.Y. 2d 195 (1999). The claimant must "abide some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." *Id.*, at 205. Plaintiffs proposed amended complaint conclusorily asserts that they have suffered special injury, but does not identify any such concrete harm.

T|R    TESSER, RYAN & ROCHMAN LLP

*Claim Under Judiciary Law § 487 Would be Futile*

Plaintiffs' requested claims against Defendant Graubard under Judiciary Law § 487 would be futile because "Judiciary Law § 487 applies only to attorneys acting as such. It does not apply to parties in an action who also happen to be attorneys." *Melcher v. Greenberg Traurig LLP*, 2015 NY Slip Op 30855(U), at *5 (N.Y. Sup. Ct. N.Y. Cnty. 2015). *See Crown Associates, Inc. v. Zot, LLC*, 83 A.D.3d 765, 768 (2d Dept. 2011); *Barrows v. Alexander*, 78 A.D.3d 1693, 1693 (4th Dept. 2010); *Oakes v. Muka*, 56 A.D.3d 1057, 1058 (3d Dept. 2008).

Plaintiffs have not asserted that Defendant Graubard was acting in his capacity as an attorney in relation to the State Court Action; indeed, he was not.

Conclusion

For the reasons stated above, Defendant Graubard respectfully requests that Plaintiffs' request for leave to amend the Complaint to assert additional causes of action against Defendant Graubard be denied.


Respectfully submitted,


/s/ *Randall Tesser*
Randall Tesser


Cc: All Counsel and Parties (via ECF)