# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X    Index No. 1:25-cv-5844

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

                  *Plaintiff,*

    -against-

MARK DAVID GRAUBARD, ESQ. d/b/a
M.DAVID GRAUBARD,
YESCHIEL SHIMON "SAM" SPREI,
FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,

                  *Defendants.*

-------------------------------------------------------------------X

### DEFENDANT YESCHIEL SHIMON "SAM" SPREI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant **Yeschiel Shimon "Sam" Sprei** ("Defendant" or "Sprei"), by and through his undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds and objects to Plaintiffs' First Requests for Production of Documents as follows.

These Responses are limited to **Requests for Production Nos. 4, 5, 6, 7, 19, 20, and 22**, which the parties agreed remain relevant following the Court's limitation of the remaining discovery to issues concerning damages and the tracing of allegedly transferred funds. Those Requests principally seek documents relating to Defendant's business interests, financial accounts, financial transactions, assets, insurance coverage, and documents Defendant presently intends to rely upon in this litigation.

### PRELIMINARY STATEMENT

These Responses are made after a reasonable search and inquiry based upon the information and documents presently known to Defendant and those presently within Defendant's possession, custody, or control.

Defendant's investigation, collection, review, and production of electronically stored information ("ESI") and hard-copy documents remain ongoing. Accordingly, these Responses are based upon information presently available after a reasonable inquiry and are made subject to Defendant's continuing obligation to supplement or amend pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional responsive documents later be identified.

Defendant has interpreted each Request reasonably and in good faith, consistent with the Federal Rules of Civil Procedure, the Local Civil Rules of the Eastern District of New York, and the Court's prior Orders limiting the remaining scope of discovery. To the extent any Request is susceptible to more than one reasonable interpretation, Defendant has responded according to the interpretation reasonably adopted by Defendant.

Whenever Defendant states that documents will be produced, Defendant means responsive, nonprivileged documents presently located after a reasonable search and within Defendant's possession, custody, or control. Defendant does not undertake to produce documents that are not within his possession, custody, or control or that are equally available to Plaintiffs from public records, third parties, or Plaintiffs themselves.

The production of documents pursuant to these Responses shall not constitute an admission regarding the authenticity, admissibility, relevance, materiality, ownership, legal significance, or evidentiary weight of any document or the truth of any matter asserted therein.

## RESERVATION OF RIGHTS

By serving these Responses and producing documents, Defendant does not concede that any Request seeks information within the permissible scope of discovery under Rule 26(b)(1), nor does Defendant concede the relevance, proportionality, admissibility, authenticity, materiality, or legal significance of any document produced.

Defendant expressly reserves the continuing right to amend, supplement, clarify, modify, or withdraw any Response or Objection as additional information becomes available, as discovery progresses, or as otherwise permitted by Rule 26(e) and any subsequent Order of the Court.

No production of documents shall constitute a waiver of any objection, privilege, immunity, protection, or defense available under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any applicable statute or common law doctrine. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege or protection and shall be governed by Federal Rule of Evidence 502 and any applicable claw-back agreement or Order entered in this action.

## DOCUMENT PRODUCTION STATEMENT

Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, Defendant states as follows:

Unless otherwise expressly stated in an individual Response, Defendant will produce responsive, nonprivileged documents located after a reasonable search that are within Defendant's possession, custody, or control.

Where Defendant objects to a particular Request but nevertheless agrees to produce documents subject to those objections, Defendant is producing only those responsive, nonprivileged documents that fall within the reasonable scope of the Request as construed by Defendant in light of the objections asserted. By producing documents subject to stated objections, Defendant does not waive, and expressly preserves, each objection asserted herein.

Unless otherwise expressly stated in an individual Response, Defendant is not withholding responsive, nonprivileged documents solely on the basis of any General Objection asserted below. To the extent responsive documents are withheld pursuant to a specific objection, including but

not limited to the attorney client privilege, the work product doctrine, the common interest doctrine, the joint defense doctrine, or any other applicable privilege, immunity, or protection, Defendant will identify such withheld documents in a privilege log at the time required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any Order of the Court.

Defendant's production is based upon documents presently located after a reasonable and good faith search. Defendant expressly reserves the continuing right to supplement, amend, correct, or modify these Responses and to produce additional responsive documents as they are identified or become available pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

The production of any document in response to these Requests shall not constitute an admission regarding the authenticity, admissibility, relevance, materiality, ownership, legal significance, completeness, or evidentiary weight of that document or any fact contained therein. Nor shall such production constitute a waiver of any privilege, objection, immunity, defense, or other protection available under applicable law.

The inadvertent production of any privileged or protected document or electronically stored information shall not constitute a waiver of any applicable privilege or protection and shall be governed by Federal Rule of Evidence 502, any applicable claw back agreement between the parties, and any Order entered by this Court.

## ESI AND SEARCH METHODOLOGY STATEMENT

Defendant has undertaken a reasonable and good faith search for documents and electronically stored information ("ESI") responsive to the Requests for Production that remain at issue following the Court's limitation of discovery. That search has included documents and information maintained in locations reasonably believed to contain responsive materials, including

paper files, electronic files, email accounts, financial records, and other sources within Defendant's possession, custody, or control.

Defendant's search has been conducted using methods reasonably calculated to locate responsive information under the circumstances of this litigation. The fact that a particular document is not produced does not necessarily mean that it never existed, once existed but is no longer within Defendant's possession, custody, or control, was not located despite a reasonable search, is protected from disclosure by an applicable privilege or immunity, or is otherwise outside the permissible scope of discovery under Rule 26(b)(1).

Defendant has not intentionally withheld any responsive, nonprivileged documents within his possession, custody, or control that are responsive to the Requests addressed herein, except to the extent documents are withheld pursuant to the specific objections asserted in these Responses, including claims of privilege, work product protection, confidentiality, or other applicable legal protections.

To the extent responsive documents are maintained by third parties, financial institutions, accountants, business entities, former custodians, or other persons over whom Defendant does not have possession, custody, or legal control within the meaning of Rule 34, Defendant does not concede any obligation to obtain or produce such materials, although Defendant will continue to make reasonable efforts to identify responsive documents within his possession, custody, or control.

Defendant's document collection and review remain ongoing. If additional responsive, nonprivileged documents are identified following the service of these Responses, Defendant will supplement his production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

Nothing contained in this Statement shall be construed as expanding Defendant's obligations under the Federal Rules of Civil Procedure or as waiving any objection asserted in these Responses.

## GENERAL OBJECTIONS

Defendant incorporates each of the following General Objections into each individual Response as though fully set forth therein. The assertion of a General Objection with respect to any particular Request shall not be construed as limiting any additional objection specifically asserted in response to that Request. The failure to assert any particular General Objection in response to an individual Request shall not be deemed a waiver of that objection.

**1. Rule 26(b)(1).** Defendant objects to each Request to the extent it seeks documents or information outside the permissible scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including information that is not relevant to any claim or defense remaining in this action, is not proportional to the needs of the case, or exceeds the scope of discovery permitted by the Court's prior Orders limiting discovery to issues concerning damages and the tracing of allegedly transferred funds.

**2. Overbreadth.** Defendant objects to each Request to the extent it is overbroad in subject matter, temporal scope, geographic scope, or the categories of documents sought, and therefore imposes an unreasonable and disproportionate burden.

**3. Vagueness and Ambiguity.** Defendant objects to each Request that employs vague, ambiguous, undefined, internally inconsistent, or overly broad terms, including but not limited to undefined phrases such as "concerning," "relating to," "all documents," "authority," "purpose," or similar expansive terminology. Defendant has interpreted each Request reasonably and in good faith.

**4. Attorney Client Privilege.** Defendant objects to each Request to the extent it seeks documents or communications protected by the attorney client privilege.

**5. Attorney Work Product.** Defendant objects to each Request to the extent it seeks documents, communications, mental impressions, litigation strategy, legal theories, notes, memoranda, or other materials protected by the work product doctrine under Rule 26(b)(3).

**6. Common Interest / Joint Defense.** Defendant objects to each Request to the extent it seeks documents protected by the common interest doctrine, joint defense privilege, or any other applicable privilege or immunity recognized under federal or state law.

**7. Confidential Commercial Information.** Defendant objects to each Request to the extent it seeks confidential business information, proprietary commercial information, trade secrets, financial information, investment information, ownership information, or other confidential commercial materials, except pursuant to the Protective Order entered in this action.

**8. Personal Financial Privacy.** Defendant objects to each Request to the extent it seeks confidential personal financial information, banking information, tax information, or other sensitive personal information concerning Defendant, Defendant's spouse, or third parties that is unrelated to the remaining issues in this litigation or exceeds the scope of permissible discovery.

**9. Possession, Custody, or Control.** Defendant objects to each Request to the extent it seeks documents that are not within Defendant's possession, custody, or control as contemplated by Rule 34 of the Federal Rules of Civil Procedure.

**10. Third Party Documents.** Defendant objects to each Request to the extent it seeks documents maintained by third parties, including financial institutions, accountants, attorneys, business entities, former custodians, or other persons over whom Defendant lacks legal possession, custody, or control.

**11. Publicly Available Documents.** Defendant objects to each Request to the extent it seeks documents that are equally available to Plaintiffs from public records, governmental agencies, publicly filed corporate records, court dockets, or other publicly available sources.

**12. Duplicative Requests.** Defendant objects to each Request to the extent it seeks documents already produced, documents that will be produced in response to another Request, or documents equally available to Plaintiffs through discovery obtained from other parties or nonparties.

**13. Electronically Stored Information.** Defendant objects to each Request to the extent it seeks electronically stored information that is not reasonably accessible because of undue burden or cost within the meaning of Rule 26(b)(2)(B).

**14. Metadata and Native Files.** Defendant objects to each Request to the extent it seeks metadata, system information, audit trails, deleted files, forensic images, backup media, or native electronic files beyond the requirements of the Federal Rules, the parties' ESI protocol (if any), or any Order of the Court.

**15. Continuing Investigation.** Defendant's document collection, review, and investigation remain ongoing. These Responses are based upon documents presently located following a reasonable search. Defendant expressly reserves the continuing right to supplement, amend, or modify these Responses and productions pursuant to Rule 26(e).

**16. No Admission.** The production of any document shall not constitute an admission regarding the authenticity, admissibility, relevance, ownership, control, materiality, legal significance, or evidentiary weight of that document or any statement contained therein.

**17. Inadvertent Production.** The inadvertent production of privileged or protected documents shall not constitute a waiver of any privilege, immunity, or protection and shall be governed by

Federal Rule of Evidence 502, the Protective Order entered in this action, and any applicable claw back agreement between the parties.

**18. Specific Objections Preserved.** The foregoing General Objections are incorporated into each individual Response. The assertion of a specific objection in response to any individual Request shall not be construed as limiting, modifying, or waiving any applicable General Objection. Likewise, the omission of any particular General Objection from an individual Response shall not constitute a waiver of that objection.

## REQUEST FOR PRODUCTION NO. 4

**Request No. 4**

Documents sufficient to show all corporate entities (whether corporations, limited liability companies, partnerships, or any other corporate forms), including CPE Member LLC, Esther Equities LLC, Olden LLC, Olden Group LLC, Shefa Holdings LLC, Surf 9 LLC, Queen Equities LLC, WHP Equities LLC, and 536 Holdings LLC, in which You have held any direct or indirect ownership interest (whether as a shareholder, member, or otherwise) or held any management role during the Relevant Period, and for each such entity:

(a) its place of incorporation;

(b) its date of incorporation;

(c) its organizational documents, including but not limited to articles of incorporation, bylaws, limited liability company agreements, and/or partnership agreements;

(d) a list of all its shareholders, members, or partners;

(e) a list of all its managers, officers, and/or directors; and

(f) a list of all its parents, subsidiaries, and affiliates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Defendant objects to this Request to the extent it seeks documents that are not relevant to the claims and defenses remaining in this action, are not proportional to the needs of the case, or exceed the scope of discovery authorized by Rule 26(b)(1) of the Federal Rules of Civil Procedure and the Court's Orders limiting discovery to issues concerning damages and the tracing of allegedly transferred funds.

Defendant further objects to the Request as overbroad insofar as it seeks documents relating to **all** entities in which Defendant may have held any direct or indirect ownership interest or management role during the Relevant Period, without limiting the Request to entities that allegedly received, transferred, possessed, controlled, or otherwise had any connection to the funds at issue in this litigation.

Defendant further objects to the phrase **"indirect ownership interest"** as vague and ambiguous because it does not specify whether Plaintiffs seek beneficial interests, contingent interests, interests held through trusts or intermediary entities, contractual rights, or other forms of indirect economic participation.

Defendant further objects to the Request to the extent it seeks confidential, proprietary, commercially sensitive, or private business information concerning separate legal entities or third parties whose information has no demonstrated relevance to the remaining issues in this litigation. Any responsive confidential information produced by Defendant shall be produced subject to the Protective Order entered in this action.

Defendant further objects to the Request to the extent it seeks documents equally available to Plaintiffs through publicly available records maintained by the Secretaries of State or other governmental agencies.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, nonprivileged documents within his possession, custody, or control sufficient to identify the entities responsive to this Request, including organizational documents and records sufficient to identify each entity's jurisdiction of formation, date of formation, ownership structure, and management, to the extent such documents are relevant to the remaining issues in this litigation and are within Defendant's possession, custody, or control.

Defendant will produce such responsive documents contemporaneously with these Responses or on a rolling basis as the continuing document review is completed.

Except for documents withheld on the basis of the attorney-client privilege, the work product doctrine, the common interest doctrine, or other applicable privilege or protection, **Defendant is not withholding any responsive nonprivileged documents on the basis of the objections asserted above.**

## REQUEST FOR PRODUCTION NO. 5

**Request No. 5**

Documents sufficient to identify all bank accounts held, owned, or controlled by You, Your spouse, if any, or any of the entities You identified in response to Request No. 4 during the Relevant Period, and for each account, identify the bank in which the account is or was held, the bank address, account type, account number, date the account was opened, date the account was closed (if applicable), and all authorized users on each bank account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Defendant objects to this Request to the extent it seeks documents or information beyond the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure or beyond the Court's limitation of discovery to issues concerning damages and the tracing of allegedly transferred funds.

Defendant further objects to this Request as overbroad and disproportionate because it seeks documents concerning **every** bank account allegedly held, owned, or controlled by Defendant, Defendant's spouse, or every affiliated entity during the Relevant Period, regardless of whether such account has any connection whatsoever to the transactions, funds, or damages at issue in this litigation.

Defendant further objects to the Request insofar as it seeks documents relating to accounts maintained exclusively by Defendant's spouse or by legally separate entities over which Defendant lacks possession, custody, control, access, signatory authority, or sufficient personal knowledge. Defendant cannot produce documents that are not within his possession, custody, or control within the meaning of Rule 34.

Defendant further objects to the Request insofar as it seeks disclosure of complete account numbers, security credentials, routing information, or other sensitive banking information, the disclosure of which would unnecessarily compromise Defendant's financial privacy and security. Any responsive banking documents produced by Defendant may contain appropriately limited redactions of complete account numbers or other highly sensitive identifying information where such redactions do not affect the substantive information sought.

Defendant further objects to the Request to the extent it seeks confidential banking information unrelated to the remaining claims in this litigation or protected by applicable privacy interests of Defendant or third parties.

Defendant further objects to the extent the Request seeks documents that are equally available from financial institutions through subpoena or that are maintained exclusively by third-party banking institutions and are not within Defendant's possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, nonprivileged documents within his possession, custody, or control sufficient to identify bank accounts reasonably related to the remaining issues in this litigation, including documents sufficient to identify the financial institution, account type, account holder, and other responsive information reasonably available to Defendant.

To the extent responsive account opening documents, signature cards, account statements, or other banking records exist within Defendant's possession, custody, or control and are relevant to the remaining issues in this litigation, such documents will be produced contemporaneously with these Responses or on a rolling basis as Defendant's continuing document review proceeds.

Except for documents withheld pursuant to the attorney-client privilege, the work product doctrine, the common interest doctrine, or other applicable privilege or protection, **Defendant is not withholding any responsive nonprivileged documents on the basis of the objections asserted above.**

## REQUEST FOR PRODUCTION NO. 6

**Request No. 6**

All Documents and Communications concerning the wire transfer on May 7, 2025, from Graubard's IOLA to an account belonging to "Seddio Associates, P.C.," in the amount of $12,500.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or any other applicable privilege, immunity, or protection recognized under federal or state law.

Defendant further objects to the Request to the extent it seeks communications reflecting litigation strategy, legal advice, attorney mental impressions, opinions, legal research, or confidential communications exchanged between Defendant and counsel, or among counsel representing Defendant or other parties, regardless of whether such communications concern the referenced wire transfer.

Defendant further objects to the extent the Request seeks documents that are not within Defendant's possession, custody, or control, including records maintained exclusively by financial institutions, escrow agents, or third parties.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, nonprivileged documents within his possession, custody, or control concerning the referenced May 7, 2025 wire transfer, including any nonprivileged financial records, wire confirmations, bank records, correspondence transmitting the wire, or other nonprivileged documents sufficient to reflect the existence and occurrence of the transaction.

To the extent responsive communications contain both privileged and nonprivileged information, Defendant will produce the nonprivileged portions, where reasonably segregable, with privileged material appropriately redacted. Documents withheld in whole or in part on the basis of privilege will be identified in a privilege log at the time required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any Order of this Court.

Except for documents withheld pursuant to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or other applicable privilege or protection, **Defendant is not withholding any responsive nonprivileged documents on the basis of the objections asserted above.**

**REQUEST FOR PRODUCTION NO. 7**

**Request No. 7**

All Documents and Communications concerning any Transactions between You or any entity identified in Your response to Request No. 4, on the one hand, with CPE Member LLC, Esther Equities LLC, Frankl, Graubard, King, Kobre, Montclare, Montclare & Wachtler, Rubin, Seddio, Seddio & Associates, Wachtler, WHP Equities LLC, 536 Holdings LLC, or any attorney acting on their behalf, on the other hand, and for each such Transaction:

(a) the date of the Transaction;

(b) the Individual who initiated the Transaction;

(c) the counterparty to the Transaction;

(d) the amount of the Transaction;

(e) the Authority for the initiation and completion of the Transaction; and

(f) the Purpose of the Transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Defendant objects to this Request to the extent it seeks documents or communications beyond the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure or beyond the Court's Orders limiting discovery to issues concerning damages and the tracing of allegedly transferred funds.

Defendant further objects because the Request is facially overbroad and disproportionate insofar as it seeks **all** documents and communications concerning **any** transaction between Defendant or numerous affiliated entities and a lengthy list of individuals, attorneys, law firms, and business entities, without limiting the Request to transactions involving the Escrow Deposits, the funds allegedly transferred by Plaintiffs, or any other transaction reasonably related to the claims and defenses remaining in this litigation.

Defendant further objects to the Request because it seeks documents concerning routine business dealings, unrelated commercial transactions, legal fee payments, ordinary banking activities, and other financial or business matters having no connection to the issues remaining before the Court.

Defendant further objects to the extent the Request seeks documents or communications protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or any other applicable privilege, immunity, or protection recognized under federal or state law.

Defendant further objects to the Request to the extent it seeks communications reflecting legal advice, litigation strategy, attorney mental impressions, or confidential communications between Defendant and counsel or among counsel representing Defendant or other parties.

Defendant further objects to the extent the Request seeks documents concerning entities or accounts over which Defendant does not have possession, custody, or control within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

Defendant further objects to the Request insofar as it seeks confidential commercial information, proprietary business information, banking information, or private financial information relating to separate legal entities or third parties whose information bears no demonstrated relevance to the remaining issues in this litigation. Any responsive confidential information produced by Defendant shall be produced subject to the Protective Order entered in this action.

Subject to and without waiving the foregoing objections, Defendant construes this Request as seeking documents concerning transactions occurring during the Relevant Period that are reasonably related to the issues of damages or the tracing of funds remaining in this litigation. Under that construction, Defendant will produce responsive, nonprivileged documents within his possession, custody, or control, including, where applicable, bank records, wire confirmations, account statements, transaction records, correspondence transmitting nonprivileged financial information, and other nonprivileged documents sufficient to identify the date, originating party, counterparty, amount, and general nature of responsive transactions.

To the extent responsive documents consist of financial records maintained by banks or other financial institutions that are not within Defendant's possession, custody, or control, Defendant will produce such responsive records as are presently available to him after a reasonable search but does not concede any obligation to obtain documents maintained exclusively by third parties.

To the extent responsive communications contain both privileged and nonprivileged information, Defendant will produce the nonprivileged portions, where reasonably segregable, with privileged material appropriately redacted. Documents withheld in whole or in part on the basis of privilege or other applicable protection will be identified in a privilege log in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules, and any Order of this Court.

Defendant further refers Plaintiffs to the responsive financial records produced or to be produced in response to this Request, as well as to the documents referenced in Defendant's Response to Interrogatory No. 7, which identify the transactions presently known following Defendant's reasonable investigation.

Except for documents withheld pursuant to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or other applicable privilege or protection, **Defendant is not withholding any responsive nonprivileged documents on the basis of the objections asserted above.**

**REQUEST FOR PRODUCTION NO. 19**

**Request No. 19**

Documents sufficient to show the amount of unencumbered cash as well as the value of any marketable securities, secured, capital, or liquidatable assets, and liabilities presently held by You, Your spouse, if any, or any of the entities identified in Your response to Request No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Defendant objects to this Request to the extent it seeks documents beyond the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure or beyond the Court's Orders limiting discovery to issues concerning damages and the tracing of allegedly transferred funds.

Defendant further objects because the Request is vague and ambiguous. The terms **"unencumbered cash," "marketable securities," "secured assets," "capital," "liquidatable assets,"** and **"presently held"** are undefined and susceptible to multiple reasonable interpretations.

Defendant further objects because the Request seeks a comprehensive disclosure of Defendant's personal financial condition, as well as the financial condition of Defendant's spouse and numerous legally distinct business entities, without limiting the Request to assets allegedly derived from, connected to, or traceable to the funds at issue in this litigation.

Defendant further objects to the extent the Request seeks documents concerning assets owned exclusively by Defendant's spouse or by legally separate entities over which Defendant lacks possession, custody, or control within the meaning of Rule 34.

Defendant further objects because the Request seeks confidential financial information, proprietary business information, banking information, investment information, and other highly sensitive financial records that are entitled to protection from unnecessary disclosure. Any responsive documents produced shall be subject to the Protective Order entered in this action.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, nonprivileged documents within his possession, custody, or control sufficient to identify material assets and liabilities reasonably related to the remaining issues in this litigation, including responsive financial statements, account statements, ownership records, loan documents, lien records, or other nonprivileged documents sufficient to reflect such information, to the extent such documents exist and are within Defendant's possession, custody, or control.

Defendant's production shall not be construed as an admission regarding the accuracy, valuation, ownership, collectability, liquidity, fair market value, or legal significance of any asset or liability reflected in the produced documents. Asset values fluctuate over time and may depend upon future market conditions, appraisals, tax consequences, contractual restrictions, or other factors beyond Defendant's present knowledge.

Except for documents withheld pursuant to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or other applicable privilege or protection, **Defendant is not withholding any responsive nonprivileged documents on the basis of the objections asserted above.**

## REQUEST FOR PRODUCTION NO. 20

**Request No. 20**

All insurance policies, indemnification agreements, reservation of rights letters, or other documents concerning insurance coverage that may provide coverage for the claims asserted in this action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Defendant objects to this Request to the extent it seeks documents beyond those discoverable under Rule 26(a)(1)(A)(iv) or Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Defendant further objects to the Request to the extent it seeks communications between Defendant and any insurer, insurance broker, insurance representative, claims administrator, or counsel that are protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or any other applicable privilege or protection.

Defendant further objects to the extent the Request seeks documents relating to insurance policies or agreements that could not, as a matter of law, satisfy all or part of a judgment entered in this action or reimburse payments made to satisfy such a judgment, as such documents are not relevant to the claims or defenses remaining in this litigation.

Subject to and without waiving the foregoing objections, Defendant will produce any responsive, nonprivileged insurance policies, agreements, or other documents within his possession, custody, or control that are responsive to Rule 26(a)(1)(A)(iv) and that may provide insurance coverage for the claims asserted in this action.

To the extent responsive reservation of rights letters, denial letters, or similar insurance coverage documents exist and are nonprivileged, Defendant will produce such documents to the extent they relate to insurance coverage applicable to the claims asserted in this litigation.

Documents withheld in whole or in part on the basis of the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection will be identified in a privilege log at the time required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any Order of this Court.

Except for documents withheld pursuant to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or other applicable privilege or protection, **Defendant is not withholding any responsive nonprivileged documents on the basis of the objections asserted above.**

**REQUEST FOR PRODUCTION NO. 22**

**Request No. 22**

All Documents You intend to rely upon in support of Your defenses, counterclaims, affirmative defenses, or any motion, hearing, trial, or other proceeding in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Defendant objects to this Request to the extent it is premature because discovery remains ongoing, expert discovery has not been completed, dispositive motions have not yet been filed, and Defendant has not completed the investigation, evaluation, or preparation of his claims and defenses. Accordingly, Defendant has not made a final determination regarding all documents that may ultimately be relied upon at deposition, motion practice, trial, or any other proceeding in this action.

Defendant further objects because the Request improperly seeks disclosure of attorney mental impressions, legal strategy, litigation strategy, and counsel's selection and compilation of documents, all of which are protected by the attorney work product doctrine and other applicable privileges.

Defendant further objects to the extent the Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or any other applicable privilege, immunity, or protection recognized under federal or state law.

Subject to and without waiving the foregoing objections, Defendant will produce responsive, nonprivileged documents presently known to Defendant that support his defenses and that are within his possession, custody, or control, to the extent such documents have not already been produced or will be produced in response to other Requests for Production.

Defendant further identifies the following categories of documents that Defendant presently anticipates may be relied upon, to the extent relevant:

1. Documents produced by Defendant in response to Plaintiffs' Requests for Production;
2. Documents identified in Defendant's Responses to Plaintiffs' Interrogatories;
3. Documents produced by Plaintiffs or third parties during discovery;
4. Deposition transcripts and exhibits;
5. Documents obtained through subpoenas or third-party discovery;
6. Public records;
7. Financial records, banking records, wire transfer records, corporate records, and business records relevant to the remaining issues in this litigation;
8. Documents used for impeachment or rebuttal, to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence; and
9. Expert materials and expert disclosures served in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

Because discovery remains ongoing, Defendant expressly reserves the right to supplement, amend, or modify this Response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, including by identifying additional documents that may become relevant or appropriate for use during discovery, motion practice, or trial.

Except for documents withheld pursuant to the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense doctrine, or other applicable privilege or protection, **Defendant is not withholding any responsive nonprivileged documents on the basis of the objections asserted above.**

## CONCLUSION

Defendant has conducted a reasonable inquiry and a good-faith search for responsive documents presently within his possession, custody, or control. These Responses and Objections are made in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure based upon the information presently known and reasonably available to Defendant after such inquiry.

Defendant expressly reserves the continuing right to amend, supplement, clarify, or modify these Responses and Objections pursuant to Rule 26(e) of the Federal Rules of Civil Procedure as additional information or responsive documents become known or are discovered during the course of this litigation.

The production of any document or the assertion of any objection shall not constitute an admission concerning the relevance, materiality, admissibility, authenticity, ownership, accuracy, legal effect, or evidentiary significance of any document or information, nor shall it constitute a waiver of any privilege, immunity, protection, objection, defense, or other right available under applicable law.

Nothing contained herein shall prejudice Defendant's right to object to the admissibility of any document, testimony, or evidence at any hearing, motion, or trial, or to rely upon additional documents obtained through discovery, subpoena, investigation, expert discovery, impeachment,

rebuttal, or otherwise permitted by the Federal Rules of Civil Procedure, the Federal Rules of

Evidence, or any Order of this Court.

Dated: Garden City, New York
      July 29, 2026

                                        EMOUNA & MIKHAIL, PC.

                                        *Matin Emouna*

                                        MATIN EMOUNA, ESQ.
                                        100 Garden City Plaza., Suite 520
                                        Garden City, N.Y. 11530
                                        Tel (516) 877-9111
                                        memouna@emiklaw.com

                                        *Attorneys for Defendant Sprei*

## VERIFICATION

Yeschiel Shimon "Sam" Sprei, hereby affirm and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Defendant in the above-captioned action. I have read the foregoing Responses and Objections to Plaintiffs' First Requests for Production of Documents. The factual statements contained therein are true and correct to the best of my knowledge, information, and belief after a reasonable inquiry, except as to matters stated upon information and belief, and as to those matters, I believe them to be true. I understand that these Responses are made subject to the continuing duty to supplement under Rule 26(e) of the Federal Rules of Civil Procedure.

Dated: Garden City, New York
     July    29  2026

                                       _____
                                 Yeschiel Shimon "Sam" Sprei