# Exhibit 1

Case 1:25-cv-05844-EK-PCG    Document 169-1    Filed 07/31/26    Page 2 of 5 PageID #: 2621

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SHIMON AVRAHAMI,

                              Plaintiff,

- against -

SAM SPREI aka SHIMON SPREI aka SHIMMY
SPREI, and RACHEL SPREI

                              Defendants.

Index No.

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK      )
                                      :SS:
COUNTY OF NEW YORK   )

I, Sam Sprei, am a defendant herein and hereby affirm (I do not swear for religious reasons), being duly deposed, the following to be true under the penalty of perjury:

1.    On behalf of myself and the Defendants, I hereby confess judgment herein and authorize entry thereof against myself and all the Defendants in the sum of $900,000.00 (NINE HUNDRED THOUSAND DOLLARS AND 00/100) less any amount previously paid by the Defendants under the Settlement Agreement with an Effective Date of February 8, 2024, plus attorneys' fees and expenses incurred in connection with any collection efforts as a result of Defendants' default under said Settlement Agreement. (A true and correct copy of the Settlement Agreement is annexed hereto Exhibit "A" and its terms are incorporated herein).

2.    The debt reflected in any judgment that is entered pursuant to this confession shall be a joint debt of all Defendants and may be enforced joint and severally against any or all Defendants named herein.

3.    The debt reflected in any judgment that is entered pursuant to this confession shall be enforceable against any limited liability company, corporation, or business entity organized and

1

Case 1:25-cv-05844-EK-PCG Document 169-1 Filed 07/31/26 Page 3 of 5 PageID #: 2622

duly existing under the laws of the State of New York, whereby Defendants are an owner, shareholder, member or have an interest therein.

4. I hereby authorize plaintiff SHIMON AVRAHAMI (the "Plaintiff") to enter judgment against me, and against Defendants, joint and severally, or against any limited liability company, corporation, or business entity duly existing under the laws of the State of New York, whereby Defendants are an owner, shareholder, member or have an interest therein.

5. Defendants' primary residence is located at 1362 54th Street, Brooklyn, NY 11219.

6. I authorize Plaintiff, his heirs, executors, administrators, or assigns to enter judgment in the sum of $ 900,000.00 (NINE HUNDRED THOUSAND DOLLARS AND 00/100), less any amount previously paid from the Effective Date of the Settlement Agreement, in the Supreme Court of the State of New York, County of Kings, which is the county in which Defendants reside.

7. This confession of judgment arises from a debt due to Plaintiff arising from debts and monies owed by me and Defendants to Plaintiff relating to real estate transactions, and breaches of agreements thereafter, as set forth in the Settlement Agreement (Ex. A) executed by me, Defendants, and Plaintiff, the terms of which are expressly incorporated herein.

8. This Affidavit may be filed ex parte by Plaintiff, without further notice. Interest shall accrue of 15% per annum on the Judgment, and reasonable attorneys' fees, costs, and disbursements are to be included as agreed-upon by me, under the Settlement Agreement.

9. This Confession of Judgment is for a joint debt justly due by me and Rachel Sprei to the Plaintiff arising out of the Settlement Agreement.

10. Pursuant to the Settlement Agreement, I have agreed to pay the amounts described in paragraphs 1 and 6 above.

Case 1:25-cv-05844-EK-PCG    Document 169-1    Filed 07/31/26    Page 4 of 5 PageID #: 2623

11.     I executed this Affidavit pursuant to the provisions of the Settlement Agreement and expressly agreed that Plaintiff may enter judgment of confession against me for the amount stated in Paragraphs 1 and 6 above.

12.     Upon timely and full payment of the Payment Obligations pursuant to the terms of the Settlement Agreement, this confession of judgment shall be void.

13.     This confession of judgment does not relate to a consumer debt.

14.     This confession of judgment is for a debt justly due to the Plaintiff arising from the following facts:

On or about December 2019, I induced Plaintiff to invest Six Hundred Thousand ($600,000.00) Dollars into a real estate transaction involving the property located at and known as 345 Ovington Avenue, Brooklyn, NY (the "Ovington Property").

Defendants, through related entities and/or transfers, without consent or legal authority, have retained a significant portion of Plaintiff's intended investment into the Ovington Property and that transaction was never consummated; instead, Defendants have directly or indirectly retained Plaintiff's investment without legal basis or authorization.

On or about November 2019, I induced Plaintiff to invest Five Hundred Thousand ($500,000.00) Dollars into a real estate transaction involving the property located at and known as 330 Carter Road, Princeton NJ (the "Carter Road Property").

Defendants, through related entities and/or transfers, without consent or legal authority, have retained a significant portion of Plaintiff's intended investment into the Carter Road Property and that transaction was never consummated; instead Defendants have directly or indirectly retained Plaintiff's investment without legal basis or authorization.

Since inducing and directly or indirectly retaining Plaintiff's investments in the Ovington Property and the Carter Road Property, totaling $1.1 Million, Plaintiff and I have entered into settlement agreements related to the funds Plaintiff invested in both properties that I have improperly retained without legal basis or authorization, the settlement agreements provide that I owe and will return the monies induced and retained (directly or indirectly) by Defendants, including that I have agreed to pay interest of 10% per annum on the $500,000 from Carter Road Property and 15% per annum on the $600,000 from Ovington Property, amounting to approximately $350,000 in interest.

I have failed to pay the full amounts due and owing in the settlement agreements previously entered into, which consists of the amount invested and improperly retained by Sprei Parties of $1,100,000, interest accrued to date is approximately $350,000, and attorney's fees and costs are

Case 1:25-cv-05844-EK-PCG    Document 169-1    Filed 07/31/26    Page 5 of 5 PageID #: 2624

approximately $150,000, minus the approximate amount of $700,000 I have cause to be paid to Avrahami to date, so that the outstanding debt I (and Defendants) owe Avrahami as of the Effective Date of the Settlement Agreement, amounts to $900,000.00.

As a result of the foregoing, I have entered into a Settlement Agreement whereby I acknowledge and agree that Defendants owe Plaintiff $900,000.00

To avoid and put an end to numerous litigations over this subject matter, the above-captioned parties entered into a Settlement Agreement, effective as of February 1, 2024. The sum confessed by Defendant is deemed to be a fair and reasonable estimate of Plaintiff's actual losses.

_____
SHIMON SPREI aka SAM SPREI aka SHIMMY SPREI


## ACKNOWLEDGEMENT


On the 8th day of February 2024, before me personally came SHIMON SPREI aka SAM SPREI aka SHIMMY SPREI, known to me or proved to me on the basis of satisfactory evidence, the same person described herein and who executed the foregoing Affidavit.

_____
Notary Public

STEPHEN W DURIE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DU6264434
Qualified in New York County
My Commission Expires June 25, 2024

4