# Exhibit 3

## ESCROW AGREEMENT

**This Escrow Agreement** is made as of Dec. 5th 2024 by and between ___Angelos Metaxas_____ ("Escrowee") and M DAVID GRAUBARD LLP as Escrow Agent (the "Escrow Agent");

1. Appointment of the Escrow Agent; Delivery of Escrow. Escrowee appoints the Escrow Agent as, and the Escrow Agent agrees to assume and perform the duties of escrow agent under and pursuant to the terms of this Escrow Agreement.

2. Amount of Escrow. Escrowee agrees to deposit $ 1,000,000 – (US$ one million) ("the "Escrow Amount") with Escrow Agent, to be deposited in the Escrow Agent's IOLA account ending in 1102 at Valley National Bank ( "Escrow Deposit") located at

3. Purpose of this Escrow. **THE SOLE PURPOSE OF THIS ESCROW DEPOSIT IS TO ESTABLISH THAT THE ESCROWEE, OR ESCROWEE'S DESIGNEES, INVESTORS SUCCESSORS OR ASSIGNS, HAS AVAILABLE CASH EQUAL TO THE ESCROW AMOUNT. THIS ESCROW AGREEMENT IS MADE IN CONNECTION WITH CERTAIN ONGOING BUSINESS DISCUSSIONS INVOLVING AN ENTITY KNOWN TO THE ESCROWEE AS SURF 9. NOTHING IN THIS ESCROW AGREEMENT NOR THE DEPOSITING OF THE ESCROW AMOUNT SHALL BE CONSTRUED AS AN AGREEMENT OF ANY KIND MADE BY THE ESCROWEE IN CONNECTION WITH ANY ACTUAL OR POTENTIAL SURF 9 TRANSACTION OR ANY OTHER TRANSACTION.**

4. Return of the Escrow Amount. **THE ESCROW AMOUNT WILL BE RETURNED TO THE ESCROWEE, OR ITS DESIGNEE, UPON ESCROWEE'S DEMAND, WHICH RETURN SHALL BE MADE IN ESCROWEE'S SOLE AND ABSOLUTE DISCRETION, IN ACCORDANCE PARAGRAPH 5 OF THIS ESCROW AGREEMENT.**

5. Disbursement of Escrow. Upon Escrowee's demand as set forth in paragraph 4 of this Escrow Agreement, Escrow Agent shall return the ESCROW AMOUNT to Escrowee by wire transfer as instructed by Escrowee in an email transmitted to the Escrow Agent at Dgraubard@keragraubard.com. The Deposit shall then be returned by the Escrow Agent by wire transfer as directed by Escrowee within two business days of such email request. This two day period consists of both the day of the request, and day of return as one of the two days.

6. Acceptance and Undertaking of the Escrow Agent. The Escrow Agent hereby covenants to hold the Escrow Amount in accordance with the terms of this Escrow Agreement, and subsequently to release and return the Deposit or any part thereof as the case may be, pursuant to and in strict accordance with all of the terms and conditions of this Escrow Agreement. Escrow Agent further warrants and agrees that only the Escrowee has any right to recover or direct the payment or distribution of the Escrow Amount or any part thereof, and no other person or entity of any kind has a right or claim to this Deposit or any part thereof. other than the Escrowee's, successors or assigns or designees.

20357958.1

7.    Pledge or Hypothecation. The Escrow Agent acknowledges, warrants and agrees that Escrow Agent has no right to, and shall not release, distribute, pledge, deposit or hypothecate any part of the Escrow Deposit for any reason or in any way whatsoever without the express prior written permission and consent of the Escrowee.

8.    Liability. Escrowee agrees to indemnify and hold Escrow Agent, its officers, directors, employees and agents, harmless against any and all losses, liabilities, damages, reasonable fees (including reasonable attorneys' fees), costs and expenses that may be imposed or incurred by or assessed against it or them, unless (i) the Escrow Agent fails to comply with any or all of the express terms of this Escrow Agreement, or (ii) Escrow Agent acts in bad faith or is grossly negligent, or engages in willful misconduct that arises out of the services performed by it under this Escrow Agreement. This indemnification shall survive termination of this Escrow Agreement.

9.    Escrow Agent acknowledges and agrees that they are competent, knowledgeable and sophisticated legal counsel , and have had the opportunity if they so chose to retain competent counsel of its own choosing in connection with the negotiation and execution of this Escrow Agreement.

10.    Escrow Agent shall not be required to expend or risk its own funds or otherwise incur financial liability in the performance of any of its duties hereunder, except to comply with the express provisions of this Escrow Agreement.

11.    Escrow Agent shall not be responsible for any delay or failure in performance to the extent and during the period such performance is prevented by circumstances arising without fault on Escrow Agent's part and beyond its reasonable control, including, without limitation, acts of God, strikes, lockouts, riots, acts of war or terrorism, epidemics, fire, earthquakes or other disasters.

12.    This Escrow Agreement supersedes any letter agreement or other agreement or arrangement that may exist between Escrow Agent and Escrowee with respect to the Escrow Deposit. No deviation in performance of the terms of any previous agreement between Escrow Agent and any of the undersigned shall alter any of Escrow Agent's duties or responsibilities as set forth herein.

13.    Except as otherwise provided in paragraph 5 above, which shall apply and supersede this paragraph 13, any notices, demands, instructions or other communications required or permitted to be given to or made upon any party hereto shall be in writing and shall be personally delivered or sent by overnight courier service, or by registered, certified or express mail, postage prepaid, return receipt requested, or electronic mail, and shall be effective when received by the addressee. Unless otherwise specified in a notice sent or delivered in accordance with the foregoing provisions of this paragraph, notices, demands, instructions and other communications shall be given in writing to the respective parties hereto at their respective addresses (or to their respective email addresses, followed by notice pursuant to one of the other methods set forth above) set forth below.

20357958.1

14.    This Escrow Agreement shall be construed in accordance with the laws of the State of New York without regard to conflicts of law principles (except for Section 5-1401 of the New York General Obligations Law which shall govern) and the obligations, rights, and remedies of the parties hereunder shall be determined in accordance with such laws

15.    Miscellaneous. This Escrow Agreement is binding upon and will inure to the benefit of the parties to this Escrow Agreement and their respective successors and permitted assigns. The headings used in this Escrow Agreement have been inserted for convenience of reference only and do not define or limit the provisions of this Escrow Agreement. This Escrow Agreement may be executed in any number of counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. This Escrow Agreement shall be governed by the laws of the State of New York.

16.    Counterparts. This Escrow Agreement may be executed simultaneously in any number of counterparts, each of which counterparts shall be deemed to be an original, and such counterparts shall constitute one and the same instrument. The parties intend that faxed signatures and electronically imaged signatures such as .pdf files shall constitute original signatures and are binding on all parties.

ESCROWEE:

ANGELOS METAXAS

By:

Name: Angelos Metaxas
Title:  Managing Member

ESCROW AGENT

M DAVID GRAUBARD ESQ

By:

Name:  M DAVID GRAUBARD ESQ

20357958.1