

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

August 2, 2026

Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court-EDNY
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

> Re:    *Metaxas, et al. v. Graubard, et al.*
>        Case No. 1:25 cv 05844

Dear Judge Cross-Goldenberg:

Defendant respectfully submits this response to Plaintiffs' July 31, 2026 letter (ECF No. 168). Defendant does not minimize the importance of the Court's prior Orders. Rather, this submission is intended to provide additional factual context concerning the July 29 production and to propose an orderly procedure for resolving any remaining discovery disputes before the Court determines whether Defendant has substantially complied with its prior Orders.

Consistent with the representations made during the July 29 conference, Defendant served, before the Court-imposed midnight deadline, a cover letter to plaintiff's counsel which is attached hereto as **Exhibit A,** verified responses to Plaintiffs' interrogatories, responses and objections to Plaintiffs' requests for production, a Bates-numbered document production, and a privilege log.

Defendant acknowledges that Plaintiffs have identified issues that warrant further discussion. Those issues, however, were raised less than forty-eight hours after production and before any meaningful meet-and-confer regarding the production, privilege log, or supplementation had occurred.

**DEFENDANT SERVED THE REQUIRED MATERIALS BEFORE THE COURT-IMPOSED DEADLINE**

The Court's July 29 Minute Order directed Defendant to substantially comply with his discovery obligations and to serve documents, a privilege log, and interrogatory responses by midnight. Defendant timely served the materials identified in the Court's July 29 Minute Order. The July 29 transmittal expressly advised Plaintiffs that the production reflected the materials then collected, processed, reviewed, and determined appropriate for production following counsel's responsiveness and privilege review. It further acknowledged Defendant's continuing duty to supplement under Federal Rule of Civil Procedure 26(e). See Fed. R. Civ. P. 26(e)(1)(A) (requiring timely supplementation when a response is materially incomplete or incorrect and the corrective information has not otherwise been made known).

The transmittal also invited Plaintiffs to identify any perceived deficiencies after review and advised that undersigned counsel remained available to meet and confer regarding the discovery responses, document production, and privilege issues. Counsel separately offered to hold the continuation of Mr. Sprei's deposition in abeyance so that Plaintiffs could review the production before resuming their examination. Those communications were intended to facilitate a focused and cooperative process, not to foreclose legitimate objections.

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
August 2, 2026      Page  2

## THE JULY 29 TRANSMITTAL REFLECTED DEFENDANT'S CONTINUING COMMITMENT TO SUPPLEMENTATION AND COOPERATION

The July 29 transmittal did more than merely convey the discovery materials. It expressly acknowledged Defendant's continuing obligation to supplement under Rule 26(e), invited Plaintiffs to identify any perceived deficiencies after completing their review, offered to meet and confer concerning the document production and privilege issues, and proposed holding the continuation of Mr. Sprei's deposition in abeyance so that Plaintiffs could review the production before resuming their examination.

The transmittal further offered to discuss an appropriate protocol for disputed privilege materials, including an attorneys'-eyes-only review, categorical treatment of privilege issues where appropriate, or another reasonable methodology designed to permit meaningful review while preserving legitimate protections. These proposals were intended to facilitate cooperation, narrow the remaining disputes, and avoid unnecessary judicial intervention.

Accordingly, the record reflects that Defendant did not treat the July 29 production as the conclusion of the discovery process. From the moment of service, Defendant expressly recognized that supplementation, refinement of the privilege log, and further dialogue might be required after Plaintiffs had a reasonable opportunity to review the materials.

## PLAINTIFFS SOUGHT JUDICIAL INTERVENTION BEFORE ANY MEANINGFUL MEET-AND-CONFER

Before Plaintiffs filed ECF No. 168, the only substantive communication concerning the July 29 production addressed whether the continued deposition should be adjourned to provide Plaintiffs time to review the materials. No substantive meet-and-confer occurred concerning the interrogatory responses, the document collection, the search methodology, the absence of particular categories, or the privilege log.

Indeed, Defendant's July 29 transmittal expressly stated: "*After your review, should you believe that any aspect of the production is deficient, I respectfully request that you advise me so that we may continue to meet and confer in good faith in an effort to resolve any issues without unnecessary motion practice or further burdening the Court.*" That invitation was not qualified or limited. It expressly contemplated that Plaintiffs would first review the production, identify any specific concerns, and confer with undersigned counsel before seeking further judicial intervention.

Plaintiffs filed their letter at approximately 8:38 p.m. on Friday, July 31, 2026, after Defendant had served the production and after undersigned counsel had expressly invited further discussion regarding any perceived deficiencies.[1]  Under those circumstances, there was no practical opportunity for the parties to engage in a meaningful meet-and-confer before Plaintiffs sought judicial intervention.

---

[1] The Jewish Sabbath commenced that evening at approximately 7:54 p.m. Mr. Sprei is an observant Jew and refrains from conducting business during the Sabbath. Likewise, following the passing of my father several months ago, and in accordance with longstanding tradition, I have been observing the period of mourning by reciting Kaddish three times daily. As part of that observance, I too observe the Sabbath, albeit not to the same extent as Mr. Sprei.

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
August 2, 2026     Page 3

This chronology is respectfully offered solely to explain why no immediate response or conference occurred, not to attribute an improper motive to Plaintiffs' counsel. Defendant remains prepared to meet and confer promptly and in good faith concerning each specific issue identified in ECF No. 168.

## THE PRODUCTION REFLECTS THE MATERIALS COLLECTED AND REVIEWED AS OF THE COURT-IMPOSED DEADLINE

The July 29 production reflects the responsive, nonprivileged materials identified through the collection, processing, and review completed as of the Court-imposed deadline. With the assistance of LexPath Technologies, the electronically stored information made available for collection was processed and searched in accordance with the narrowed scope of discovery, and the resulting materials were reviewed for responsiveness and privilege prior to production.

That collection, however, did not necessarily encompass every primary-source record potentially responsive to the remaining discovery requests. Certain corporate formation records, historical banking and brokerage records, accounting and tax records, insurance policies, and other financial or business records may be maintained by financial institutions, insurers, accountants, corporate agents, or other third-party custodians rather than within the electronically stored information initially collected.

Defendant is continuing to identify and obtain any such responsive records that are reasonably available to him. Consistent with his continuing obligations under Federal Rule of Civil Procedure 26(e), Defendant will promptly supplement his production with any additional responsive, nonprivileged documents located or obtained through those continuing efforts.

## HISTORICAL BANKING RECORDS AND THE NEED FOR SUPPLEMENTATION

Plaintiffs emphasize the absence of bank statements and identify an apparent discrepancy between Defendant's written responses and deposition testimony concerning the relevant financial institutions. Those matters require clarification and supplementation. They do not, on the present record, establish that counsel withheld documents, that documents were destroyed, or that the production was undertaken in bad faith.

Based upon Defendant's representations to undersigned counsel, several accounts have been closed Defendant elected paperless delivery, and he no longer maintains online access to historical statements through the relevant banking portals. Requests for available historical statements have been and will continue to be made to the pertinent institutions. Defendant will supplement his written responses to clarify the institutions and accounts at issue and will produce responsive records as they are obtained. That is the procedure contemplated by Rule 26(e), which expressly recognizes that discovery responses may require timely correction or supplementation as additional information becomes available.

## THE REMAINING DISCOVERY IS DIRECTED TO DAMAGES AND FUND TRACING

Mr. Sprei has withdrawn his Answer and no longer contests liability. The Court has nevertheless directed that discovery continue as to damages, fund tracing, and related financial issues. Defendant does not contend that the concession of liability eliminates those remaining obligations. He submits only that

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
August 2, 2026     Page 4

responsiveness, proportionality, and privilege must be evaluated in light of the issues that remain rather than liability issues that have been removed from dispute.

The July 29 production and written responses were prepared under that narrowed framework. To the extent Plaintiffs identify nonprivileged records bearing directly on damages or fund tracing that remain within Defendant's possession, custody, or control, Defendant will address those categories through supplementation and the meet-and-confer process.

## PRIVILEGE ISSUES PRESENTED BY THE PRODUCTION

Plaintiffs also challenge the privilege log on the grounds that numerous entries contain similar descriptions, some communications involve attorneys whose relationship to Defendant is not immediately apparent, and some entries may involve opposing parties or nonlegal communications. Defendant recognizes that a privilege log must provide sufficient information to permit an opposing party and the Court to assess the asserted protection. See Fed. R. Civ. P. 26(b)(5)(A); Local Civ. R. 26.2; *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, No. 14-CV-4717, 2017 WL 1232526, at *6 (E.D.N.Y. Feb. 17, 2017).

The volume of the log arose because the collected account contained communications involving numerous attorneys, law firms, business entities, civil matters, commercial transactions, and the parallel federal criminal proceeding. The presence of an attorney does not automatically establish privilege, and Defendant does not contend otherwise. Conversely, the absence of a formal written joint-defense agreement does not resolve every potential attorney-client, work-product, or common-interest issue. The participants, purpose, confidentiality, subject matter, and context of each communication remain relevant to the analysis.

Undersigned counsel is prepared to refine the privilege log to distinguish among communications with Defendant's own counsel, counsel for affiliated entities, opposing counsel, third parties, attachments, nonlegal business communications, and materials potentially protected by the work-product or common-interest doctrines. Significantly, federal courts retain discretion when confronted with an inadequate or belated privilege log to require a corrected log rather than order wholesale production of the withheld materials. *See Certain Underwriters*, 2017 WL 1232526, at *6. A focused meet-and-confer followed by a revised log is therefore the appropriate first step.

## A LIMITED SPECIAL MASTER OR REPRESENTATIVE IN CAMERA REVIEW WOULD PROVIDE AN ORDERLY PROCEDURE IF DISPUTES REMAIN

If genuine privilege disputes remain after the parties complete a meaningful meet-and-confer and Defendant serves a refined log, those disputes may be resolved through a procedure that protects legitimate privileges while conserving judicial resources.

Federal Rule of Civil Procedure 53 permits the Court to appoint a master to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge, while requiring the Court to consider fairness, expense, and delay. Fed. R. Civ. P. 53(a)(1)(C), (a)(3). A master may regulate assigned proceedings, take appropriate measures to perform the assigned duties

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
August 2, 2026    Page 5

fairly and efficiently, and submit reports or recommendations subject to review by the Court. Fed. R. Civ. P. 53(c)-(f).

Privilege-log disputes and in camera review of large volumes of potentially protected ESI are recognized uses of a special master. *See Certain Underwriters,* 2017 WL 1232526, at *2 (assigning a special master to review a privilege log). A limited reference can be particularly useful where the dispute involves thousands of electronic communications, numerous attorneys and legal matters, potentially mixed legal and business communications, and a parallel criminal proceeding. A neutral reviewer can examine representative documents or defined categories without unnecessarily exposing the merits judge to materials later determined to be privileged.

Accordingly, Defendant respectfully proposes the following sequence: first, a prompt meet-and-confer focused on identified entries and document categories; second, service of a revised privilege log and production of any materials determined not to be privileged; third, if disputes remain, in camera review by the Court of a reasonable sample of representative documents; and fourth, if the Court concludes that the volume or complexity cannot be effectively and timely addressed through representative review, appointment of a neutral Special Master under Rule 53 for the limited purpose of reviewing disputed privilege categories and making recommendations to the Court. The reference could be narrowly circumscribed, with cost allocation and review procedures determined by the Court after hearing from the parties. Defendant respectfully submits that appointment of a Special Master is requested only as a remedy of last resort.

Defendant does not seek to impose unnecessary expense or delay, nor does he request immediate appointment of a Special Master before the parties confer. The proposed procedure is offered as an alternative mechanism only if the ordinary meet-and-confer and representative-review process proves inadequate.

## SANCTIONS SHOULD BE DETERMINED ON A COMPLETE RECORD AFTER AN INDEPENDENT JUDICIAL EVALUATION

Plaintiffs request that the automatic sanctions previously ordered begin to accrue as of July 30. Rule 37 authorizes meaningful sanctions for failures to obey discovery orders, including expenses attributable to the failure, but it also recognizes that expenses should not be imposed where the failure was substantially justified or other circumstances would make an award unjust. Fed. R. Civ. P. 37(b)(2)(C). Those qualifications require consideration of the actual circumstances and the record developed before the Court.

Respectfully, the determination of whether Defendant has achieved "substantial compliance" necessarily requires the Court to distinguish between (i) a complete failure to produce discovery, (ii) disputes concerning the adequacy or completeness of a timely production, (iii) disputes concerning the assertion of attorney-client privilege or work-product protection, and (iv) supplementation that Federal Rule of Civil Procedure 26(e) expressly contemplates as additional responsive information becomes available. Those are materially different circumstances, each governed by distinct legal principles and each warranting independent consideration before the imposition of sanctions.

Metaxas, et al. v. Graubard, et al.
Case No. 1:25 cv 05844
August 2, 2026     Page  6

Given the substantial consequences of the automatic sanctions previously ordered, Defendant respectfully requests that the Court reserve determination of whether the July 29 submission constitutes substantial compliance until it has the benefit of: (i) a meaningful meet-and-confer; (ii) Plaintiffs' identification of specific alleged deficiencies by request, custodian, and document category; (iii) Defendant's opportunity to correct or supplement the responses and privilege log; and (iv) the Court's own independent evaluation of the complete record. Respectfully, the question of substantial compliance should not be resolved solely upon either party's characterization of the production.

That request does not ask the Court to excuse noncompliance or to vacate its prior Orders. It asks only that the Court determine substantial compliance after examining the actual production, the circumstances of collection, the supplementation undertaken, and the parties' efforts to resolve their disputes. This approach will permit the Court to distinguish between deficiencies attributable to Defendant, disputes over relevance or privilege, materials not presently accessible, and any conduct properly attributable to counsel.

## CONCLUSION

Undersigned counsel remains committed to complying fully with the Court's Orders, supplementing Defendant's discovery as additional responsive materials become available, refining the privilege log, and working cooperatively with Plaintiffs' counsel to resolve legitimate discovery issues without unnecessary motion practice.

Defendant respectfully requests that the Court defer its determination concerning sanctions pending a prompt meet-and-confer, a reasonable opportunity to supplement the production and written responses, and, if necessary, a focused in camera or Special Master review of disputed privilege materials.

The Court's time and attention to this matter is greatly appreciated.

Respectfully submitted,

*Matin Emouna*

MATIN EMOUNA

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530