

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

July 29, 2026

Lauren Zimmerman, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
1155 Avenue of the Americas, Floor 26
New York, New York 10036

Re:     *Metaxas, et al. v. Graubard, et al.*
        Case No. 1:25 cv 05844

Dear Ms. Zimmerman:

It was a pleasure seeing you in Court earlier today. Pursuant to Magistrate Judge Cross-Goldenberg's Minute Order issued following today's conference, and consistent with the representations I made to the Court on behalf of Defendant Yeschiel Shimon Sprei, enclosed please find the following:

1. Defendant Sprei's Responses and Objections to Plaintiffs' First Set of Interrogatories (July 29, 2026);
2. Defendant Sprei's Responses and Objections to Plaintiffs' First Requests for Production of Documents (July 29, 2026);
3. A hyperlink containing Defendant Sprei's document production, prepared with the assistance of our litigation support vendor, LexPath Technologies;
   https://app.everlaw.com/135413/dl/Tj1hxSBNrOpqffaYHUFg-x9YdOHdyg50_kj_ffkiBYIN
   Bates Range: SPREI_000001 to SPREI_001508
   Password to needed to extract the production: H1BYqX9yU1CJ and
4. Defendant Sprei's Privilege Log (July 29, 2026).

Should you experience any difficulty accessing the document production, please do not hesitate to contact our litigation support vendor directly:

Dan Generosa
LexPath Technologies Holdings, Inc.
405 Lexington Avenue, 9th Floor
New York, New York 10154
Direct Email: dgenerosa@lexpath.com
Direct Telephone: (877) 539-7284, Ext. 710

Support Email: support@lexpath.com
Support Telephone: (877) 539-7284, Option 2

The enclosed production reflects the documents presently available following the expedited collection, processing, review, and production efforts undertaken in advance of the Court-imposed deadline. This production is being served in accordance with the representations made to the Court during today's conference and reflects the materials that have been collected, and determined to be

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

*Metaxas, et al. v. Graubard, et al.*
Case No. 1:25 cv 05844
July 29, 2026        Page  2

appropriate for production following counsel's privilege review as of the time of service. Consistent with Rule 26(e) of the Federal Rules of Civil Procedure, Defendant will continue to supplement his production should additional responsive, non-privileged documents become available after further review or collection.  Nothing contained herein should be construed as a waiver of any applicable privilege, immunity, objection, or protection recognized under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable law.

As you will observe, the privilege review in this matter has been unusually extensive due to the volume of communications involving numerous attorneys who represented or communicated with Mr. Sprei and various related entities during the relevant period. In addition, many of those communications implicate the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and, where applicable, the joint defense doctrine. Given the current procedural posture of this litigation, in which the remaining discovery is directed principally toward damages, tracing of funds, and issues relating to the enforcement and collection of any judgment, I have endeavored to assert privilege only where I believe a good-faith legal basis exists. Accordingly, a privilege log identifying documents withheld on that basis accompanies this production.

Recognizing the substantial volume of privileged material and the unique privilege issues presented by this matter, I remain fully prepared to meet and confer in good faith regarding any privilege concerns you or your colleagues may identify after reviewing the production. If it would facilitate the process, I am likewise willing to discuss an appropriate protocol for addressing any disputed materials, including an attorneys' eyes-only review, categorical treatment of certain privilege issues where appropriate, or any other reasonable methodology that permits meaningful review while preserving applicable privileges. This is particularly important due Mr. Sprei's ongoing federal criminal proceeding.

As I represented to the Court this afternoon, I also remain willing to hold the continuation of Mr. Sprei's deposition in abeyance until you and your team have had a reasonable opportunity to review the enclosed discovery materials. I believe that doing so will facilitate a more focused and efficient deposition, narrow any remaining issues, and may eliminate or substantially reduce the need for further judicial intervention.

After your review, should you believe that any aspect of the production is deficient, I respectfully request that you advise me so that we may continue to meet and confer in good faith in an effort to resolve any issues without unnecessary motion practice or further burdening the Court. My objective remains to comply fully with the Court's directives while continuing to work cooperatively with counsel to resolve any remaining discovery issues in good faith and, where possible, without requiring further judicial intervention.

Thank you for your professional courtesy and cooperation. I look forward to working with you toward the orderly completion of the remaining discovery.

Very truly yours,

*Matin Emouna*
MATIN EMOUNA

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530