UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

Plaintiffs,

v.

MARK DAVID GRAUBARD, ESQ. d/b/a M.
DAVID GRAUBARD, YESCHIEL SHIMON
"SAM" SPREI, FRANK R. SEDDIO, ESQ.,
JONATHAN RUBIN, and CHASKEL FRANKL
a/k/a CHASKEL FRANKEL,

Defendants.

Case No. 1:25-cv-05844-EK-PCG

---

## JOINT STATUS REPORT

Plaintiffs Angelos Metaxas and Pertshire Investments LP (together, "Plaintiffs"), jointly with Defendants Yeschiel Shimon "Sam" Sprei ("Sprei") and Jonathan Rubin ("Rubin"), respectfully submit this joint status report pursuant to the Court's Minute Order dated August 4, 2026, requiring the parties to apprise the Court of the status of Sprei's compliance with discovery orders.

Plaintiffs and Sprei met and conferred on August 5, 2026.

### A.      Plaintiffs' Position

Since his July 29, 2026 production, which the Court has already ruled "did not constitute substantial compliance with Sprei's discovery obligations," 8/4/2026 Order, Sprei has not produced a single additional document or communication, supplemented a single interrogatory response, or updated his deficient privilege log. Thus, under the Court's August 4 order, Sprei has so far incurred $1,000 in daily sanctions for each of August 4, 5, 6, 7, 8, and 9, and $5,000 in daily

sanctions for Monday, August 10,[1] 2026. Accordingly, Plaintiffs respectfully request that the Court

enter a written order:

> 1.    directing Sprei to deposit $11,000 with the Clerk's Office by noon on Wednesday, August 12, 2026;
>
> 2.    directing Sprei to deposit with the Clerk's Office by 5:00 p.m. Eastern Time on each subsequent Monday all sanctions incurred in the preceding week pursuant to the August 4 order and any subsequent orders; and
>
> 3.    providing an expedited mechanism for Sprei's civil commitment for contempt of court should he fail to timely deposit such sanction amounts. *See Stingray Music USA, Inc. v. uCast LLC*, No. 19 Civ. 7473 (AKH), 2020 WL 2489069, at *2 (S.D.N.Y. May 14, 2020) (citing *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (warning that "failure to comply with monetary sanctions may be punishable by a finding of contempt and imprisonment pending compliance."). *A.V. By Versace, Inc. v. Gianna Versace, S.p.A.*, No. 96 Civ.9721 PKL THK, 98 Civ.0123 PKL THK, 2004 WL 691243, at *1, 8 9 (S.D.N.Y. Mar. 31, 2004) (finding civil commitment is warranted to coerce compliance with contempt orders where "monetary sanctions had no effect on [contemnor's] conduct.").

## B.    Defendant Rubin's Position

Defendant Rubin reserves all rights, remedies, and sanctions available to him. As set forth

below, Rubin has agreed to a limited abeyance - until August 31, 2026 - for Mr. Sprei to respond

to Rubin's outstanding discovery. That accommodation is limited and final, and shall not be con-

strued to waive, limit, or prejudice any of Rubin's rights or remedies. Rubin otherwise takes no

position on the monetary sanctions at issue between Plaintiffs and Mr. Sprei.

On March 29, 2026, Rubin served his First Set of Interrogatories and First Requests for

Production on Mr. Sprei. Mr. Sprei's July 29, 2026 responses and production were directed to

Plaintiffs' requests only and did not respond to Rubin's discovery.

---

[1] Although the Court's August 4 order referred to "Monday, August *11*" (emphasis added), it was clear from the surrounding text that the Court was referring to Monday, August 10.

Following several written requests from Rubin (dated July 7, July 20, July 31, and August 2, 2026), the parties have now met and conferred. Mr. Sprei's counsel advised that he will be outside the country from August 14 through August 24, 2026, and proposed serving responses to Rubin's First Set of Interrogatories and Requests for Production on or before August 31, 2026. Rubin has agreed to that schedule as a limited abeyance. In reliance on that accommodation, Rubin does not presently seek monetary sanctions as to his own discovery - without prejudice, and expressly reserving the right to seek sanctions and all other relief, including from the date of his original requests, should Mr. Sprei fail to comply by August 31, 2026.

Rubin further reserves all rights as to Mr. Sprei's privilege log - which lists 2,414 entries under an identical, single-sentence basis and does not comply with Local Civil Rule 26.2 - the matters deemed admitted under Rule 36, and the adverse inference reserved at Mr. Sprei's deposition.

### C.        Defendant Sprei's Position

Defendant Sprei respectfully acknowledges the Court's August 4, 2026 Order and is continuing his efforts to address the outstanding discovery deficiencies identified by the Court. As previously advised to the Court, certain historical banking records are not presently accessible to Mr. Sprei through online banking because the relevant accounts have been closed and/or he no longer maintains electronic access to the historical records. Mr. Sprei has represented to undersigned counsel that he has requested the available historical statements and related records directly from the relevant financial institutions. Upon receipt of those materials, they will be promptly provided to undersigned counsel for review and, to the extent responsive and nonprivileged, produced to Plaintiffs. Defendant will continue to supplement his production as additional responsive materials are obtained. This is consistent with Defendant's prior representation that requests for historical banking records were being made directly to the pertinent institutions.

With respect to Defendant Rubin's separately outstanding discovery, undersigned counsel has now conferred with Mr. Rubin's counsel. Undersigned counsel advised that he will be outside the country from August 14 through August 24, 2026, and proposed serving formal responses to Mr. Rubin's outstanding interrogatories on or before August 31, 2026. Counsel for Mr. Rubin has agreed to that schedule. Accordingly, Mr. Sprei intends to serve those responses by August 31, 2026. Defendant further understands that Mr. Rubin is not independently requesting monetary sanctions in connection with that agreed schedule. This agreement is respectfully reported to clarify the present status of the discovery between Mr. Rubin and Mr. Sprei.

With respect to the monetary sanctions imposed by the Court, Mr. Sprei has advised undersigned counsel that he intends to remit funds to undersigned counsel's attorney escrow account toward payment of the sanctions imposed pursuant to the Court's Orders. Upon actual receipt of those funds, undersigned counsel respectfully requests direction concerning the appropriate procedure for remitting payment, including the appropriate payee and whether payment should be transmitted to the Clerk of Court or otherwise as the Court directs.

Defendant respectfully opposes Plaintiffs' request, at this juncture, for an additional order establishing an expedited mechanism for civil commitment. The Court's August 4 Order establishes escalating monetary sanctions designed to secure compliance, and Mr. Sprei is continuing efforts to obtain the outstanding banking records while representing that funds will be remitted toward the sanctions. Defendant respectfully submits that the present record does not warrant the additional coercive relief requested by Plaintiffs while those compliance and payment efforts remain ongoing.

Defendant recognizes the seriousness of the Court's Orders and will continue to supplement his discovery as responsive, nonprivileged materials become available. Undersigned counsel

remains available to meet and confer in good faith concerning specifically identified deficiencies and will promptly transmit additional responsive materials received from Mr. Sprei for appropriate production.

*        *        *

The parties appreciate the Court's attention to this matter.

Dated:  August 11, 2026

/s/ Lauren Zimmerman
Lauren J. Zimmerman
Eileen DeLucia
Babak Ghafarzade
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Tel: (646) 356-6023
lzimmerman@beneschlaw.com
edelucia@beneschlaw.com
bghafarzade@beneschlaw.com


Jennifer M. Selendy
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
jselendy@selendygay.com

Attorneys for Plaintiffs Angelos Metaxas and
Pertshire Investments LP

/s/ Matin Emouna
Matin Emouna, Esq.
EMOUNA & MIKHAIL PC
100 Garden City Plaza., Suite 520
Garden City, NY 11530
(516) 877-9111
memouna@emiklaw.com

Attorney for Defendant Yeschiel Shimon
"Sam" Sprei


/s/ Mordy Gross
Mordy Gross
LAW OFFICES OF MORDY GROSS LLC
18 Broadway Ste 10612
Albany, NY 12207
484-680-0768
Mg@mordygross.com

Attorney for Defendant Jonathan Rubin

5