UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

        Plaintiffs,

    v.

MARK DAVID GRAUBARD, ESQ. d/b/a M.
DAVID GRAUBARD, YESCHIEL SHIMON
"SAM" SPREI, FRANK R. SEDDIO, ESQ.,
JONATHAN RUBIN, and CHASKEL FRANKL
a/k/a CHASKEL FRANKEL,

        Defendants.

Case No. 1:25-cv-05844-EK-PCG

---

## JOINT STATUS REPORT

Plaintiffs Angelos Metaxas ("Metaxas") and Pertshire Investments LP ("Pertshire"), jointly with Defendants Mark David Graubard Esq. ("Graubard"), Yeschiel Shimon "Sam" Sprei ("Sprei"), Frank Seddio, Esq. ("Seddio"), and Jonathan Rubin ("Rubin," together with Graubard, Sprei, and Seddio, the "Original Defendants") respectfully submit this joint status report pursuant to the Court's Minute Order dated July 29, 2026.

Plaintiffs filed their Amended and Supplemental Complaint on July 31, 2026 (the "Amended Complaint," ECF No. 169), so the time for the Original Defendants to answer or otherwise respond to the Amended Complaint under Fed. R. Civ. P. 15(a)(3) is August 14, 2026. The Court directed the parties to meet and confer regarding (i) whether that deadline should be held in abeyance pending the filing of any dispositive motions, (ii) whether discovery should be reopened for the limited purpose of discovery into the additional allegations and claims raised in the Amended Complaint, and (iii) a proposed scheduling order leading up to the filing of any dispositive motions. The parties' positions on these issues are set forth below.

29159076 v12

## I.    The Original Defendants' Deadline to Respond to the Amended Complaint

Plaintiffs and the Original Defendants agree that the deadline for each of the Original Defendants to answer or otherwise respond to the Amended Complaint should be extended until the deadline for the filing of any dispositive motions in accordance with the individual rules and practices of the assigned District Judge.

As he chose to do with respect to the initial complaint, Defendant Sprei does not contest liability as to any of the claims asserted against him in the Amended Complaint.

## II.    The Limited Scope of Reopened Discovery

### A.    Areas of Agreement Between Plaintiffs, Graubard, Sprei, and Seddio

There is no dispute that, consistent with the Court's July 29, 2026 Minute Order, "the limited purpose" of any reopened discovery shall be to obtain "discovery into the additional allegations and claims raised in [Amended Complaint]." The Parties met and conferred on August 5, 2026, to address this issue.[1]

Plaintiffs, Graubard, and Sprei agree that no new requests for production are required, and that all Original Defendants may serve targeted interrogatories regarding the calculation of damages attributable to Plaintiffs' amended and supplemental claims.

The parties further agree that Defendants Graubard and Rubin may each serve four targeted interrogatories seeking the identification of facts and documents supporting Plaintiffs' amended and supplemental claims against them, as well as causation with respect to those claims, and may serve additional interrogatories on other Defendants such that the cumulative amount of interrogatories served is consistent with Rule 33(a)(1).

Plaintiffs have represented to the Original Defendants that Plaintiffs have produced all documents on which Plaintiffs intend to rely in support of their amended and supplemental claims, and that Plaintiffs will abide by their supplementation obligations under Fed. R. Civ. P. 26(e). In response to requests from Defendants Rubin and Seddio, Plaintiffs have also agreed to promptly supplement their prior production of attorney invoices by producing individual billing entries for the attorney's fees and costs Plaintiffs seek to recover in this action. Privileged communications

---

[1] Counsel for Plaintiffs, Rubin, and Seddio participated in the Meet and Confer. Graubard's counsel, who was travelling at the time, provided his position in writing in advance of the meeting.

and attorney work product will be redacted, and the billing entry productions will be designated as "confidential" pursuant to the Confidentiality Order, ECF No. 66.

Plaintiffs, Graubard, and Sprei agree that there is no need to reopen discovery for purposes of any further depositions or expert discovery.

Plaintiffs, Graubard, and Sprei agree on the following schedule for the limited reopening of discovery and filing of dispositive motions:

- Deadline for the Original Defendants to serve any new interrogatories: August 28, 2026

- Deadline for Plaintiffs to serve responses to any new interrogatories: September 11, 2026

- Deadline for Original Defendants to raise with the Court any issues regarding new interrogatories: September 18, 2026

- Deadline to serve any Rule 56.1 statements: September 30, 2026

- Deadline to serve any Rule 56.1 responses: October 7, 2026

- Deadline to file dispositive motions in accordance with the individual rules and practices of the assigned District Judge: October 9, 2026

Defendants Seddio and Rubin propose the following schedule:

- Deadline for the Original Defendants to serve any new interrogatories and document demands: August 28, 2026

- Deadline for service of responses to any new interrogatories and document demands: September 11, 2026

- Deadline for Original Defendants to raise with the Court any issues regarding new interrogatories: September 18, 2026

- Deadline for completing depositions: October 11, 2026

- Deadline to serve pre-motion letters for any dispositive motions[2] in accordance with Judge Komitee's Individual Rules and Practices: November 11, 2026

---

[2] As stated below, Mr. Rubin's position is that this scheduling does not delay any Rule 12 motion practice.

### B.    Areas of Disagreement

### 1.    Rubin's position regarding the reopening of discovery:

Defendant Rubin joins the agreed abeyance, the interrogatory framework, and the supplemental production of individual billing entries, and adopts the limited-discovery schedule proposed by Defendant Seddio above rather than Plaintiffs'. The Court found that any prejudice from the amendment could be "cured by permitting the necessary discovery that the Defendants are asking for." July 29, 2026 Hr'g Tr. 29. Because Counts 8 and 13 stood disclaimed as to Mr. Rubin while discovery was open, he identifies the following.

First, Mr. Rubin seeks Plaintiffs' communications concerning the State Court Action — its prosecution, termination, and Plaintiffs' claimed injuries — from February 19, 2025 through the June 30, 2026 close, subject to privilege logging. Count 8 arises entirely in that period. Contrary to Plaintiffs' assertion below that "Rubin never raised any such dispute to the Court before the close of discovery," Mr. Rubin moved before the close to extend the relevant period to reach these materials (ECF 128, Item I.E), and the Court directed the parties to meet and confer rather than denying the request (ECF 132, Item E). Plaintiffs' further contention below that these communications "are all privileged" does not justify withholding it; Rule 26(b)(5) requires Plaintiffs to produce the non-privileged communications and log the rest.

Second, Count 13 alleges Mr. Rubin was enriched individually — "separate and apart from … his role as the sole manager and member of Queen Equities" (ECF 169 ¶ 333) — yet the funds were received by the entity, Queen Equities. Whether Plaintiffs' escrow dollars reached Mr. Rubin personally, rather than remaining in the entity or flowing to third parties (e.g., $2.835 million to 536 Holdings), is a source-and-use question the prior theory never presented. Mr. Rubin has offered to stipulate to the tracing facts to avoid an expert; the Court declined to foreclose expert discovery and directed conferral. July 29, 2026 Hr'g Tr. 42–43. He seeks no broad financial or asset discovery.

Third, Mr. Rubin reserves a limited re-examination of Plaintiffs' Rule 30(b)(6) designee (and co-defendants as warranted), confined to the new-claim facts — including the source-of-funds subjects on which the designee was unprepared on May 26, 2026 — and will identify any specific need after Plaintiffs' production. This is not a blanket reopening; the Court indicated it would "entertain" such a request. July 29, 2026 Hr'g Tr. 51.

29159076 v12

Nothing above delays Mr. Rubin's Rule 12 motion. As to Counts 8 and 13 it is a Rule 12(b)(6) motion he has never had the opportunity to bring — not a "seriatim" re-filing — requires no discovery, and may dispose of the new claims. Mr. Rubin was already moving: his Rule 12(c) pre-motion letter had been pending since May 11, 2026 (ECF 98, renewed ECF 120) before Plaintiffs' amendment derailed it. He will file his pre-motion-conference letter on or before August 21, 2026; Judge Komitee's Rule III.B.2 leaves sequencing to the Court, and any Rule 56 motion may follow on the schedule proposed above. The abeyance defers only Mr. Rubin's time to answer (Fed. R. Civ. P. 12(a)(4)); participation in discovery waives no defense.

Finally, although Plaintiffs assert no new damages category, special injury is a required element of the new malicious-prosecution claim, and the Court declined to rule that no additional information on that issue is available. July 29, 2026 Hr'g Tr. 39–40. Should the Court grant any of the foregoing, Mr. Rubin requests that any summary-judgment deadline run from the close of the limited discovery and that no defense be waived by his participation. Mr. Rubin reserves all rights, including the right to seek leave to amend.

### 2.    Seddio's position regarding the reopening of discovery

Defendant Seddio joins in the agreed extension of the response deadline and the general framework of using interrogatories as well as Plaintiff's supplemental production of individual billing entries set out above.  Seddio, like Rubin, believes that he is entitled to serve document demands directed towards the new allegations in the Amended Complaint and the number of interrogatories should not be limited to 4, especially if Plaintiff is going to object to further depositions.

a) Like Rubin, Seddio seeks production of Plaintiffs' communications concerning the State Court Action — its prosecution, its termination, and Plaintiffs' claimed injuries — from February 19, 2025 through the date the amended pleading was filed as well as Plaintiffs' added claim of "special damages"

b) For the same reasons set forth by Rubin, Seddio agrees that Plaintiffs' communications (internally and with counsel) bear directly on whether and, if so, for how long the State Court Action was "maliciously prosecuted" as opposed to be an offensive litigation prosecuted and perpetuated by Plaintiffs;

c) Seddio like Rubin does not believe that it should be foreclosed, *at this time*, from taking a limited re-examination of Plaintiffs' Rule 30(b)(6) designee, and the co-defendants depending on what Plaintiffs' documents and interrogatories reveal;

Seddio also requests that the deadline for filing motions for summary judgment start to run 60 days from the completion of the additional discovery discussed above.

### 3. Plaintiffs' Responses to Rubin's and Seddio's Positions

Defendants Rubin and Seddio are improperly attempting to leverage the Amended Complaint to obtain wide-ranging document discovery and substantially delay this litigation.

*First*, there is no legitimate basis for compelling Plaintiffs to produce their communications post-dating Defendants' commencement of the state court action (the "State Court Action") on February 19, 2025.[3] Plaintiffs have consistently objected to the relevance of such communications to Plaintiffs' original claims,[4] Seddio never once disputed Plaintiffs' objection, and Rubin never raised any such dispute to the Court before the close of discovery. Nor are the communications relevant to causation or damages, including "special damages" for Plaintiffs' new malicious-prosecution claim. Rubin and Seddio argue above, for the first time, that they need the communications to discern whether (and if so, when) Plaintiffs took an "offensive" posture in the State Court Action. To the extent that issue has any bearing on the claim—and neither Rubin nor Seddio cites any authority for that proposition—Plaintiffs' public filings and forthcoming detailed billing records will suffice to resolve the issue. Rubin and Seddio also argue that the communications will somehow illuminate what special damages Plaintiffs suffered as a result of the State Court Action,[5]

---

[3] Plaintiffs produced all their documents and communications from October 1, 2024—the month they were introduced to Sprei—until February 19, 2025—when Defendants initiated the State Court Action against Plaintiffs.

[4] Neither Rubin nor Seddio asserts any defenses or counterclaims. *See* ECF Nos. 17, 19

[5] Rubin and Seddio misunderstand the heart of Plaintiffs' claim for malicious prosecution. The State Court Action caused Plaintiffs a special injury by "substantially interfer[ing] with Plaintiffs' property rights in the Escrow Deposits." Am. Compl. ¶ 289; *see also, e.g.*, *Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir. 1998) ("In most cases, special injury has been demonstrated through the use of provisional remedies, such as … injunction."); *Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 293 (E.D.N.Y. 2014) (similar). The attorneys' fees that Plaintiffs incurred in defending against the State Court Action are *additional* damages they are entitled to recover. Both

but a targeted contention interrogatory would cut to the chase.[6] Indeed, as Plaintiffs have repeatedly stated in filings (ECF No. 164), at the August 3, 2026 conference, and in the parties' August 5, 2026 meet and confer, *Plaintiffs do not seek any new form or category of damages through their Amended Complaint*. Plaintiffs continue to seek joint and several liability against Rubin and Seddio for the same damages they have sought since this case's inception: Plaintiffs' $2 million escrow deposits, Plaintiffs' resulting costs to litigate the State Court Action and this action, treble and punitive damages where appropriate, and statutory interest.[7] Moreover, because Plaintiffs' communications about the State Court Action are all privileged and in any event cannot shed any light onto whether Plaintiffs' filings in the State Court Action were legally "offensive" rather than "defensive" nor the amount and nature of the fees they incurred as a result of each of counsel's billing entries, allowing such discovery would be both unduly burdensome and futile.

*Second*, Rubin's request for leave to conduct expert discovery in the form of a "source-and-use/tracing analysis of the funds at issue" should be rejected. Rubin had every opportunity before the close of discovery—including during the parties' Rule 26(f) report last December (ECF No. 22) and in the March 25 joint status report (ECF No. 72) which resulted from a meet and confer between the parties regarding the schedule and form of discovery—to propose expert discovery, and he chose not to. Rubin argues that the new unjust-enrichment claim against him necessitates forensic tracing, but that is nonsense. As this Court has repeatedly observed, the transactions at issue are simple and straightforward. The factfinder will not need an expert to explain whether Rubin received some or all of the funds that were stolen from Plaintiffs. Indeed, Rubin testified during discovery that monies he received from Graubard's escrow account in December 2024 may have come from Plaintiffs' $2 million deposits, but that he could not be found liable for

---

Rubin and Seddio have been on the hook for Plaintiffs' escrow deposits and attorney's fees in both actions since this litigation was initiated.

[6] Seddio does not explain what additional "document demands" he would like to serve regarding Plaintiffs' amended claims, or why he purportedly needs more than 4 interrogatories to explore any additional areas for discovery, especially given that his co-Defendants have all agreed to serve no more than 4 additional interrogatories. His vague reservation of rights should be rejected.

[7] *Compare* Compl. ¶¶ 142–43, 156–57, 163–64, *with* Am. Compl. ¶¶ 250–51, 265–66, 273–74 (seeking the same damages against Rubin and Seddio of at least $2 million, plus legal expenses and punitive damages, for tortious interference with contract, aiding and abetting breach of fiduciary duty, and abuse of process); *compare* Compl. ¶¶ 169–70, *with* Am. Compl. ¶¶ 300–01 (seeking treble damages against Seddio of legal expenses for attorney deceit and collusion).

such transfers because, according to Rubin, he did not know the funds were stolen—his "candy store owner" theory of this case.[8] Rubin's shift in litigation strategy is not a basis for revisiting the well settled issue of expert discovery.

*Third*, if Rubin and/or Seddio believe they have a basis to depose any other parties based on new information learned through this limited reopening of discovery, they should make that application at the appropriate time and based on specific information. Notably, despite the fact that Seddio has faced liability for Plaintiffs' attorneys' fees since the inception of this matter, Seddio declined to conduct *any* depositions during the discovery period. While Rubin did depose Plaintiffs and questioned Plaintiffs regarding their attorney's fees and claim that Rubin is responsible for the theft of their funds, he never sought leave to reopen those depositions during the discovery period, and he should not be permitted to use this limited reopening of discovery to take a second bite at questions he already posed in those prior depositions. Nor would a deposition of either Plaintiff provide him with the asset tracing or attorney's fees information he now claims to need despite the lack of any change in the at-issue damages here.

*Fourth*, Rubin should not be permitted to file seriatim dispositive motions that would only serve to multiply these proceedings and waste the Court's and Plaintiffs' resources. While it would not be abnormal for a Rule 12(c) motion to precede a Rule 56 motion in a typical case, the procedural posture here is not typical. The vast bulk of discovery is (or should be) complete, and Rule 56 motions are imminent. Section III.B.2 of Judge Komitee's individual rules provides that "[i]f … the parties contemplate that one or more additional motions may be filed around the time of a dispositive motion under Rule 12 or 56, the party contemplating the additional motion(s) should state the basis in its Pre-Motion Conference letter (or response) so that the Court can decide the appropriate order in which the motions should be briefed." Rubin's proposal that he file a Rule 12(c) dispositive motion mere weeks before filing a Rule 56 dispositive motion is antithetical to

---

[8] See June 11, 2026 Deposition of Jonathan Rubin, Tr. 202:20-25 ("Q. So just so we have this clearly, Mr. Graubard's IOLA account did not have sufficient funds to pay your $350,000 but for the [$3.25 million] investment [from Plaintiffs and others] that we just talked through, correct? A. I believe that's correct."); *id.* at 270:24–271:10 ("A. I never said money didn't come from your clients. I don't think it came from your clients. Maybe it did. I said I had nothing to do with it. … I am responsible for this money as the candy store owner is when someone mugs somebody and then uses that money to buy candy. He's obviously not responsible, and the same thing over there.").

29159076 v12

the goal of efficient case management embodied in the governing rules and practices. Rubin will not be unduly prejudiced by making both of his dispositive motions on the same schedule.

*Finally*, Seddio's request for an additional 60 days *after* the completion of this limited reopened discovery period is absurd.[9] The last discovery schedule Seddio agreed to, in the March 25 joint status report, provided three months to complete *all* discovery, with dispositive motions due *one month later*. ECF No. 72, at 2. Seddio offers no explanation why a limited reopening of discovery on at most two issues requires a doubling of the time required to prepare for a pre-motion conference regarding summary judgment. The proposed schedule in Section II.A above, which builds in time for the exchange of Local Rule 56.1 statements and responses, is more than adequate.

As relevant here, the Amended Complaint added two new claims against Rubin (for malicious prosecution and unjust enrichment), added one new claim against Seddio (for malicious prosecution), and fleshed out the existing claims based on facts known to each Defendant at all times but only learned by Plaintiffs after this action was commenced. Rubin and Seddio should not be permitted to wield Plaintiffs' timely amendment to bring their pleadings up to date as an excuse for a second bite at plenary discovery on issues of which they were aware and had the opportunity to address during the previous three-month discovery period to substantially protract and delay the resolution of this litigation. The Court should issue the limited schedule set forth in Section II.A above and move this case forward.

*   *   *

The parties appreciate the Court's attention to this matter.

---

[9] Rubin does not propose any particular length of time after the completion of reopened discovery for the dispositive-motion deadline.

Dated: August 11, 2026

_/s/ Lauren Zimmerman_
Lauren J. Zimmerman
Eileen DeLucia
Babak Ghafarzade
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Tel: (646) 356-6023
lzimmerman@beneschlaw.com
edelucia@beneschlaw.com
bghafarzade@beneschlaw.com

Jennifer M. Selendy
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
jselendy@selendygay.com

_Attorneys for Plaintiffs Angelos Metaxas and Pertshire Investments LP_

_/s/ Matin Emouna_
Matin Emouna, Esq.
EMOUNA & MIKHAIL PC
100 Garden City Plaza., Suite 520
Garden City, NY 11530
(516) 877-9111
memouna@emiklaw.com

_Attorney for Defendant Yeschiel Shimon "Sam" Sprei_

_/s/ Randall Tesser_
Randall Tesser
15 Fisher Lane, Suite 200
White Plains, NY 10603
(212) 754-9000
rtesser@tesserryan.com

_Attorney for Defendant Mark David Graubard_

_/s/ Brett Scher_
Brett A. Scher, Esq.
KAUFMAN DOLOWICH LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
bscher@kaufmandolowich.com

Vincent Miletti
MILETTI LAW, P.C.
153 West End Avenue, Suite 2A
Brooklyn, New York 11235
609-353-6287
Vmiletti@milettilaw.com

_Attorney for Defendant Frank Seddio_

_/s/ Mordy Gross_
Mordy Gross
LAW OFFICES OF MORDY GROSS LLC
18 Broadway Ste 10612
Albany, NY 12207
484-680-0768
Mg@mordygross.com

_Attorney for Defendant Jonathan Rubin_

29159076 v12