# Exhibit A

Vincent Miletti, Esq.
**MILETTI LAW, P.C.**
153 West End Avenue, Suite 2A Brooklyn, New York 11235
609-353-6287 (P) ⚖ 609-554-7927 (F) ⚖ VMiletti@Milettilaw.com (E)
*NY Bar 5194014* ⚖ *NJ Bar 078322013*

May 22, 2026

**VIA PERSONAL SERVICE**

AT&T Inc.
Registered Office
15 Columbus Cir
New York, NY 10019-1107

*Re: Metaxas, et al. v. Graubard, et al.; Case No. 25-cv-5844 (AMD) (PCG) (E.D.N.Y.)*

To Whom It May Concern:

We represent Mr. Frank Seddio ("Seddio") in the above-captioned matter. He is also the account holder for the service offered by AT&T. Enclosed please find a Subpoena to Produce Documents directed to AT&T Inc. pursuant to Rule 45 of the Federal Rules of Civil Procedure.

You must produce the documents identified in **Appendix A** that are in your possession, custody, or control. Please produce electronic copies via secure electronic transfer or encrypted media to:

> Vincent Miletti, Esq.
> **MILETTI LAW, P.C.**
> 153 West End Avenue, Suite 2A
> Brooklyn, New York 11235
> 609-353-6287 (P)
> 609-554-7927 (F)
> VMiletti@Milettilaw.com (E)

Pursuant to Rule 45, you have 14 days after service of the Subpoena to comply, unless otherwise agreed in writing. We note that there is a relatively short discovery deadline of June 1, 2026—so if this is a way to have performed sooner—or at least whatever is in your possession by May 29, 2026, that would be fantastic.

There is rolling producing of documents here, so this would be fine.

If you have any questions, please contact the undersigned.

Respectfully,

Vincent Miletti, Esq.
Partner

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York ▾

| | |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 25-CV-05844-AMD-PCG |
| MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ. and JONATHAN RUBIN | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AT&T Inc., Registered Office, 15 Columbus Cir, New York, New York 10019-1107

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE APPENDIX A AND THE ATTACHED NOTICE OF SUBPOENA

| Place: MILETTI LAW, P.C., VINCENT MILETTI, ESQ., 153 WEST END AVENUE, 2A, BROOKLYN NY 11235 VMILETTI@MILETTILAW.COM | Date and Time: 5/29/2026 @ 5 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/22/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /S/ VINCENT MILETTI, ESQ. |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **DEFENDANT FRANK SEDDIO** , who issues or requests this subpoena, are:
VINCENT MILETTI, ESQ., MILETTI LAW, P.C., 153 WEST END AVENUE, SUITE 2A, BROOKLYN NY 11235 VMILETTI@MILETTILAW.COM [EMAIL IS PREFERRED]

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 25-CV-05844-AMD-PCG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Vincent Miletti, Esq. [NY Bar # 5194014]
**MILETTI LAW, P.C.**
153 West End Avenue, Suite 2A
Brooklyn, New York 11235
(609) 353-6287
VMiletti@milettilaw.com
*Attorney for Defendant Frank R. Seddio, Esq.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,<br><br>Plaintiff,<br><br>-against-<br><br>MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,<br><br>Defendants. | Case No #: 25-CV-05844-AMD-PCG<br><br>Judge Ann M. Donnelly<br><br>Magistrate Judge Peggy Cross-Goldenberg<br><br>**NOTICE OF SUBPOENA** |

To:

AT&T Inc.
Registered Office
15 Columbus Cir
New York, NY 10019-1107

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action, through their undersigned counsel, intend to serve the attached Subpoena on AT&T Inc. on **May 22, 2026** or as soon thereafter as service may be effectuated. We hereby provide notice of the enclosed Subpoena for the production of documents, located below as **Appendix A**.

Respectfully Submitted,

Dated:    Brooklyn, New York
          May 22, 2026

Vincent Miletti, Esq.
**MILETTI LAW, P.C.**
153 West End Avenue, Suite 2A
Brooklyn, New York 11235
(609) 353-6287
VMiletti@milettilaw.com
*Attorney for Frank R. Seddio, Esq.*

## APPENDIX A

## DEFINITIONS

1.      The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 and Local Civil Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein.

2.      "Action" means *Metaxas, et al. v. Graubard, et al.*, Case No. 25-cv-5844 (AMD) (PCG), pending in the United States District Court for the Eastern District of New York.

3.      "Communication" is synonymous with the usage of that term in Local Civil Rule 26.3(c) and includes, without limitation, telephone calls, SMS/text messages, and messages sent via any mobile or app-based messaging service.

4.      "Document" is synonymous in meaning and equal in scope to the term used in Local Civil Rule 26.3(c)(2) and Federal Rule 34(a)(1)(A), and includes, without limitation, telephone records, call detail records, SMS/MMS logs, and records of app-based or IP-based messaging to the extent maintained by You.

5.      "Electronically Stored Information" or "ESI" has the same meaning as in Federal Rule 34 and includes, without limitation, any electronically stored call, text, or message logs, metadata, and associated subscriber records.

6.      "You" and "Your" mean AT&T Inc., AT&T Wireless, and any of their employees, agents, officers, directors, representatives, consultants, subsidiaries, affiliates, predecessors, successors, or other persons acting or purporting to act on their behalf.

7.      "Seddio" or "Mr. Seddio" means Defendant Frank R. Seddio, including all wireless subscriber accounts and telephone numbers assigned to him or for which he was a listed subscriber, authorized user, account holder, or billing contact.

8.      "Covered Numbers" means:

1. 718-272-6040;

2. 347-564-2293;

3. and any other wireless telephone number for which Mr. Seddio was the listed subscriber, account holder, or primary user during the Relevant Period.

9.      "Relevant Period" means **January 1, 2020 through the present**, or such shorter or longer period as Your systems reasonably permit for the Covered Numbers.

10.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests all responsive material.

11.     The terms "all," "any," and "each" shall be construed to encompass "all," "any," and "each" as necessary to bring within the scope of these Requests all responsive material.

## INSTRUCTIONS

1.      These Requests call for the production of all Documents and Communications within Your possession, custody, or control, including those held by Your agents, subsidiaries, or service providers.

2.      Produce Documents as they are kept in the usual course of business, together with any associated metadata ordinarily maintained in Your systems.

3.      To the extent possible, please provide call detail records and text/message logs in electronic, machine-readable format (e.g., CSV, Excel, or similar), together with any data dictionaries or field descriptions necessary to interpret the data.

4.      If You contend that any responsive material is subject to a claim of privilege or other protection, withhold only the portion allegedly privileged and provide a log consistent with Federal Rule 26(b)(5) and Local Civil Rule 26.2.

5.     If You contend that any Request is ambiguous, state the nature of the ambiguity and respond based on a reasonable interpretation that You identify in writing.

6.     If no Documents exist in response to a particular Request, state that fact in writing.

7.     These Requests are intended to assist in enforcing the Court's May 4, 2026 Order (ECF No. 97) requiring production of text and instant messages by Defendant Frank R. Seddio, including with certain specified phone numbers. To the extent any limitation in these Requests is inconsistent with Your technical capabilities, please contact the undersigned promptly to confer regarding a reasonable scope of production.

## REQUESTS

**TIME / SCOPE NOTE:** These Requests are directed to records maintained by AT&T and are designed to (1) identify the scope of Mr. Seddio's mobile devices and accounts, and (2) obtain call/text logs—particularly as to the counterparties identified in the May 4, 2026 Order (Graubard, Sprei, Rubin, Montclare, and Wachtler)—so that Plaintiffs can reconstruct or corroborate communications that may have been deleted on the device.

**Identification of Accounts and Devices**

1.     Documents sufficient to identify all wireless accounts associated with Mr. Seddio during the Relevant Period, including:

      a.   Account numbers;

      b.   Billing addresses and names on the account; and

      c.   All telephone numbers (including the Covered Numbers) active on each account during the Relevant Period and the dates each number was active.

2. Documents sufficient to identify the make and model of each mobile device associated with any Covered Number during the Relevant Period, including device IMEI or similar unique device identifiers, and the dates each device was active on the account.

3. Documents sufficient to identify each instance during the Relevant Period when any device associated with a Covered Number was:

  a. Activated or deactivated;

  b. Replaced, traded in, or upgraded; or

  c. Subject to a SIM card change or reassignment, including any records showing dates and reasons coded or documented for such events.

**Call and Text / Message Logs**

4. For each Covered Number, Documents and ESI sufficient to show all call detail records for the Relevant Period, including at least:

  a. Date and time of each incoming and outgoing call;

  b. Calling and called numbers;

  c. Duration of each call; and

  d. Any available cell site / sector information ordinarily maintained in the regular course of business.

5. For each Covered Number, Documents and ESI sufficient to show all SMS/MMS text message logs for the Relevant Period, including at least:

  a. Date and time of each incoming and outgoing SMS/MMS message;

  b. Sending and receiving numbers; and

  c. Any available indication of message status (sent, delivered, failed) to the extent maintained.

6.    Without limiting Requests 4–5, for each Covered Number, Documents sufficient to show all call and SMS/MMS logs during the Relevant Period involving any cell phone number known to belong to the individuals identified in Paragraph 1(b) of the Court's May 4, 2026 Order, including but not limited to:

a.  Defendant Mark David Graubard, including but not limited to:

1.  516-243-1624

2.  646-245-3978

b.  Defendant Yeschiel Shimon "Sam" Sprei, including but not limited to:

1.  718-644-7089

c.  Defendant Jonathan Rubin, including but not limited to:

1.  732-620-0460

d.  Paul Montclare, including but not limited to:

1.  917-670-0133

e.  Lauren Wachtler, including but not limited to:

1.  917-439-0365

7.    For the avoidance of doubt, this Request seeks call and text logs for all communications between any Covered Number and any known cell phone number associated with these individuals during the Relevant Period, regardless of whether such numbers are specifically listed above.

**Back-Up, Archival, and Messaging-Related Information**

8.    Documents sufficient to describe, for the Relevant Period, AT&T's retention policies and capabilities with respect to:

a.  Call detail records for wireless subscribers;

b. SMS/MMS metadata and, if applicable, content (to the extent any SMS/MMS content is retained); and

c. Any backup, archival, or restoration services that may have been available or used for the Covered Numbers (e.g., AT&T-provided cloud backup, AT&T Messages/Message Backup & Sync, or similar services).

9. To the extent AT&T provides or provided any cloud-based or network-based message storage or synchronization service associated with any Covered Number during the Relevant Period (including but not limited to "AT&T Messages" or "Message Backup & Sync"), Documents sufficient to show:

a. Whether such services were enabled for any Covered Number;

b. The time period such services were active; and

c. The categories of data stored (e.g., SMS/MMS content, logs, contacts), and any available metadata concerning message backups or archives.

10. Documents sufficient to identify any requests, notices, or actions taken during the Relevant Period that would have affected the preservation or deletion of call or text logs associated with the Covered Numbers (e.g., account closure, number port-out, or special preservation/legal hold requests).

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, a copy of the foregoing **NOTICE OF SUBPOENA FOR PHONE RECORDS** was served on the following counsel of record by ECF:

AT&T Inc.
Registered Office
15 Columbus Cir
New York, NY 10019-1107

Dated:    Brooklyn, New York
           May 22, 2026

_____
Vincent Miletti, Esq.
*MILETTI LAW, P.C.*