# Exhibit B

Case 1:25-cv-05844-EK-PCG     Document 177-2     Filed 08/11/26     Page 1 of 26 PageID #: 2756

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELOS METAXAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARK DAVID GRAUBARD, *et al.*, <br><br> *Defendants*. | No. 25 Civ. 5844 (AMD) (PCG) |

**DEFENDANT FRANK R. SEDDIO'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Frank R. Seddio ("Defendant"), hereby objects and responds to the First Set of Requests For Production of Documents (each a "Request" and, collectively, including the instructions and definitions therein, the "Requests") propounded by Plaintiffs Angelos Metaxas ("Metaxas") and Pertshire Investments LP ("Pertshire" and, together with Metaxas, the "Plaintiffs") dated January 20, 2026, as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following objections to the definitions and instructions contained in the Requests are incorporated by reference into all responses and objections to the Requests set forth herein:

1. Defendant objects to each of the definitions and instructions contained in the Requests to the extent that such definitions and instructions contradict or are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or any applicable orders of the Court in this action. Defendant will respond to the Requests consistent with the Federal Rules of Civil Procedure, the Local Rules, and any applicable Court orders.

1

2.      Defendant specifically objects to the definition of the term "Communication," which violates Local Civil Rule 26.3(a) by using a broader definition than as set forth in Local Civil Rule 26.3(c)(1).

3.      Defendant specifically objects to the definition of the term "Document," which violates Local Civil Rule 26.3(a) by using a broader definition than as set forth in Local Civil Rule 26.3(c)(2).

4.      Defendant specifically objects to the definition of the term "Relevant Period," which purports to define the time period applicable to the Requests to be from November 1, 2024, through and including the date of any response or supplemental response to the Requests. Defendant will construe the term "Relevant Period" to mean the period from November 1, 2024, through October 17, 2025, the date that the Federal Action was filed, as information or material post-dating the filing of the Federal Action is irrelevant to the causes of action alleged therein and disproportionate to the needs of this litigation.

5.      Defendant specifically objects to the definition of the term "State Court Action" to the extent it purports to refer collectively to any and all proceedings and litigation efforts relating to certain specified matters. Defendant will construe the term "State Court Action" to refer to the specific proceedings referenced in the provided definition.

6.      Defendant specifically objects to the definition of the term "Transaction(s)" as overly broad, vague, and not reasonably limited to the claims or defenses in this action, insofar as it encompasses "any financial transaction, including any executed or requested deposit, withdrawal, wire, transfer, purchase, order or sale" without limitation. Defendant will construe this term consistent with Federal Rule of Civil Procedure 26(b)(1).

7.      Defendant specifically objects to definitions purporting to define the names of various individuals and entities to include any and all unidentified agents, attorneys, or representatives acting or purporting to act on behalf of certain individuals.  Defendant will construe the names of such individuals and entities to include those agents, attorneys, or representatives that Defendant knows or understood to be acting on behalf of such individuals.

8.      Defendant specifically objects to Instruction No. 4 to the extent it purports to require the production of duplicative or cumulative information or material.  Defendant will construe this instruction reasonably and consistent with Federal Rule of Civil Procedure 26(b)(1)

9.      Defendant specifically objects to Instruction No. 5 to the extent it purports to impose burdens and requirements beyond those mandated by the Federal Rules of Civil Procedure or the Local Rules.  Defendant will construe this instruction reasonably and consistent with Federal Rule of Civil Procedure 26(b)(1).

10.     Defendant specifically objects to Instruction No. 6 to the extent it purports to impose requirements for privilege logs beyond those required by Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2(c), including to the extent that it requires logging of every redacted document or communication regardless of burden or proportionality.  Defendant further objects to the extent this Instruction purports to require disclosure of information that itself is privileged or protected.  Defendant will prepare and provide any privilege log in accordance with the governing law and rules, and reserves the right to withhold from logging categories of documents customarily excluded where appropriate.

11.     Defendant specifically objects to Instruction No. 7 as vague, overly broad, and disproportionate to the needs of this litigation.  Defendant will construe this instruction reasonably and consistent with Federal Rule of Civil Procedure 26(b)(1).

3

12.     Defendant specifically objects to Instruction No. 9 to the extent it purports to impose burdens and requirements beyond those mandated by the Federal Rules of Civil Procedure or the Local Rules, including, but not limited to, the purported requirement that Defendant prepare separate schedules, logs, or other documents in connection with any response.  Defendant will construe this instruction reasonably and consistent with Federal Rule of Civil Procedure 26(b)(1).

## GLOBAL STATEMENTS AND OBJECTIONS

The following global statements and objections are incorporated by reference into all responses and objections to the Requests set forth herein:

1.     These responses and objections are based upon Defendant's knowledge and documents presently available.  They are provided without prejudice to Defendant's rights to produce additional documents and/or supplement or amend these responses and objections at a later date, and shall not be construed to waive or relinquish any such rights.  Defendant expressly reserves the right to supplement and/or amend these responses and objections should additional information or material become available, including as a result of further investigation or otherwise.

2.     Defendant objects to the Requests as overbroad, unduly burdensome, vexatious, and disproportionate to the needs of this litigation

3.     Defendant objects to the Requests to the extent they seek documents that are not within Defendant's possession, custody, or control.

4.     Defendant objects to the Requests to the extent they purport to require the production of information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges, doctrines, and/or protections against compelled production.

4

5.    Defendant objects to the Requests to the extent they seek information or material that has already been produced or otherwise disclosed by any defendants in this action, or in connection with any related state court proceeding.

6.    Defendant objects to the Requests to the extent they seek information or documents that are already in Plaintiffs' possession, custody, or control.

7.    Unless otherwise expressly indicated below, all responses indicating a willingness or intention to produce documents or communications refers to material within the Relevant Period, as construed herein.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION**

Subject to and without waiving the foregoing objections, all of which are hereby incorporated by reference into each response set forth below, Defendant responds to the Requests as follows:

REQUEST NO. 1: All Documents and Communications concerning the wire transfer on May 7, 2025, from Graubard's IOLA to an account belonging to "Seddio Associates, P.C.," in the amount of $12,500.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive material, if any, within his possession, custody, or control responsive to this Request.

REQUEST NO. 2: Documents sufficient to show all corporate entities (whether corporations, limited liability companies, partnerships, or any other corporate forms), in which You have held any direct or indirect ownership interest (whether as a shareholder, member, or otherwise) or held any management role during the Relevant Period, and for each such entity:

a.   its place of incorporation;
b.   its date of incorporation;
c.   its organizational documents, including but not limited to articles of incorporation, bylaws, limited liability company agreements, and/or partnership agreements;
d.   a list of all its shareholders, members, or partners;
e.   a list of all its managers, officers, and/or directors; and

5

f.  a list of all its parents, subsidiaries, and affiliates.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation. The Request seeks sweeping discovery into any and all entities in which Defendant may have held any interest or management role, without limitation as to subject matter or apparent relevance to any claims or defenses in this action. Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding a response to an appropriately narrowed request.

REQUEST NO. 3: All Documents and Communications concerning any Transaction between You or any of the entities identified in Your response to Request No. 2, on the one hand, and CPE Member LLC, Esther Equities LL, Frankl, Graubard, King, Kobre, Montclare, Montclare & Wachtler, Queen Equities LLC, Rubin, Shefa Holdings LLC, Sprei, Surf 9, Wachtler, WHP Equities LLC, or any attorney acting on their behalf, on the other hand, and, for each such Transaction:

a.  the date of the Transaction;
b.  the Individual who initiated the Transaction;
c.  the counterparty to the Transaction;
d.  the amount of the Transaction;
e.  the Authority for the initiation and completion of the Transaction; and
f.  the Purpose of the Transaction.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation. The Request seeks all documents and communications regarding any transactions with various individuals or entities, without limitation as to subject matter or apparent relevance to any claims or defenses in this action. Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive material, if any, within his possession, custody, or control concerning transactions with Graubard, Montclare, Montclare & Wachtler, Rubin, Sprei, Surf 9, or Wachtler during the Relevant Period. Defendant is available to meet and confer regarding the remaining portions of this Request.

REQUEST NO. 4: Documents sufficient to identify all bank accounts held, owned, or controlled by You, Your spouse, if any, or any of the entities identified in

6

response to Request No. 2 during the Relevant Period, and for each account, identify the bank in which the account is or was held, the bank address, account type, account number, date the account was opened, date the account was closed (if applicable), and all authorized users on each bank account.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, harassing, vexatious, and disproportionate to the needs of this litigation. The Request purports to demand broad discovery into Defendant's personal financial conditions as well as those of his family, prior to any determination of liability and without limitation as to subject matter or apparent relevance to any claims or defenses in this action.

REQUEST NO. 5: All Documents and Communications, from February 19, 2025, through the date of Your response, concerning any Communications You had with any of the following judges, including their clerks or any agent or representative acting or purporting to act on their behalf, excluding any Communications reflected in documents You filed via NYSCEF or any electronic mail on which Plaintiffs' counsel was copied:

> a. Kings County Supreme Court Justice Katherine A. Levine;
> b. Kings County Supreme Court Justice Richard J. Montelione;
> c. Kings County Supreme Court Justice Steven Z. Mostofsky;
> d. Kings County Supreme Court Justice Francois A. Rivera; and
> **e.** Kings County Supreme Court Justice Richard Velasquez.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation. Based on the claims alleged in this litigation, the relevance of documents and communications exchanged with state court jurists not involved in or appearing on the public docket is unclear at best. Additionally, the Request seeks documents and communications without limitation as to subject matter or apparent relevance to this action. Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding a response to an appropriately narrowed request.

REQUEST NO. 6: All Communications concerning the Escrow Deposits.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive material, if any, within his possession, custody, or control responsive to this Request.

REQUEST NO. 7: All Communications concerning the Escrow Agreements.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive material, if any, within his possession, custody, or control responsive to this Request.

REQUEST NO. 8: All Documents and Communications concerning Graubard's IOLA, including all Documents and Communications concerning any Transaction involving Graubard's IOLA.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive material, if any, within his possession, custody, or control responsive to this Request.

REQUEST NO. 9: All Communications with Graubard or any agent or attorney representing him, including but not limited to Gorkin, Goldberg, Morgenstern, Horn, or Tesser, concerning:

    a.    the Federal Action;
    b.    Frankl;
    c.    Goldberg;
    d.    Gorkin;
    e.    Hanft;
    f.    Horn;
    g.    King;
    h.    Kings County Supreme Court Justice Katherine A. Levine;
    i.    Kings County Supreme Court Justice Steven Z. Mostofsky;
    j.    Kings County Supreme Court Justice Richard J. Montelione;
    k.    Kings County Supreme Court Justice Francois A. Rivera;
    l.    Kings County Supreme Court Justice Richard Velasquez;
    m.    Kobre;
    n.    Metaxas;
    o.    Montclare;
    p.    Montclare & Wachtler;
    q.    Morgenstern;

8

r.   Pertshire;

s.   Phillip Elias Farid El-Khoury;

t.   Reda Maamari;

u.   the Release;

v.   Rubin;

w.   Sprei;

x.   the State Court Action, including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed order to show causes, and its discontinuance;

y.   Surf 9;

z.   Tesser;

aa.  Wachtler;

bb.  CPE Member LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

cc.  Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf;

dd.  Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

ee.  Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

ff.  WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or

gg.  536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation.  Moreover, though styled as a single Request, the Request is more accurately viewed as more than thirty separate requests grouped together.  Further, the Request seeks all communications regarding a wide array of subject matters, some of which have little, if any, apparent relevance to any claims or defenses in this action.  And the Request seeks documents and communications that may be protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, including communications with or among counsel concerning legal advice, litigation strategy, and the prosecution or defense of the Federal Action or the State Court Action.  Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive communications with Graubard, if

any, within his possession, custody, or control concerning Metaxas, Montclare, Montclare & Wachtler, Olden LLC, Pertshire, the Release, Rubin, Sprei, Surf 9, or Wachtler during the Relevant Period. Defendant is available to meet and confer regarding the remaining portions of this Request.

REQUEST NO. 10: All Communications with Sprei or anyone acting on his behalf concerning:

    a.    the Federal Action;
    b.    Frankl;
    c.    Graubard;
    d.    Hanft;
    e.    King;
    f.    Kings County Supreme Court Justice Katherine A. Levine;
    g.    Kings County Supreme Court Justice Steven Z. Mostofsky;
    h.    Kings County Supreme Court Justice Richard J. Montelione;
    i.    Kings County Supreme Court Justice Francois A. Rivera;
    j.    Kings County Supreme Court Justice Richard Velasquez;
    k.    Metaxas;
    l.    Montclare;
    m.    Montclare & Wachtler;
    n.    Pertshire;
    o.    Phillip Elias Farid El-Khoury;
    p.    Reda Maamari;
    q.    the Release;
    r.    Rubin;
    s.    the State Court Action, including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed orders to show cause, and its discontinuance;
    t.    Surf 9;
    u.    Wachtler;
    v.    CPE Member LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
    w.    Olden LLC, Olden Group LLC, or any agent or representative acting on either entity's behalf;
    x.    Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
    y.    Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
    z.    WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or
    aa.    536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

10

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation. Moreover, though styled as a single Request, the Request is more accurately viewed as more than thirty separate requests grouped together. Further, the Request seeks all communications regarding a wide array of subject matters, some of which have little, if any, apparent relevance to any claims or defenses in this action. And the Request seeks documents and communications that may be protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, including communications with or among counsel concerning legal advice, litigation strategy, and the prosecution or defense of the Federal Action or the State Court Action. Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding a response to an appropriately narrowed request.

REQUEST NO. 11: All Communications with Rubin or anyone acting on his behalf concerning:

      a.     the Federal Action;
      b.     Frankl;
      c.     Graubard;
      d.     Hanft;
      e.     King;
      f.     Kings County Supreme Court Justice Katherine A. Levine;
      g.     Kings County Supreme Court Justice Steven Z. Mostofsky;
      h.     Kings County Supreme Court Justice Richard J. Montelione;
      i.     Kings County Supreme Court Justice Francois A. Rivera;
      j.     Kings County Supreme Court Justice Richard Velasquez;
      k.     Kobre;
      l.     Metaxas;
      m.     Montclare;
      n.     Montclare & Wachtler;
      o.     Pertshire;
      p.     Phillip Elias Farid El-Khoury;
      q.     Reda Maamari;
      r.     the Release;
      s.     the State Court Action, including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed order to show causes, and its discontinuance;

11

t.    Sprei;
u.    Surf 9;
v.    Wachtler;
w.    CPE Member LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
x.    Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf;
y.    Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
z.    Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
aa.   WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or
bb.   536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation.  Moreover, though styled as a single Request, the Request is more accurately viewed as more than thirty separate requests grouped together.  Further, the Request seeks all communications regarding a wide array of subject matters, some of which have little, if any, apparent relevance to any claims or defenses in this action.  And the Request seeks documents and communications that may be protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, including communications with or among counsel concerning legal advice, litigation strategy, and the prosecution or defense of the Federal Action or the State Court Action.  Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive communications with Rubin, if any, within his possession, custody, or control concerning Metaxas, Montclare, Montclare & Wachtler, Olden LLC, Pertshire, the Release, Rubin, Sprei, Surf 9, or Wachtler during the Relevant Period.  Defendant is available to meet and confer regarding the remaining portions of this Request.

REQUEST NO. 12: All Communications with Montclare & Wachtler concerning:

a.    the Escrow Agreements;
b.    the Escrow Deposits;

12

c.   the Federal Action;

d.   Frankl;

e.   Graubard;

f.   Hanft;

g.   King;

h.   Kings County Supreme Court Justice Katherine A. Levine;

i.   Kings County Supreme Court Justice Steven Z. Mostofsky;

j.   Kings County Supreme Court Justice Richard J. Montelione;

k.   Kings County Supreme Court Justice Francois A. Rivera;

l.   Kings County Supreme Court Justice Richard Velasquez;

m.   Kobre;

n.   Metaxas;

o.   Montclare;

p.   Pertshire;

q.   Phillip Elias Farid El-Khoury;

r.   Reda Maamari;

s.   the Release;

t.   Rubin;

u.   the State Court Action, including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed orders to show cause, and its discontinuance;

v.   Sprei;

w.   Surf 9;

x.   Wachtler;

y.   CPE Member LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

z.   Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf;

aa.   Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

bb.   Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

cc.   WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or

dd.   536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad and disproportionate to the needs of this litigation. Moreover, although styled as a single Request, the Request is more accurately viewed as thirty separate requests grouped together.  Further, the Request seeks all communications regarding a wide array of subject matters, some of which have

13

little, if any, apparent relevance to any claims or defenses in this action.  And the Request seeks

documents and communications that may be protected by the attorney-client privilege, the work-

product doctrine, or other applicable privileges or protections, including communications with or

among counsel concerning legal advice, litigation strategy, and the prosecution or defense of the

Federal Action or the State Court Action.  Subject to and without waiving the foregoing objections,

Defendant will produce nonprivileged responsive communications with Montclare & Wachtler, if

any, within his possession, custody, or control concerning the Escrow Agreements, the Escrow

Agreements, Metaxas, Montclare, Olden LLC, Pertshire, the Release, Rubin, Sprei, Surf 9, or

Wachtler during the Relevant Period.  Defendant is available to meet and confer regarding the

remaining portions of this Request.

REQUEST NO. 13: All Communications with Montclare concerning:

a.  the Escrow Agreements;
b.  the Escrow Deposits;
c.  the Federal Action;
d.  Frankl;
e.  Graubard;
f.  King;
g.  Hanft;
h.  Kings County Supreme Court Justice Katherine A. Levine;
i.  Kings County Supreme Court Justice Steven Z. Mostofsky;
j.  Kings County Supreme Court Justice Richard J. Montelione;
k.  Kings County Supreme Court Justice Francois A. Rivera;
l.  Kings County Supreme Court Justice Richard Velasquez;
m.  Kobre;
n.  Metaxas;
o.  Montclare & Wachtler;
p.  Pertshire;
q.  Phillip Elias Farid El-Khoury;
r.  Reda Maamari;
s.  the Release;
t.  Rubin;
u.  the State Court Action, including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed orders to show cause, and its discontinuance;
v.  Sprei;

14

w.     Surf 9;
x.     Wachtler;
y.     CPE Member LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
z.     Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf;
aa.    Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
bb.    Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;
cc.    WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or
dd.    536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad and disproportionate to the needs of this litigation. Moreover, although styled as a single Request, the Request is more accurately viewed as thirty separate requests grouped together. Further, the Request seeks all communications regarding a wide array of subject matters, some of which have little, if any, apparent relevance to any claims or defenses in this action. And the Request seeks documents and communications that may be protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, including communications with or among counsel concerning legal advice, litigation strategy, and the prosecution or defense of the Federal Action or the State Court Action. Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive communications with Montclare, if any, within his possession, custody, or control concerning the Escrow Agreements, the Escrow Agreements, Metaxas, Montclare & Wachtler, Olden LLC, Pertshire, the Release, Rubin, Sprei, Surf 9, or Wachtler during the Relevant Period. Defendant is available to meet and confer regarding the remaining portions of this Request.

REQUEST NO. 14: All Communications with Wachtler, concerning:

a.     the Escrow Agreements;

15

b.    the Escrow Deposits;

c.    the Federal Action;

d.    Frankl;

e.    Graubard;

f.    King;

g.    Hanft;

h.    Kings County Supreme Court Justice Katherine A. Levine;

i.    Kings County Supreme Court Justice Steven Z. Mostofsky;

j.    Kings County Supreme Court Justice Richard J. Montelione;

k.    Kings County Supreme Court Justice Francois A. Rivera;

l.    Kings County Supreme Court Justice Richard Velasquez;

m.    Kobre;

n.    Metaxas;

o.    Montclare;

p.    Montclare & Wachtler;

q.    Pertshire;

r.    Phillip Elias Farid El-Khoury;

s.    Reda Maamari;

t.    the Release;

u.    Rubin;

v.    the State Court Action, including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed orders to show cause, and its discontinuance;

w.    Sprei;

x.    Surf 9;

y.    CPE Member LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

z.    Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf;

aa.    Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

bb.    Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

cc.    WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or

dd.    536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad and disproportionate to the needs of this litigation. Moreover, although styled as a single Request, the Request is more accurately viewed as thirty separate requests grouped together. Further, the Request seeks all communications regarding a wide array of subject matters, some of which have

16

little, if any, apparent relevance to any claims or defenses in this action.  And the Request seeks documents and communications that may be protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, including communications with or among counsel concerning legal advice, litigation strategy, and the prosecution or defense of the Federal Action or the State Court Action. Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive communications with Wachtler, if any, within his possession, custody, or control concerning the Escrow Agreements, the Escrow Agreements, Metaxas, Montclare, Montclare  & Wachtler, Olden LLC, Pertshire, the Release, Rubin, Sprei, or Surf 9 during the Relevant Period.  Defendant is available to meet and confer regarding the remaining portions of this Request.

REQUEST NO. 15: All Communications with Spirgel concerning:

a. the Escrow Agreements;
b. the Escrow Deposits;
c. the Federal Action;
d. Frankl;
e. Graubard;
f. Hanft;
g. King;
h. Kings County Supreme Court Justice Katherine A. Levine;
i. Kings County Supreme Court Justice Steven Z. Mostofsky;
j. Kings County Supreme Court Justice Richard J. Montelione;
k. Kings County Supreme Court Justice Francois A. Rivera;
l. Kings County Supreme Court Justice Richard Velasquez;
m. Metaxas;
n. Montclare;
o. Montclare & Wachtler;
p. Pertshire;
q. Phillip Elias Farid El-Khoury;
r. Reda Maamari;
s. Nediva Schwarz;
t. Rubin;
u. Sprei;
v. the State Court Action; including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed order to show causes, and its discontinuance;

w.      Surf 9;

x.      Wachtler;

y.      Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf;

z.      Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

aa.     Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

bb.     WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or

cc.     536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad and disproportionate to the needs of this litigation.  Moreover, although styled as a single Request, the Request is more accurately viewed as close to thirty separate requests grouped together.  Further, the Request seeks all communications with an individual absent from the complaint in this action regarding a wide array of subject matters, some of which have little, if any, apparent relevance to any claims or defenses in this action.  Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding this Request.

REQUEST NO. 16: All Communications, from December 1, 2025, through the date of Your response, with Kobre or any other attorney from Schwartz Sladkus Resich Greenberg Atlas LLP concerning:

a.  the Escrow Agreements;
b.  the Escrow Deposits;
c.  the Federal Action;
d.  Frankl;
e.  Graubard;
f.  Hanft;
g.  King;
h.  Kings County Supreme Court Justice Katherine A. Levine;
i.  Kings County Supreme Court Justice Steven Z. Mostofsky;
j.  Kings County Supreme Court Justice Richard J. Montelione;
k.  Kings County Supreme Court Justice Francois A. Rivera;
l.  Kings County Supreme Court Justice Richard Velasquez;
m. Metaxas;
n.  Montclare;
o.  Montclare & Wachtler;

18

p. Pertshire;

q. Phillip Elias Farid El-Khoury;

r. Reda Maamari;

s. the Release;

t. Rubin;

u. the State Court Action, including its commencement, any potential bond or undertaking, all hearings and scheduled court appearances, all filed orders to show cause, and its discontinuance;

v. Sprei;

w. Surf 9;

x. Wachtler;

y. CPE Member LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

z. Olden LLC, Olden Group LLC, or any agent, attorney, or representative acting on either entity's behalf;

aa. Queen Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

bb. Shefa Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf;

cc. WHP Equities LLC, or any agent, attorney, or representative acting or purporting to act on its behalf; or

dd. 536 Holdings LLC, or any agent, attorney, or representative acting or purporting to act on its behalf, including but not limited to Jacob Jacobowitz.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad and disproportionate to the needs of this litigation. Moreover, although styled as a single Request, the Request is more accurately viewed as close to thirty separate requests grouped together. Further, the Request seeks all communications with an entity absent from the complaint in this action regarding a wide array of subject matters, some of which have little, if any, apparent relevance to any claims or defenses in this action. Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding this Request.

REQUEST NO. 17: Documents sufficient to identify all email addresses and telephone numbers, including land lines and cellular phone numbers, in Your possession, custody, or control, including all phone numbers and email addresses You utilized to communicate with each Individual identified in Request No. 3.

19

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation. There is no legitimate basis to seek documents sufficient to identify every email address and telephone number in Defendant's possession, custody, or control, regardless of whether such email addresses or phone numbers have any relevance to this action. Defendant further objects to this Request to the extent it seeks information that is equally available to Plaintiffs from other sources, including, among other sources, the individuals identified in Request No. 3. Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive material, if any, within his possession, custody, or control responsive to other Requests and concerning matters relevant to this action. Such documents are sufficient to identify methods of communication regarding potentially relevant matters. Defendant is available to meet and confer regarding any remaining concerns pertaining to this Request.

> REQUEST NO. 18: All Documents and Communications, including but not limited to any executed engagement letters, concerning the following statement made in Your December 15, 2025, letter to Kings County Supreme Court Justice Richard J. Montelione, filed in the State Court Action at NYSCEF Doc. No. 135: "I have retained counsel, Mr. Imran H Ansari, from the law firm of Aidala, Bertuna & Kamins P.C., to represent me in this matter."

> RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation. The Request seeks all documents and communications "concerning" Defendant's retention of counsel, without limitation, as to subject matter or apparent relevance to any claims or defenses in this action. Defendant further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, including communications relating to the retention of counsel, the scope of representation, legal advice, and

20

litigation strategy.  Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding this Request.

REQUEST NO. 19: Documents sufficient to show all document retention and destruction policies employed by Seddio & Associates during the Relevant Period.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive material, if any, within his possession, custody, or control responsive to this Request.

REQUEST NO. 20: All Communications, regardless of time period, with Hanft or anyone acting on his behalf.

RESPONSES: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation.  The Request seeks all communications with Noah Hanft, or anyone acting on his behalf, without limitation as to time, subject matter or apparent relevance to any claims or defenses in this action.  Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding this Request.

REQUEST NO. 21: Documents sufficient to show the amount of unencumbered cash as well as the value of any marketable securities, secured, capital, or liquidatable assets, and liabilities presently held by You, Your spouse, if any, or any of the entities identified in Your response to Request No. 2.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, harassing, vexatious, and disproportionate to the needs of this litigation.  The Request appears to seek post-judgment discovery prior to any judgment being entered, regarding unrelated and personal financial matters.  The Request purports to demand broad discovery into Defendant's personal financial conditions as well as those of his family, prior to any determination of liability and without limitation as to subject matter or apparent relevance to any claims or defenses in this action.

REQUEST NO. 22: Documents sufficient to show the existence and contents of any insurance agreement under which You may be liable to satisfy part or all of a

21

judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, and disproportionate to the needs of this litigation. The Request purports to demand discovery regarding any agreements to obligation to indemnify or reimburse for payments made to satisfy a judgment in this action, which explicitly seeks post-judgment discovery prior to any judgment being entered and concerning matters unrelated to any claims or defenses in this action.

REQUEST NO. 23: Documents sufficient to prove Your inability to attend a hearing or court appearance scheduled or proposed to be scheduled in the State Court Action and for which You claimed You were unavailable or needed an adjournment, including but not limited to April 23, 2025, July 17, 2025, July 30, 2025, and November 5, 2025.

RESPONSES: Defendant objects to this Request as irrelevant, overly broad, vague, ambiguous, and disproportionate to the needs of this litigation. Further, the Request improperly purports to impose a burden of proof on Defendant as an explicit criterion for production. Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding a response to this Request.

REQUEST NO. 24: Documents sufficient to establish that You completed personal service of a copy of the Order to Show Cause signed by the Hon. Steven S. Mostofsky, and the underlying Documents You filed in the State Court Action on February 19, 2025, at NYSCEF Doc. Nos. 1–7, on Graubard on or before March 7, 2025.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad, vague, ambiguous, and disproportionate to the needs of this litigation. Further, as the Request seeks information relating to service of a document in other litigation involving Plaintiffs, Defendant objects to this Request to the extent it seeks documents that are equally available to Plaintiffs from the docket in the State Court Action, including any affidavits or proofs of service. Defendant further objects to this Request to the extent it seeks documents and communications protected by

22

the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, including materials reflecting counsel's mental impressions, legal strategy, or communications concerning service. Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding a response to this Request.

> REQUEST NO. 25: All Documents and Communications supporting each factual and legal contention You made in filings in the State Court Action dated February 19, 2025, at NYSCEF Doc. Nos. 1–7, including but not limited to:

> > a. The statement made in the Summons with Notice You signed and filed on behalf of Olden LLC in the State Court Action on February 19, 2025, at NYSCEF Doc. No. 1, that "the parties have competing claims" to the Escrow Deposits; and
> > b. The statement made in Your sworn Affirmation of Frank Seddio in Support of Motion, dated February 19, 2025, and filed in the State Court Action at NYSCEF Doc. No. 3, that Plaintiffs would "harass and intimidate and bully" Graubard.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad and disproportionate to the needs of this litigation. The Request seeks documents and communications "supporting each factual and legal contention" in multiple court filings, without limitation, and thus effectively demands all documents relating to entire pleadings and motion papers and without apparent relevance to any claims or defenses in this action. Defendant further objects to the Request to the extent it relies on the term "supporting," which is ambiguous, vague, fails to provide an objective standard for determining what materials are responsive, and appears to call for disclosure of legal analysis and conclusions. Defendant further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, including materials reflecting counsel's mental impressions, legal theories, and litigation strategy in connection with the preparation of the referenced filings. Subject to and without waiving the foregoing objections, Defendant is available to meet and confer regarding a response to this Request.

23

REQUEST NO. 26: All Documents and Communications supporting Your assertion that Olden LLC is a bona fide and operating entity by virtue of Your initiating and litigating the State Court Action on its behalf.

RESPONSE: Defendant objects to this Request as vague, ambiguous, irrelevant, overly broad, and disproportionate to the needs of this litigation. Defendant further objects to the Request to the extent it relies on the term "supporting," which is ambiguous, vague, fails to provide an objective standard for determining what materials are responsive, and appears to call for disclosure of legal analysis and conclusions. Defendant further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, including materials reflecting counsel's mental impressions, legal theories, and litigation strategy in connection with assertions made in a separate action. Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged documents, if any, concerning bases for his belief that Olden LLC was a bona fide and operating entity. Defendant is available to meet and confer regarding any remaining concerns pertaining to this Request.

REQUEST NO. 27: All Documents You receive pursuant to any discovery request or subpoena served on any other party or third party in connection with the Federal Action or the State Court Action.

RESPONSE: Defendant objects to this Request as irrelevant, overly broad and disproportionate to the needs of this litigation. The Request seeks all documents received in connection with any discovery request or subpoena served on any party or third party, in multiple litigations, without limitation as to subject matter or apparent relevance to any claims or defenses in this action. Defendant further objects to this Request as seeking duplicative materials that are equally available to Plaintiffs from the issuing parties or third parties; indeed, the Request appears to demand production of material that Plaintiffs themselves have produced. Subject to and without

24

waiving the foregoing objections, Defendant will produce documents produced to him by other parties or third parties that are not equally available to Plaintiffs.

REQUEST NO. 28: All Documents You intend to use, rely upon, or introduce at any hearing, deposition, trial, or proceeding in this Federal Action.

RESPONSE: Defendant objects to this Request as premature, because the identification of all documents that may be relied upon or used in depositions, at trial, or in any proceeding in this action is governed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's scheduling and pretrial orders, and is not required at this stage of the litigation. Defendant also objects to this Request as cumulative, in that it seeks the same material sought by numerous other Requests. Defendant further objects to the Request as it demands speculative and indeterminate categories of documents that may or may not ultimately be implicated as the case develops, and it is not possible at this early stage to determine every document that Defendant may use, rely upon, or introduce during the course of the litigation. Subject to and without waiving the foregoing objections, Defendant will comply with applicable disclosure obligations at the appropriate time.

Dated: March 25, 2026
       New York, New York

                                        ABELL ESKEW LANDAU LLP

                          By:    /s/ *Jarrod L. Schaeffer*_____

                                 Kenneth M. Abell
                                 Jarrod L. Schaeffer

                                 256 Fifth Avenue, 5th Floor
                                 New York, NY 10001
                                 (646) 970-7341 / -7339
                                 kabell@aellaw.com
                                 jschaeffer@aellaw.com

                                 *Counsel for Frank R. Seddio*

25