UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGELOS METAXAS and PERTSHIRE
INVESTMENTS LP,

                    Plaintiffs,

            v.

MARK DAVID GRAUBARD, ESQ. d/b/a M.
DAVID GRAUBARD, YESCHIEL SHIMON
"SAM" SPREI, FRANK R. SEDDIO, ESQ.,
JONATHAN RUBIN, and CHASKEL FRANKL

                  Defendants.

Case No. 1:25-CV-05844-EK-PCG

**AFFIRMATION IN SUPPORT
OF REQUEST FOR CLERK'S
CERTIFICATE OF DEFAULT**

I, Lauren J. Zimmerman, hereby declare under penalty of perjury as follows:

1.      I am an attorney with the law firm of Benesch, Friedlander, Coplan & Aronoff LLP, counsel of record for Plaintiffs Angelos Metaxas and Pertshire Investments LP ("Plaintiffs"). I am over the age of 18 years, and I am competent to testify of my own personal knowledge about the matters contained herein.

2.      On October 17, 2025, Plaintiffs filed their initial complaint (the "Complaint") against Defendant Yeschiel Shimon "Sam" Sprei ("Sprei") and others. ECF No. 1. The Complaint alleged four causes of action against Sprei: declaratory judgment under 28 U.S.C. § 2201 (Count 1), tortious interference with contract (Count 3); aiding and abetting breach of fiduciary duty (Count 5), and aiding and abetting conversion (Count 9). The Complaint sought damages of not less than $2,000,000, plus pre- and post-judgment interest, costs, and fees, including attorneys' fees.

3. On October 27, 2025, Sprei was served with the Complaint and the Summons, in compliance with Fed. R. Civ. P. 4, at his primary residence, located at 1362 54th Street, Apartment 3F, Brooklyn, New York, 11219. ECF No. 12.

4. On July 2, 2026, the Court found Sprei "in contempt of Court Orders related to the discovery process and [found] that interim sanctions and measures are warranted prior to the imposition of default." July 2, 2026 Minute Order.

5. On July 6, 2026, Sprei filed a letter motion for leave to "withdraw his previously filed Answer." ECF No. 145. In that letter, Sprei stated that he "no longer contests liability in this civil action, thereby eliminating any further dispute concerning liability." *Id.* Further, Sprei stated that he "recognizes that, if [the withdrawal] is granted," he would be subject to "entry of judgment as the Court deems appropriate." *Id*.

6. On July 10, 2026, the Court granted Sprei's request to withdraw his Answer. Because "Sprei no longer contests liability in this action," the Court instructed Plaintiffs to "determine[e] next steps in pursuing judgment against defendant Sprei." July 10, 2026 Order.

7. On July 13, 2026, Plaintiffs filed their Amended and Supplemental Complaint (the "Amended Complaint") against Sprei and others. ECF No. 151. Sprei was served with the Amended Complaint through his attorney of record, who is a registered user of the Court's ECF system. *See* Fed. R. Civ. P. 5(b)(1), (2)(E). The Amended Complaint alleges eight causes of action against Sprei: declaratory judgment under 28 U.S.C. § 2201 (Count 1); tortious interference with contract (Count 3); aiding and abetting breach of fiduciary duty (Count 5); abuse of process (Counts 6 and 7); malicious prosecution (Count 8); aiding and abetting conversion (Count 12); and unjust enrichment (Count 13). The Amended Complaint seeks damages of not less than $2,000,000, plus pre- and post-judgment interest, costs, and fees, including attorneys' fees.

8. During both of his court-ordered depositions on June 30 and July 16, 2026, Sprei testified that he continues to reside at 1362 54th Street.

9. During a discovery conference on July 29, 2026, Sprei's counsel represented to the Court, on the record, that Sprei does not contest liability as to any of the claims asserted against him in the Amended Complaint. Sprei has since reiterated that he "does not contest liability as to any of the claims asserted against him in the Amended Complaint." ECF No. 176.

10. "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

11. Here, because Sprei has affirmatively elected to abandon any defenses to the claims asserted against him in this action (ECF No. 176), the Clerk must enter Sprei's default.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: August 12, 2026

/s/ *Lauren J. Zimmerman*
Lauren J. Zimmerman
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
1155 Avenue of the Americas, Floor 26
New York, NY 10036
Tel: (646) 356-6023
lzimmerman@beneschlaw.com

3