Vincent Miletti, Esq.
**MILETTI LAW, P.C.**
153 West End Avenue, Suite 2A, Brooklyn, New York 11235
609-353-6287 (P) ⚖ 609-554-7927 (F) ⚖ VMiletti@Milettilaw.com (E)
*NY Bar 5194014 ⚖ NJ Bar 078322013*

August 13, 2026

**Sent Via ECF**.

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

Re:    *Metaxas et al. v. Graubard et al., No. 1:25-cv-05844-EK-PCG*
       *Joint Letter and Proposed Order Narrowing Scope of AT&T Subpoena Production (ECF*
       *Minute Order 8/12/26)*

Dear Judge Cross-Goldenberg:

Defendants Frank R. Seddio and Jonathan Rubin jointly submit this letter, together with the accompanying Proposed Order, to seek narrow, uncontested relief from a single sentence of the Court's August 12, 2026 Minute Order — the directive that "Defendant Seddio shall produce the returns from the AT&T subpoena by August 14, 2026." The relief sought preserves the August 14 production deadline, fully honors the Court's Order, and protects all parties from a materially over-broad third-party production that AT&T generated by misinterpreting the scope of the subpoena as drafted.

## I.    THE SUBPOENA AND AT&T'S OVERPRODUCTION.

On May 22, 2026, Mr. Seddio, through counsel Vincent Miletti, Esq., served AT&T with a Rule 45 subpoena (Matter ID 4609697; the "Subpoena") for records concerning Mr. Seddio's own telephone accounts (his "Covered Numbers": 347-564-2293 and 718-272-6040). Request 6 of the Subpoena limited the third-party portion of the return to communications between a Covered Number and specifically enumerated third-party numbers, including Mr. Rubin's number (732-620-0460) and numbers associated with Defendants Graubard and Sprei and non-parties Paul Montclare and Lauren Wachtler. Rather than screening for that intersection, AT&T ran each enumerated third-party number as its own subpoena target and returned full account-level records for each, spanning January 1, 2020 through May 22, 2026. The raw return contains **356,762** rows across five reports (Mobility with Cell Location; Wireline; International Call Detail; STIR/SHAKEN; Cell Site Data), the vast majority of which concern the six-year account activity of the third-party subscribers and have no connection to Mr. Seddio, to the parties, or to this action. AT&T returned no "Voice Usage For" report for either of Mr. Seddio's Covered Numbers. Accordingly, Mr. Seddio's own call-detail records are not part of AT&T's production; their absence results from AT&T's return and not from any withholding by Mr. Seddio. Mr. Seddio reserves the right to seek those records directly from AT&T.

The concern is therefore not that responsive material should be withheld; it is that the raw return includes private account-level records for parties and non-parties that were never requested as

Page 1 of 4

freestanding productions and that could expose unrelated personal, professional, privileged, or sensitive communications if circulated without Court-approved scoping.

## II.    THE PROPERLY-SCOPED SUBSET.

Overnight on August 12-13, 2026, counsel for Mr. Seddio filtered the raw return to the counterparty subset that Request 6 of the Subpoena actually sought — that is, rows in which one originating or terminating number is a Covered Number of Mr. Seddio and the other is one of the enumerated third-party numbers.  The scoped subset (the "Scoped Subset") consists of 10,686 rows (371 pages), these figures reflect the period from January 1, 2020 through May 22, 2026 and are broken down as follows:

- 10,602 rows: Seddio 347-564-2293 ↔ Sprei 718-644-7089;
- 84 rows: Seddio 347-564-2293 ↔ Wachtler 917-439-0365;
- 0 rows: Seddio 347-564-2293 ↔ Graubard (516-243-1624 / 646-245-3978);
- 0 rows: Seddio 347-564-2293 ↔ Montclare 917-670-0133;
- 0 rows: Seddio 347-564-2293 ↔ Rubin 732-620-0460; and
- 0 rows on Seddio's second Covered Number 718-272-6040 (any counterparty).

Solely for transparency before this Court, and to avoid any suggestion that the call-log issue is being handled selectively, counsel also checked the raw AT&T return for the following additional non-Seddio third-party-to-third-party pair categories. The results for each pairing counsel analyzed are set forth below. These figures are provided for transparency and scoping purposes only; they are not offered to expand the Subpoena, to concede that third-party-to-third-party account activity is within the August 14 production obligation, or to suggest that any such records should be produced absent further order of the Court:

- 0 rows: Rubin 732-620-0460 ↔ Sprei/Sam 718-644-7089;
- 0 rows: Sprei/Sam 718-644-7089 ↔ Wachtler 917-439-0365;
- 0 rows: Sprei/Sam 718-644-7089 ↔ Graubard (516-243-1624 / 646-245-3978);
- 0 rows: Rubin 732-620-0460 ↔ Graubard (516-243-1624 / 646-245-3978); and
- 0 rows: Rubin 732-620-0460 ↔ Wachtler 917-439-0365.
- 212 rows: Montclare 917-670-0133 ↔ Wachtler 917-439-0365, consisting of 46 rows in the Wireline report and 166 rows in the International Call Detail report, all dated in 2020.

These figures reflect only the specific telephone numbers enumerated in Request 6 and only records within AT&T's possession. They establish the presence or absence of records in the AT&T return as to the identified pairings and numbers analyzed; they are not offered as proof that any two individuals did or did not communicate by other means or on other numbers. The lone non-zero non-Seddio third-party-to-third-party pairing underscores the overbreadth problem: account-level communications between two non-parties, from 2020, were swept into an AT&T return being addressed in connection with a subpoena concerning Mr. Seddio's Covered Numbers and a dispute arising years later.

Filed concurrently with this letter as Exhibits A and B, respectively, are (i) Mr. Seddio's Master Spreadsheet setting forth the row-by-row scoping and (ii) the 371-page Scoped Production PDF

that Mr. Seddio proposes to produce to Plaintiffs on August 14, 2026 in satisfaction of the Court's Order.  The original AT&T return has been preserved by counsel for Mr. Seddio, a documented working copy has been created, and each filtering step is memorialized in a Privilege and Protection Log maintained by counsel.

### III.    REDACTION CANNOT CURE THE OVERPRODUCTION; ONLY SCOPING DOES.

For the Court's benefit and to avoid unnecessary work, the parties note that this issue cannot be cured by redaction of individual fields within the raw return.  Redaction leaves the same account-level intrusion in place — the return would still contain six years of subscriber-level activity on third-party numbers that were never within the Subpoena's actual scope.  Scoping to the counterparty subset (the Scoped Subset) is both narrower than a full-return-with-redactions and faithful to the Subpoena as drafted.

### IV.    RELIEF REQUESTED.

The parties respectfully request that the Court so-order the enclosed form of Order, which (i) confirms that Mr. Seddio's August 14, 2026 production obligation is satisfied by production of the Scoped Subset (Exhibit B); (ii) directs Mr. Miletti to sequester the balance of the raw AT&T return pending further order, without prejudice to any party's later application for access to identified portions upon a specific showing; (iii) requires the identification, return, and destruction of any copies of the AT&T return presently held outside the counsel-of-record channel by any party, agent, or staff member of counsel for Mr. Seddio or by any Defendant, with written certification of compliance; and (iv) preserves all rights of all parties under the Confidentiality Order (ECF 65 / ECF 66) and Federal Rule of Evidence 502(d).  The relief is procedural and preservative; it does not enlarge or diminish any party's substantive discovery rights, and it does not delay the August 14 deadline. The requested sequestration is protective only. It preserves the non-produced balance exactly because no one is asking the Court to destroy or conceal potentially disputed material; instead, the parties seek an orderly process under which any later request for identified non-Seddio third-party communications can be presented to the Court on notice and on a specific showing.

Plaintiffs' counsel and counsel for Defendants Graubard and Sprei were served with this letter and the Proposed Order concurrently by e-mail; their respective positions will be transmitted to the Court by separate correspondence if any differ from the joint request set forth above. The parties further submit that this procedure is the fairest way to handle the call-log issue neutrally: the responsive Seddio-counterparty subset is produced now, the unrelated account-level overproduction is preserved, and any disagreement about additional material can be raised directly with the Court without prejudice to any party.

Given the August 14, 2026 production deadline, the parties respectfully request expedited consideration.  Undersigned counsel are available at the Court's convenience today or tomorrow morning.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Mordy Gross*

Mordy Gross, Esq.
Attorney for Defendant Jonathan Rubin

— *and* —

Respectfully submitted,

Cordially,

*Vincent Miletti*

Vincent Miletti, Esq.
Attorney for Defendant Frank R. Seddio

Encl.:   **Exhibit A** — Master Spreadsheet Re Scoped Production (dated 8/13/26); Exhibit B —
         371-page Scoped Production PDF (Report AU, Cell, CDR, Landline, STIR/SHAKEN);
         [Proposed] Order.

cc:      All counsel of record (via ECF);
         Matin Emouna, Esq. (for Defendant Sprei);
         Randall Tesser, Esq. (for Defendant Graubard);
         Brett A. Scher, Esq. (Kaufman Dolowich).