**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,<br><br>          Plaintiffs,<br><br>  - against -<br><br>MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,<br><br>          Defendants. | **Case No. 25-cv-5844 (EK) (PCG)**<br><br>**[PROPOSED] ORDER NARROWING SCOPE OF AT&T SUBPOENA PRODUCTION, SEQUESTERING OVERPRODUCED THIRD-PARTY ACCOUNT-LEVEL RECORDS, AND REQUIRING CERTIFICATION OF OUTSIDE-CHANNEL COPIES** |

**UPON** the parties' joint letter of August 13, 2026 (ECF __), the accompanying Master Spreadsheet Re Scoped Production and 371-page Scoped Production PDF, and the representations of counsel for Defendants Frank R. Seddio and Jonathan Rubin, and for good cause shown, it is hereby **ORDERED** as follows:

1.  Defendant Seddio's production obligation under this Court's Minute Order of August 12, 2026 ("produce the returns from the AT&T subpoena by August 14, 2026") is satisfied by production to Plaintiffs of the **Scoped Subset** attached to the parties' joint letter as Exhibit B (10,686 rows / 371 pages), which consists of those rows of the return from the May 22, 2026 AT&T subpoena (Matter ID 4609697; the "AT&T Return") in which one originating or terminating telephone number is a Covered Number of Defendant Seddio (347-564-2293 or 718-272-6040) and the other is one of the third-party telephone numbers enumerated in Request 6 of the subpoena.

For avoidance of doubt, the 10,686-row figure reflects the neutral scoping analysis performed against the AT&T Return as produced by AT&T. It is not a finding, concession, or

waiver by any party that the entire January 1, 2020 through May 22, 2026 period contained in AT&T's raw return is relevant, proportional, discoverable, or within the proper scope of the subpoena. Nor shall it be construed as a finding, concession, or waiver that any non-Seddio third-party-to-third-party account activity is within Defendant Seddio's August 14, 2026 production obligation.

2.    AT&T did not return a "Voice Usage For" report for either of Defendant Seddio's Covered Numbers. Accordingly, the absence of separate account-level call-detail records for Defendant Seddio's own Covered Numbers from the AT&T Return is a function of AT&T's production, and shall not be construed as withholding by Defendant Seddio. Nothing in this Order prevents Defendant Seddio from seeking those records directly from AT&T or otherwise preserves or waives any party's position concerning such records.

3.    The balance of the AT&T Return, including any account-level records, any third-party-to-third-party records or communications, any records outside the properly scoped Seddio-counterparty subset, and any material not included in Exhibit B (the "Balance"), shall be sequestered by Vincent Miletti, Esq., counsel of record for Defendant Seddio, together with the preserved original and the working copy documented in the Privilege and Protection Log maintained by his office.  The Balance shall not be distributed to any party or non-party absent further Order of this Court.  Nothing in this Order prevents any party from later seeking access to identified portions of the Balance upon a specific showing under the Federal Rules of Civil Procedure.

The sequestration directed herein is protective and preservative only. The Balance shall be preserved and sequestered, not destroyed or concealed. Nothing in this Order prevents any party from later seeking access to identified portions of the Balance upon a specific showing under the

Federal Rules of Civil Procedure, including a showing directed to particular records, numbers, date ranges, or categories of communications.

4.      The Court finds that scoping, rather than field-by-field redaction of the raw AT&T Return, is appropriate at this time because the raw AT&T Return includes account-level records for parties and non-parties that were not requested as freestanding productions and that may reveal unrelated personal, professional, privileged, confidential, or sensitive communications. This Order is intended to protect all affected parties and non-parties equally while preserving the status quo pending any further application to the Court. This includes, without limitation, non-Seddio third-party-to-third-party records reflected in the AT&T Return, such as the Montclare 917-670-0133 ↔ Wachtler 917-439-0365 pairing identified in the parties' joint letter, which counsel's analysis reflects consists of 212 rows, all dated in 2020.

5.      The third-party-to-third-party pairing metrics referenced in the parties' joint letter and in this Order reflect only the specific telephone numbers enumerated in Request 6 of the subpoena and only records within AT&T's possession. Those metrics establish only the presence or absence of records in the AT&T Return as to the identified pairings and numbers analyzed. They are not, and shall not, be construed as proof that any two individuals did or did not communicate by other means or on other numbers.

6.      Within seven (7) days of entry of this Order, Defendant Seddio (through counsel) and Defendant Yeschiel Shimon "Sam" Sprei (through counsel or *pro se*) shall (a) identify to the Court and to all counsel every copy or excerpt of the AT&T Return that is presently held outside the counsel-of-record ECF channel by any party, agent, or staff member of counsel for Defendant Seddio or by any Defendant (including without limitation any copy transmitted from or to any personal e-mail account, cloud drive, or messaging platform), and (b) cause each such copy or

excerpt to be <u>returned to Mr. Miletti or permanently destroyed, and provide a written certification of compliance to the Court and all counsel</u>.

This paragraph does not require destruction of the preserved original AT&T Return, the documented working copy, the Privilege and Protection Log, the Master Spreadsheet, the 371-page Scoped Production PDF, or any materials maintained by counsel of record for preservation, privilege/protection, compliance, or litigation-record purposes.

7.       Nothing in this Order shall be construed as a finding that any non-Seddio third-party-to-third-party communications are relevant, irrelevant, discoverable, privileged, non-privileged, admissible, inadmissible, within the subpoena's scope, or outside the subpoena's scope. The parties reserve all rights to seek or oppose later production of identified portions of the Balance upon a specific showing and further Order of the Court. This reservation applies equally to all party, non-party, Seddio-counterparty, and non-Seddio third-party-to-third-party records contained in the Balance.

8.       This Order is entered under Federal Rules of Civil Procedure 26(c) and 45(d)(3), preserves all rights of all parties under the Confidentiality Order (ECF 65 / ECF 66) and Federal Rule of Evidence 502(d), and does not modify the August 14, 2026 production deadline or any other provision of the Court's August 12, 2026 Minute Order.

No production, sequestration, preservation, return, destruction, certification, or disclosure made pursuant to this Order shall constitute a waiver of attorney-client privilege, work-product protection, common-interest protection, confidentiality, privacy objections, relevance objections, proportionality objections, admissibility objections, or any other objection or protection available under applicable law.

**SO ORDERED.**

Dated:     Brooklyn, New York
              August 13, 2026

_____
                    Hon. Peggy Cross-Goldenberg
                    United States Magistrate Judge