

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.356.6023
Fax: 646.755.3397
lzimmerman@beneschlaw.com

August 14, 2026

Via ECF

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

Re:    *Metaxas et al. v. Graubard et al.*, No. 25-cv-05844 (EK) (PCG)

Dear Judge Cross-Goldenberg:

Plaintiffs respectfully submit this response to the letter motion for a protective order filed jointly by Defendants Seddio and Rubin last night at 9:30 p.m., ***which deliberately excluded Plaintiffs' position***. ECF Nos. 179–180. Seddio and Rubin's request is an improper effort to evade the Court's clear discovery orders, conceal relevant evidence, and walk back Seddio's own express commitment to produce all returns from any third-party subpoenas. The Court should not countenance such eleventh-hour gamesmanship and should order Seddio to pay Plaintiffs' expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and (b)(2)(C).

Seddio and Rubin's letter motion ignores how we got here. In his March 25, 2026 response to Plaintiffs' Request for Production ("RFP") No. 27,[1] as well as in the parties' subsequent meet and confer regarding Seddio's responses, Defendant Seddio committed to "produc[ing] documents produced to him by other parties or third parties that are not equally available to Plaintiffs." ECF No. 177-2, at 25. During the May 20, 2026 discovery conference at which Plaintiffs sought Court intervention regarding Seddio's ongoing violation of this Court's discovery orders, Seddio represented to this Court that he would issue a subpoena to AT&T to cure his confessed spoliation in this matter (the "Subpoena").[2] *See* May 20, 2026 minute-entry order. As to Seddio's two AT&T phone numbers, Requests 4 and 5 of the Subpoena sought "*all* call data records" and "*all* SMS/MMS text message logs" from January 1, 2020 through the present. ECF No. 177-1, at 9, 11. Request 6 sought call and messaging records relating to "the individuals identified in the Court's May 4, 2026 Order, including but not limited to" Defendants Graubard, Rubin, and Sprei, and non-parties Paul Montclare and Lauren Wachtler. *Id.* at 12.

---

[1] RFP No. 27 seeks "[a]ll Documents You received pursuant to any discovery request or subpoena served on any other party or third party in connection with the Federal Action or the State Court Action." ECF No. 177-2, at 24.

[2] Seddio's AT&T subpoena, issued May 22, 2026, was attached to one of the August 11, 2026 joint status reports. ECF No. 177-1.

Magistrate Judge Peggy Cross-Goldenberg
August 14, 2026
Page 2

When Plaintiffs inquired into the status of the Subpoena on June 19, Seddio's counsel, an associate of Vincent Miletti, provided Plaintiffs with a copy of the Subpoena but stated, "The carrier [AT&T] was unable to retrieve the content of any text message communications." Seddio's counsel then took the position that there was no responsive material to provide. Ex. A. Plaintiffs responded on June 21 requesting that Seddio identify "the date [he] received a response from the carrier [AT&T] and immediately reproduce the full production and/or response as required." *Id.*. The associate declined to respond to Plaintiffs' request and advised that Mr. Miletti would be the one to answer Plaintiffs' question. *Id.* It was not until almost a month later on July 10, after repeated inquiries from Plaintiffs' counsel, that Mr. Miletti finally provided his response. He claimed, *contrary to his current representations*, that the AT&T records were "irrelevant and beyond the scope of" Plaintiffs' RFPs and the Court's prior discovery orders, that the records "include communications with numerous individuals who are not parties to this litigation, do not relate to any claim or defense, and fall outside the scope of any proportional discovery," and that "[p]roducing voluminous third-party contact metadata would impose burdens and privacy concerns that are not justified by any showing of relevance or necessity." *Id.*

Plaintiffs affirmatively raised the issue in the July 17 and August 11 joint status reports, ECF Nos. 161, 177, and at the August 12 discovery conference where the Court ordered Seddio to "produce the returns from the AT&T subpoena by August 14." 8/12/2026 Minute Entry. Despite having possessed AT&T's production since mid-June and having flagged the same purported third-party privacy concerns raised in last night's letter motion in early July, Seddio waited until the literal eve of his latest discovery deadline to seek a protective order. His counsel Mr. Miletti purportedly spent all night on August 12 *personally manipulating* AT&T's "raw return" to conform to his subjective view of the "scope" of information that should be shared with Plaintiffs. Without alerting Plaintiffs, Mr. Miletti and Defendant Rubin's counsel then worked together on August 13 to co-author their joint letter and to contact counsel for each of Defendants Graubard and Sprei before reaching out to Plaintiffs. Only later, at 7:41 p.m. last night, did Mr. Miletti first inform Plaintiffs that Seddio and Rubin would be filing their joint letter motion imminently. Notably, Mr. Miletti's email indicated that "Rubin is the affected party" with respect to the AT&T production, a position never before taken by Seddio. Ex. B. Moreover, based on Rubin's claimed inadvertent destruction of all of his pre-August 2025 cellular data, Rubin has not produced his relevant cellular data from the bulk of the relevant period here, which he apparently could have obtained from AT&T and which Seddio has had in his possession for months.

Less than an hour after first notifying Plaintiffs of their intent not to abide by this Court's August 12 order, at 8:38 p.m., Plaintiffs' counsel responded to note their opposition to the improper motion, and to *instruct Seddio and Rubin to include Plaintiffs' position in their filing*. *Id.* Although Mr. Miletti did not file the letter motion for another hour, he chose to ignore Plaintiffs' request and filed the same papers he had circulated less than two hours earlier without the inclusion of Plaintiffs' provided position. Seddio and Rubin's motion should be denied for several reasons, and Seddio should have to pay all of Plaintiffs' legal expenses incurred in chasing down the AT&T production for the past four months.

*First*, Seddio and Rubin have not provided any basis for the Court to reconsider its clear order that Seddio must produce AT&T's entire production to Plaintiffs, as Seddio himself already agreed to do in his March 25 response to RFP No. 27. The issue was presented to the Court in both

Magistrate Judge Peggy Cross-Goldenberg
August 14, 2026
Page 3

the July 17 and August 11 joint status reports, ECF Nos. 161, 177, and resolved by the Court at the August 12 discovery conference.[3] He cannot get another bite at the apple.

*Second*, Seddio and Rubin lack standing to assert the privacy interests of others, *e.g.*, *Heller v. City of New York*, 2008 WL 2965474, at *4 (E.D.N.Y. Apr. 11, 2008), *R.&R. adopted*, 2008 WL 2966187 (Aug. 1, 2008), and their own personal privacy interests are adequately protected by the governing confidentiality order. If the basis for Seddio's decision to withhold responsive evidence is truly a concern regarding privacy (which does not trump responsiveness or relevance), all Seddio need do is designate the production confidential.

*Third*, having utterly failed to comply with basic discovery obligations throughout this litigation, including by withholding these very records for two months based on a plainly erroneous view of their relevance and discoverability, Seddio is in no position to unilaterally (with Rubin's blessing) determine the scope of relevance here.

*Fourth*, Seddio and Rubin's proposed solution—a "scoped subset" consisting of the results of Mr. Miletti's all-night "filtering" exercise—is untenable because the proposed production will be Mr. Miletti's work product, not AT&T's authentic records. The likelihood that Mr. Miletti would have to be called at trial to authenticate his records and testify to his filtering process could implicate the witness-advocate rule and require his eventual disqualification. *E.g.*, *Noval Williams Films LLC v. Branca*, 128 F. Supp. 3d 781, 791 (S.D.N.Y. 2015). Even if Mr. Miletti wished to offer himself as a summary witness, Federal Rule of Evidence 1006(b) requires the production of "the underlying originals," which Seddio and Rubin are proposing to withhold.

Seddio's repeated dereliction of his discovery obligations and this Court's orders must stop. So too should the substantial time and resources he has forced Plaintiffs to expend trying to bring him into compliance, including at least three submissions to the Court on this issue alone. Mr. Miletti told this Court that he had issued the AT&T subpoena to cure Seddio's own egregious spoliation of relevant evidence here. His new, unsupported position that he need not do so is untenable. Plaintiffs respectfully request that this Court decline to allow Seddio, together with Rubin, to violate this Court's August 12 order and direct Seddio to reimburse Plaintiffs for the fees he has required them to expend getting him to simply abide by simple discovery rules and orders. *See* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C); Individual Practices and Rules of Magistrate Peggy Cross-Goldenberg § III.A.3 ("Litigants are reminded that, for [discovery] motions, cost-shifting is presumptively mandatory under Fed. R. Civ. P. 37(a)(5).").

*     *     *

---

[3] And Plaintiffs have been required to produce to all Defendants the full production Plaintiffs received from each of their third-party subpoenas. Seddio provides no basis for why he should be treated differently.

Magistrate Judge Peggy Cross-Goldenberg
August 14, 2026
Page 4


Respectfully submitted,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

*/s/ Lauren Zimmerman*

Lauren Zimmerman


Cc: All Counsel via ECF