# Exhibit A

| | |
|---|---|
| **From:** | Babak Ghafarzade |
| **To:** | Vinny Miletti |
| **Cc:** | associate@milettilaw.com; Zimmerman, Lauren; Kiana Stallworth |
| **Subject:** | RE: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies |
| **Date:** | Monday, July 27, 2026 2:32:02 PM |
| **Attachments:** | 2026-5-22 Subpoena Package to AT&T For Service (Re Frank Seddio).pdf |

Vinny,

With respect to item 1 below ("Carrier Subpoena"), you are missing the point. You issued a third-party subpoena to AT&T in this action on May 22, 2026 (copy attached), and AT&T produced records in response to your subpoena. All such records are responsive to Plaintiffs' RFP No. 27, which seeks "[a]ll Documents You receive pursuant to any discovery request or subpoena served on any other party or third party in connection with the Federal Action or the State Court Action." In Mr. Seddio's March 25, 2026 response to RFP No. 27, he committed that he would "produce documents produced to him by other parties or third parties that are not equally available to Plaintiffs." The records produced to Mr. Seddio by AT&T are not equally available to Plaintiffs, and we are entitled to them.

Your argument below that the AT&T records are somehow "irrelevant and nonresponsive" makes no sense, because your subpoena specifically requested metadata and logs from AT&T, and by issuing the subpoena you were representing in good faith your view that such records are relevant to the claims or defenses in this action. You cannot have it both ways. Your assertion that Mr. Seddio has produced "better and more direct evidence" of his communications also misses the mark, given the broad scope of discovery permissible under Rule 26.

Please confirm by 11am tomorrow, July 28, that you will produce to us, prior to the July 29 conference, all records produced by AT&T pursuant to your subpoena, so we can prepare to address this issue in detail during the discovery conference if need be.

Best,
Babak

**Babak Ghafarzade**
Associate [Email]
Selendy Gay PLLC [Web]
Pronouns: he, him, his
------------------------------------------
+1 212.390.9085 [O]
+1 503.753.8467 [M]

---

**From:** Vinny Miletti <VMiletti@milettilaw.com>
**Sent:** Friday, July 10, 2026 7:40 PM
**To:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>; Babak Ghafarzade <bghafarzade@selendygay.com>; Kiana Stallworth <kstallworth@selendygay.com>
**Cc:** associate@milettilaw.com
**Subject:** Re: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

## PRIVILEGED & CONFIDENTIAL

Hi Lauren,

I hope you are well and you are living the dream.

I write in response to your email below. I would have provided it sooner, but for whatever reason, my travels have forced me to do a detour in 900 Market Street, Philadelphia. I just got back to the office, and I'll finally be traveling out of the country through 7/31 tomorrow evening.... whew!!

Okay, right into it!

1. **Carrier Subpoena**.

With respect to the carrier subpoena, we are not withholding a separate substantive response from the carrier.

Rather it is irrelevant and beyond the scope of the previous Order.

First, the court's directive and your underlying discovery request sought text message content, not carrier metadata or call detail records. A party need not produce materials outside the scope of the request. This is common case law lore.

Second, the better and more direct evidence has been produced. The text messages themselves—the content of the communications—are the responsive materials, from the iPad. Call logs showing numbers and times, without content, do not satisfy the original request and are not probative of the issues for which text messages were sought.

Third, the logs contain irrelevant and nonresponsive information. The AT&T records include communications with numerous individuals who are not parties to this litigation, do not relate to any claim or defense, and fall outside the scope of any proportional discovery under Rule 26(b)(1). USCS Fed Rules Civ Proc R 26. Producing voluminous third-party contact metadata would impose burdens and privacy concerns that are not justified by any showing of relevance or necessity.

Accordingly, we decline to produce the AT&T call logs absent a specific court order compelling such production and defining appropriate limitations, redactions, or protective measures. If you believe the logs are necessary despite the production of the underlying text messages, you are welcome to seek relief from the court, or ask for in camera review. We reserve all objections.

2. **iPad & Mr. Seddio's First Look.**

With respect to the iPad, our position remains that responsive materials have already been searched for and produced. We searched each phone number identified in the Court-ordered search terms as a search parameter and produced all located communications within the relevant period of November 1, 2024 through March 4, 2026. We did not further restrict the production by applying the remaining search terms as additional filters because the production already captured the located communications with the Court-ordered phone-number custodians during the relevant time period.

Had the remaining terms been applied as additional limiting filters, no additional responsive documents would have been returned. Accordingly, we do not agree that there is some separate, unproduced universe of responsive iPad materials being withheld.

Your assertion that Mr. Seddio's involvement in reviewing or accessing his own iPad materials is "not appropriate" is incorrect. There is nothing improper about a client reviewing, identifying, accessing, or organizing his own documents or device materials before those materials are provided to counsel. Clients routinely review their own emails, text messages, files, and records before transmitting them to counsel for review and production. As is already clear from Mr. Seddio's testimony, he is not technologically sophisticated and therefore asked an associate/employee to assist him in accessing and identifying materials from his own device. That is not misconduct, nor does it render the production improper. There was no testimony that counsel failed to review the materials before production. To the contrary, materials produced in discovery were reviewed and produced through counsel consistent with our obligations and the Court's orders.

3. **Apple Watch.**

With respect to the Apple Watch, to the best of our present knowledge, the Apple Watch does not maintain a separate, independent repository of responsive text-message materials beyond what is available through the paired device/iCloud ecosystem. An Apple Watch generally reflects or syncs data from the paired Apple devices and iCloud account. The available iCloud/device materials have already been searched and produced. Plaintiffs have not identified any specific basis to believe that the Apple Watch contains unique, non-duplicative, responsive materials that were not captured through the iCloud/device materials already searched. Accordingly, we do not agree that a passing reference to an Apple Watch creates a new and separate discovery exercise.

4. **Per Diem Attorneys.**

With respect to the per diem attorneys, subpoenas and/or requests were served, and we are awaiting responses.

These individuals are third parties and are not within Mr. Seddio's possession, custody, or control. We cannot manufacture documents we do not have, nor can we force third-party compliance outside the subpoena process. If Plaintiffs believe court intervention is necessary to compel compliance from those third parties, Plaintiffs are free to seek such relief. We will produce non-privileged responsive materials if and when they are received and reviewed.

5.   **Repeated Mischaracterization of Mr. Seddio's Deficiencies.**

We disagree with the repeated characterization of these issues as "production deficiencies." Mr. Seddio has made substantial rolling productions in a compressed period of time, including documents and communications located through reasonable searches. We have produced the results from the responsive searches already conducted and will supplement if additional non-privileged responsive materials are located. At this point, we do not agree that Plaintiffs are entitled to impose duplicative, speculative, or technologically unsupported collection exercises based on generalized accusations.

If Plaintiffs contend that specific documents remain missing, please identify them with particularity. Otherwise, we reserve all rights and objections, including as to burden, proportionality, duplication, possession/custody/control, and the scope of any continued deposition of Mr. Seddio.

6.    **New Incoming Counsel**.

Today on the call, there was a brief introduction to Mr. Brett Scher [the gentlemen who was far better dressed than me...], who we expect to come in as Substitute Counsel for Mr. Seddio at some ponit next week.  Regardless, we are staying around to assist, help transition items, and provide support-- so all good. You shouldn't see any lag or delay-- but just a new handsome face.

Have a good weekend!

Regards,

Vinny


Vincent Miletti, Esq.
*MILETTI LAW P.C.*
609-353-6287 (New Jersey)
212-631-8110 (New York)
609-554-7927 (Fax)
VMiletti@milettilaw.com (Email)
NY Bar 5194014  & NJ Bar 078322013

The Law Office of Vincent Miletti, Esq. Digital Card



**\*\* NEED TO PAY A BILL - CLICK HERE TO PAY NOW BY CREDIT CARD --  CLICK HERE FOR FINANCING \*\***

**\*\*\* COME VISIT US AT [WWW.MILETTILAW.COM](WWW.MILETTILAW.COM) AND JOIN THE NEWSLETTER \*\*\***

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

On Thu, Jul 9, 2026 at 9:06 PM Zimmerman, Lauren <[LZimmerman@beneschlaw.com](mailto:LZimmerman@beneschlaw.com)> wrote:

> Ms. Mauri, Vinny,
>
> I'm following up on several production deficiencies we've been raising for the past several weeks. Please provide your final position on these deficiencies so we can determine which issues require court intervention.
>
> With respect to the carrier subpoena, please provide the actual response from the carrier. A summary is not sufficient. If you issued a subpoena, you should have received a written response.
>
> With respect to Mr. Seddio's iPad, please confirm that you will run all of the so-ordered search terms across that device and when you will provide all responsive materials. Please also confirm that you, his counsel, will conduct this process. Mr. Seddio testified at his deposition that he conducted the search of his iPad with his employee – this is not appropriate.
>
> Given Mr. Seddio's representation last week about having an Apple Watch, we again request that you run the so-ordered search terms across that and produce all responsive materials. Please also explain why we only learned of the watch in a passing break during his deposition and why that device has not been searched to date.
>
> Finally, please provide the status of your collection and production of responsive documents and communications, pursuant to the subpoenas you issued to the per diem attorneys who acted on Mr. Seddio's behalf. Given you mid-June service of such requests, the responses were surely due by now.
>
> Please provide responses to each of the above questions by end of day tomorrow.
>
> Best,
> Lauren
>
> Lauren Zimmerman
> Partner
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 646.356.6023 | m: 646.734.0435
> [LZimmerman@beneschlaw.com](mailto:LZimmerman@beneschlaw.com) | vCard | Bio | [www.beneschlaw.com](www.beneschlaw.com)
> 1155 Avenue of the Americas, Floor 26, New York, NY 10036
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** [associate@milettilaw.com](mailto:associate@milettilaw.com) <[associate@milettilaw.com](mailto:associate@milettilaw.com)>
**Sent:** Friday, July 3, 2026 11:22 PM
**To:** Zimmerman, Lauren <[LZimmerman@beneschlaw.com](mailto:LZimmerman@beneschlaw.com)>; [bghafarzade@selendygay.com](mailto:bghafarzade@selendygay.com)

**Cc:** Vincent Miletti <vmiletti@milettilaw.com>

**Subject:** Re: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

We reviewed the requested attachments. It appears that all of them were already produced, except for the attachment to the email with Stewart Nelson, SEDDIO_0029340.

However, please see attached all of the EML/MSG versions.

Best

---

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>

**Sent:** Monday, June 29, 2026 10:49 AM

**To:** associate@milettilaw.com <associate@milettilaw.com>; bghafarzade@selendygay.com <bghafarzade@selendygay.com>

**Cc:** Vincent Miletti <vmiletti@milettilaw.com>

**Subject:** RE: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

Vinny,

We are still awaiting answers to the below questions we've been raising for weeks. Please immediately provide:

- The answers to the questions I raised in my June 19 email below and which Ms. Mauri directed to you.

- A copy of the third party subpoena issued to Mr. Seddio's phone carrier and the carrier's response, if any.

- The correspondence with the per diem attorneys as ordered by the Court last month.

In addition, we have also noticed several instances in which responsive documents and communications in Mr. Seddio's June 26, 2026 document production is missing their attachments. We have identified the following missing responsive documents:

- SEDDIO_002193
- SEDDIO_002934
- SEDDIO_003077
- SEDDIO_002993

Please immediately provide the attachments to each of these documents.

During Mr. Seddio's deposition last week, you indicated that you had paperwork explaining the $25,000 wire from Mr. Graubard's IOLA to Mr. Seddio's firm account in May 2025. Please immediately provide that documentation.

We have only received one set of text messages from Mr. Seddio. Are those from his iPad? When will we receive the rest? Please also provide an explanation of how these messages were searched for, collected, and produced and why only days before the close of discovery. Please also confirm you ran all of the Court's as-ordered search terms across Mr. Seddio's full iPad.

As noted last week, we will keep Mr. Seddio's deposition open due to his ongoing failures to meet his discovery obligations and eleventh-hour discovery of devices carrying responsive documents and communications.

Best,

Lauren

Lauren Zimmerman

Partner

Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435

LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com

1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** associate@milettilaw.com <associate@milettilaw.com>

**Sent:** Tuesday, June 23, 2026 6:45 PM

**To:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>; bghafarzade@selendygay.com

**Cc:** Vincent Miletti <vmiletti@milettilaw.com>

**Subject:** Re: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

Please see attached the full agreement requested.

---

**From:** associate@milettilaw.com <associate@milettilaw.com>

**Sent:** Tuesday, June 23, 2026 6:29 PM

**To:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>; bghafarzade@selendygay.com <bghafarzade@selendygay.com>

**Cc:** Vincent Miletti <vmiletti@milettilaw.com>

**Subject:** Re: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

**Ms. Zimmerman,**

**We are currently working on the privilege log and expect to produce an updated version by Thursday, June 25, 2026.**

**Please see below our responses to some of your questions:**

With respect to the **subpoena served on Mr. Seddio's cellular carrier**, please find attached a copy of the subpoena. The carrier was unable to retrieve the content of any text message communications. Accordingly, there are no additional responsive communication to provide.

I am assuming the cellular carrier did respond to your subpoena, which seeks other items as well. Please tell me the date you received a response from the carrier and immediately reproduce the full production and/or response as required. Please also explain why you have not done so to date.

Lead Counsel Vincent Miletti will be the appropriate person to answer that question.

With respect to the **per diem attorneys** referenced in your letter, we have sent requests seeking responsive documents and communications in their possession. Copies of those requests are attached. We will supplement our production should any responsive materials be received.

Why did you wait until June 19—this past Friday, to send these requests and only after we inquired into this issue for a third time? The Court ordered Mr. Miletti to make these requests over a month ago and we also raised them in our joint status report earlier this month.

Lead Counsel Vincent Miletti will be the appropriate person to answer that question.

Regarding the **Aidala Bertuna & Kamins retainer agreement**, please find attached a copy of the agreement.

This is not the full agreement. Provide the full engagement letter to us immediately. Mr. Sprei was a party to that letter. It is not privileged under the law and because a third party received and was a party to it.

Mr. Seddio has been unable to locate a fully executed copy of the retainer agreement bearing his attorney's signature and has requested a copy from counsel. It will be produced upon receipt.

We would appreciate it if you would be respectful of counsel's time and reasonable with respect to timing, rather than demanding that materials be produced "immediately" or threatening court intervention with respect to every request. We are diligently working to address your requests by communicating with Mr. Seddio while also managing other client matters and court obligations. As always, we will continue to make every effort to provide responsive materials as soon as reasonably practicable.

Finally, your **request for text messages from April 2026 to the present** exceeds the agreed-upon relevant period for discovery, which is November 1, 2024 through March 4, 2026. Therefore, we are objecting to that request.

To what request are you referring?

We are referring to your request for text messages from Mr. Seddio's phone from April 2026 to the present as mentioned.

We also disagree with your assertion that responsive documents remain outstanding. The documents and communications located after search of the sources within Mr. Seddio's possession, custody, or control have been produced. The fact that Plaintiffs believe additional documents should exist does not establish that such documents exist or remain in Mr. Seddio's possession, custody, or control.

Given your representation today about Mr. Seddio's iPad please explain the false statement made above.

There was no false statement. At the time that email was written, Mr. Seddio was not in possession of his iPad. He located it over the weekend after that statement.

---

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Sent:** Tuesday, June 23, 2026 2:23 PM
**To:** Associate Attorney <associate@milettilaw.com>; bghafarzade@selendygay.com <bghafarzade@selendygay.com>
**Cc:** Vincent Miletti <vmiletti@milettilaw.com>
**Subject:** RE: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

Ms. Mauri,

Please provide a response to my June 21 email below so that we can determine whether we need court intervention.

In addition, Mr. Seddio testified under oath yesterday that his engagement letter with Mr. Ansari is not privileged and he is happy to provide it to us. Please produce the full engagement letter to us by no later than close of business tomorrow.

Best,

Lauren

Lauren Zimmerman

Partner

Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435

LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com

1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Sent:** Sunday, June 21, 2026 8:10 PM
**To:** Associate Attorney <associate@milettilaw.com>; bghafarzade@selendygay.com
**Cc:** Vincent Miletti <vmiletti@milettilaw.com>
**Subject:** RE: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

Ana,

The below information is insufficient and untimely. Please see our follow up questions in red below and answer them promptly. We reserve all rights, including to provide these communications to the Court, which raise serious concerns.

Best,

Lauren



Lauren Zimmerman

Partner

Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435

LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com

1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Associate Attorney <associate@milettilaw.com>
**Sent:** Friday, June 19, 2026 8:54 PM
**To:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>; bghafarzade@selendygay.com
**Cc:** Vincent Miletti <vmiletti@milettilaw.com>
**Subject:** RE: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

Ms. Zimmerman,

This email is in response to your recent discovery-related correspondence.

With respect to the **subpoena served on Mr. Seddio's cellular carrier**, please find attached a copy of the subpoena. The carrier was unable to retrieve the content of any text message communications. Accordingly, there are no additional responsive communication to provide.

I am assuming the cellular carrier did respond to your subpoena, which seeks other items as well. Please tell me the date you received a response from the carrier and immediately reproduce the full production and/or response as required. Please also explain why you have not done so to date.

With respect to the **per diem attorneys** referenced in your letter, we have sent requests seeking responsive documents and communications in their possession. Copies of those requests are attached. We will supplement our production should any responsive materials be received.

Why did you wait until June 19—this past Friday, to send these requests and only after we inquired into this issue for a third time? The Court ordered Mr. Miletti to make these requests over a month ago and we also raised them in our joint status report earlier this month.

Regarding the **Aidala Bertuna & Kamins retainer agreement**, please find attached a copy of the agreement.

This is not the full agreement. Provide the full engagement letter to us immediately. Mr. Sprei was a party to that letter. It is not privileged under the law and because a third party received and was a party to it.

As to the **privilege log**, we believe the privilege log in not deficient. Nevertheless, we will review the log and each document to determine whether any additional information should be provided.

As to the specific items identified in your letter:

1. **Draft filings and emails allegedly drafted by Yeshaya Gorkin and transmitted through Mr. Sprei:** after a reasonable search, no responsive documents or communications beyond those already produced were located.

2. **Communications with Roger Victor Archibald relating to the subject matter of this action:** after a reasonable search, no responsive communications were located.

3. **Communications with Samuel Spirgel relating to the subject matter of this action, including his appearance at the July 17, 2025 hearing:** after a reasonable search, no responsive communications were located.

Regarding the examples identified in the **May 18 Joint Status Report**:

• **July 25, 2025 communication**: after a reasonable search, no responsive communication concerning the referenced email was located.

• **July 30, 2025 communication**: the only communication located concerning this issue was produced as SEDDIO_002395.

• **November 6, 2025 communication**: after a reasonable search, no communications concerning this matter were located.

• **December 15, 2025 communication:** the only communication located concerning this issue was produced as SEDDIO_002498.

**With respect to WhatsApp screenshots SEDDIO_002721, SEDDIO_002718, and SEDDIO_002715,** there appears to be a misunderstanding. Mr. Seddio was neither the sender nor the recipient of those WhatsApp messages, and he is not in possession of the underlying communications. Those screenshots were produced because they were attached to an email located in Mr. Seddio's email account and produced as SEDDIO_002728. For clarity, please see the attached EML version of the email from which those screenshots were obtained. As previously stated in the parties' status report, Mr. Seddio reviewed his WhatsApp app and did not locate any responsive communications.

Finally, your **request for text messages from April 2026 to the present** exceeds the agreed-upon relevant period for discovery, which is November 1, 2024 through March 4, 2026. Therefore, we are objecting to that request.

To what request are you referring?

We also disagree with your assertion that responsive documents remain outstanding. The documents and communications located after search of the sources within Mr. Seddio's possession, custody, or control have been produced. The fact that Plaintiffs believe additional documents should exist does not establish that such documents exist or remain in Mr. Seddio's possession, custody, or control.

Given your representation today about Mr. Seddio's iPad please explain the false statement made above.

Sincerely,

Ana Maurie,

Miletti Law, P.C.

609-353-6287 (Office New Jersey)

212-631-8110 (Office New York)

609-554-7927 (Fax)

908-845-4854 (Direct)

Associate@milettilaw.com (Email)

Firms Licenses – New York, New Jersey

The Law Office of Vincent Miletti, Esq. Digital Card

**\*\* NEED TO PAY A BILL - CLICK HERE TO PAY NOW BY CREDIT CARD -- CLICK HERE FOR FINANCING \*\***

**\*\*\* COME VISIT US AT WWW.MILETTILAW.COM AND JOIN THE NEWSLETTER \*\*\***

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

On 06/19/2026 10:54 AM EDT Zimmerman, Lauren <lzimmerman@beneschlaw.com> wrote:

Hi Vinny,

We're following up on the production deficiencies below which we raised on June 2. Please let me know if you are curing these deficiencies. If you do not, we will hold Mr. Seddio's deposition open and seek court intervention.

In addition, please provide us with a copy of the third party subpoena you purportedly sent to Mr. Seddio's phone carrier. Please also immediately provide any and all productions you have received in response to such subpoena.

Finally, please provide the status of your collection and production of responsive documents and communciations, as ordered by the Court, from the per diem attorney who acted on Mr. Seddio's behalf.

Best,

Lauren


[cid:image621843.jpg@3C3B191F.56D826B6]



Lauren Zimmerman



Partner


Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023<tel:646.356.6023>

|

m: 646.734.0435<tel:646.734.0435>



LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>

|

vCard<https://www.beneschlaw.com/people/lauren-j-zimmerman/vcard.vcf>

|

Bio<https://www.beneschlaw.com/people/lauren-j-zimmerman.html>

|

www.beneschlaw.com<https://www.beneschlaw.com/>


1155 Avenue of the Americas, Floor 26 , New York , NY

10036




Confidentiality Notice to Incorrect Addressee:

www.beneschlaw.com/confidentialitynotice<https://www.beneschlaw.com/migrated-sitemap/non-navigation-pages/confidentiality-notice.html>

From: Vinny Miletti <VMiletti@milettilaw.com>

Sent: Wednesday, June 3, 2026 1:37 AM

To: Zimmerman, Lauren <LZimmerman@beneschlaw.com>

Cc: Associate Attorney <associate@milettilaw.com>; bghafarzade@selendygay.com; Kiana Stallworth <kstallworth@selendygay.com>

Subject: Re: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

PRIVILEGED & CONFIDENTIAL

Good Evening all,

Just a heads up-- we are in receipt of this email.

We will circle back.

Have a good evening all!

Vinny

Vincent Miletti, Esq.

MILETTI LAW P.C.

609-353-6287 (New Jersey)

212-631-8110 (New York)

609-554-7927 (Fax)

VMiletti@milettilaw.com<mailto:VMiletti@milettilaw.com> (Email)

NY Bar 5194014 & NJ Bar 078322013

The Law Office of Vincent Miletti, Esq. Digital Card<https://www.know.ee/9a6CScpcSC5>

[https://ci3.googleusercontent.com/mail-sig/AIorK4wTecBHQ_-KNpu0c0VAhGo5xiDn8yaU8lgskdayNnjZ1M3OB6GzXpEUu07BzN4nUfy9DzqhQRs]

** NEED TO PAY A BILL - CLICK HERE TO PAY NOW<https://buy.stripe.com/aEUg0edIi3C90z66oq> BY CREDIT CARD -- CLICK HERE<https://secure.lawpay.com/pages/milettilaw/operating> FOR FINANCING **

*** COME VISIT US AT WWW.MILETTILAW.COM<http://www.milettilaw.com/> AND JOIN THE NEWSLETTER ***

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

On Tue, Jun 2, 2026 at 8:50 PM Zimmerman, Lauren <LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>> wrote:

Vinny,

Thank you for your email.

First, we disagree with your withholding of the retention agreement on privilege grounds. Retention

agreements and fee arrangements are routinely found not to be privileged. E.g., House v. Wayne USA Co., 2025 WL 4482171, at *4 (E.D.N.Y. Sept. 23, 2025), report and recommendation adopted, 2026 WL 608904 (Feb. 26, 2026); Gilead Sciences, Inc. v. Khaim, 779 F. Supp. 3d 300, 307 (E.D.N.Y. 2025) (collecting cases). Even if a privilege assertion could be made here (and it cannot), it would be defeated by the plain terms of the retention agreement itself. The agreement expressly states the attorney-client relationship is solely between Mr. Seddio and Aidala, Bertuna & Kamins, P.C., and it further states that ABK will not share any privileged information with Mr. Sprei. Because ABK shared the agreement with Mr. Sprei, it cannot be privileged by its own terms.

Second, your privilege log continues to be deficient. The log fails to justify the complete withholding of all document entries and fails to address why partial production of non-privileged information with redactions was not undertaken. It also fails to provide any information whatsoever about the nature of the withheld documents. Please confirm that you will promptly produce a revised privilege log and its expected production.

Next, the deficiencies we identified in the May 18, 2026 joint status report in your document production have still not been fully addressed. Despite the multiple supplemental productions, hundreds (and perhaps thousands) of documents hitting on the court-ordered search terms, including various documents and communications we identified in the May 18, 2026 joint status report, remain outstanding. Please advise when these deficiencies will be addressed and a supplemental production will be produced.

Items still missing from your latest production include:

1. Draft filings and emails to the Court that Yeshaya Gorkin drafted for Mr. Seddio, sent to Mr. Sprei, and which Mr. ultimately filed or sent to the State Court in the same or near identical form;

2. Documents and communications with Victor Archibald related to the subject matter of this action, including those related to his appearance at the November 12, 2025 hearing on your behalf;

3. Documents and communications with Mr. Spirgel related to the subject matter of this action, including those related to his appearance at the July 17, 2025 hearing on your behalf; and

4. The other missing communications we identified in the May 18 joint status report filed in the above-captioned action.

Finally, we still have not received any iMessage, WhatsApp, or other instant messages, or any voice memos or audio files from Mr. Seddio. We understand from Mr. Seddio he has text message in his possession from at least April of this year. Please provide responsive texts on his phone from April 2026 to present as well as an update on the status of your attempt to recover and produce Mr. Seddio's deleted text messages from the relevant period.

Best,

Lauren

[cid:image001.jpg@01DCFFD9.753A3F90]

Lauren

Zimmerman

Partner

Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023<tel:646.356.6023>

m: 646.734.0435<tel:646.734.0435>

LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>

|

vCard<https://www.beneschlaw.com/people/lauren-j-zimmerman/vcard.vcf>

|

Bio<https://www.beneschlaw.com/people/lauren-j-zimmerman.html>

|

www.beneschlaw.com<https://www.beneschlaw.com>

1155 Avenue of the Americas, Floor 26

,

New York

,

NY

10036

Confidentiality Notice to Incorrect Addressee:
www.beneschlaw.com/confidentialitynotice<https://www.beneschlaw.com/migrated-sitemap/non-navigation-pages/confidentiality-notice.html>

From: Associate Attorney <associate@milettilaw.com<mailto:associate@milettilaw.com>>

Sent: Monday, June 1, 2026 5:10 PM

To: Zimmerman, Lauren <LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>>; bghafarzade@selendygay.com<mailto:bghafarzade@selendygay.com>

Cc: Vincent Miletti <vmiletti@milettilaw.com<mailto:vmiletti@milettilaw.com>>

Subject: Re: Fwd: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG (E.D.N.Y. 2025) - Production Deficiencies

Mr. Ghafarzade,

In response to your email to Mr. Miletti:

1. SEDDIO_002687 / SEDDIO_002688 (Retention Agreement)

The attachment transmitted with that email consisted only of the final two pages of the agreement. Accordingly, we have produced the complete attachment that was sent with the email. To the extent you are requesting the full retention agreement, that document has been withheld and identified on Defendant's privilege log as attorney-client privileged. We also note that the entry was inadvertently described as work product. We have corrected the privilege designation to attorney-client privilege and updated the description for log entries SEDDIO_002258 through SEDDIO_002263.

1. SEDDIO_001612 – Native Email (July 30, 2025, 1:29 p.m.)

Please see the attached native version of the email.

a. Attachment: "Letter to Justice Mostofsky.docx"

Please see the attachment included with the native production.

1. Underlying July 30, 2025, 12:18 p.m. Email

Please see the attached email.

2. Document Retention Policies (RFP No. 19)

Seddio & Associates, P.C. is a small law firm consisting of two attorneys and does not maintain written document-retention policies. Any instructions provided to staff regarding document retention are communicated verbally.

Defendant disagrees with Plaintiffs' assertion that document production has not been substantially completed. Defendant has made substantial productions. Nevertheless, Defendant continues to review materials for any additional responsive, non-privileged documents and will supplement as appropriate.

---------- Forwarded message ---------

From: Babak Ghafarzade <bghafarzade@selendygay.com<mailto:bghafarzade@selendygay.com>>

Date: Mon, Jun 1, 2026 at 3:07 PM

Subject: RE: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG

(E.D.N.Y. 2025) - Production Deficiencies

To: Vinny Miletti <VMiletti@milettilaw.com<mailto:VMiletti@milettilaw.com>>

Cc: Zimmerman, Lauren <LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>>, Kiana Stallworth < kstallworth@selendygay.com<mailto:kstallworth@selendygay.com>>

Vinny,

We noticed some missing items in your latest production. Can you please supplement with the following today?

1. A full version of the retention agreement whose signature page is produced at SEDDIO_002687 (cover email is SEDDIO_002688)

2. A native version of the July 30, 2025, 1:29pm email produced at SEDDIO_001612

1. The attachment to that email, with file name "Letter to Justice Mostofsky.docx"

3. The underlying July 30, 2025, 12:18pm email contained in the thread produced at SEDDIO_001612

4. A copy of Seddio & Associates, P.C.'s document-retention policies, or confirmation that no such written policies exist, as requested in Plaintiffs' RFP 19

In light of these and other deficiencies we have identified, we believe Mr. Seddio has still not substantially completed his document productions. Please confirm whether you will be making any additional productions today.

Best,

Babak

*Babak Ghafarzade*

Associate [Email <bghafarzade@selendygay.com<mailto:bghafarzade@selendygay.com>>]

Selendy Gay PLLC [Web <https://www.selendygay.com/<https://www.selendygay.com>>]

Pronouns: he, him, his

*------------------------------------------*

+1 212.390.9085 [O]

+1 503.753.8467 [M]

*From:* Vinny Miletti <VMiletti@milettilaw.com<mailto:VMiletti@milettilaw.com>>

*Sent:* Tuesday, May 19, 2026 12:59 PM

*To:* Zimmerman, Lauren <LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>>

*Cc:* Babak Ghafarzade <bghafarzade@selendygay.com<mailto:bghafarzade@selendygay.com>>; Kiana Stallworth <

kstallworth@selendygay.com<mailto:kstallworth@selendygay.com>>

*Subject:* Re: Metaxas et al. v. Graubard et al., 25-cv-05844-AMD-PCG

(E.D.N.Y. 2025) - Production Deficiencies

*PRIVILEGED & CONFIDENTIAL*

Hi Lauren,

Just going through this now. Let me take a look and circle back. Stay

tuned.

Vinny

Vincent Miletti, Esq.

*MILETTI LAW P.C.*

609-353-6287 (New Jersey)

212-631-8110 (New York)

609-554-7927 (Fax)

VMiletti@milettilaw.com<mailto:VMiletti@milettilaw.com> (Email)

NY Bar 5194014 & NJ Bar 078322013

The Law Office of Vincent Miletti, Esq. Digital Card
<https://www.know.ee/9a6CScpcSC5<https://www.know.ee/9a6CScpcSC5>>

\*\*\* NEED TO PAY A BILL - CLICK HERE TO PAY NOW

<https://buy.stripe.com/aEUg0edIi3C90z66oq<https://buy.stripe.com/aEUg0edIi3C90z66oq>> BY CREDIT CARD -- CLICK HERE

<https://secure.lawpay.com/pages/milettilaw/operating<https://secure.lawpay.com/pages/milettilaw/operating>> FOR FINANCING \*\* \*

\*\*\*\* COME VISIT US AT WWW.MILETTILAW.COM<http://WWW.MILETTILAW.COM> <http://www.milettilaw.com/<http://www.milettilaw.com>> AND

JOIN THE NEWSLETTER \*\*\* \*

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO

MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended

recipients identified above. If you are not the intended recipient of this

communication, you are hereby notified that any unauthorized review, use,

dissemination, distribution, downloading, or copying of this communication

is strictly prohibited. If you are not the intended recipient and have

received this communication in error, please immediately notify us by reply

email, delete the communication and destroy all copies.

On Mon, May 18, 2026 at 7:47 PM Zimmerman, Lauren <LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>>

wrote:

Mr. Miletti,

Plaintiffs have identified several instances in which responsive documents and communications included in Mr. Seddio's May 14, 2026 document production are missing responsive attachments. To date, we have identified the following missing responsive documents:

- SEDDIO_000416
- SEDDIO_000417
- SEDDIO_000418
- SEDDIO_000420

The following attachment are missing as well but may, based on their date, be included on Mr. Seddio's privilege log. If that is the case, please provide the basis for Mr. Seddio's decision to fully withhold these documents. If these documents have not been withheld for privilege, please produce them. SEDDIO_000423

- SEDDIO_001675
- SEDDIO_001643
- SEDDIO_001612
- SEDDIO_000419

Plaintiffs ask that you produce these above documents and requested

information by 10am this Wednesday, May 20. Plaintiffs reserve all rights, including to flag these deficiencies to the Court at Wednesday's status conference should you not produce them before then.

Best,

Lauren

Lauren

Zimmerman

Partner

Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023

|

m: 646.734.0435

LZimmerman@beneschlaw.com<mailto:LZimmerman@beneschlaw.com>

|

vCard <https://www.beneschlaw.com/people/lauren-j-zimmerman/vcard.vcf<https://www.beneschlaw.com/people/lauren-j-zimmerman/vcard.vcf>>

|

Bio <https://www.beneschlaw.com/people/lauren-j-zimmerman.html<https://www.beneschlaw.com/people/lauren-j-zimmerman.html>>

|

www.beneschlaw.com<http://www.beneschlaw.com>

1155 Avenue of the Americas, Floor 26

,

New York

,

NY

10036

Confidentiality Notice to Incorrect Addressee:

www.beneschlaw.com/confidentialitynotice<http://www.beneschlaw.com/confidentialitynotice>

<https://www.beneschlaw.com/migrated-sitemap/non-navigation-pages/confidentiality-notice.html<https://www.beneschlaw.com/migrated-sitemap/non-navigation-pages/confidentiality-notice.html>>