# Exhibit B

| | |
|---|---|
| **From:** | Ghafarzade, Babak |
| **To:** | Zimmerman, Lauren; Vinny Miletti; Mordy Gross; Randall Tesser; Matin Emouna; Brett A. Scher |
| **Cc:** | Associate Attorney; Italia Brown; Melody Grace Cabuslay; Carlota Duerme; Paralegal Law Clerk; Law Clerk |
| **Subject:** | Re: Metaxas et al. v. Graubard et al., No. 1:25-cv-05844-EK-PCG. Letter and Proposed Order Narrowing Scope of AT&T Subpoena Production (With respect to ECF Minute Order 8/12/26) |
| **Date:** | Thursday, August 13, 2026 8:48:56 PM |

Vinny,

In addition to Lauren's demand below, please also (1) modify every reference to "the parties" to make clear this request is coming from only Seddio and Rubin, and (2) delete or modify the third-to-last paragraph so it does not misleadingly suggest that you notified Plaintiffs about your request at the same time as Defendants. Clearly you and Mordy were drafting this letter all day, and you stated below that you reached out to Randy and Matin before sending the signed letter and exhibits at 7:41pm.

Get Outlook for iOS

Babak Ghafarzade
(he/him/his)
Senior Managing Associate
Benesch Friedlander Coplan & Aronoff LLP

t: 646.777.0038 | m: 503.753.8467
BGhafarzade@beneschlaw.com | vCard | Bio | www.beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>
**Sent:** Thursday, 13 August 2026 20:37:59
**To:** Vinny Miletti <VMiletti@milettilaw.com>; Mordy Gross <mg@mordygross.com>; Randall Tesser <rtesser@tesserryan.com>; Matin Emouna <memouna@emiklaw.com>; Brett A. Scher <bscher@kaufmandolowich.com>; Ghafarzade, Babak <BGhafarzade@beneschlaw.com>
**Cc:** Associate Attorney <associate@milettilaw.com>; Italia Brown <assistant@milettilaw.com>; Melody Grace Cabuslay <admin@milettilaw.com>; Carlota Duerme <admin@amiplaw.info>; Paralegal Law Clerk <milettilawparalegal@gmail.com>; Law Clerk <lawclerk@milettilaw.com>
**Subject:** Re: Metaxas et al. v. Graubard et al., No. 1:25-cv-05844-EK-PCG. Letter and Proposed Order Narrowing Scope of AT&T Subpoena Production (With respect to ECF Minute Order 8/12/26)

Vinny,

This request is inappropriate, and frankly shocking, on multiple levels. I did not expect this sort of gamesmanship from you.

If you insist on filing your and Mordy's "joint" letter this evening, please ensure the following text regarding Plaintiffs' position is added verbatim to the introductory section, above the heading.

"Plaintiffs strenuously oppose Seddio's and Rubin's improper eleventh-hour filing which directly contravenes this Court's rules. Seddio's counsel did not raise this issue to Plaintiffs until 7:41pm today, and then only after contacting (or attempting to contact) each of his co-Defendants about the issue and obtaining Rubin's agreement to join in the request. At that point, Seddio and Rubin provided Plaintiffs with a pre-drafted and -signed letter with no opportunity to meaningfully contribute to the submission. It is improper on multiple levels, not least of which because it contravenes Seddio's express prior agreement in his response to Plaintiff's document requests to comply with Plaintiffs' request to produce *all* returns from *any* subpoenas he issued, contravenes the express terms of the Court's August 12 order, and would involve Seddio's counsel's own manipulation of the records produced by AT&T, making him a material custodial witness as to those records. Given the late hour of Seddio and Rubin's improper request, Plaintiffs will make a separate submission on Friday morning explaining their objections in full."

Lauren Zimmerman
Partner
Benesch Friedlander Coplan & Aronoff LLP

t: 646.356.6023 | m: 646.734.0435
LZimmerman@beneschlaw.com | vCard | Bio | www.beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Vinny Miletti <VMiletti@milettilaw.com>
**Sent:** Thursday, August 13, 2026 7:41 PM
**To:** Mordy Gross <mg@mordygross.com>; Babak Ghafarzade <bghafarzade@selendygay.com>; Zimmerman, Lauren <LZimmerman@beneschlaw.com>; Randall Tesser <rtesser@tesserryan.com>; Matin Emouna <memouna@emiklaw.com>; Brett A. Scher <bscher@kaufmandolowich.com>
**Cc:** Associate Attorney <associate@milettilaw.com>; Italia Brown <assistant@milettilaw.com>; Melody Grace Cabuslay <admin@milettilaw.com>; Carlota Duerme <admin@amiplaw.info>; Paralegal Law Clerk <milettilawparalegal@gmail.com>; Law Clerk <lawclerk@milettilaw.com>
**Subject:** Metaxas et al. v. Graubard et al., No. 1:25-cv-05844-EK-PCG. Letter and Proposed Order Narrowing Scope of AT&T Subpoena Production (With respect to ECF Minute Order 8/12/26)

*PRIVILEGED & CONFIDENTIAL*

Hi All,

I hope you are all well.  I had depositions today until the afternoon, so it took me a little while to work this.

Attached is a proposed letter to Magistrate Judge Cross-Goldenberg and an accompanying Proposed Order concerning the AT&T subpoena returns that Defendant Seddio is directed to produce by tomorrow, August 14, 2026, under the Court's August 12, 2026 Minute Order, authored by Mr. Gross and myself.

**The issue at hand.**

The issue before us is that Defendant Seddio's May 22, 2026 Rule 45 subpoena to AT&T (Matter ID 4609697) scoped the third-party portion of the request, at Request 6, to communications between one of Mr. Seddio's Covered Numbers and specifically enumerated third-party numbers. AT&T did not apply that limitation. Instead, it ran each enumerated third-party number as its own subpoena target and returned full account-level records for each, spanning January 1, 2020 through May 22, 2026. The raw return is 356,762 rows across five reports. AT&T also returned no "Voice Usage For" report for either of Mr. Seddio's Covered Numbers, so Mr. Seddio's own account-level call-detail records are not part of AT&T's production and are not being withheld by Mr. Seddio.

**The work performed.**

Overnight, I filtered the raw return to the counterparty subset that Request 6 actually sought — rows in which one side is a Covered Number of Mr. Seddio and the other is an enumerated third-party number. That scoped subset is 10,686 rows (371 pages), consisting of:

- 10,602 rows — Seddio 347-564-2293 ↔ Sprei 718-644-7089
- 84 rows — Seddio 347-564-2293 ↔ Wachtler 917-439-0365
- 0 rows — Seddio ↔ Graubard (516-243-1624 / 646-245-3978)
- 0 rows — Seddio ↔ Montclare 917-670-0133
- 0 rows — Seddio ↔ Rubin 732-620-0460
- 0 rows — on Seddio's second Covered Number 718-272-6040

The letter also includes, solely for transparency, the results for certain non-Seddio third-party-to-third-party pairings counsel analyzed. Those figures are not offered to expand the subpoena or to concede that third-party-to-third-party account activity is within the August 14 production obligation. The only non-zero non-Seddio third-party-to-third-party pairing identified is Montclare 917-670-0133 ↔ Wachtler 917-439-0365, consisting of 212 rows, all dated in 2020. Those figures reflect only the specific telephone numbers analyzed and only records within AT&T's possession; they are not offered as proof that any two individuals did or did not communicate by other means or on other numbers.

The original AT&T return has been preserved, a documented working copy has been created, and each filtering step has been memorialized in a privilege and protection log maintained by my office. The Master Spreadsheet and the 371-page scoped production are annexed to the joint letter as **Exhibits A** and **B**.

**What the letter asks for.**

The joint letter asks that the Court confirm Mr. Seddio's August 14 production obligation is satisfied by production of the scoped subset; that the balance of the raw AT&T return be sequestered pending further order, without prejudice to any party later seeking identified portions upon a specific showing; that copies presently held outside counsel-of-record channels be identified, returned or destroyed, and certified; and that all rights under the Confidentiality Order (ECF 65 / 66) and FRE 502(d) be preserved. The relief does not delay the August 14 deadline and does not enlarge or diminish any party's substantive discovery rights.

Defendants Seddio and Rubin join in the request, particularly since Mr. Rubin is the affected party. I was able to connect with Mr. Graubard's counsel, who has taken no position at this time, and Mr. Sprei's counsel hasn't gotten back at this time [I'm sure he is busy] but we did speak briefly in the day time-- I just was in the middle of a deposition here.  I wanted to tie in all of the loose ends before reaching to everyone here in one shot.  I recognize that this is a short turnaround and apologize for that; the August 14 deadline is what drives the timing, and time it took to review the material was really extraordinary.

Any party here is certianly welcome to submit a separate statement of position, that is entirely fine  —  the letter notes that any differing positions will be transmitted to the Court by separate correspondence by the opposing/supporting party.

Thank you for your time, have a wonderful evening!

Vinny

Vincent Miletti, Esq.

***MILETTI LAW P.C.***

609-353-6287 (New Jersey)

212-631-8110 (New York)

609-554-7927 (Fax)

VMiletti@milettilaw.com (Email)

NY Bar 5194014  & NJ Bar 078322013


The Law Office of Vincent Miletti, Esq. Digital Card


** NEED TO PAY A BILL - CLICK HERE TO PAY NOW BY CREDIT CARD -- CLICK HERE FOR FINANCING **


*** COME VISIT US AT WWW.MILETTILAW.COM AND JOIN THE NEWSLETTER ***


This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.