# LAW OFFICES OF MORDY GROSS LLC

418 Broadway, #10612 | Albany, New York 12207

mg@mordygross.com | (484) 680-0768

August 14, 2026

**BY ECF**

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

**Re:** *Metaxas et al. v. Graubard et al.*, No. 1:25-cv-05844-EK-PCG

   Defendant Rubin's Clarification Regarding ECF 179

Dear Judge Cross-Goldenberg:

I write briefly on behalf of Defendant Jonathan Rubin to clarify one aspect of the letter motion docketed last evening as ECF 179, on which my signature appears. I do so promptly and on my own initiative, and I respectfully ask the Court's indulgence for a short submission.

1. **The relief is contested, and ECF 179 should not have described it otherwise.** The opening paragraph of ECF 179 characterizes the relief sought as "uncontested." Plaintiffs' counsel transmitted a written statement of Plaintiffs' opposition at approximately 8:37 p.m. on August 13, 2026, and the letter was filed at approximately 9:30 p.m. that evening. Whatever the explanation for the sequence, the word should not have remained in the letter as filed. Mr. Rubin withdraws that characterization as to himself, does not represent to the Court that the relief is unopposed, and respectfully submits that the application should be treated as contested.

2. **The compressed timeline, and the absence of any intent to circumvent conferral.** The Court's Minute Order of August 12, 2026 directed production of the AT&T returns by today, August 14. Mr. Rubin first learned that AT&T's return contained his own six years of account-level records on the evening of Wednesday, August 12. Roughly thirty-six hours separated that discovery from the production deadline. In that compressed window, and against a deadline that could not be moved, procedural steps that would ordinarily precede a submission of this kind may not have unfolded as they should have. Mr. Rubin offers that not as a justification but as context, so that the Court understands that nothing about the timing was intended to disadvantage any party, to circumvent conferral, or to present the Court with a fait accompli. No ill will was intended toward Plaintiffs or toward any other party, and Mr. Rubin will of course participate in any conferral the Court directs, on whatever schedule the Court sets.

3. **Plaintiffs should be heard.**  Plaintiffs have advised that they intend to submit their objections in full today.  Mr. Rubin has no objection to that submission and respectfully suggests that the Court may wish to defer ruling on ECF 179 until Plaintiffs have been heard.  Mr. Rubin further takes no position on the disputes between Plaintiffs and Mr. Seddio — including Mr. Seddio's prior discovery commitments, the scope of the Court's August 12, 2026 Order as applied to Mr. Seddio, and the manner in which the scoping analysis described in ECF 179 was performed.  Those are matters between Plaintiffs and Mr. Seddio, and Mr. Rubin neither joins in nor opposes either side's position on them.

4. **Mr. Rubin's own interest is narrow, independent, and unaffected by the foregoing.** AT&T's return includes approximately 75,000 rows of Mr. Rubin's own account-level telephone records spanning January 1, 2020 through May 22, 2026 — the entirety of his six-year account activity — produced because AT&T treated his telephone number as an independent subpoena target rather than screening for communications with Mr. Seddio's numbers, as Request 6 of the subpoena asked.  Mr. Rubin is a person affected within the meaning of Federal Rule of Civil Procedure 45(d)(3).  He asks only that his personal records not be disseminated beyond what the subpoena actually sought, and he is content for that request to be resolved on whatever schedule and through whatever procedure the Court considers appropriate, including by separate motion on notice with full opportunity for Plaintiffs to respond.

Mr. Rubin regrets that this clarification is necessary and thanks the Court for its attention.

Respectfully submitted,

/s/ Mordy Gross
**Mordy Gross**
LAW OFFICES OF MORDY GROSS LLC
Attorney for Defendant Jonathan Rubin

*cc:  All counsel of record (via ECF).*