Vincent Miletti, Esq.
***MILETTI LAW, P.C.***
153 West End Avenue, Suite 2A, Brooklyn, New York 11235
609-353-6287 (P) ⚖ 609-554-7927 (F) ⚖ VMiletti@Milettilaw.com (E)
*NY Bar 5194014* ⚖ *NJ Bar 078322013*

August 14, 2026

**Sent Via ECF**.

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: Metaxas et al. v. Graubard et al., No. 1:25-cv-05844-EK-PCG*
*Defendant Seddio's Request for Clarification / Supplemental Protective Relief Concerning AT&T Subpoena Return*

Dear Judge Cross-Goldenberg:

On behalf of Defendant Frank R. Seddio, the undersigned respectfully writes concerning the Court's August 14, 2026 Order granting in part and denying in part the joint letter motion submitted by Defendants Seddio and Rubin regarding the AT&T subpoena return.

> ORDER granting in part and denying in part 179 -- Defendant Seddio's and Defendant Rubin's 179 Letter Motion for a Protective Order is GRANTED in part and DENIED in part. The motion is DENIED to the extent Mr. Seddio requests permission to produce less than the full subpoena return he received from AT&T. As previously ordered, he must produce that material today. The motion is GRANTED in part with respect to Mr. Rubin's request regarding his personal records that are outside the scope of the subpoena but may have been produced by AT&T. Mr. Rubin's records that were produced despite being outside the scope of the subpoena shall be treated as confidential pursuant to this Court's 66 protective order barring further order of the Court. So Ordered by Magistrate Judge Peggy Cross-Goldenberg on 8/14/2026. (JST) (Entered: 08/14/2026)

Mr. Seddio understands the Court's Order to require production today of the full AT&T subpoena return received from AT&T, and Mr. Seddio is complying with that directive. Due to the size of the file, approximately 17,222 pages, it will need to be properly formatting, and once formatted, will be sent to the attorneys of record today.

This letter does not seek to delay or avoid today's production. Rather, **in light of the Court's partial grant of protection for Mr. Rubin's personal records, Mr. Seddio respectfully requests clarification and supplemental protective relief confirming that equivalent protection applies to all nonresponsive third-party account-level records contained in the AT&T return, including records of parties and non-parties that are outside the Seddio-counterparty subset**.

As set forth in the parties' joint letter, the concern is that AT&T appears to have run enumerated third-party telephone numbers as independent subpoena targets and returned full account-level records for those numbers, rather than limiting its return to communications between a Seddio Covered Number and an enumerated third-party number. As a result, the AT&T return contains extensive account-level material that does not involve Mr. Seddio's Covered Numbers and includes private records of third parties.

Because the Court has ordered production of the full return, Mr. Seddio is designating the full AT&T return as:

**CONFIDENTIAL — SUBJECT TO ECF NO. 66 CONFIDENTIALITY ORDER**

The existing Confidentiality Order, granted by Your Honor on March 20, 2026 [attached hereto for convenience], **permits confidential discovery material to be disclosed only to attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit, with non-party/non-attorney recipients required to execute the Exhibit A acknowledgment**. The Order further provides that confidential discovery material may be used only in connection with this litigation.

**Mr. Seddio respectfully requests that the Court clarify that all non-Seddio third-party account-level records contained in the AT&T return — including records of parties and non-parties outside the Seddio-counterparty subset, which make up in excess of 97% of the response from AT&T— shall be treated as Confidential pursuant to ECF No. 66, shall not be used for any purpose outside this litigation, shall not be disclosed beyond persons permitted under the Confidentiality Order, and shall not be filed publicly absent compliance with the applicable sealing rules or further order of the Court**.

Mr. Seddio further requests that **any party seeking to use, disclose, file, quote, or rely upon non-Seddio third-party account-level records first meet and confer and, if no agreement is reached, seek leave of Court identifying the specific records, numbers, date ranges, and purpose for which the material is sought to be used**.

This request today is **protective and preservative only**. It does not seek to alter today's production deadline or withhold material the Court has ordered produced. It simply seeks to avoid unnecessary disclosure, misuse, or public filing of sensitive account-level material belonging to parties and non-parties whose records were swept into AT&T's return despite falling outside the Seddio-counterparty subset.

Nothing in this request should be construed as a waiver of any privilege, work-product protection, common-interest protection, privacy objection, confidentiality objection, relevance objection, proportionality objection, admissibility objection, or right to seek further protection, reconsideration, clarification, review, or an objection under Rule 72(a) before Judge Komitee.

Respectfully submitted,

Cordially,

Vincent Miletti, Esq.
Partner

cc: ECF Counsel of Record