Vincent Miletti, Esq.
***MILETTI LAW, P.C.***
153 West End Avenue, Suite 2A, Brooklyn, New York 11235
609-353-6287 (P) ⚖ 609-554-7927 (F) ⚖ VMiletti@Milettilaw.com (E)
*NY Bar 5194014 ⚖ NJ Bar 078322013*

August 17, 2026

**Sent Via ECF**.

Hon. Peggy Cross-Goldenberg
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: Metaxas et al. v. Graubard et al., No. 25-CV-05844-EK-PCG*
*Letter Withdrawing Defendant Seddio's Application for Clarification & Supplemental Protective Relief.*

Dear Judge Cross-Goldenberg:

On behalf of Defendant Frank R. Seddio, the undersigned respectfully writes concerning our recent request for clarification and supplemental protective relief regarding the AT&T subpoena return.

Following the Court's August 14, 2026 Order, Mr. Seddio timely complied with the production directive and produced the AT&T return subject to the Confidentiality Order entered at ECF No. 66 and all rights, objections, and protections. This production included a 700 MB database, with 17,222 pages of material, of which approximately 97% fell outside what Defendant Seddio respectfully maintains is the proper subset and scope.

After that production and the filing of Mr. Seddio's request for supplemental protective relief, Plaintiffs' counsel confirmed in writing that Plaintiffs agree to treat all entries in the AT&T production that do not involve either of Mr. Seddio's Covered Numbers — 347-564-2293 or 718-272-6040 — as CONFIDENTIAL under ECF No. 66, including all non-Seddio third-party-to-third-party records, account-level records, call-detail records, metadata, subscriber/account information, and related entries.

Plaintiffs further stated that this agreement is without prejudice to Plaintiffs' ability to use designated materials and/or seek de-designation of the same, as permitted by ECF No. 66. Defendant Seddio likewise understands the agreement to be without prejudice to his rights, objections, confidentiality protections, privacy protections, and ability to seek further protection, sealing, clarification, or other relief if necessary.

<u>In light of Plaintiffs' written agreement, Defendant Seddio's immediate confidentiality concerns are satisfied, and I do thank Plaintiffs' counsel for working with me to narrow the issue without further burdening the Court. Accordingly, Defendant Seddio withdraws the latest application as moot and without prejudice</u>.

I would respectfully note that this agreement confirms the practical concern raised in the prior submissions: the AT&T return contains account-level records and third-party entries beyond the

Seddio-counterparty subset, and those materials require protection from unnecessary use, disclosure, or public filing. This withdrawal is not a concession that those materials were responsive, relevant, proportional, discoverable, admissible, or within the proper scope of the subpoena. Nor is it a waiver of any rights, objections, confidentiality protections, privacy protections, or rights to seek further relief, sealing, clarification, reconsideration, review, or objection under Rule 72(a), if necessary.

Respectfully submitted,

Cordially,



Vincent Miletti, Esq.
Partner

cc: ECF Counsel of Record