**LAW OFFICES OF MORDY GROSS LLC**
418 Broadway # 10612 · Albany, New York 12207-2922
Tel: (484) 680-0768 · mg@mordygross.com

August 25, 2026

**VIA ECF**

The Honorable Peggy Cross-Goldenberg, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Metaxas et al. v. Graubard et al.*, No. 1:25-cv-05844 (EK) (PCG)
**Supplemental Letter Regarding Defendant Rubin's Letter Motion (ECF No. 190)**

Dear Magistrate Judge Cross-Goldenberg:

Defendant Jonathan Rubin writes promptly to supplement his letter motion filed earlier today, and to place before the Court an email from Plaintiffs' counsel that crossed with the ECF upload. The email, sent at 11:31 a.m. and annexed as Exhibit P, was not seen by undersigned counsel until after the filing was completed. It bears on two portions of Defendant's submission, which Defendant corrects as follows.

**First**, Defendant's letter states that Plaintiffs' position was requested and not received. That is accurate as to Plaintiffs' position statement, which has not been provided. It is incomplete, however, in that Plaintiffs advised at 11:31 a.m. — the 10:00 a.m. deadline having been proposed by Plaintiffs and extended by Defendant to 11:30 a.m. — that an 11:30 a.m. turnaround was impracticable and that they would provide their position "as soon as we are able." Ex. P. Defendant does not contend that Plaintiffs abandoned their position, and regrets that the filing did not reflect this.

**Second**, as to Item 5 and clause (v) of the relief requested, Plaintiffs state in the same email that FTI's August 21, 2026 transmission consists of two videos: a seven-second recording of an FTI technician opening the Messages application on the Device, displaying a single undated and truncated message preview, and a recording 2:14 in length of a technician scrolling the Device's call history. Plaintiffs state that they decline to sequester the two videos because, in their view, neither contains substantive content, and that they are processing them for prompt production to Defendant. Ex. P. On that representation, **Defendant withdraws clause (v) of the requested relief** and does not press for sequestration of these two videos.

Items 1 through 4 remain unresolved. FTI has not executed the Exhibit A undertaking to the Confidentiality Order; no description of FTI's imaging and examination methodology has been provided; Defendant has not received the two videos or any other material derived from the Device; and the examination is ongoing. Defendant respectfully requests that the Court consider the motion as to those items, and will promptly advise the Court of any further narrowing.

Respectfully submitted,

LAW OFFICES OF MORDY GROSS LLC
/s/ Mordy Gross
Mordy Gross
Attorney for Defendant Jonathan Rubin

Enclosure: Exhibit P cc (via ECF): All counsel of record

# EXHIBIT P

**August 25, 2026 — Email from Babak Ghafarzade to Mordy Gross (11:31 a.m.)**

*Plaintiffs' description of FTI's August 21, 2026 transmission and their position on sequestration.*

**From:** Ghafarzade, Babak <BGhafarzade@beneschlaw.com>
**To:** Mordy Gross <mg@mordygross.com>
**Cc:** Zimmerman, Lauren <LZimmerman@beneschlaw.com>; DeLucia, Eileen <EDeLucia@beneschlaw.com>; Bender, Sammi Roth <Srothbender@beneschlaw.com>
**Subject:** RE: Draft Joint Letter Motion regarding
**Date:** Tuesday, August 25, 2026 11:31:56 AM

---

Mordy,

We are working as quickly as we can to respond to your edits to Mr. Rubin's position statement, but an 11:30am turnaround is impracticable given the significance of the changes. We will get our draft back to you as soon as we are able.

We understand your position on Items 1 and 2.

On Items 3 and 4, as stated in my earlier email this morning, FTI sent the email link on Friday evening after business hours, and none of Plaintiffs' counsel noticed it until this morning when we were corresponding with FTI about the Confidentiality Order and methodology. Our representation to you yesterday reflected our then-current actual knowledge.

FTI's transmission consists of two videos. The first is a 7-second video of an FTI technician accessing the Messages application on Mr. Rubin's device, which displays only an undated preview of a single set of messages with a contact identified as ·Koko AI.· The preview states, in its entirety and including the ellipses, ·Great, here is a focused·· The second video is 2:14 in length and shows an FTI technician scrolling through the call history on the phone. Obviously for a call log, no content of any communications is displayed.

While we continue to disagree with you about the need for FTI to execute Exhibit A of the Confidentiality Order, their receipt of the Confidentiality Order and forthcoming execution of Exhibit A will resolve your concerns about FTI's access. And because there is no colorable basis for asserting any privilege or other protection over these two videos, given that neither contains any substantive content whatsoever, we are not going to sequester them. We are, however, processing them for prompt production as indicated before, and you are free to make any supportable designations you wish under the Confidentiality Order.

Best,
Babak

Babak Ghafarzade
Senior Managing Associate
Benesch Friedlander Coplan & Aronoff LLP
t: 646.777.0038 | m: 503.753.8467
BGhafarzade@beneschlaw.com
1155 Avenue of the Americas, Floor 26, New York, NY 10036