Benesch

Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.356.6023
Fax: 646.755.3397
lzimmerman@beneschlaw.com

August 25, 2026

Via ECF

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

Re: *Metaxas et al. v. Graubard et al.*, No. 25-cv-05844 (EK) (PCG)

Dear Judge Cross-Goldenberg:

We write on behalf of Plaintiffs to update the Court on Defendant Yeschiel Shimon "Sam" Sprei's ongoing defiance of his discovery obligations. Undeterred by the escalating daily fines imposed by the Court on August 4, 2026, and reiterated on August 12, Sprei has not provided *any* additional discovery or corrected his deficient privilege log since making his sole production to Plaintiffs on July 29, 2026. Because the fines alone have failed to coerce Sprei's compliance, the Court should schedule a show-cause hearing to determine appropriate additional sanctions, including civil commitment.

Three weeks ago, the Court determined that Sprei's July 29 production "did not constitute substantial compliance with Sprei's discovery obligations." 8/4/26 Docket Order. While Sprei's counsel represented to the Court on August 11 that Sprei was "continuing his efforts to address the outstanding discovery deficiencies identified by the Court" and would "continue to supplement his production as additional responsive materials are obtained," ECF No. 174, at 3, Sprei has failed to produce *any* additional discovery or take *any* steps to correct his privilege log since July 29.

Sprei's failure to substantially comply with discovery orders resulted in sanctions of $1,000 per weekday beginning on August 4 and increasing to $5,000 per weekday beginning on August 11 for as long as Sprei remains out of compliance. 8/12/26 Order. On August 12, the Court ordered Sprei to pay $10,000 to the Clerk of Court for the fines that accrued through August 11, *id.*, which Sprei did on August 14, ECF No. 184. Those fines did not have their intended coercive effect, and Sprei remains out of compliance today, having accrued another $45,000 in fines for August 12, 13, 14, 17, 18, 19, 20, 21, and 24.

It is clear that the fines currently imposed by the Court are insufficient to bring Sprei into compliance. While Sprei has presented himself in this action as effectively indigent, he recently entered into a confidential agreement with the plaintiffs in *Oakford Management LLC et al. v. Wachtler et al.*, Index No. 610915/2025 (Nassau Cty. Sup. Ct.), to settle their multimillion-dollar

claims against David Graubard, Frank Seddio, and others, ***despite the fact that Sprei himself is not a named defendant in that action***. *See* Ex. A (Aug. 19, 2026 letter to Nassau County Supreme Court from Kenneth J. Glassman); Ex. B (*Oakford Management* docket as of August 25, 2026). Sprei purportedly paid the first of 17 monthly installments in late July or early August 2026, and his last payment is due in December 2027. *Id.*

Sprei appears to view his open contempt of this Court's orders and payment of the associated daily fines as the cost of doing business elsewhere. At the same time, merely increasing the fines that Sprei must pay *into Court* would risk dissipating Sprei's available assets to pay the judgment he will inevitably incur as a result of his concession of liability in this action as well as and this Court's July 2, 2026 order recognizing that Sprei must, under Federal Rule of Civil Procedure 37, pay Plaintiffs' reasonable expenses caused by his defiance of discovery orders.

Accordingly, Plaintiffs seek relief for the continued prejudice caused by Sprei's defiance of his discovery obligations. Not only do Sprei's actions continue to force Plaintiffs to litigate against his contemptuous conduct, but they willfully delay the forward trajectory of the case to Plaintiffs' detriment.[1] Especially given that Sprei does not contest the merits of the claims against him, such conduct is unjustifiable. Accordingly, Plaintiffs respectfully request that the Court:

1. Modify the Court's August 4, 2026 order to the extent of requiring Sprei to pay his further $5,000 daily fines ***to Plaintiffs***, *see Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 651, 658 (2d Cir. 2004) (finding $5,000 per day sanctions, payable to the opposing party, to be reasonable if properly supported in the district court's contempt order); *Kosowski v. Nassau County*, 350 F.R.D. 346, 351 (E.D.N.Y. 2025) ("The court may … serve either goal—the coercive or the compensatory—by awarding attorneys' fees and costs to a contempt victim." (quoting *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 208 (S.D.N.Y. 2020)));[2]

2. Order Sprei to pay to Plaintiffs a monetary sanction in the amount of $45,000 to the Clerk of Court by a date certain pursuant to the Court's August 4, 2026 Order and

[1] For example, Plaintiffs have not yet been able to meaningfully depose Sprei, despite serving him a deposition notice on April 9, 2026. Because he failed to attend his properly noticed deposition on June 25, then failed to sit for his rescheduled deposition on June 30 in violation of the Court's order, 6/30/26 Minute Entry, the Court found Sprei in contempt. 7/2/26 Minute Order. Then, at his Court-ordered deposition on July 16, Sprei again failed to participate, answering most questions posed to him with "I can't recall" answers or vague promises to check relevant documents and provide them to Plaintiffs. Yet Sprei has failed to substantially produce all responsive documents in his possession. While Sprei has agreed to sit for yet another deposition on September 16, his ongoing contempt of discovery orders means that Plaintiffs are in hardly any better position to conduct it.

[2] These coercive sanctions are distinct from the mandatory fee-shifting under Federal Rule of Civil Procedure 37 that the Court previously deferred until after Sprei comes into compliance. *See* 7/2/26 Minute Order ("The Court recognized [Plaintiffs'] argument that reasonable attorneys' fees and costs are required by Federal Rule of Civil Procedure 37. However, because these fees and costs will continue to accrue should sanctions apply for failure to comply with this Order, and in order to avoid piecemeal consideration of plaintiffs' fees and costs, the Court defers taking an accounting for those costs and fees until either defendant Sprei complies with this Order or the resulting sanctions apply.").

reflecting the $5,000 daily sanctions Sprei accrued for his noncompliance on August 12, 13, 14, 17, 18, 19, 20, 21, and 24; and

3. Schedule a hearing at the Court's earliest convenience for Sprei to show cause why the Court should not order that he be incarcerated for contempt of court until he brings himself into compliance with the Court's discovery orders and purges his contempt of court, *see Close-Up Int'l, Inc. v. Berov*, 474 F. App'x 790, 795 (2d Cir. 2012) ("It is a widely-held and long standing principle that detention as a means of coercing compliance with the court's order was an option well within the district court's inherent authority."); *In re 1990's Caterers Ltd.*, 531 B.R. 309, 320 (Bankr. E.D.N.Y. 2015) ("The coercive sanction of incarceration is especially appropriate where (i) it is unlikely that increased monetary sanctions would improve the likelihood of compliance and (ii) there has been a pattern of noncompliance.").

Respectfully submitted,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

*/s/ Lauren Zimmerman*

Lauren Zimmerman

Cc: All Counsel via ECF