# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,<br><br>Plaintiffs,<br><br>v.<br><br>MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,<br><br>Defendants. | Case No. 1:25-cv-05844 (AMD) (PCG) |

**DEFENDANT JONATHAN RUBIN'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Jonathan Rubin ("Defendant" or "Rubin"), through his undersigned attorney, Mordy Gross, Esq., of the Law Offices of Mordy Gross, LLC, hereby submits the following Second Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories ("Interrogatories"), served on or about January 20, 2026, pursuant to Fed. R. Civ. P. 26 and 33, the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Court's December 22, 2025 Discovery Order (ECF No. 28). These Second Supplemental Responses supplement Defendant's prior Supplemental Responses and Objections served on March 23, 2026, and are made for three independent purposes: (i) to fulfill the agreements reached in undersigned counsel's April 16, 2026 and April 21, 2026 correspondence with Plaintiffs' counsel regarding the scope of supplementation as to Interrogatory Nos. 1-2, 4, 5, 9, and 10; (ii) to discharge Defendant's continuing duty to supplement under Fed. R. Civ. P. 26(e) based on information first acknowledged or clarified during Defendant's June 11, 2026 deposition; and (iii) to correct certain statements in Defendant's March 23, 2026 Supplemental Responses that, upon Defendant's further review and based on the June 11, 2026 deposition testimony, require clarification or correction, pursuant to Defendant's good-faith obligations under Fed. R. Civ. P. 26(g). Several specific corrections — including without limitation as to Interrogatory Nos. 1 (Esther Equities LLC), 4 (IOLA Transactions and Surf 9), and 5 (Frankl, Gorkin, Graubard, and Sprei) — are made on this basis, are identified expressly below, and are made in good faith and without waiver of any objection, privilege, or defense.

## PRELIMINARY STATEMENT

Defendant Jonathan Rubin continues to maintain his position, as stated in his Answer (ECF No. 19) and in his March 23, 2026 Supplemental Responses, that he is not the individual alleged to have been involved in the transactions at issue in this litigation. Defendant has never spoken or dealt with Plaintiffs. Defendant has no connection to Olden LLC, and did not sign or authorize any document filed on behalf of Olden LLC in the State Court Action or otherwise. Defendant has denied all allegations of involvement in this matter in his Answer (ECF No. 19), and maintains that defense throughout these Second Supplemental Responses. Defendant's responses below are made subject to, and without waiver of, this fundamental defense of misidentification.

## INCORPORATION OF PRIOR OBJECTIONS

Defendant incorporates by reference each of the General Objections set forth in his March 23, 2026 Supplemental Responses and Objections (numbered General Objections 1 through 9) as if fully set forth herein. The specific objections preserved in each of Defendant's prior responses to Interrogatory Nos. 1-2, 4, 5, 9, and 10 are likewise preserved, and these Second Supplemental Responses are made subject to, and without waiver of, those objections.

---

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1

**INTERROGATORY NO. 1:** Identify each and every corporate entity (whether corporations, limited liability companies, partnerships, or any other corporate forms) in which You have held any direct or indirect ownership interest (whether as a shareholder, member, or otherwise) or held any management role during the Relevant Period.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates by reference his prior objections and response to Interrogatory No. 1 as set forth in his March 23, 2026 Supplemental Responses. Consistent with the parties' agreement that Defendant's response to this Interrogatory will identify only entities in which Defendant holds a **controlling ownership interest** (i.e., majority or otherwise dispositive ownership or management control) during the Relevant Period, Defendant further states as follows:

The corporate entities in which Defendant held a controlling ownership interest or controlling management role during the Relevant Period are:

a. **Queen Equities LLC** (previously identified) — Defendant holds a ninety-nine percent (99%) membership interest, with the remaining one percent (1%) held by Defendant's spouse, Malka Rubin. Defendant is the sole manager and sole authorized signer.

b. **WHP Equities LLC** (previously identified) — As reflected in WHP's 2024 Form 1065 and accompanying Schedules K-1 (which report tax-year-2024 ownership through December 31, 2024), Defendant held a fifty percent (50%) membership interest and Bernard Rubin held a fifty percent (50%) membership interest through December 31, 2024. Effective on or about January 1, 2025, the members of WHP Equities LLC agreed to reallocate the membership interests in WHP to: Defendant — one-third (1/3); Bernard Rubin — one-third (1/3); and GB Equity (an entity affiliated with Gail Blumenthal) — one-third (1/3). That allocation has been

in effect, by the parties' agreement, for the majority of the Relevant Period (i.e., from on or about January 1, 2025 forward). A formal written Assignment of Interests memorializing this reallocation has not yet been executed; the members' agreement remains in oral / undocumented form to date, and Defendant will supplement his production with the executed Assignment of Interests once that document has been drawn up and executed. Defendant has been the sole Partnership Representative and the sole authorized signer on WHP's bank accounts throughout the Relevant Period. Defendant identifies WHP Equities LLC as a controlling-interest entity under the parties' April 16, 2026 agreement on the basis of Defendant's sole-manager / sole-signatory authority.

c. **Centennial Plaza Properties LLC** — Defendant holds an approximate fifteen percent (15%) membership interest. Defendant has sole management control of the entity. Yeschiel Shimon Sprei has no ownership interest in Centennial Plaza Properties LLC. Defendant identifies Centennial Plaza Properties LLC as a controlling-interest entity under the parties' April 16, 2026 agreement on the basis of Defendant's sole-management authority.

d. **Lexington Avenue Associates LLC** — A New Jersey limited liability company formed December 1, 1997 (NJ DOS Entity ID 0600044729), principal place of business in Lakewood, New Jersey. Defendant holds a fifty percent (50%) membership interest and Defendant's spouse, Malka Rubin, holds the remaining fifty percent (50%). Lexington Avenue Associates LLC serves as a holding company through which Defendant holds his real property interests. Defendant identifies Lexington Avenue Associates LLC as a controlling-interest entity under the parties' April 16, 2026 agreement on the basis of Defendant's management role and signatory authority.

To clarify the scope of Defendant's controlling-interest disclosure, Defendant further states that:

- *Imperial Real Estate Agency LLC* — Imperial Real Estate Agency LLC is a Lakewood, New Jersey real estate brokerage. Defendant holds an approximate two percent (2%) minority interest. Defendant serves as Broker of Record for Imperial Real Estate Agency LLC. Defendant does not hold majority ownership of this entity. **Only ownership is in regards to the NJ State Membership Laws**

- *Treeline Montague LLC* — Treeline Montague LLC is a New York limited liability company affiliated with Treeline Companies (200 Garden City Plaza, Suite 325, Garden City, New York 11530). Defendant does not own or manage Treeline Montague LLC. To the extent Defendant has any "economic interest" in Treeline Montague LLC, that interest is disputed by Treeline Montague LLC, which has taken the position that Defendant has no interest in the entity. The dispute regarding Defendant's claimed interest is the subject of the litigation referenced in Defendant's Second Supplemental Response to Interrogatory No. 9 below.

- *Brocha Holdings LLC* — Defendant has no ownership or management interest in Brocha Holdings LLC. Defendant's spouse, Malka Rubin, holds a fifty percent (50%) partnership interest in Brocha Holdings LLC.

- *GZYD (Zichron Yetta Devorah)* — GZYD is a not-for-profit entity. Defendant has no ownership interest. Defendant has served as a trustee of GZYD, consistent with the customary role of trustees of not-for-profit organizations.

**Correction of prior response regarding Esther Equities LLC.** Defendant's March 23, 2026 Supplemental Response to this Interrogatory included Esther Equities LLC among Defendant's controlling-interest entities. Upon further review of the formation documents, operating agreement, and IRS Form CP-575 Employer Identification Number assignment for Esther Equities LLC, Defendant supplements his prior response to clarify that Esther Equities LLC is wholly owned and managed by Defendant's spouse, Malka Rubin, who is identified in those documents as Esther Equities LLC's sole member, sole manager, and the sole authorized signer on its bank accounts. Defendant serves only as registered agent for Esther Equities LLC. Defendant does not hold any direct ownership or management interest in Esther Equities LLC, and Defendant's prior identification of Esther Equities LLC as a controlling-interest entity is hereby corrected. Defendant has no objection to Plaintiffs serving any inquiry relating to Esther Equities LLC's operations directly on its sole member, Malka Rubin.

Defendant confirms, consistent with his prior response, that he holds no ownership or management interest in Olden LLC. Defendant confirms, as further addressed below, that he holds no ownership or management interest in CPE Member LLC, which is wholly owned by Chaskel Frankl per CPE Member LLC's filed Articles of Organization, IRS Form CP-575 EIN assignment, and Operating Agreement (each of which were produced in Defendant's May 18, 2026 production at Bates RUBIN-052300 et seq.).

Defendant additionally states, as further confirmed by the documents produced at Bates RUBIN-052365 through RUBIN-052367 in Defendant's June 12, 2026 supplemental production, that the membership of CPE Member LLC as represented on the public record (Rule 7.1 Disclosure Statement filed by Rosenberg & Estis, P.C. in *CPE Member LLC v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-cv-02942 (E.D.N.Y.), filed August 4, 2025) refers to a "Johnathan Rubin" — not Defendant Jonathan Rubin — and the source of the disclosure information was Yeschiel Shimon Sprei. See Bates RUBIN-052365 – RUBIN-052366 (email correspondence with Benjamin Z. Koblentz, Esq. of Rosenberg & Estis, P.C., confirming Sprei as the source of the disclosure information). The CPE Member LLC issue identified at Interrogatory No. 1 is therefore deemed resolved consistent with the parties' April 16, 2026 agreement.

Defendant reserves the right to amend, modify, or further supplement this response as additional information becomes available.

---

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2

**INTERROGATORY NO. 2:** For each and every entity identified in Your response to Interrogatory No. 1 and listed below, identify its date of incorporation; its place of incorporation; its principal place of business; all of its members, shareholders, or partners; and all of its managers, officers, and/or directors. a. CPE Member LLC; b. Esther Equities LLC; c. Olden LLC; d. Queen Equities LLC; and e. WHP Equities LLC.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates by reference his prior objections and response to Interrogatory No. 2 as set forth in his March 23, 2026 Supplemental Responses. Consistent with the parties' agreement on the scope of supplementation, Defendant further states as follows:

a. **CPE Member LLC.** Defendant has no ownership or management interest in CPE Member LLC, has never held any such interest, and has no information responsive to this request regarding this entity. As stated in the Second Supplemental Response to Interrogatory No. 1 above, the CPE Member LLC issue is resolved consistent with the parties' April 16, 2026 agreement; the source of the CPE Member LLC Rule 7.1 Disclosure Statement information is Yeschiel Shimon Sprei, and the "Johnathan Rubin" identified therein is not Defendant.

b. **Esther Equities LLC.** As described in Defendant's Second Supplemental Response to Interrogatory No. 1 above, Esther Equities LLC is wholly owned and managed by Defendant's spouse, Malka Rubin, in which Defendant has no direct ownership or management interest. Subject to and without waiving Defendant's objection that Esther Equities LLC's operational details are outside the scope of the parties' April 16, 2026 agreement (which limited Defendant's response to controlling-interest entities), Defendant identifies the publicly available formation information for Esther Equities LLC as follows: - *Date of formation:* April 30, 2013 - *State of formation:* New Jersey (NJ DOS Entity ID 0400569975) - *Principal place of business:* Lakewood, New Jersey 1120 Lexington Ave Lakewood] - *Sole Member, sole Manager, and sole authorized signer:* Malka Rubin - *Registered Agent:* Jonathan Rubin

c. **Olden LLC.** Defendant has no ownership or management interest in Olden LLC, has never held any such interest, and has no information responsive to this request regarding this entity.

e. **Queen Equities LLC.** - *Date of formation:* February 1, 2001 (NJ DOS Entity ID 0600107822) - *State of formation:* New Jersey - *Principal place of business:* 112 Clifton Avenue, Suite 9, Lakewood, NJ - *EIN:* 22-3813991 - *Members:* Jonathan Rubin (Defendant), holding a ninety-nine percent (99%) interest; Malka Rubin, holding a one percent (1%) interest. - *Sole Manager / sole authorized signer:* Jonathan Rubin (Defendant).

f. **WHP Equities LLC.** - *Date of formation:* December 28, 2017 - *State of formation:* New Jersey (NJ DOS Entity ID 0450227092) - *Principal place of business:* Lakewood, New Jersey 1120 Lexington Ave Lakewood NJ - *Members during the Relevant Period:* - *Through December 31, 2024* (per WHP's 2024 Form 1065 and accompanying Schedules K-1): Jonathan Rubin (Defendant), holding a fifty percent (50%) interest; Bernard Rubin, holding a fifty percent (50%) interest. - *Effective on or about January 1, 2025* (per the members' agreement, which has not yet been reduced to a formal written Assignment of Interests): Jonathan Rubin (Defendant), one-third (1/3); Bernard Rubin, one-third (1/3); GB Equity (an entity affiliated with Gail Blumenthal), one-third (1/3). Defendant will produce the executed Assignment of Interests as a supplemental production once it has been drawn up and executed. - *Sole Manager / sole authorized signer / Partnership Representative throughout the Relevant Period:* Jonathan Rubin (Defendant).

For each of subparts (b), (d), and (e), formation documents responsive to this Interrogatory were produced with Defendant's February 24, 2026 informal production and remain available to Plaintiffs.

Defendant reserves the right to amend, modify, or further supplement this response as additional information becomes available.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4

**INTERROGATORY NO. 4:** Identify and describe the nature and Purpose of each and every Transaction or attempted Transaction between Graubard's IOLA and You or any corporate entity identified in Your response to Interrogatory No. 1.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates by reference his prior objections and response to Interrogatory No. 4 as set forth in his March 23, 2026 Supplemental Responses. Consistent with the parties' agreement that Defendant will supplement to include IOLA transaction information, and to supplement based on testimony given during his June 11, 2026 deposition, Defendant further states as follows:

**Nature of Defendant's IOLA-related dealings with Graubard.** During the Relevant Period, Defendant from time to time extended short-term commercial loans to Yeschiel Shimon Sprei in connection with real estate ventures on which Sprei represented to Defendant that Sprei was working. These loans were made in the ordinary course of Defendant's longstanding lender/borrower relationship with Sprei, which is more fully described in Defendant's Second Supplemental Response to Interrogatory No. 5 below. Defendant understood, based on representations made by Sprei and by Mark David Graubard, Esq., that Graubard held escrow or closing funds in his attorney trust (IOLA) account in connection with various Sprei ventures (including the venture identified by Sprei and Graubard as "Surf 9"), and that disbursements to Defendant or to entities Defendant controlled would be made out of legitimate deal proceeds when those proceeds became available. Defendant did not understand, and was not advised, that any portion of the funds Defendant received from Graubard's IOLA was sourced from escrow deposits made by Plaintiffs or any other party, and Defendant had no knowledge that the IOLA was not funded by deal proceeds at the time of the disbursements.

**Identification of the Graubard IOLA account.** The Graubard IOLA account at issue is identified in Mark David Graubard, Esq.'s production as a Valley National Bank "IOLA Checking Plus" account, account number 6144201102. The IOLA records produced by Mr. Graubard in this action cover the period December 1, 2024 through June 30, 2025. According to email correspondence produced at Bates GRAUBARD_08338 – GRAUBARD_08344, the Valley National Bank IOLA account was closed on or about June 27, 2025, and a successor IOLA was reopened by Mr. Graubard at TD Bank. No statements have been produced in this action for any successor IOLA at TD Bank, and any Transactions occurring after June 30, 2025 cannot be confirmed or denied from records currently in Defendant's possession.

**Identification of IOLA Transactions.** Subject to and without waiving his prior objections, Defendant identifies the following nine (9) Transactions between Mark David Graubard, Esq.'s IOLA, on the one hand, and Defendant or an entity identified in his Second Supplemental Response to Interrogatory No. 1, on the other hand, as reflected in the Graubard IOLA statements produced at Bates GRAUBARD_03457 – GRAUBARD_03523. The Transactions total approximately $1,239,234, comprising (i) two (2) wires totaling $800,000 involving Queen Equities LLC (one outbound, one inbound) and (ii) seven (7) wires totaling $439,184 involving WHP Equities LLC (one inbound, six outbound):

| # | Date | Direction | Counterparty | Amount | Defendant's Understanding of Purpose | Bates |
|---|---|---|---|---|---|---|
| **1** | 12/12/2024 | IOLA → Queen Equities LLC | Queen Equities LLC (identified on wire as "QUEENS EQUITIES LLC"); memo: "REAL ESTATE PURCHASE" | $250,000.00 | Pledged collateral for the $280,000 short-term loan Defendant made to Mr. Sprei on December 11, 2024 through the Montclare & Wachtler LLP escrow account (see ROG 10 sub-part (e) above). The IOLA disbursement was used to fund a series of Sprei-directed advances on Sprei's behalf during the week of December 13, 2024, including wires to Bentzion Landlord & Brothers, Gutfreund extension fees, Seddio Associates P.C. ($5,000), American Attitudes II LLC ($6,500), Shlomo Zitronenbaum ($7,600), Moreira Sayles Ramirez | **GRAUBARD_03457 – GRAUBARD_03523 (Dec 2024 stmt p. 2 of 5)** |

| # | Date | Direction | Counterparty | Amount | Defendant's Understanding of Purpose | Bates |
|---|---|---|---|---|---|---|
| | | | | | LLC ($10,000), Airport Prop LLC ($11,120), 536 Holdings LLC ($15,000), Agent 36 ($27,876.53), Klestadt Winters Jureller ($25,000), Express Trade Capital Inc. ($65,000), and Mitchell ($35,000.20 on 12/17), plus associated wire fees. | |
| **1a** | 12/12/2024 | IOLA bank fee | Valley National Bank wire fee | $50.00 | $50.00 bank wire fee assessed on the $250,000 wire above. | **GRAUBARD_03457 – GRAUBARD_03523** |
| **2** | 1/28/2025 | Queen Equities LLC → IOLA | Queen Equities LLC | $550,000.00 | Purchase of the real property commonly known as 8200 Bay Parkway, Brooklyn, New York (Cross Bridge Title file no. CBTNY-21010). Queen Equities LLC wired $550,000 into Mr. Graubard's IOLA; Defendant understands the same $550,000 was disbursed by Mr. Graubard the same day to Cross Bridge Title in connection with the 8200 Bay Parkway closing. | **GRAUBARD_03457 – GRAUBARD_03523 (Jan 2025 stmt p. 2 of 5)** |

| # | Date | Direction | Counterparty | Amount | Defendant's Understanding of Purpose | Bates |
|---|---|---|---|---|---|---|
| **3** | 2/10/2025 | WHP Equities LLC → IOLA | WHP Equities LLC | $273,684.00 | Mr. Sprei owed Defendant antecedent debt. Mr. Sprei deposited a $500,000 cashier's check (drawn on a law firm) into the Queen Equities LLC account; $273,684 of those proceeds was wired to Mr. Graubard's IOLA, $68,654 was sent to Surf 9 LLC for operational expenses, and the balance was retained by Defendant in partial repayment of Sprei's antecedent debt. | **GRAUBARD_03457 – GRAUBARD_03523 (Feb 2025 stmt p. 1 of 4); cross-reference METAXAS_TDB_002549 – METAXAS_TDB_002621 (WHP TD statement) and METAXAS_TDB_002627 – METAXAS_TDB_002669 (wire detail)** |
| **4** | 3/28/2025 | IOLA → WHP Equities LLC | WHP Equities LLC | $35,000.00 | Interest payment from Mr. Sprei (via Mr. Graubard's IOLA) on Defendant's outstanding short-term loans to Mr. Sprei. | **GRAUBARD_03457 – GRAUBARD_03523 (Mar 2025 stmt p. 2 of 5); cross-reference METAXAS_TDB_002549 – METAXAS_TDB_002621** |
| **5** | 3/31/2025 | IOLA → WHP Equities LLC | WHP Equities LLC | $5,000.00 | Interest payment from Mr. Sprei (via Mr. Graubard's IOLA) on Defendant's outstanding short-term loans to Mr. Sprei. | **GRAUBARD_03457 – GRAUBARD_03523 (Mar 2025 stmt p. 3 of 5); cross-reference METAXAS_TDB_002549 – METAXAS_TDB_002621** |
| **6** | 4/3/2025 | IOLA → WHP | WHP Equities LLC | $50,000.00 | Interest payment from Mr. Sprei (via | **GRAUBARD_03457 – GRAUBARD_03523 (Apr 2025** |

| # | Date | Direction | Counterparty | Amount | Defendant's Understanding of Purpose | Bates |
|---|---|---|---|---|---|---|
| | | Equities LLC | | | Mr. Graubard's IOLA) on Defendant's outstanding short-term loans to Mr. Sprei. | **stmt p. 2 of 7); cross-reference METAXAS_TDB_002549 – METAXAS_TDB_002621** |
| **7** | 4/7/2025 | IOLA → WHP Equities LLC | WHP Equities LLC | $13,000.00 | Interest payment from Mr. Sprei (via Mr. Graubard's IOLA) on Defendant's outstanding short-term loans to Mr. Sprei. | **GRAUBARD_03457 – GRAUBARD_03523 (Apr 2025 stmt p. 2 of 7); cross-reference METAXAS_TDB_002549 – METAXAS_TDB_002621** |
| **8** | 4/9/2025 | IOLA → WHP Equities LLC | WHP Equities LLC | $50,000.00 | Interest payment from Mr. Sprei (via Mr. Graubard's IOLA) on Defendant's outstanding short-term loans to Mr. Sprei. | **GRAUBARD_03457 – GRAUBARD_03523 (Apr 2025 stmt p. 2 of 7); cross-reference METAXAS_TDB_002549 – METAXAS_TDB_002621** |
| **9** | 4/25/2025 | IOLA → WHP Equities LLC | WHP Equities LLC | $12,500.00 | Interest payment from Mr. Sprei (via Mr. Graubard's IOLA) on Defendant's outstanding short-term loans to Mr. Sprei. | **GRAUBARD_03457 – GRAUBARD_03523 (Apr 2025 stmt p. 3 of 7); cross-reference METAXAS_TDB_002549 – METAXAS_TDB_002621** |

For the avoidance of doubt, Defendant identifies no Transaction during the Relevant Period between Graubard's IOLA and Defendant in his individual capacity, between Graubard's IOLA and Esther Equities LLC, or between Graubard's IOLA and any other entity identified in Defendant's Second Supplemental Response to Interrogatory No. 1 that is not listed in the table above. To the extent any further Transactions occurred between Mr. Graubard's TD Bank successor IOLA account and Defendant or any controlled entity during the period July 1, 2025 through the date hereof, Defendant cannot confirm or deny the same from records currently in Defendant's possession, and Defendant reserves the right to supplement pending production of the successor IOLA statements.

To the extent the foregoing identifies Transactions that, at the time made and based on representations to Defendant by Sprei and Graubard, Defendant understood to be unrelated to the Escrow Deposits or to the matters alleged in the Complaint, Defendant continues to assert that such Transactions are not relevant to any claim or defense in this action and are not proportional to the needs of the case, and Defendant supplements as to them solely in fulfillment of the parties' April 16, 2026 agreement and Defendant's FRCP 26(e) obligation to supplement based on his June 11, 2026 deposition testimony.

**Defendant's lack of knowledge of escrow-deposit source.** Defendant did not understand, at the time of any of the foregoing Transactions, that any portion of Graubard's IOLA was funded from escrow deposits made by Plaintiffs Angelos Metaxas or Pertshire Investments LP, or that any funds Defendant received from Graubard's IOLA were sourced from such escrow deposits. Defendant first became aware of Plaintiffs' allegations that escrow deposits made by Plaintiffs had been used to fund disbursements from Graubard's IOLA in connection with this action and the materials produced therein.

Defendant reserves the right to amend, modify, or further supplement this response as additional information becomes available.

---

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5

**INTERROGATORY NO. 5:** Regardless of time period, identify the approximate date on which You first met each Frankl, Goldberg, Gorkin, Graubard, Kobre, Montclare, Seddio, Sprei, and Wachtler; describe the nature and circumstance of how You met each such Individual; and describe the nature and circumstances, throughout the Relevant Period, of Your relationship and all of Your dealings with such Individual.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates by reference his prior objections and response to Interrogatory No. 5 as set forth in his March 23, 2026 Supplemental Responses. Consistent with the parties' agreement that Defendant will supplement regarding how and when he became acquainted with the individuals identified, Defendant further states as follows:

**Frankl.** Defendant supplements his prior response as follows.

*Chaskel Frankl.* Defendant supplements his prior response to clarify the following, consistent with Defendant's June 11, 2026 deposition testimony. Defendant has not met Chaskel Frankl in person.

Defendant recalls one telephone conversation with a person identifying himself as Chaskel Frankl, which conversation occurred in connection with the verification of a check that Yeschiel Shimon Sprei had asked Defendant to advance against. Defendant did not, at the time of that conversation or at the time of the transactions described below, know that CPE Member LLC was owned by Chaskel Frankl; Defendant came to understand that fact only recently in connection with the discovery in this action. As Defendant testified at deposition, during that single phone conversation the person identifying himself as Chaskel Frankl represented in substance that he had funds available and that Defendant could safely advance money to Sprei against those funds. Defendant's counsel's independent search of the produced email corpus (containing more than 18,000 indexed documents) for all communications between Defendant and Chaskel Frankl or the email address `chaskel1234@gmail.com` identified no substantive Rubin-anchored correspondence – **during the Relevant Period -** between Rubin and Frankl. There are numerous emails from before the Relevant Period in which Mr. Frankel requested various short-term loans from Defendant Rubin, or entities owned by Defendant Rubin; or guaranteed various short-term loans that were made by Defendant Rubin on behalf of other parties. Defendant has not had any other direct communication with Chaskel Frankl. Defendant further states, consistent with his June 11, 2026 deposition testimony, that any wire transfers between Defendant or any of Defendant's entities and CPE Member LLC during the Relevant Period were made **at Yeschiel Shimon Sprei's direction**, in connection with Sprei-related business arrangements, and not on the basis of any direct lender/borrower relationship between Defendant and Chaskel Frankl. Defendant identifies one such Sprei-directed entity-level transaction during the Relevant Period between Queen Equities LLC (Defendant's entity) and CPE Member LLC: a wire transfer in the amount of $7,000 sent from Queen Equities LLC to CPE Member LLC on April 4, 2025 (Queen Equities TD Bank statement at METAXAS_TDB_006156; CPE Member LLC Flagstar receipt at METAXAS_FLAGSTAR_001037). Repayments to Defendant reflected in Defendant's bank records appear to have come from various sources at Sprei's direction, including from an entity Defendant has identified in his records as "Dynasty Door," which Defendant believes is a Sprei-related entity. To the extent any other document, public filing, or correspondence references "Chaskel Frankl" in connection with Defendant or any entity in which Defendant holds an interest, Defendant has no further knowledge of the nature of any such reference.

*Victor Frankel.* Defendant separately states that, as reflected in records produced or to be produced in this action, an individual identified as "Victor Frankel" appears on a check dated December 9, 2024, in the amount of $50,000 (Bates METAXAS_FLAGSTAR_000019 and METAXAS_FLAGSTAR_000726), which check, on its face, was paid by an account not controlled by Defendant. Defendant is not acquainted with Victor Frankel, has never met him, and has never had any dealings with him. Defendant has been advised of the existence of the public criminal complaint in *United States v. Sprei & King*, No. 26-MJ-91 (E.D.N.Y.) (the "Criminal Complaint"), in which Victor Frankel is described as an authorizing party on releases from a "Surf 9" account, and Defendant supplements solely to disambiguate "Frankl" from "Frankel" on the public record; Defendant's lack of acquaintance with Victor Frankel is unchanged.

**Goldberg.** Defendant reaffirms that he is not acquainted with Israel Goldberg, has never met him, and has never had any direct dealings with him. As part of the diligence reflected in this Second Supplemental Response, Defendant's counsel has independently searched the produced email corpus (containing more than 18,000 indexed documents) for all communications between Defendant and Israel Goldberg or the email address `ig@grlawpllc.com`, and identified no

substantive Rubin-anchored correspondence between the two. To the extent Mr. Goldberg's name appears in NYSCEF service-list distributions, third-party correspondence chains, or document text, those references do not reflect any direct dealing between Defendant and Mr. Goldberg.

**Gorkin.** Defendant's March 23, 2026 response that Defendant "is not acquainted with Yeshaya Gorkin" requires correction, and Defendant supplements as follows. Defendant became acquainted with Yeshaya Gorkin, Esq., partner at Ainsworth Gorkin PLLC ("AG") of 1188 President Street, Suite 203, Brooklyn, New York, in approximately late 2025 in connection with AG's engagement to represent Queen Equities LLC (an entity controlled by Defendant) in *Queen Equities LLC v. Treeline Montague Realty Partners* and the related *Queen Equities LLC v. Rok Lending* action (Index No. 530721/2025). On or about December 18, 2025, AG was separately engaged to represent Defendant in his personal capacity in *Jonathan Rubin et al. v. Ira Russack et al.*, Index No. 540269/2025 (Sup. Ct., Kings Cty., N.Y.) (engagement letter at Bates RUBIN-017171, reissued through RUBIN-022018 dated March 17, 2026). On April 20, 2026, AG was advised that an associate of AG, Chang Hahn, was simultaneously handling work for Yeschiel Shimon Sprei in *Metaxas v. Sprei* (this action), creating a concurrent-client conflict under New York Rules of Professional Conduct 1.7 (RUBIN-024974). AG thereafter moved to withdraw from its representation of Defendant in the Russack matter. Defendant has not met Yeshaya Gorkin in person and has communicated with AG only by telephone, email, and written correspondence. Defendant's dealings with AG during the Relevant Period have been limited to AG's representation of Queen Equities LLC and Defendant individually in the two state-court matters described above, and have been unrelated to the Escrow Deposits or the matters alleged in the Complaint.

**Graubard.** Defendant first became acquainted with Mark David Graubard, Esq. in approximately December 2017, when Defendant Rubin served as a non-member manager in Hillside Lofts bankruptcy. Defendant Rubin was not a party or stake holder in that matter. This matter was terminated in late 2018. In December 2023, Defendant Graubard contact Defendant Rubin requesting and or guaranteeing various short-term loans from Defendant Rubin for Defendant Sprie. In July 2024, Defendant retained Graubard in connection with Defendant's role as a bidder for an asset in the *In re 8200 Realty Associates, LLC* bankruptcy proceeding (Case No. 23-42775, Bankr. E.D.N.Y. (Hon. Jil Mazer-Marino), bankruptcy auction held July 30, 2024). The introduction was made through Yeschiel Shimon Sprei. Defendant has not met Mr. Graubard in person; all communications between Defendant and Mr. Graubard have been by telephone or email. Defendant's counsel's review of the produced email corpus identified approximately five hundred ninety-two (592) substantive email exchanges between Defendant and Mr. Graubard (at `dgraubard@keragraubard.com`) during the period August 6, 2024 through March 31, 2026, in connection with (i) the 8200 Realty bankruptcy bidding process; (ii) WHP Equities LLC matters; (iii) certain 8200 Bay Parkway-related real estate matters; (iv) various closing-related correspondence including the IOLA Transactions addressed in Defendant's Second Supplemental Response to Interrogatory No. 4 above; and (v) correspondence relating to this action after its filing in 2025. **Correction of prior response.** Defendant's March 23, 2026 response stated that Defendant's dealings with Mr. Graubard were "unrelated to the Escrow Deposits or the matters alleged in the Complaint." Consistent with Defendant's June 11, 2026 deposition testimony, Defendant supplements that statement to clarify that, during the Relevant Period, Defendant also received funds from Mr. Graubard's IOLA in connection with short-term commercial loans Defendant had extended to Yeschiel Shimon Sprei in connection with a venture Sprei and

Mr. Graubard occasionally identified to Defendant as "Surf 9." Those transactions are more fully described in Defendant's Second Supplemental Response to Interrogatory No. 4 above. As stated there, Defendant did not understand at the time of those Transactions, and was not advised by Sprei or Mr. Graubard, that the source of any portion of Mr. Graubard's IOLA may have been escrow deposits made by Plaintiffs.

**Kobre.** Defendant supplements his prior response as follows. Defendant has not met Ethan A. Kobre, Esq. (of Schiff Hardin / `ekobre@ssrga.com`) in person and has no independent recollection of any direct dealings with him. Defendant's counsel's review of the produced email corpus identified two email communications during the period December 2024 through September 2025 in which Defendant and Mr. Kobre both appear as addressees: (i) a December 16, 2024 chain captioned "Re: 5218 property llc" (RUBIN-002095) in which Mr. Kobre's email was forwarded into the chain in connection with a discrete real estate matter unrelated to the Escrow Deposits or the matters alleged in the Complaint; and (ii) a September 5, 2025 chain captioned "RE: Rok lending" (RUBIN-013258) on which Mr. Kobre was a copy recipient. Defendant's best understanding is that, to the extent he was included on those communications, his inclusion reflects his being copied on Sprei-related correspondence and not any direct engagement of Mr. Kobre. Defendant's dealings with Mr. Kobre have not related to the Escrow Deposits or the matters alleged in the Complaint.

**Montclare.** Defendant supplements his prior response as follows. Defendant has not met Paul Montclare, Esq. in person and has no independent recollection of any direct dealings with him. Defendant's counsel's review of the produced email corpus identified two email communications in March 2025 in which Defendant and Mr. Montclare both appear as addressees: (i) a March 3, 2025 chain captioned "RE: FW: Olden Wire Operating Agreement" (RUBIN-005636), and (ii) a March 4, 2025 chain captioned "MSK Disclosure and Third Party Payer Documents: BodyGlove Litigation" (RUBIN-005786) on which Mr. Montclare was a copy recipient. Defendant's best understanding is that, to the extent he was included on those communications, his inclusion reflects his being copied on Sprei-related correspondence and not any direct engagement of Mr. Montclare. Defendant's dealings with Mr. Montclare have not related to the Escrow Deposits or the matters alleged in the Complaint.

**Seddio.** Defendant supplements his prior response to clarify and correct any statement that Defendant has not had any "dealings" with Frank R. Seddio, Esq. Defendant became acquainted with Mr. Seddio through an introduction made by Yeschiel Shimon Sprei. Defendant does not recall the precise date of the introduction. Defendant has not met Mr. Seddio in person; all communications between Defendant and Mr. Seddio have been by telephone or email. Defendant's counsel's review of the produced email corpus identified approximately seventy-two (72) substantive email exchanges between Defendant and Mr. Seddio during the period December 17, 2024 through May 2, 2026, in connection with Mr. Seddio's representation of Defendant or Queen Equities LLC in (i) *Queen Equities LLC et al. v. TD Bank, N.A.*, Index No. 507555/2025 (Sup. Ct., Kings Cty.); (ii) *Russack v. Queen Equities LLC et al.*, Index No. 717729/2025 (Sup. Ct., Queens Cty.); and (iii) correspondence in this action (Metaxas v. Graubard, EDNY 25-cv-5844). Defendant did not engage Mr. Seddio in connection with any "Ferreira" matter referenced in Seddio Law correspondence; to Defendant's knowledge, that matter has been dismissed on multiple occasions and Defendant has had no direct involvement in it. Defendant further states that, as reflected in correspondence dated on or about November 4, 2025 captioned "Re:

Appearance Bond - Olden and Graubart," Mr. Seddio was acting in connection with that bond matter as counsel for Olden LLC (the plaintiff in the State Court Action) — not as counsel for Defendant. Defendant's presence on that November 4, 2025 chain reflects Defendant being copied on correspondence because Defendant was advancing $60,000 for a payment of $5,000 in connection with the appearance bond at issue. Defendant did not retain Mr. Seddio in connection with Olden LLC, and Mr. Seddio has not represented Defendant in connection with Olden LLC, in the State Court Action, or in the matters alleged in the Complaint.

**Sprei.** Defendant first met Yeschiel Shimon Sprei in approximately 2009 or 2010, when Defendant was introduced to Sprei by Sprei's brother, Benztion Sprei (whose email address Defendant understands to be `bsprei88@gmail.com`), in connection with real estate transactional activity in New York at that time. Defendant and Sprei did not have any formal partnership; rather, Defendant and Sprei worked together informally on distressed real estate projects in Brooklyn beginning in approximately 2010, with Defendant Rubin investing in deals that Sprie found. By approximately 2020 (or earlier), the deal-level joint activity had largely concluded, and the relationship had evolved into a lender/borrower relationship in which Defendant from time to time extended short-term commercial loans to Sprei, typically bearing interest at twelve percent (12%) per annum, secured by Sprei's representations as to the collateral or revenue source backing the requested advance (typically a real estate transaction on which Sprei represented he was working in his own capacity). Repayments to Defendant were customarily made by Sprei, either directly or through a closing or escrow vehicle Sprei designated, out of what Defendant understood to be the proceeds of the underlying deal. Defendant has met with Sprei in person on rare occasions only — approximately twice per year on average — throughout the relationship; the vast majority of Defendant's communications with Sprei have been by telephone, email, or text message. Defendant's counsel's review of the produced email corpus identified approximately 4,384 substantive email exchanges between Defendant and Mr. Sprei (at `oldenequitiesgroup@gmail.com`) over the period August 2024 through May 2026, the highest-volume email correspondence between Defendant and any individual in the corpus. During the Relevant Period (November 1, 2024 forward), Defendant's dealings with Sprei consisted of (i) the lender/borrower loan transactions described above (including the loans repaid through Graubard's IOLA addressed in Defendant's Second Supplemental Responses to Interrogatory Nos. 4 and 5 (Graubard) above) and (ii) periodic informal discussions regarding real estate matters. To the best of Defendant's knowledge at the time the foregoing Transactions were made, none of Defendant's dealings with Sprei during the Relevant Period related to escrow deposits made by Plaintiffs, to Olden LLC, or to the matters alleged in the Complaint, and Defendant has produced communications with Sprei from this period as part of his May 18, 2026 production. As reflected in Defendant's June 11, 2026 deposition testimony, Defendant first became aware of Plaintiffs' allegations that certain Sprei repayments to Defendant may have been sourced from escrow deposits made by Plaintiffs through Plaintiffs' production in this action.

**Wachtler.** Defendant supplements his prior response to clarify and correct any statement that Defendant has not had any "dealings" with Lauren J. Wachtler, Esq. Defendant first became aware of Ms. Wachtler in approximately mid-2024 when Ms. Wachtler was representing Yeschiel Shimon Sprei in connection with a real estate matter referred to in the parties' correspondence as the "Edgewater" matter, and Ms. Wachtler requested certain information from Defendant in connection with that representation. That contact was Defendant's first connection to Ms. Wachtler. Ms. Wachtler subsequently was engaged as escrow agent for Defendant or

Defendant's entities in connection with the matters described below, but Ms. Wachtler has not represented Defendant personally or any of Defendant's entities in any other capacity. Defendant has not met Ms. Wachtler in person; all communications between Defendant and Ms. Wachtler have been by telephone or email. Defendant's counsel's review of the produced email corpus identified approximately two hundred fifty-nine (259) substantive email exchanges between Defendant and Ms. Wachtler during the period November 6, 2024 through March 20, 2026, sent and received at both her prior email address (`ljw@wachtlerlawfirm.com`) and her current address at Barclay Damon LLP (`lwachtler@barclaydamon.com`). These exchanges relate exclusively to Ms. Wachtler's role as escrow agent for Defendant or Defendant's entities in connection with, among other matters, (i) a $700,000 escrow held for WHP Equities LLC in connection with the real property commonly known as 2147 Albemarle Road, Brooklyn, New York, and (ii) a $200,000 escrow Defendant's records identify as the "Shevet" escrow. The Shevet escrow was repaid. The executed escrow agreement(s) have been produced. To the best of Defendant's knowledge, none of these matters relate to the Escrow Deposits at issue in this action or the matters alleged in the Complaint, and Ms. Wachtler did not represent Plaintiffs in any matter known to Defendant.

Defendant reserves the right to amend, modify, or further supplement this response as additional information becomes available.

---

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9

**INTERROGATORY NO. 9:** Identify and describe all court actions or arbitrations, in any forum, in which You and/or any entity identified in Your response to Interrogatory No. 1 have been a party or served with a subpoena since January 1, 2021.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates by reference his prior objections and response to Interrogatory No. 9 as set forth in his March 23, 2026 Supplemental Responses. Consistent with the parties' agreement that Defendant will supplement to address the court actions identified, after confirmation of his involvement, Defendant further states as follows:

The court actions and arbitrations in which Defendant or an entity identified in his Second Supplemental Response to Interrogatory No. 1 has been a party or has been served with a subpoena since January 1, 2021, to the best of Defendant's knowledge and recollection following reasonable inquiry, are as follows. Defendant supplements his prior response based on (i) further review of court records, (ii) the parties' April 16, 2026 agreement, and (iii) testimony given during Defendant's June 11, 2026 deposition.

**(i)** *In re 8200 Realty Associates, LLC*, Case No. 23-42775 (Bankr. E.D.N.Y.). Defendant was a bidder for an asset in this bankruptcy proceeding (Defendant's attempted purchase of the real property commonly known as 8200 Bay Parkway, Brooklyn, New York). Defendant was represented by Mark David Graubard, Esq. in connection with the bidding process. Defendant's involvement in this matter is concluded.

**(ii)** *Queen Equities LLC et al. v. TD Bank, N.A.*, Index No. 507555/2025 (Sup. Ct., Kings Cty., N.Y.), filed February 5, 2025 (correcting prior reference to Index "07555/2025"). Queen Equities LLC, an entity controlled by Defendant, was the plaintiff. Defendant is represented in this matter by Frank R. Seddio, Esq. The matter concerned the freezing of Queen Equities LLC's bank account at TD Bank, N.A. The account has been unfrozen and the matter has been disposed.

**(iii)** *Ira Russack v. Queen Equities LLC et al.*, Index No. 717729/2025 (Sup. Ct., Queens Cty., N.Y.), filed June 11, 2025. Queen Equities LLC, an entity controlled by Defendant, is a defendant. Defendant is represented by Frank R. Seddio, Esq.. Mr Seddio is withdrawing from this matter.The complaint includes allegations, on information and belief, that Defendant owns Queen Equities LLC, and seeks to invalidate a loan and judgment held by Queen Equities LLC. Status: Open and active as of the date hereof.

**(iv)** *Jonathan Rubin v. Ira Russack et al.*, Index No. 528681/2024 (Sup. Ct., Kings Cty., N.Y.), filed October 23, 2024. Defendant Rubin is the plaintiff. The matter concerns a dispute over control of Centennial Partners (an entity related to Defendant's Centennial Plaza Properties LLC interests). Status: Open and active as of the date hereof.

**(v)** *Jonathan Rubin et al. v. Ira Russack et al.*, Index No. 540269/2025 (Sup. Ct., Kings Cty., N.Y.), filed November 14, 2025. Defendant Rubin is a plaintiff. Defendant is represented in this matter by Ainsworth Gorkin PLLC, which moved to withdraw on or about April 20, 2026 in connection with the concurrent-client conflict described in Defendant's Second Supplemental Response to Interrogatory No. 5 (Gorkin) above. The matter concerns claims by Defendant on checks issued by Mr. Russack that were dishonored upon presentment. Status: Open and active as of the date hereof.

**(vi)** *Jonathan Rubin v. C. Glenn Schor, N. Schor, Treeline TPK Associates LLC, and Treeline Montague LLC*, Index No. 505949/2026 (Sup. Ct., Kings Cty., N.Y.), filed February 18, 2026, Hon. Consuelo Edwards (assigned judge) (this matter was previously referenced in Defendant's correspondence as "Queen Equities v. Treeline Montague Realty Partners"; the operative caption confirmed by NYSCEF is the present caption). Defendant Rubin is the plaintiff (in his personal capacity). Defendant is represented in this matter by Ainsworth Gorkin PLLC (Yeshaya Cohen, counsel of record). The matter concerns Defendant's claimed economic interest in Treeline Montague LLC and Treeline TPK Associates LLC, including, among other things, claims arising out of an attempted "cram-down" of Defendant's interest; the Treeline defendants dispute Defendant's claimed interest. Defendants are represented by Gayle L. Pollock (stipulation extending time to answer dated March 19, 2026) and David J. Lewittes (Notice of Motion #1, filed April 30, 2026, with the Operating Agreement attached as Exhibit A). Status: Open and active as of the date hereof; Motion #1 (by defendants) pending.

**(vii)** *Queen Equities LLC et al. v. Rok Lending LLC et al.*, Index No. 530721/2025 (Sup. Ct., Kings Cty., N.Y.), filed September 5, 2025. Queen Equities LLC is the plaintiff. The matter concerns Queen Equities LLC's challenge to a foreclosure (and attempted UCC sale) by Rok Lending, the lender on the real property commonly known as 5901 West Side, in which Queen Equities LLC holds an interest. Queen Equities LLC alleges, among other things, that it was not provided proper notice of the attempted UCC sale and that the attempted sale was not conducted in conformity with applicable law. Status: Open and active as of the date hereof.

**(viii)** *Metaxas et al. v. Graubard et al.*, Case No. 1:25-cv-05844 (AMD) (PCG) (E.D.N.Y.) — this action. Defendant is a named defendant.

**(ix)** *Jest Holdings, LLC v. Russack*, Case No. 1:23-cv-04260 (E.D.N.Y.). Defendant or Queen Equities LLC was served with a document subpoena by Wilentz, Goldman & Spitzer in connection with this matter. Defendant produced documents responsive to that subpoena and appeared pro se. The matter remains open and active (most recent docket activity February 13, 2026). Defendant has no other involvement in this matter.

**(x) Matter relating to the freezing of CPE Member LLC's account at JPMorgan Chase Bank, N.A.** Per Defendant's June 11, 2026 deposition testimony, an account of CPE Member LLC at JPMorgan Chase Bank, N.A. was frozen, with the result that WHP Equities LLC was unable to close on its purchase of the real property commonly known as 8200 Bay Parkway. The publicly-filed action of which Defendant is aware on these facts is *CPE Member LLC v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-cv-02942 (E.D.N.Y.), filed August 4, 2025. Defendant is not a named party to that action; WHP Equities LLC is not a named party to that action. Per Defendant's understanding, that matter has been dismissed within the last month.

**(xi) Centennial Plaza Properties matters.** Defendant, in his capacity as the controlling member and sole manager of Centennial Plaza Properties LLC (see Second Supplemental Response to Interrogatory No. 1, subpart (c) above), has been involved (directly and through Centennial Plaza Properties LLC) in each of the following matters: - *Centennial Plaza Properties LLC and IMARC Properties v. Trane*, D.N.J. 2:22-cv-01262. A landlord/tenant dispute. The district court dismissed plaintiffs' claims on March 17, 2025 (D.E. 160), holding that the right-of-first-refusal at issue had been extinguished by certain 2001 / 2002 Master Deed amendments. The matter remains on appeal to the Third Circuit Court of Appeals as of the date hereof. - *Centennial Plaza Prop LLC, IMARC Properties LLC et al. v. Centennial Greek L.L.C.*, Docket No. MID C 000051-23 (Sup. Ct., Middlesex Cty., N.J., Chancery Div. – General Equity). Other General Equity matter filed April 14, 2023, before Hon. Lisa Vignuolo. The matter concerns a dispute over a right-of-first-refusal in connection with part of the Centennial Plaza property. Disposition Date: February 7, 2025; Status: Reinstated. - *Crown Bank v. Imarc Properties L.L.C., Centennial Plaza Prop LLC, Ira Russack, RL Atlantic Cent LLC et al.*, Docket No. SWC F 004186-24 (Sup. Ct., Middlesex Cty., N.J., Chancery Div. – General Equity (Foreclosure)). A commercial mortgage foreclosure action filed April 24, 2024, before Hon. Thomas D. Mccloskey. Status: Reinstated as of August 29, 2025. In connection with this matter, Defendant was deposed as the corporate representative of Queen Equities LLC.

**(xii)** *5901 West Ave Properties LLC and Ira Russack v. Queen Equities LLC*, Docket No. HUD C 000174-24 (Sup. Ct., Hudson Cty., N.J., Chancery Div. – General Equity). A quiet title action filed November 19, 2024. Queen Equities LLC is the defendant. The matter concerns title to the real property commonly known as 5901 West Side. Status: Active / Open as of the date hereof.

**(xiii) Earlier (approximately 2018) bankruptcy matter involving Mark David Graubard.** Per Defendant's June 11, 2026 deposition testimony, in approximately 2018 Defendant served as an outside manager (not as a party) in connection with a bankruptcy matter in which Mark David Graubard, Esq. was also involved in some capacity. Defendant does not presently recall the specifics of the matter and was not a named party.

**(xiv)** *Queen Equities LLC v. Yechiel S. Sprei and 3052 Brighton Properties LLC*, Index No. 513439/2026 (Sup. Ct., Kings Cty., N.Y.), filed April 14, 2026. Queen Equities LLC is the plaintiff (represented by Avi Rosengarten, Esq.). The matter is a Confession of Judgment proceeding (judgment by confession filed April 15, 2026). Status: Recorded.

**(xv)** *Queen Equities LLC v. Yechiel S. Sprei et al.*, Index No. 518555/2026 (Sup. Ct., Kings Cty., N.Y.), filed May 15, 2026. Queen Equities LLC is the plaintiff. The matter is a Confession of Judgment proceeding. Status: Recorded.

**(xvi)** Defendant is not aware of any additional court actions, arbitrations, or subpoenas in any forum in which Defendant or any entity identified in Defendant's Second Supplemental Response to Interrogatory No. 1 has been a party or has been served with a subpoena since January 1, 2021 that are not identified above. For the avoidance of doubt, Defendant has not been served with a subpoena in *United States v. Sprei & King*, Case No. 26-MJ-91 (E.D.N.Y.) or in any related criminal proceeding.

Defendant continues to assert his objection that disclosure of court actions and arbitrations unrelated to the matters alleged in the Complaint, particularly over a five-year period, is overly broad and not proportional to the needs of this case, and Defendant supplements as to such matters solely in fulfillment of the parties' April 16, 2026 agreement and without waiver of his objections. Defendant reserves the right to amend, modify, or further supplement this response as additional information becomes available.

---

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10

**INTERROGATORY NO. 10:** Identify and describe all Transactions between You or any entity identified in Your response to Interrogatory No. 1, on the one hand, and any of the following Individuals or entities listed below on the other hand: [sub-parts a through n].

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates by reference his prior objections and response to Interrogatory No. 10 as set forth in his March 23, 2026 Supplemental Responses, including without limitation his objection that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case, particularly insofar as it seeks identification of "all Transactions" with fourteen separate individuals and entities without limitation as to subject matter. Consistent with the parties' April 16, 2026 agreement that Defendant will supplement to describe and identify any transactions during the Relevant Period that are responsive — subject to Defendant's previously stated proportionality objections — Defendant further states as follows:

Defendant reaffirms that he is not aware of any Transactions between himself or any entity identified in his Second Supplemental Response to Interrogatory No. 1 and any of the listed individuals or entities that relate to the Escrow Deposits or to the matters alleged in the Complaint.

Subject to and without waiving the foregoing objections, Defendant identifies the following Transactions during the Relevant Period (November 1, 2024 forward) between Defendant or an entity identified in his Second Supplemental Response to Interrogatory No. 1, on the one hand, and any of the individuals or entities listed in sub-parts (a) through (n) of this Interrogatory, on the

other hand, to the best of his knowledge and recollection following reasonable inquiry and review of Defendant's bank records (TD Bank statements at RUBIN-000127 – RUBIN-000578) and the third-party productions in this case (METAXAS_FLAGSTAR series; Graubard IOLA records):

a. **Imran H. Ansari.** Defendant is not aware of any Transactions during the Relevant Period between himself or any entity identified in his Second Supplemental Response to Interrogatory No. 1, on the one hand, and Imran H. Ansari, on the other hand.

b. **Chaskel Frankl (correcting prior reference; see also Victor Frankel).** Defendant identifies the following Transaction:

- April 4, 2025: Queen Equities LLC (Defendant's entity) sent a wire transfer in the amount of $7,000 to CPE Member LLC (an entity wholly owned by Chaskel Frankl). Bates METAXAS_TDB_006156 (Queen Equities TD Bank statement, April 2025); cross-reference METAXAS_FLAGSTAR_001037 (CPE Member LLC Flagstar receipt). Defendant understood this transfer to be in connection with a Sprei-directed business arrangement and not in connection with any matter alleged in the Complaint.

To the extent the Interrogatory references "Frankel" or the individual identified in the *United States v. Sprei & King* Criminal Complaint as Victor Frankel, Defendant is not aware of any Transactions during the Relevant Period between himself or any entity identified in his Second Supplemental Response to Interrogatory No. 1, on the one hand, and Victor Frankel, on the other hand.

c. **Ed King.** Defendant is not aware of any Transactions during the Relevant Period between himself or any entity identified in his Second Supplemental Response to Interrogatory No. 1, on the one hand, and Ed King, on the other hand.

d. **Ethan A. Kobre, Esq.** During the Relevant Period, Defendant identifies the following three (3) Transactions, each of which was an advance made by Defendant or Queen Equities LLC for the purpose of paying legal-services bills owed by Yeschiel Shimon Sprei to Ethan A. Kobre, Esq., in connection with Sprei's separate legal matters. Defendant understood each such payment to be a short-term loan to Sprei, repayable on demand or for which there was previously repayment via assignment of escrow and or checks from others

- November 14, 2024: outbound wire transfer of $10,000.00 to Ethan A. Kobre, Esq. (Queen Equities LLC TD Bank account ending in 6734; to be Bates-numbered in forthcoming supplemental production of November 2024 Queen Equities statement).
- February 7, 2025: outbound wire transfer of $5,000.00 to Ethan A. Kobre, Esq. (Queen Equities TD Bank statement at RUBIN-000303 – RUBIN-000318).
- February 21, 2025: outbound wire transfer of $2,500.00 to Ethan A. Kobre, Esq. (Queen Equities TD Bank statement at RUBIN-000207 – RUBIN-000210).

e. **Paul Montclare, Esq. / Montclare & Wachtler LLP escrow account.** During the Relevant Period, Defendant identifies the following ten (10) Transactions between Defendant or Queen Equities LLC, on the one hand, and the Montclare & Wachtler LLP escrow account, on the other hand. Each was made in connection with Defendant's lender/borrower relationship with Yeschiel Shimon Sprei and Sprei's various real-estate-related ventures, with Montclare & Wachtler LLP acting as escrow agent. None of the foregoing was understood by Defendant, at the time made, to relate to the Escrow Deposits or to the matters alleged in the Complaint:

- December 11, 2024: outbound wire transfer of $252,000.00 from Defendant to Montclare & Wachtler LLP escrow account (RUBIN-000255 – RUBIN-000280). Defendant understood the $252,000 (together with the related $28,000 transfer below) to be a short-term loan to Mr. Sprei totaling $280,000, secured by Mr. Sprei's pledge of $250,000 then held in Mark David Graubard, Esq.'s IOLA. Defendant received $250,000 of the pledged collateral by wire from Graubard's IOLA the following day; the IOLA disbursement is addressed in Defendant's Second Supplemental Response to Interrogatory No. 4 above.

- December 11, 2024: outbound wire transfer of $28,000.00 from Defendant to Montclare & Wachtler LLP escrow account (RUBIN-000255 – RUBIN-000280). Companion to the $252,000 transfer above; see preceding entry.

- December 17, 2024: inbound wire transfer of $170,000.00 to Defendant from Montclare & Wachtler LLP escrow account (RUBIN-000255 – RUBIN-000280). Repayment by Mr. Sprei for a series of advances Defendant had made on Mr. Sprei's behalf during the week of December 13, 2024, consisting of, inter alia: wires to Bentzion Landlord & Brothers Tod, Gutfreund extension fees, Seddio Associates P.C., American Attitudes II LLC, Shlomo Zitronenbaum, Moreira Sayles Ramirez LLC, Airport Prop LLC, 536 Holdings LLC, Agent 36, Klestadt Winters Jureller, and Express Trade Capital Inc.; plus associated wire fees.

- December 17, 2024: inbound wire transfer of $50,000.00 to Defendant from Montclare & Wachtler LLP escrow account (RUBIN-000255 – RUBIN-000280). Defendant does not presently recall the specific underlying matter; the transfer was made at Mr. Sprei's direction in connection with the parties' lender/borrower relationship.

- December 19, 2024: inbound wire transfer of $50,000.00 to Defendant from Montclare & Wachtler LLP escrow account (RUBIN-000255 – RUBIN-000280). Repayment of a December 18, 2024 advance Defendant made on Mr. Sprei's behalf to American Attitudes II LLC.

- December 24, 2024: inbound wire transfer of $130,000.00 to Defendant from Montclare & Wachtler LLP escrow account (RUBIN-000255 – RUBIN-000280). Repayment by Mr. Sprei for a series of advances Defendant had made on Mr. Sprei's behalf during the week of December 20, 2024, including credit-card-paid advances (Cong. Achim Gam Yachad; Church Avenue Car; Wine Valley; Verizon; Gargiulo's Restaurant; Geico) and wires (Queen Equities to 536 Holdings; Queen Equities to Klestadt; Queen Equities to 3052; package brought by Bentzion); plus interest of $8,000 on a separate $700,000 sum held by Ms. Wachtler through January 15, 2025; plus a $49,500 package; plus wire fees.

- January 3, 2025: outbound wire transfer of $470,000.00 from Defendant to Montclare & Wachtler LLP escrow account (RUBIN-000281 – RUBIN-000302). Funds advanced as part of a Proof of Funds arrangement for Mr. Sprei. The full $470,000 was returned to Defendant on January 9, 2025; see entry below.

- January 6, 2025: outbound wire transfer of $2,450,000.00 from Defendant to Montclare & Wachtler LLP escrow account (RUBIN-000281 – RUBIN-000302). Defendant received a wire of $2,551,111.11 from Express Trade Capital, Inc., an entity that Defendant has since come to understand is a factoring company that regularly extended financing to Mr. Sprei, in connection with the parties' lender/borrower relationship. Defendant transferred $2,450,000

of the proceeds to Montclare & Wachtler LLP escrow at Mr. Sprei's direction and retained $50,000 (plus a balance) as partial repayment of amounts then owed by Mr. Sprei to Defendant.

- January 9, 2025: inbound wire transfer of $470,000.00 to Defendant from Montclare & Wachtler LLP escrow account (RUBIN-000281 – RUBIN-000302). Return of the Proof of Funds amount transferred on January 3, 2025; see entry above.

- January 27, 2025: inbound wire transfer of $775,000.00 to Defendant from Montclare & Wachtler LLP escrow account (RUBIN-000281 – RUBIN-000302). Defendant understands this amount to have been the return of a Proof of Funds amount held by Montclare & Wachtler LLP on Mr. Sprei's behalf; Defendant understood the funds to be released to him as partial repayment of amounts then owed by Mr. Sprei to Defendant. The wire memo line, as captured in Plaintiffs' subpoena production from Ms. Wachtler's firm, identifies the transfer as a "Return of Surf 9 LLC Escrow Funds"; Defendant did not control the wire memo line and his understanding of the transfer is as stated herein.

f. **Lauren J. Wachtler, Esq.** Each of the ten (10) Transactions identified in sub-part (e) above is incorporated by reference here, as Montclare & Wachtler LLP served as the operative escrow account for those transfers and Defendant communicated with both Mr. Montclare and Ms. Wachtler at various times in connection with them. Defendant additionally identifies the following Transaction directly involving Ms. Wachtler in her own escrow capacity:

- November 19, 2024: outbound wire transfer of $25,000.00 from Defendant to the Wachtler Law Firm escrow account (Queen Equities LLC TD Bank account ending in 6734; to be Bates-numbered in forthcoming supplemental production of November 2024 Queen Equities statement). Made in connection with Defendant's lender/borrower relationship with Mr. Sprei; specific underlying matter to be supplemented upon further inquiry.

g. **Olden Group LLC.** During the Relevant Period, Defendant identifies the following seven (7) Transactions between Defendant or Queen Equities LLC, on the one hand, and Olden Group LLC, on the other hand. Each was made in connection with Defendant's lender/borrower relationship with Yeschiel Shimon Sprei:

- April 11, 2025: inbound transfer of $30,000.00 from Olden Group LLC to Defendant (RUBIN-000143 – RUBIN-000148). Repayment of antecedent debt then owed by Mr. Sprei to Defendant.

- April 11, 2025: inbound transfer of $10,000.00 from Olden Group LLC to Defendant (RUBIN-000143 – RUBIN-000148). Repayment of antecedent debt then owed by Mr. Sprei to Defendant.

- May 14, 2025: inbound transfer of $22,500.00 from Olden Group LLC to Defendant (RUBIN-000149 – RUBIN-000154). Repayment of antecedent debt then owed by Mr. Sprei to Defendant.

- July 10, 2025: outbound wire transfer of $385,000.00 from Defendant to Olden Group LLC (RUBIN-000161 – RUBIN-000166). On July 9, 2025, the day before this Transaction, Mr. Sprei paid Defendant by check in the amount of $460,000; Defendant wired $411,000 (sum

of this entry and the $14,400 and $14,350 entries below) and retained the remaining balance of $49,000 as partial repayment of amounts then owed by Mr. Sprei to Defendant.

- July 10, 2025: outbound wire transfer of $14,400.00 from Defendant to Olden Group LLC (RUBIN-000409 – RUBIN-000430). Companion to the July 10, 2025 $385,000 transfer above.
- July 10, 2025: outbound wire transfer of $14,350.00 from Defendant to Olden Group LLC (RUBIN-000409 – RUBIN-000430). Companion to the July 10, 2025 $385,000 transfer above.
- July 15, 2025: outbound wire transfer of $459,000.00 from Defendant to Olden Group LLC (RUBIN-000161 – RUBIN-000166). On July 14, 2025, the day before this Transaction, Mr. Sprei tendered to Defendant a check in the amount of $450,000, which check was subsequently dishonored upon presentment and remains outstanding and unpaid. Defendant nonetheless previously wired $459,000 (sum of $411,000 plus interest/balance) to Olden Group LLC in reliance on the tendered check, and retained the remaining balance as partial repayment of amounts owed by Mr. Sprei to Defendant.

h. **Frank R. Seddio, Esq. / Seddio & Associates.** During the Relevant Period, Defendant identifies the following twenty-three (23) Transactions, each of which was an advance made by Defendant or Queen Equities LLC for the purpose of paying legal-services bills owed by Yeschiel Shimon Sprei to Frank R. Seddio, Esq. / Seddio & Associates in connection with Mr. Sprei's separate legal matters. Defendant understood each such payment to be a short-term loan to Mr. Sprei, repayable on demand:

- November 14, 2024: $5,000.00 OUT (Queen Equities TD account ending in 6734; to be Bates-numbered).
- November 29, 2024: $5,000.00 OUT (RUBIN-000195 – RUBIN-000198).
- December 6, 2024: $2,500.00 OUT (RUBIN-000255 – RUBIN-000280).
- December 13, 2024: $5,000.00 OUT (RUBIN-000255 – RUBIN-000280).
- December 24, 2024: $7,500.00 OUT (RUBIN-000199 – RUBIN-000202).
- December 31, 2024: $5,000.00 OUT (RUBIN-000255 – RUBIN-000280).
- January 8, 2025: $5,000.00 OUT (RUBIN-000281 – RUBIN-000302).
- January 16, 2025: $5,000.00 OUT (RUBIN-000199 – RUBIN-000202).
- January 28, 2025: $5,000.00 OUT (RUBIN-000281 – RUBIN-000302).
- February 6, 2025: $5,000.00 OUT (RUBIN-000131 – RUBIN-000136).
- February 14, 2025: $3,500.00 OUT (RUBIN-000203 – RUBIN-000206).
- February 21, 2025: $2,500.00 OUT (RUBIN-000207 – RUBIN-000210).
- February 27, 2025: $2,500.00 OUT (RUBIN-000303 – RUBIN-000318).

- May 22, 2025: $5,000.00 OUT (RUBIN-000359 – RUBIN-000384).
- May 30, 2025: $5,000.00 OUT (RUBIN-000359 – RUBIN-000384).
- October 7, 2025: $3,000.00 OUT (RUBIN-000475 – RUBIN-000494).
- October 14, 2025: $2,500.00 OUT (RUBIN-000475 – RUBIN-000494).
- November 5, 2025: $5,000.00 OUT (RUBIN-000495 – RUBIN-000518).
- November 6, 2025: $5,000.00 OUT (RUBIN-000495 – RUBIN-000518).
- November 14, 2025: $5,000.00 OUT (RUBIN-000495 – RUBIN-000518).
- December 8, 2025: $5,000.00 OUT (RUBIN-000519 – RUBIN-000538).
- January 9, 2026: $2,000.00 OUT (RUBIN-000539 – RUBIN-000558).
- January 20, 2026: $5,000.00 OUT (RUBIN-000245 – RUBIN-000250).

i. **Yeschiel Shimon "Sam" Sprei.** During the Relevant Period, Defendant identifies the following ten (10) direct Transactions between Defendant or Queen Equities LLC, on the one hand, and Mr. Sprei (or accounts Defendant understood to be designated by Mr. Sprei), on the other hand, in connection with the parties' lender/borrower relationship described in Defendant's Second Supplemental Response to Interrogatory No. 5 (Sprei) above. Defendant further incorporates by reference all Transactions reflected in sub-parts (d), (e), (f), (g), (h), and (j) of this Interrogatory, each of which arose out of the same lender/borrower relationship with Mr. Sprei:

- June 25, 2025: outbound transfer of $100,000.00 (RUBIN-000385 – RUBIN-000408). Made at the instruction of Shmuli Waxman, Mr. Sprei's first cousin. Defendant had taken a $750,000 mortgage on the real property commonly known as 1655 48th Street, Brooklyn, in connection with this and the related $15,000 transfer below among others. Defendant advanced the funds under the terms of the mortgage which Queen Equities KKC had given to Mr. Waxman. Mr. Waxman's had represented at the time that Mr. Waxman owed money to Mr. Sprei and was repaying Mr. Sprei via the loan transaction.
- June 25, 2025: outbound transfer of $15,000.00 (RUBIN-000385 – RUBIN-000408). Companion to the June 25, 2025 $100,000 transfer above.
- June 27, 2025: outbound wire transfer of $100,000.00 (RUBIN-000385 – RUBIN-000408). Mr. Sprei had deposited $185,000 with Defendant two days earlier (June 25, 2025); Defendant wired out $184,000 of those funds on June 27, 2025 (sum of this entry, the $64,000 entry, and the $20,000 entry below).
- June 27, 2025: outbound wire transfer of $64,000.00 (RUBIN-000385 – RUBIN-000408). Companion to the June 27, 2025 $100,000 transfer above.
- June 27, 2025: outbound wire transfer of $20,000.00 (RUBIN-000385 – RUBIN-000408). Companion to the June 27, 2025 $100,000 transfer above.

- February 13, 2026: outbound transfer of $10,000.00 (RUBIN-000245 – RUBIN-000250). Made in connection with the parties' continuing lender/borrower relationship; specific underlying matter to be supplemented upon further inquiry.

- February 23, 2026: inbound transfer of $100.00 (RUBIN-000559 – RUBIN-000578). Specific underlying purpose unknown to Defendant.

- March 2, 2026: inbound transfer of $80,000.00 (Queen Equities TD account ending in 6734; to be Bates-numbered). Made in connection with the parties' continuing lender/borrower relationship; specific underlying matter to be supplemented upon further inquiry.

- March 10, 2026: outbound transfer of $27,000.00 (Queen Equities TD account ending in 6734; to be Bates-numbered). Made in connection with the parties' continuing lender/borrower relationship; specific underlying matter to be supplemented upon further inquiry.

- March 10, 2026: outbound transfer of $800.00 (Queen Equities TD account ending in 6734; to be Bates-numbered). Made in connection with the parties' continuing lender/borrower relationship; specific underlying matter to be supplemented upon further inquiry.

j. **Surf 9 LLC.** During the Relevant Period, Defendant identifies the following seven (7) Transactions between Defendant or Queen Equities LLC, on the one hand, and Surf 9 LLC, on the other hand. Each was a short-term loan to Yeschiel Shimon Sprei made at Mr. Sprei's direction and advanced as operational funding for the Surf 9 venture. Defendant further incorporates by reference Defendant's Second Supplemental Response to Interrogatory No. 4 above for additional Transactions relating to the Surf 9 venture and to Mark David Graubard's IOLA:

- November 17, 2025: $34,000.00 OUT to Surf 9 LLC (RUBIN-000495 – RUBIN-000518).

- December 1, 2025: $13,000.00 OUT to Surf 9 LLC (RUBIN-000519 – RUBIN-000538).

- December 8, 2025: $19,500.00 OUT to Surf 9 LLC (RUBIN-000519 – RUBIN-000538).

- January 23, 2026: $8,100.00 OUT to Surf 9 LLC (RUBIN-000539 – RUBIN-000558).

- February 23, 2026: $8,000.00 OUT to Surf 9 LLC (RUBIN-000559 – RUBIN-000578).

- March 10, 2026: $8,000.00 OUT to Surf 9 LLC (Queen Equities TD account ending in 6734; to be Bates-numbered in forthcoming supplemental production of March 2026 Queen Equities statement).

- March 12, 2026: $500.00 OUT to Surf 9 LLC (RUBIN-000251 – RUBIN-000254).

**k. – n. Remaining sub-parts.** Defendant is not aware of any Transactions during the Relevant Period between himself or any entity identified in his Second Supplemental Response to Interrogatory No. 1, on the one hand, and any of the individuals or entities identified in sub-parts (k) through (n) of this Interrogatory, on the other hand.

The transactions identified in sub-parts (a) through (n) above were compiled from Defendant's produced TD Bank statements (RUBIN-000127 – RUBIN-000578) and Plaintiffs' produced

Flagstar / Valley National Bank / TD Bank subpoena returns, and are accurate to the best of Defendant's knowledge based on those bank records. Defendant reserves the right to dispute or clarify the characterization of any particular transaction, including with respect to its underlying purpose, source, or downstream use of funds — facts which, in many instances, Defendant does not personally know and which were directed or carried out by Yeschiel Shimon Sprei or by counterparties at Sprei's direction.

Defendant continues to assert that, to the extent any of the foregoing identifies Transactions unrelated to the Escrow Deposits or to the matters alleged in the Complaint, such Transactions are not relevant to any claim or defense in this action and are not proportional to the needs of the case, and Defendant supplements as to such Transactions solely in fulfillment of the parties' April 16, 2026 agreement and subject to Defendant's previously stated proportionality objections. Defendant is not aware of any Transactions involving the listed counterparties during the Relevant Period that are not reflected in Defendant's own produced bank records or in Plaintiffs' produced subpoena returns. Defendant reserves the right to amend, modify, or further supplement this response as additional information becomes available, including in particular as additional records are received through ongoing third-party discovery.

## **RESERVATION OF RIGHTS**

Defendant expressly reserves the right to amend, modify, or supplement these Responses and Objections at any time as additional information becomes available, as discovery progresses, or as otherwise permitted or required by the Federal Rules of Civil Procedure, the Local Civil Rules, and orders of this Court, without waiver of any objections or defenses, and nothing herein shall be construed to limit Defendant's right to supplement or correct any response as Defendant deems appropriate. Nothing in these Responses shall be construed as a waiver of any objection, privilege, immunity, defense, or right not expressly stated herein, and Defendant specifically reserves all objections and privileges, including but not limited to attorney-client privilege, work product protection, and any other applicable privileges or protections.

**VERIFICATION**

I, Jonathan Rubin, declare under penalty of perjury under the laws of the United States that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated: Lakewood, New Jersey
June 24, 2026

Jonathan Rubin

**ATTORNEY CERTIFICATION**

The undersigned attorney certifies pursuant to Fed. R. Civ. P. 33(b)(4) that the foregoing objections are made in good faith, have a reasonable basis in law and fact, and are not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Dated: Albany, New York
June 24, 2026

LAW OFFICES OF MORDY GROSS LLC

By: /s/ Mordy Gross
Mordy Gross, Esq.
Bar No. 4759882
418 Broadway # 10612
Albany, NY 12207-2922
Tel: (484) 680-0768
mg@mordygross.com

Attorney for Defendant Jonathan Rubin

**CERTIFICATE OF SERVICE**

I, Mordy Gross, hereby certify that on June 24, 2026, I caused a true and correct copy of the foregoing Defendant Jonathan Rubin's Second Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories to be served upon all counsel of record via email to all counsel of record.

/s/ Mordy Gross

Mordy Gross, Esq.