# Exhibit 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X Index No. 1:25-cv-5844
ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,

*Plaintiff,*

*-against-*

MARK DAVID GRAUBARD, ESQ. d/b/a M.DAVID GRAUBARD,
YESCHIEL SHIMON "SAM" SPREI,
FRANK R. SEDDIO, ESQ., and JONATHAN RUBIN,

*Defendants.*
-------------------------------------------------------------------X

**DEFENDANT YESCHIEL SHIMON "SAM" SPREI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Yeschiel Shimon "Sam" Sprei ("Defendant" or "Sprei"), by and through his undersigned counsel, responds and objects to Plaintiffs' First Set of Interrogatories as follows.

These Responses are limited to Interrogatory Nos. 1, 2, 7, 10, and 11, which the parties agreed remain relevant following the Court's limitation of the remaining discovery to damages and the tracing of relevant funds. The interrogatories seek information concerning Sprei's business interests, transactions, financial accounts, assets, and liabilities. Defendant YESCHIEL SHIMON "SAM" SPREI ("Defendant" or "Sprei"), by and through his attorneys, Emouna & Mikhail, P.C., pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds and objects to Defendant Jonathan Rubin's Second Set of Requests for Admission.

**PRELIMINARY STATEMENT**

These Responses are based upon information presently known and reasonably available to Defendant following a reasonable inquiry. Defendant's investigation, collection, review, and production of electronically stored information remain ongoing.

Defendant reserves the right and obligation under Federal Rule of Civil Procedure 26(e) to supplement or correct these Responses if additional responsive information is identified. Any supplementation shall not be construed as an admission that the information was previously available to Defendant, that any prior response was deficient, or that any objection asserted herein has been withdrawn.

Defendant's agreement to provide substantive information subject to stated objections does not constitute an admission concerning the relevance, admissibility, authenticity, accuracy, or evidentiary weight of any information or document.

**RESERVATION OF RIGHTS**

By serving these Responses and Objections, Defendant does not concede the relevance, admissibility, authenticity, materiality, or legal effect of any document referenced by Defendant Rubin. Defendant further reserves the right to amend, supplement, modify, or withdraw any response to the extent permitted by Rule 36 or any Order of the Court.

The fact that Defendant responds to any particular Request shall not be construed as an admission that the Request is proper under Rule 36 or that the facts asserted therein are relevant, material, or admissible.

Except as expressly admitted, every allegation, characterization, and factual assertion contained in Defendant Rubin's Requests for Admission is denied.

**GENERAL OBJECTIONS**

Defendant incorporates each of the following General Objections into each individual Response as though fully set forth therein. The assertion of a General Objection with respect to any particular Request shall not be construed as limiting any additional objection specifically asserted in response to that Request.

1. Defendant objects to each interrogatory to the extent it seeks information outside the permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1), including information that is not relevant to damages or the tracing of funds and is not proportional to the needs of this action.
2. Defendant objects to Plaintiffs' definition of "You" and "Your" to the extent it purports to include Defendant's attorneys, agents, and representatives. Defendant cannot be required to disclose privileged attorney information, counsel's mental impressions, litigation strategy, or information outside Defendant's possession, custody, or control merely because it may be known to an attorney or representative.
3. Defendant objects to the definitions of "Document" and "Communication" to the extent they exceed the scope of Rules 26, 33, and 34 or purport to require information beyond Defendant's possession, custody, or control.
4. Defendant objects to any instruction purporting to require Defendant to apply the "broadest possible interpretation" to an ambiguous interrogatory. Defendant will apply a reasonable, good faith interpretation consistent with the text of the interrogatory, the Federal Rules, and the Court's Orders.
5. Defendant objects to any interrogatory to the extent it seeks information protected by the attorney client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. No privileged information will knowingly be disclosed. Inadvertent production or disclosure shall not constitute a waiver.
6. Defendant objects to any interrogatory to the extent it seeks confidential, proprietary, private, personal, banking, tax, or commercially sensitive information without appropriate safeguards.

Any responsive confidential information is provided subject to the Protective Order and any applicable confidentiality designation.

7. Defendant objects to any interrogatory that assumes disputed facts, incorporates argumentative characterizations, or presupposes the existence of transactions, authority, control, ownership, or relationships not admitted by Defendant.
8. Defendant objects to any requirement that he identify information already contained in business records where the burden of deriving the answer is substantially the same for either party. Where appropriate, Defendant may invoke Federal Rule of Civil Procedure 33(d) and identify responsive records from which the answer may be ascertained.
9. Defendant objects to any interrogatory to the extent it seeks information concerning assets or accounts belonging exclusively to Defendant's spouse or to a separate legal entity where Defendant lacks possession, custody, control, access, authority, or sufficient personal knowledge.
10. Defendant's specific objections are incorporated into each response below. The assertion of a specific objection does not waive any General Objection.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

**Identify each and every corporate entity (whether corporations, limited liability companies, partnerships, or any other corporate forms) in which You have held any direct or indirect ownership interest (whether as a shareholder, member, or otherwise) or held any management role during the Relevant Period.**

### RESPONSE TO INTERROGATORY NO. 1

Defendant objects to this Interrogatory to the extent the phrase "each and every corporate entity" is overbroad and is not limited to entities having any connection to the alleged damages, the Escrow Deposits, or the tracing of funds at issue in this action. Defendant further objects to the term "indirect ownership interest" as vague and ambiguous because it does not specify whether Plaintiffs seek beneficial interests, contractual rights, contingent interests, interests held through

trusts, or interests held through other entities. Defendant also objects to the phrase "management role" as vague and potentially overinclusive because it is not limited to formal managerial, officer, director, managing member, or partner positions. Subject to and without waiving these objections, and construing the Interrogatory as seeking entities in which Defendant held a direct or indirect economic interest or a formal management position during the Relevant Period, Defendant identifies the following entities based upon information presently known and reasonably available:

1. **Olden LLC-** Please note that this entity does not exist nor does Sprei have any interest in same.

2. **Olden Group LLC**
   Nature of interest or position: Sole Member Ownership percentage: 100**%**
   Date of Initial filing April 20, 2016

3. **Surf 9 LLC-** Sprei does not any interest in same. This entity is currently in bankruptcy in EDNY.

4. **CPE Member LLC-** Sprei does not any interest in same.

5. **Esther Equities LLC-** Sprei does not any interest in same.

6. **Shefa Holdings LLC-** Sprei does not any interest in same.

7. **Queen Equities LLC** Sprei does not any interest in same.

8. **WHP Equities LLC** Sprei does not any interest in same.

9. **536 Holdings LLC-** Sprei does not any interest in same.

10. **3052 Brighton Properties LLC**
    Nature of interest or position: Sole Member Ownership percentage: 100**%**
    Date of Initial filing October 27, 2023

Defendant has not intentionally omitted any responsive entity known to him. Defendant will supplement this response if his continuing review identifies additional responsive entities.

**INTERROGATORY NO. 2**
**For each and every entity identified in Your response to Interrogatory No. 1 and listed below, identify its date of incorporation; its place of incorporation; its principal place of business; all of its members, shareholders, or partners; and all of its managers, officers, and/or directors.**
**a. Olden LLC;**
**b. Olden Group LLC; and**
**c. Surf 9 LLC.**

**RESPONSE TO INTERROGATORY NO. 2**

Defendant objects to this Interrogatory to the extent it seeks information concerning "each and every entity" identified in response to Interrogatory No. 1 while separately listing only Olden LLC, Olden Group LLC, and Surf 9 LLC. The Interrogatory is internally inconsistent and ambiguous as to whether it seeks information for all identified entities or only the three specifically enumerated entities.

Defendant construes this Interrogatory as limited to Olden LLC, Olden Group LLC, and Surf 9 LLC.

Defendant further objects to the extent the Interrogatory seeks information regarding members, shareholders, partners, managers, officers, or directors who have no relationship to the damages or fund tracing issues remaining in this action. Defendant nevertheless provides the information presently known and reasonably available.

**A. Olden LLC-** Please note that this entity does not exist nor does Sprei have any interest in same.

**B. Olden Group LLC**

- Date of formation: April 20, 2016
- State or jurisdiction of formation: New York
- Principal place of business: 4203 13th Avenue, Brooklyn, NY 11219
- Members and respective interests during the Relevant Period: Sprei 100 %
- Managers during the Relevant Period: Sprei
- Officers or directors, if applicable: None

**C. Surf 9 LLC-** Sprei does not any interest in same. This entity is currently in bankruptcy in EDNY.

**D. 3052 Brighton Properties LLC**

- Date of formation: October 27, 2023
- State or jurisdiction of formation: New York
- Principal place of business: 4203 13th Avenue, Brooklyn, NY 11219
- Members and respective interests during the Relevant Period: Sprei 100 %
- Managers during the Relevant Period: Sprei
- Officers or directors, if applicable: None

Defendant refers Plaintiffs to the organizational and formation documents produced or to be produced in response to Request for Production No. 4, which contain or reflect the requested information. To the extent Rule 33(d) applies, Defendant identifies those documents as an additional source from which the requested information may be ascertained.

**INTERROGATORY NO. 7**

**Identify and describe all Transactions via any bank account or financial institution between You, Olden LLC, Olden Group LLC, Surf 9 LLC, or any entity identified in Your response to Interrogatory No. 1, on the one hand, and any of the following Individuals or entities listed below on the other hand:**

**a. Ansari;**

**b. CPE Member LLC;**

**c. Esther Equities LLC;**
**d. Frankl;**
**e. Graubard, or any attorney or agent acting on his behalf, including Frankl, Gorkin, Goldberg, Horn, Tesser, or Morgenstern;**
**f. King;**
**g. Kobre;**
**h. Montclare;**
**i. Montclare & Wachtler, LLP;**
**j. Queen Equities LLC;**
**k. Rubin;**
**l. Seddio;**
**m. Seddio & Associates;**
**n. Wachtler;**
**o. WHP Equities LLC; and**
**p. 536 Holdings LLC.**

**RESPONSE TO INTERROGATORY NO. 7**

Defendant objects to this Interrogatory as facially overbroad and disproportionate because it seeks "all Transactions" involving numerous individuals, law firms, and entities without limiting the request to transactions involving the Escrow Deposits, the alleged dissipation of Plaintiffs' funds, the damages claimed in this action, or any transaction reasonably connected to fund tracing.
Defendant further objects because the Interrogatory aggregates numerous separate subparts and counterparties and therefore exceeds the permissible number of interrogatories under Federal Rule of Civil Procedure 33(a)(1), when discrete subparts are counted separately.

Defendant objects to the term "Transaction" because Plaintiffs define it to include any executed or requested deposit, withdrawal, wire, transfer, purchase, order, or sale, potentially capturing routine, unrelated, internal, unsuccessful, contemplated, or de minimis transactions bearing no relationship to this action.

Defendant also objects to the extent the Interrogatory seeks attorney fee payments, retainers, reimbursements, transfers, or communications that would reveal privileged legal advice, litigation strategy, or attorney work product. The fact of a payment ordinarily may be nonprivileged, but Defendant will not disclose privileged descriptions of legal services or confidential communications.

Defendant further objects to the extent the Interrogatory seeks transactions involving independent entities or accounts over which Defendant lacks possession, custody, control, signatory authority, access, or sufficient knowledge.

Subject to and without waiving these objections, Defendant construes the Interrogatory as limited to transactions during the Relevant Period that involved Defendant or an entity identified in response to Interrogatory No. 1 and that are relevant to damages or the tracing of funds at issue in this action.

Based upon information presently known and reasonably available, Defendant identifies the following responsive transactions:

- Transactions with **Ansari**: $20,000 Legal fees/retainer
- Transactions with **CPE Member LLC**: Sprei does not possess any document; however, Sprei has specifically requested that CPE provide any and all transactions with Sprei so that he can share same with the parties in the instant action.
- Transactions with **Esther Equities LLC**: None known
- Transactions with **Frankl**: None known
- Transactions with **Graubard or persons acting on his behalf**: Sprei does not possess any document; however, Sprei has specifically requested that Grabuard provide any and all transactions with Sprei so that he can share same with the parties in the instant action.
- Transactions with **King**: Sprei does not possess any document; however, Sprei has specifically requested that King provide any and all transactions with Sprei so that he can share same with the parties in the instant action.
- Transactions with **Kobre or his law firm**: Sprei does not possess any document; however, Sprei has specifically requested that Kobre provide any and all transactions with Sprei so that he can share same with the parties in the instant action. Legal fee/ retainer payments approximately $20,000.
- Transactions with **Montclare or Montclare & Wachtler LLP**: Legal fee/ retainer payments approximately $70,000.
- Transactions with **Queen Equities LLC**: Sprei does not possess any document; however, Sprei has specifically requested that Queen Equities LLC provide any and all transactions with Sprei so that he can share same with the parties in the instant action.
- Transactions with **Rubin**: Sprei does not possess any document; however, Sprei has specifically requested that Rubin provide any and all transactions with Sprei so that he can share same with the parties in the instant action.
- Transactions with **Seddio or Seddio & Associates, P.C.**: $12,500 Legal fees/retainer paid on or about May 5, 2025 from Graubard IOLA account.
- Transactions with **WHP Equities LLC**: Sprei does not possess any document; however, Sprei has specifically requested that WHP Equities provide any and all transactions with Sprei so that he can share same with the parties in the instant action.

- Transactions with **536 Holdings LLC**: Sprei does not possess any document; however, Sprei has specifically requested that 536 Holdings LLC: provide any and all transactions with Sprei so that he can share same with the parties in the instant action.

Defendant refers Plaintiffs to bank records and transaction records produced or to be produced in response to Request for Production Nos. 5, 6, and 7. Pursuant to Rule 33(d), those records provide the dates, originating accounts, counterparties, amounts, and transaction descriptions reflected in the underlying financial records.

Defendant will supplement this response following completion of the ongoing document and account review.

**INTERROGATORY NO. 10**
**Identify each and every bank account held, owned, or controlled by You, Your spouse, if any, or any entity identified in Your response to Interrogatory No. 1 during the Relevant Period, and for each such account, identify the bank in which the account is or was held, the bank address, account type, account number, date the account was opened, date the account was closed (if applicable), and all authorized users on each bank account.**

**RESPONSE TO INTERROGATORY NO. 10**
Defendant objects to this Interrogatory as overbroad, disproportionate, and invasive to the extent it seeks every account held by Defendant, Defendant's spouse, or every affiliated entity, irrespective of whether the account received, transferred, held, or otherwise relates to any funds at issue in this action.

Defendant objects to the request for complete account numbers because production of unredacted account numbers would unnecessarily expose sensitive financial information and create substantial privacy and security risks. Defendant will identify accounts by financial institution, account type, and the last four digits of the account number, subject to any further Court order.

Defendant further objects to the request for accounts held by Defendant's spouse to the extent Defendant's spouse maintains separate accounts that Defendant does not own, control, access, or have authority over and that have no connection to the damages or fund tracing issues in this case. Defendant objects to the phrase "held, owned, or controlled" as vague and ambiguous to the extent it could include accounts for which Defendant was merely an authorized signatory, temporary user, fiduciary, agent, or representative without any beneficial ownership.

Defendant also objects to identifying the names of all authorized users where those individuals' identities are unrelated to the issues in this litigation. Defendant nevertheless will provide responsive information concerning accounts reasonably connected to Defendant or the identified entities, subject to the Protective Order.

Subject to and without waiving these objections, Defendant identifies the following accounts presently known and reasonably available:

Bank of America, Sprei does not possess any document; however, statements ordered awaiting delivery, upon receipt immediate disclosure will be made.

Santander Sprei does not possess any document; however, statements ordered awaiting delivery, upon receipt immediate disclosure will be made.

To the extent the precise date of account opening, account closure, bank address, or historical authorized users is not presently recalled, Defendant refers Plaintiffs to the account opening documents, statements, signature cards, and related banking records produced or to be produced in response to Request for Production No. 5.

Pursuant to Rule 33(d), Defendant identifies those records as documents from which the requested account information may be derived. Defendant will supplement this response if additional responsive accounts are identified.

**INTERROGATORY NO. 11**
**Identify any unencumbered cash as well as the value of any marketable securities, secured, capital, or liquidable assets, and liabilities presently held by You, Your spouse, if any, or any of the corporate entities identified in Your response to Interrogatory No. 1.**

**RESPONSE TO INTERROGATORY NO. 11**
Defendant objects to this Interrogatory as vague, ambiguous, overbroad, and disproportionate. The terms “unencumbered cash,” “secured assets,” “capital assets,” “liquidable assets,” and “presently held” are undefined and susceptible to multiple interpretations. The phrase “secured assets” is particularly ambiguous because an asset may secure an obligation, be subject to a security interest, or constitute collateral securing a debt owed to the responding party.

Defendant further objects because the Interrogatory seeks a comprehensive personal and corporate financial statement concerning Defendant, Defendant’s spouse, and every entity identified in response to Interrogatory No. 1, without limiting the request to assets potentially available to satisfy a judgment, assets derived from the Escrow Deposits, or assets relevant to damages and fund tracing.

Defendant objects to the extent the Interrogatory seeks assets owned exclusively by Defendant’s spouse or by legally separate entities over which Defendant lacks ownership, control, access, or authority.

Defendant also objects because asset values fluctuate, may require expert valuation, may depend on market conditions, may be subject to undisclosed transaction costs or tax consequences, and may not be susceptible to an exact present valuation. Any valuation provided is therefore an approximate good faith estimate and not an admission concerning fair market value, liquidation value, net realizable value, or admissibility.

Subject to and without waiving these objections, Defendant construes the Interrogatory as seeking a good faith identification of material assets and liabilities presently held by Defendant, jointly

with his spouse, or by entities over which Defendant has an ownership or management interest, to the extent relevant to damages or potential satisfaction of a judgment.

Based upon information presently known and reasonably available:

**A. Cash and Cash Equivalents**

- Personal bank account balances: approximately $1,500 at Bank of America. Sprei does not possess any document; however, statements ordered awaiting delivery, upon receipt immediate disclosure will be made.
- Joint bank account balances: None
- Entity account balances:
  - Olden Group LLC: No Account. Previously with Bank of America. Sprei does not possess any document; however, statements ordered awaiting delivery, upon receipt immediate disclosure will be made.
  - Surf 9 LLC: approximately $25,000,00. At TD Bank. Sprei does not possess any document; however, statements ordered awaiting delivery, upon receipt immediate disclosure will be made.

**B. Real Property Interests**

- Property: None . 3052 Brighton completed a Deed in Lieu of Foreclosure.

**C. Other Material Assets such as** Vehicle, note receivable, partnership interest, investment, claim, or other asset.

- Estimated value: approximately $30,000.00.
- Encumbrance: approximately $28,000.00.

**E. Liabilities**

- Mortgages: None
- Lines of credit: None
- Business loans: approximately $5,000,000 Surf 9
- Personal loans: approximately $ 10,000,000
- Legal fee obligations: approximately $600,000.00
- Judgments, liens, guarantees, or contingent liabilities: approximately $4,000,000

Defendant refers Plaintiffs to documents produced or to be produced in response to Request for Production No. 19, including financial statements, account statements, ownership records, loan statements, lien records, and other documents sufficient to show material assets and liabilities.

**CONCLUSION**

These Responses are made in good faith based upon the information presently known and reasonably available to Defendant after a reasonable inquiry. Defendant expressly reserves the continuing right to amend, supplement, clarify, or modify any Response or Objection as discovery

proceeds and additional information becomes available. By responding to these Interrogatories, Defendant does not concede the relevance, materiality, admissibility, authenticity, or legal significance of any information or document produced, nor does Defendant waive any privilege, protection, objection, defense, or other right available under applicable law.

Dated: Garden City, New York
July 29, 2026

EMOUNA & MIKHAIL, PC.

Matin Emouna

MATIN EMOUNA, ESQ.
100 Garden City Plaza., Suite 520
Garden City, N.Y. 11530
Tel (516) 877-9111

*Attorneys for Defendant Sprei*

**VERIFICATION**

I, Yeschiel Shimon "Sam" Sprei, hereby affirm and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Defendant Yeschiel Shimon "Sam" Sprei's Responses to Plaintiffs' First Set of Interrogatories and that the substantive answers contained therein are true and correct to the best of my present knowledge, information, and belief, following reasonable inquiry.

Dated: Garden City, New York
July 29 2026

____________________________
Yeschiel Shimon "Sam" Sprei