**Law Offices of Mordy Gross LLC**
418 Broadway # 10612 • Albany, NY 12207
484.680.0768 • mg@mordygross.com
*Admitted in New York and New Jersey*

September 11, 2026

Via ECF

Honorable Eric R. Komitee
Honorable Peggy Cross-Goldenberg
United States District Court: EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Metaxas et al. v. Graubard et al., No. 1:25-cv-05844 (EK)(PCG): Defendant Rubin's Response to Defendant Sprei's Motion to Withdraw (ECF 207) and Request to Hold Sprei's Outstanding Discovery to Rubin to a Firm Date**

Dear Judge Komitee and Judge Cross-Goldenberg:

Defendant Jonathan Rubin respectfully submits this letter in response to Defendant Sprei's motion to withdraw (ECF 207). Rubin does not oppose Mr. Emouna's withdrawal or a brief, orderly transition to successor counsel. Rubin writes only to ensure that the transition does not become a further delay of discovery that Mr. Sprei has owed Rubin since the spring, and to reserve Rubin's rights. The Court has today extended Mr. Sprei's pre-motion-conference deadline to September 25, 2026, and directed that it will hold "whether there is a substitution of counsel or not," with "no further extensions." Rubin respectfully asks that Mr. Sprei's long-overdue discovery to Rubin be held to the same firm timetable. As Mr. Sprei's own application states, the requested transition is "not intended to alter retroactively any obligation previously imposed upon Mr. Sprei."

**The record.** Rubin's discovery to Mr. Sprei has been outstanding for more than five months, across three successive sets of defense counsel, and remains entirely unanswered:

**March 29, 2026:** Rubin served his First Set of Interrogatories, Requests for Admission, and Requests for Production on Mr. Sprei, then represented by Bracewell LLP.

**April 27, 2026:** by agreement with Mr. Sprei's then-counsel, responses were due May 5, 2026 (Requests for Admission) and May 12, 2026 (Interrogatories and Requests for Production). Mr. Sprei served nothing; his First Set Requests for Admission are, accordingly, deemed admitted under Rule 36(a)(3).

**May 21, 2026:** Marmur & Sheppe appeared for Mr. Sprei (ECF 112, 114).

**June 1, 2026:** Rubin wrote to Marmur & Sheppe identifying the outstanding responses; counsel replied June 10 and June 19, 2026, but served no responses.

**July 2, 2026:** Mr. Emouna appeared for Mr. Sprei (ECF 137).

**July 7, 2026:** Rubin emailed Mr. Emouna identifying the outstanding discovery and requesting responses by July 10.

**July 9, 2026:** Mr. Sprei served responses to Rubin's Second Set of Requests for Admission: the only Rubin discovery Mr. Sprei has ever answered.

**July 20, 2026:** Rubin emailed offering to narrow and prioritize the requests to ease Mr. Sprei's burden.

**July 29, 2026:** Mr. Sprei served responses to ***Plaintiffs'*** interrogatories and document requests: but none to Rubin's.

**July 31 and August 2, 2026:** Rubin sent a detailed deficiency letter and a follow-up.

**August 11, 2026:** in the parties' joint status report, Mr. Sprei agreed to serve responses to Rubin's First Set by August 31, 2026. That date passed with no written responses.

**September 1 and 9, 2026:** the parties conferred by telephone. On September 9, Mr. Sprei's counsel represented that Mr. Sprei was not permitting disclosure of the February 2025 communications concerning the affirmation filed in Rubin's name, while acknowledging they fall within the scope of Rubin's document requests.

**September 10, 2026:** Mr. Sprei served a "supplemental production" of documents only: no interrogatory answers, no request-by-request responses, no verification: stating on its face that "nothing … represents that Mr. Sprei's discovery obligations have been fully satisfied." Rubin confirmed the conference in writing and advised that, absent complete responses that day, he would seek relief. None came.

Throughout this period, the Court ordered Mr. Sprei to "substantially comply with the entirety of his discovery obligations, including his obligations to … respond to interrogatories" (July 2 and 10, 2026 Orders), and imposed escalating daily sanctions for his continued noncompliance (August 4 and 12, 2026 Orders).

**Rubin's position on ECF 207.** Rubin does not oppose withdrawal or a brief, reasonable transition to Barket Epstein Kearon Aldea & LoTurco, LLP. Rubin respectfully requests only that any order permitting the transition provide that it (i) does not excuse or retroactively alter Mr. Sprei's existing, overdue obligation to respond to Rubin's First Set: consistent with the express terms of Mr. Sprei's own application and with the Court's direction today that Mr. Sprei's deadline holds regardless of substitution: and (ii) directs Mr. Sprei, through incoming counsel, to serve complete, verified written responses to Rubin's First Set of Interrogatories and Requests for Production, and to produce or individually log the withheld February 2025 affirmation communications, by September 25, 2026 (consistent with the deadline the Court has now set and directed will hold), or at the latest by the September 30, 2026 date Mr. Sprei himself proposed.

**Reservation.** Should Mr. Sprei fail to comply by that date, Rubin will move under Rule 37(d) and (b) for sanctions. Rubin reserves all rights, including as to the matters deemed admitted under Rule 36 and the adverse inference reserved at Mr. Sprei's deposition. Rubin welcomes Mr. Barket's firm and will cooperate fully in an orderly transition. Rubin asks only that the discovery Mr. Sprei has owed since the spring not be lost in it. We thank the Court for its attention.

Respectfully submitted,

/s/ Mordy Gross
Mordy Gross, Esq.
Law Offices of Mordy Gross, LLC
418 Broadway # 10612
Albany, NY 12207
(484) 680-0768
mg@mordygross.com
*Attorney for Defendant Jonathan Rubin*