**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,<br><br>*Plaintiffs,*<br><br>v.<br><br>MARK DAVID GRAUBARD, ESQ. d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON “SAM” SPREI, FRANK R. SEDDIO, ESQ., JONATHAN RUBIN, and CHASKEL FRANKL a/k/a CHASKEL FRANKEL,<br><br>*Defendants.* | Case No. 1:25-cv-05844 (EK) (PCG) |

**ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

WHEREAS, by Order dated September 2, 2026, the Court granted in part Defendant Jonathan Rubin's letter motion (ECF Nos. 190, 191) and directed that Plaintiffs produce to Defendant Rubin a copy of the forensic image of his cellular device promptly after receiving it from FTI Consulting Technology LLC (“FTI”);

WHEREAS, that Order further provides that “Defendant Rubin may submit a proposed order pursuant to Fed. R. Evid. 502(d), which the Court understands Plaintiff will not oppose”;

WHEREAS, the cellular device (the “Device”) was Defendant Rubin's personal telephone during a period in which he was represented by counsel in this action and in other proceedings, and material derived from the Device may include privileged or work-product material;

WHEREAS, on September 25, 2026, Plaintiffs produced material derived from the Device bearing Bates numbers METAXAS_RUBIN_PHONE_000001 through METAXAS_RUBIN_PHONE_000003, consisting of the Device’s call history, contacts, and text messages, and Plaintiffs have represented that “the Confidentiality Order will apply in the first instance to all Phone data they retrieve and that Rubin’s clawback rights remain intact” (ECF No. 193, at 4);

**IT IS HEREBY ORDERED that:**

**1.** The production or disclosure of any document, communication, or other information derived from the Device — including any forensic image, extraction report, or other output generated by FTI — shall not constitute a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, in this action or in any other federal or state proceeding, pursuant to Fed. R. Evid. 502(d).

**2.** This Order applies whether the disclosure is inadvertent or otherwise, and without regard to whether reasonable steps were taken to prevent the disclosure or to rectify it. Nothing

in this Order requires any party to demonstrate that the standards of Fed. R. Evid. 502(b) have been satisfied.

**3.** Upon receiving notice of a claim of privilege or protection as to material derived from the Device, the receiving party shall promptly comply with Fed. R. Civ. P. 26(b)(5)(B), including by promptly returning, sequestering, or destroying the specified material and any copies, and by taking reasonable steps to retrieve any material it disclosed before being notified.

**4.** Material derived from the Device — including the material produced at METAXAS_RUBIN_PHONE_000001 through METAXAS_RUBIN_PHONE_000003 and any further production of Device-derived material — shall be treated as "Confidential" under the Confidentiality Order entered in this action (ECF No. 66) in the first instance, without prejudice to any party's right to challenge or modify that designation in accordance with that Order.

**5.** Nothing in this Order limits any party's right to (a) assert or contest a claim of privilege or protection, (b) seek relief from this Court with respect to any such claim, or (c) seek any other relief to which it may be entitled.

**6.** This Order is entered under Fed. R. Evid. 502(d) and is binding in any other federal or state proceeding as provided by Fed. R. Evid. 502(d) and 502(f).

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2026

Peggy Cross-Goldenberg

HON. PEGGY CROSS-GOLDENBERG
United States Magistrate Judge