Lauren Zimmerman
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.356.6023
Fax: 646.755.3397
lzimmerman@beneschlaw.com

October 7, 2026

Via ECF

Magistrate Judge Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

Re: *Metaxas et al. v. Graubard et al.*, No. 25-cv-05844 (EK) (PCG)

Dear Judge Cross-Goldenberg:

Plaintiffs respectfully move for an order finding Defendant Yeschiel Shimon "Sam" Sprei in contempt of the Court's unequivocal September 11 and October 2, 2026 orders requiring him to pay $50,000 to the Clerk of Court by 3:00 p.m. on October 6 and to file, no later than October 6, a letter confirming such payment.[1] He failed to do so.

In light of Sprei's egregious disregard for yet another order requiring the payment of sanctions for *prior* contemptuous conduct,[2] Sprei should be ordered to pay, by a date certain, *all* of the $95,000 in coercive sanctions, payable to Plaintiffs, he accrued during the 19 weekdays from September 10 through October 6. During that period (and to date), Sprei did not produce a single relevant document,[3] supplement any written discovery responses, or correct his privilege log.

And given Sprei's stubborn pattern of noncompliance and the unlikelihood that additional monetary sanctions would improve the likelihood of Sprei's compliance with the discovery deadlines set forth in the Court's October 2 order, the Court should order Sprei to show cause why he should not be incarcerated until he substantially complies with his discovery obligations. *E.g.*, *ACLI Gov't Sec., Inc. v. Rhoades*, 989 F. Supp. 462, 468 (S.D.N.Y. 1997) (ordering contemnor's incarceration, for up to six months, until he complied with discovery order), *aff'd*, 159 F.3d 1345 (2d Cir. 1998); *see also Adams v. N.Y. State Educ. Dep't*, 959 F. Supp. 2d 517, 520 (S.D.N.Y.

---

[1] The background and details of the September 11 order are set forth in Plaintiffs' September 29 letter to the Court. *See* ECF No. 237. The Court's October 2 order reiterated Sprei's October 6 obligations.

[2] Sprei also failed to timely meet his September 23 deadline to pay the first $50,000 installment of sanctions under the September 11 order. He paid those sanctions two days late, on September 25, without any justification or even explanation for his delay. *See* ECF Nos. 226, 231. Sprei's repeated contempt of the Court's orders provides even more support for granting Plaintiffs' October 6 motion for entry of Sprei's default. *See* ECF No. 241.

[3] While Sprei dumped 57 random documents on Plaintiffs just over an hour before the September 10 conference, his counsel agreed that production came nowhere near satisfying his discovery obligations. *See* ECF No. 214 at 36:11-21 (Ms. Zimmerman) ("About a little over an hour before this conference began, we received a production of 57 documents from Mr. Sprei. We looked through them. They have absolutely no bearing on asset tracing whatsoever. … It seems just like a general 57-[document] dump so that a dump could be made. We remain in the exact same position with no edit or change to the privilege log either."); *id.* at 37:24–38:2 (Mr. Emouna) ("Your Honor, in all candor, counsel for the Plaintiff is absolutely correct in the representation she made to the Court … .").

2013) (finding the threat of incarceration "necessary in light of [the contemnor's] repeated and intransigent failures to make any payment on the [previously ordered monetary] [s]anction and in the interests of protecting the integrity of the Court's orders"); *In re 1990's Caterers Ltd.*, 531 B.R. 309, 320 (Bankr. E.D.N.Y. 2015) ("The coercive sanction of incarceration is especially appropriate where (i) it is unlikely that increased monetary sanctions would improve the likelihood of compliance and (ii) there has been a pattern of noncompliance.").

Respectfully submitted,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

*/s/ Lauren Zimmerman*

Lauren Zimmerman