# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Angelo Metaxas, et al<br>*Plaintiff*<br>v.<br>Mark David Graubard et. al<br>*Defendant* | ) | Civil Action No. 1:25-cv-05844-EK-PCG |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Amanda Philip , Esq

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached.

| Place: 88 Pine Street, 29th Floor, New York, New York 10005 | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

_______________________ *Signature of Clerk or Deputy Clerk*

_______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Frank R. Seddio, who issues or requests this subpoena, are:

Marshall Dennehey, P.C. by Matthew K. Flanagan (MKFlanagan@mdwcg.com), David M. Farkouh (DMFarkouh@MDWCG.com) and Michael G. Jacobson (MGJacobson@mdwcg.com); (212) 376-6400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-05844-EK-PCG

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________
____________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGELOS METAXAS and PERTSHIRE INVESTMENTS LP,<br><br>Plaintiffs,<br><br>-against-<br><br>MARK DAVID GRAUBARD, ESQ., d/b/a M. DAVID GRAUBARD, YESCHIEL SHIMON "SAM" SPREI, FRANK R. SEDDIO, ESQ., JONATHAN RUBIN, and CHASKEL FRANKL a/k/a CHASKEL FRANKEL,<br><br>Defendants. | Case No.: 1-25-cv-05844-EK-PCG<br><br>**SUBPOENA** |

**SCHEDULE A**

**INSTRUCTIONS AND DEFINITIONS**

As used herein, the following definitions apply:

A. "You", "you", or "your" means Amanda Philip, Esq.; any other persons or entities acting on your behalf; or entities for which you act on behalf of.

B. "Seddio" means and refers to Frank R. Seddio, Esq. or any agent, attorney, or representative acting or purporting to act on Seddio's behalf and Seddio & Associates, P.C., or any agent, or representative acting or purporting to act on its behalf.

C. "Federal Court Action" means the above captioned action, *Metaxas v. Graubard et. al* filed in the Eastern District of New York bearing case number 1-25-cv-05844-EK-PCG.

D. "Plaintiffs" shall mean the plaintiffs in the above-captioned action, Angelos Metaxas and Pertshire Investments LP.

E. "Counsel for Plaintiffs" shall refer to Benesch, Friedlander, Coplan & Aronoff LLP and Selendy Gay PLLC, and their attorneys, agents, and employees.

F. "State Court Action" means any and all proceedings and litigation efforts relating to the Kings County Supreme Court case captioned Olden LLC v. Metaxas et al., Index No. 505819/2025, including any appeals therefrom, including but not limited to the Appellate Division, Second Department cases numbered 2025-14913 and 2025-14915.

G. The term "Correspondence" refers to any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written or electronic means.

H. The term “document” is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), except that “document” specifically includes, without limitation, any electronically-stored data or information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

I. “Concerning” or “concerning” means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

J. “Including” means including but not limited to.

K. “And” and “or” shall be construed conjunctively or disjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

L. The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa. The male pronoun includes the female pronoun, and vice-versa.

M. Unless otherwise indicated, the Requests cover the period of October 1, 2024 to the Present.

N. These Requests seek the production of documents and things as of the date on which you respond; however, the Requests shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing documents and things, you become aware of any further document(s), thing(s), or information responsive to these Requests, you are required to produce such additional documents, things, and/or information to the undersigned promptly upon acquiring possession of such.

O. If any document or thing is not produced based on a claim of privilege, or if you contend a document or thing is otherwise exempt from discovery, you shall provide the undersigned with a privilege log in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

P. If you object to any Request as overly broad or unduly burdensome, you shall produce those documents and/or things that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome.

Q. If you are aware that any document or thing responsive to any Request once existed but has been destroyed, or is no longer available for production, YOU shall identify who destroyed it, why it was destroyed, and the circumstances under which it was destroyed or is no longer available.

R. Respond to each of the Requests separately. Identify any Document responsive to any request as being responsive to the specific request at issue. If the same Document is responsive to more than one request, identify all requests to which it is responsive.

S. All Documents are to be produced as they are kept in the usual course of business so that the undersigned can ascertain the files in which the Documents are located, their relative order in such files, and how such files are maintained.

T. If you are unable to respond to any part of the requests for production in full, please respond to the extent possible and specify your reasons for not responding completely. If you lack information necessary to respond fully to any request for production, please describe the specific efforts made by you or anyone on your behalf to ascertain the information and state as definitively as possible when you anticipate obtaining the information sought and supplementing your response. If any requested document cannot be produced in full, produce it to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

U. If you are aware that any document or thing responsive to any request once existed but has been destroyed, or is no longer available for production, you shall identify who destroyed it, why it was destroyed, and the circumstances under which it was destroyed or is no longer available.

V. If any document or thing is not produced based on a claim of privilege, or if you contend a document or thing is otherwise exempt from discovery, please identify the document by providing the following information: (1) name, position, and title of the author; (2) name, position, and title of the addressee; (3) purpose for preparing the document; (4) date of the document; (5) number of pages, attachments, or appendices; (6) brief description or summary of content of the document; (7) all persons to whom distributed, shown, or explained; (8) present custodian; and (9) the nature of the privilege or objection asserted.

W. Respond to each of the requests separately. Identify any document responsive to any request as being responsive to the specific request at issue. If the same document is responsive to more than one request, identify all requests to which it is responsive.

X. If you object to any request as overly broad or unduly burdensome, you shall produce those documents and/or things that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome.

## REQUESTS FOR DOCUMENTS

**DOCUMENT REQUEST NO. 1:** All Correspondence exchanged between you and Seddio concerning the State Court Action.

**DOCUMENT REQUEST NO. 2:** All Documents concerning the State Court Action.

**DOCUMENT REQUEST NO. 3:** All Correspondence exchanged between you and Counsel for Plaintiffs concerning the State Court Action or Federal Court Action.

**DOCUMENT REQUEST NO. 4:** All Correspondence exchanged between you and Plaintiffs concerning the State Court Action or Federal Court Action.

**DOCUMENT REQUEST NO. 5:** All Correspondence exchanged between you and private investigators concerning the State Court Action or Federal Court Action.

**DOCUMENT REQUEST NO. 6:** All Correspondence exchanged between you and Mark David Graubard, Esq., d/b/a M. David Graubard, concerning the State Court Action.

**DOCUMENT REQUEST NO. 7:** All Correspondence exchanged between you—on the one hand—and Yeschiel Shimon "Sam" Sprei , concerning the State Court Action.

**DOCUMENT REQUEST NO. 8:** All Correspondence exchanged between you and Jonathan Rubin, concerning the State Court Action.

**DOCUMENT REQUEST NO. 9:** All Correspondence exchanged between you and Chaskel Frankl a/k/a Chaskel Frankel concerning the State Court Action.

Dated: October 13, 2026
New York, New York

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

*/s/ Michael G. Jacobson*
Matthew K. Flanagan
David M. Farkouh
Michael G. Jacobson
*Attorneys for Defendant*
*FRANK R. SEDDIO, ESQ.*
Wall Street Plaza
88 Pine Street, 29th Floor
New York, New York 10005
(212) 376-6420