UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ANGELOS METAXAS, *et al.*,

*Plaintiffs*,

-against-

MARK DAVID GRAUBARD, *et al.*,

*Defendants*.
---------------------------------------------------------X

**ORDER**
25 CV 5844 (EK) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

Currently pending before the Court is Plaintiffs' request that the Court direct the Clerk to enter Defendant Yeschiel Shimon Sprei's default. (Dkt. No. 241). Because Sprei has conceded liability and continues to fail to defend or otherwise participate on the merits in this action, the motion is GRANTED and the Clerk is respectfully directed to enter Defendant Sprei's default.

BACKGROUND

The underlying facts that gave rise to this case can be found in the Court's Order on Plaintiffs' motions for attachment. (Dkt. No. 287). Only the facts necessary to the entry of Sprei's default are recounted here.

After many failures to comply with this Court's orders and his discovery obligations,[1] Sprei made the "fundamental litigation decision" to "no longer contest liability." (Dkt. No. 145

[1] The docket is replete with warnings and sanctions to Sprei for repeatedly failing to comply with discovery orders. See, e.g., Electronic Order, dated 7/10/2026 (granting Sprei's motion to withdraw his Answer and reiterating Sprei's obligations to comply with discovery obligations under the penalty of sanctions following several months of noncompliance); Electronic Order, dated 7/20/2026 (imposing anticipatory automatic sanctions to enforce an upcoming discovery deadline); Minute Entry, dated 7/29/2026 (warning Sprei of accrual of sanctions for discovery noncompliance); Electronic Order, dated August 4, 2025 (beginning accrual of sanctions); Minute Entry, dated

at 1). On July 10, 2026, the Court granted Sprei's motion to withdraw his Answer, limited the scope of his discovery obligations to damages-related issues, and directed Plaintiffs to initiate the next steps in pursuing judgment against Sprei. (Electronic Order, dated 7/10/2026).

The effect of Sprei's decision to concede liability was to relieve him of his obligations to produce discovery related to the merits of the case. His paper discovery obligations, and the scope of his deposition, were narrowed to relate to damages only. Yet he failed to satisfy even those obligations. (See, e.g., Electronic Order, dated 7/20/2026). On August 4, 2026, the Court found him in contempt based on these failures. While he complied with two Court-ordered sanctions payments, (see Dkt. Nos. 184, 196,[2] 232), he remains in violation of the Court's September 11, 2026 and October 2, 2026 Orders that he pay $50,000 in sanctions by October 6, 2026. His counsel informed the Court of Sprei's failure to comply but offered no explanation or request for an adjournment of the deadline. (Dkt. No. 245). To date, Sprei has failed to defend against, or otherwise comply with, the Court-ordered sanctions and has not produced discovery material that would bring him into compliance with his limited, damages-related discovery obligations.

After Sprei's concession of liability, Plaintiffs filed an Amended Complaint (Dkt. No. 169) and on August 12, 2026, the Court held a status conference. Because other Defendants had indicated their intent to move to dismiss the Amended Complaint and because Plaintiffs indicated their intent to move for summary judgment against the Defendants who had not

9/10/2026 (recounting parties' representation that Sprei is in continued noncompliance with discovery orders); Minute Entry, dated 9/11/2026 (renewing the finding that Sprei is in noncompliance with discovery orders).

[2] The Court notes that, due to a filing error on the Court's Electronic Case File ("ECF") system, Dkt. No. 196 was filed out of order, between Dkt. Nos. 183 and 184.

conceded liability, the Court adjourned the deadline for all Defendants to answer or otherwise respond to the Amended Complaint *sine die*. (See Minute Entry, dated 8/12/2026). Sprei's attorney at the time represented to the Court that Sprei continued to concede liability and did not intend to answer the Amended Complaint or serve merits-related discovery requests on Plaintiffs. (Dkt. No. 199 at 20:19-21:1 ("THE COURT: … Do you intend to serve new interrogatories? MR. EMOUNA: No, Your Honor…I withdrew my answer. I guess since they started a new action, I don't – I could file an answer and not really say anything, or just I'm not going to file an answer")).

When discussing Sprei's concerns about the breadth of Plaintiffs' damages-related discovery inquires, the Court again confirmed Sprei's concession of liability. (Id. at 33:15-19 ("The way that Mr. Sprei can narrow [the requests] is to tell the Plaintiffs where the money is. I mean, he's conceded liability here. If he doesn't want to turn over all his bank records, then he should start with where the money is.")).

After discussion regarding the logistics of Sprei's sanctions payments, the Court returned to Sprei's continued concession of liability and Plaintiffs' intent to seek default judgment. Plaintiffs indicated their intent to move for entry of default but recognized that a decision on a default judgment motion against Sprei, including the total damages and attorneys' fees in the case, would likely have to be decided in connection with Plaintiffs' motion for summary judgment against the remaining defendants. (Id. at 39:16-21).

Plaintiffs requested that the Clerk enter Sprei's default later that day. (Dkt. No. 178). Prior to the Clerk's action regarding that request, Sprei's new counsel filed request for a pre-motion conference, indicating an intent to move to dismiss certain counts in the Amended

Complaint under Rule 12(b)(6) as legally insufficient or duplicative of other counts as well as an intent to contest the total damages amount. (Dkt. No. 230). Sprei did not indicate an intent to withdraw his many prior concessions of liability or an intent to contest liability in response to the Amended Complaint. (Id.). The Clerk denied Plaintiffs' request on October 2, 2026 because "the docket reflects that Sprei continues to appear and otherwise defend this action." (Dkt. Entry Oct. 2, 2026). On October 6, 2026, Plaintiffs moved the Court for an order directing the Clerk to enter Sprei's default. (Dkt. No. 241).

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth a two-step process for the entry of default judgment against a party who fails to defend an action. The first step is the Clerk's entry of default. Once a defendant's default is entered by the Clerk, the plaintiff may move for default judgment. The first step – the entry of default – is a ministerial step that "formalizes a judicial recognition that a defendant has … admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, 645 F.3d 114, 128 (2d Cir. 2011). While the Clerk may enter a party's default, the Court may direct the Clerk to enter default as part of its authority to manage pretrial proceedings. Karim v. Acosta, No. 25 CV 5552, 2025 WL 3158666, at *2 (S.D.N.Y. Nov. 12, 2025); FEC v. LatPAC, No. 21 CV 6095, 2022 WL 72304, *2 (S.D.N.Y. Jan. 7, 2022).

While a "typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer," Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir. 1986), Rule 55 empowers a District Court to enter a default against a "defendant [that] has failed to ... 'otherwise defend.'" Id. (quoting Fed. R. Civ. P. 55(a)). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend'" and has found

default appropriately entered where defendants have demonstrated a lack of diligence in pretrial proceedings and failed to appear for trial; engaged in "obstructionist litigation tactics;" and withdrawn counsel and failed to comply with court ordered a submission deadline. City of New York v. Mickalis Pawn Shop, 645 F.3d at 129 (collecting cases). "[C]avalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir.1991).

Entry of Sprei's default is appropriate. First, Sprei has admitted liability to Plaintiffs. Although he filed an Answer to the original Complaint, he withdrew that Answer and conceded liability. This was a deliberate decision to cease defending the case to avoid his discovery obligations related to liability. Sprei has not indicated an intent to contest liability with respect to the Amended Complaint. Although he requested a pre-motion conference in anticipation of moving to dismiss new counts in the Amended Complaint, he did not contest his underlying liability to Plaintiffs in any way.

Sprei did indicate an intent to challenge the legal sufficiency and duplication of certain counts as well as the total damages Plaintiffs assert in the Amended Complaint, and he will have the opportunity to do both in opposition to a motion for default judgment. The entry of default is step one of the default judgment process. It is appropriate where, as here, a defendant has conceded liability. Entry of default is also appropriate where a defendant exhibits longstanding and willful failures to comply with discovery obligations and lesser sanctions are ineffective despite warnings from the Court. See Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 262–68 (S.D.N.Y. 2015). See also S. New England Tel. Co. v. Glob.

NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (upholding default judgment for willful failures to comply with discovery orders). As discussed, that is precisely the case here.

That Sprei's concessions of liability were communicated by counsel does not render entry of default inappropriate. A party is bound by their attorney's concession. In re Nordlicht, 115 F.4th 90, 112 (2d Cir. 2024); Hoodho v. Holder, 558 F.3d 184, 192 (2d Cir. 2009) (finding that civil litigants are bound by their attorney's choices "because a party who 'voluntarily chose [an] attorney as his representative in [an] action ... cannot ... avoid the consequences of the acts or omissions of this freely selected agent.'") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962)). This is true even if a litigant has a disagreement with counsel on decisions regarding discovery conduct. See Jackson v. Fed. Exp., 766 F.3d 189, 198 (2d Cir. 2014). Indeed, to hold otherwise would risk holding our entire civil litigation system hostage to cases of buyers' remorse. Sprei's new counsel argues that Sprei should not be bound by his prior attorney's repeated concessions because the decision to settle a case remains with the client. But there has been no settlement here. Indeed, the issue of damages remains contested. Counsel has offered no basis in fact or law to support the argument that Sprei should not be bound by his prior attorney's concessions.

To the contrary, Sprei himself has repeatedly ratified his attorney's concessions. He did not oppose Plaintiffs' motion for prejudgment attachment of his assets, which Plaintiffs made based on the "virtual[] certain[ty]" of recovery given Sprei's concession of liability despite the Court granting his request for an extension of time to do so. (Dkt. No. 197 at 2). Sprei has made no efforts to re-engage in merits discovery. It was clear to all parties that the only reason Sprei was not required to meet the discovery obligations his co-defendants were required to meet was

that he had conceded liability. A withdrawal of his decision to not contest liability would have required him to engage in merits discovery, including by sitting for an expanded deposition. He has not done so and indeed continues to behave in a manner consistent with his concession of liability. Finally, Sprei remains out of compliance with his damages-related discovery obligations and in contempt of Court. Despite having produced some documents regarding damages, Sprei has still failed to comply with the Court's order to provide a sufficient privilege log. (See Dkt. No. 277 at 4). His obligation to pay $50,000 in contempt sanctions also remains outstanding. His failure to meet these obligations further underscores his abandonment of his obligations and his failure to defend this case.

Sprei argues that Plaintiffs should have styled their request that the Court direct entry of Sprei's default as a motion for reconsideration of the Clerk's October 2, 2026 denial, that the standards for such a motion have not been met, and that the Clerk's denial is the law of the case. (Dkt. No. 259 at 1–2). The Court disagrees. The present Motion asks the Court to consider additional grounds for default. Following Plaintiffs' August 12, 2026 request that the Clerk enter Sprei's default, he failed to comply with the Court's order regarding payment of sanctions and continued to fail to (1) contest liability, (2) engage in merits discovery, or (3) otherwise defend this action. These actions – or rather inactions – would be sufficient to meet the standard for reconsideration based on new evidence, clear error, or manifest injustice. His failure to comply with Court-ordered sanctions payment on October 6, 2026 post-dated the Clerk's denial and provides renewed confirmation of his failure to defend the case, rendering counsel's law of the case argument inapplicable.

CONCLUSION

For the forgoing reasons, the Court GRANTS Plaintiffs' Motion and respectfully directs the Clerk to enter Defendant Sprei's default on the docket.

The Clerk further is respectfully directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 16, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York