UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ANGELO METAXAS et al.,

Plaintiffs,

-against-

MARK DAVID GRAUBARD et al.,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5844 (EK)(PCG)

ERIC KOMITEE, United States District Judge:

Defendant Jonathan Rubin moves to stay Magistrate Judge Cross-Goldenberg's order of attachment. Order of Attachment, ECF No. 287. A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009).[1] "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34. Four factors guide the Court's discretion:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

> the proceeding; and (4) where the public interest lies.

*Id.* at 434. "The first two factors of the [ ] standard are the most critical." *Id.*

Rubin has not made a strong showing that he is likely to succeed on the merits of his forthcoming objections to the attachment order. The findings in Judge Cross-Goldenberg's order are eminently well supported. She details a series of suspicious transactions between Sprei and Rubin. Order of Attachment 22-24. For instance, two days before the state court action began, an assignment bearing Rubin's signature would have sold Sprei a company holding a Brooklyn apartment building for $13,150,000. *Id.* at 22. Just a year and a half later, Rubin would list that building for substantially more money. *Id.*

Rubin explains that he "do[es] not believe [he] signed" the Assignment. ECF No. 242-1 ¶ 20 n.1. But that half-hearted assertion appears, on the current record, to be dubious at best. He also claims that the deal never went through. *Id.* ¶¶ 20-21. Even so, Sprei's right to buy the company for significantly less than it was worth is itself suspicious.

Rubin has not demonstrated that he will be irreparably injured absent a stay either. He contends that a levy against him would "end" Queen Equities LLC, "the business I have built."

ECF No. 290, at 1. That is because, he says, "he signs on [its] bank accounts" and "an order naming him would in practice restrain those accounts until it sorted out who owns the money in them." *Id.* He continues that this would hurt "the individuals and families who depend on" payments from Queen. *Id.* But Rubin points to no mechanism that would extend the order to Queen "in practice." He concedes that "the money in them is investor money held by the companies and not mine." ECF No. 242-1 ¶ 43.

Because the "critical" *Nken* factors militate against a stay, Rubin's motion is denied.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: November 24, 2026
Brooklyn, New York