UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ANGELOS METAXAS, *et al.*,

*Plaintiffs*,

-against-

MARK DAVID GRAUBARD, *et al.*,

*Defendants*.
---------------------------------------------------------X

**ORDER**
25 CV 5844 (EK) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

On October 7, 2025, plaintiffs Angelo Metaxas and Pertshire Investments LP filed this action against defendants Mark David Graubard, Yeschiel Shimon Sprei, Frank R. Seddio and Jonathan Rubin bringing claims related to an allegedly fraudulent investment scheme. (See Dkt. No. 1). On July 31, 2026, Plaintiffs added claims against defendant Chaskel Frankl and brought additional claims against Graubard, Sprei, Seddio, and Rubin. (Dkt. No. 169). Presently before the Court is Defendant Rubin's Motion to Compel. (Dkt. No. 251). For the reasons set forth below, the Court GRANTS in part and DENIES in part Rubin's Motion.

## DISCUSSION

Relying on the representation that the parties have resolved certain disputes without Court intervention, (see generally Dkt. No. 266), the Court makes the following rulings:

1. Request for Admission No. 169

The Court DENIES Rubin's request that the Court Order Plaintiffs to revise their response to Request for Admission ("RFA") No. 169 to exclude the qualification that "Rubin

appears to have destroyed all text messages he sent or received between December 2, 2024 and July 23, 2025."

There are generally four proper responses to a Request for Admission that do not require making a motion: the responding party may "make a specific admission…may deny the matter that it is requested to admit…may set out the reasons why it cannot truthfully admit or deny the matter…[or] may object to the request for admission." 8B Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2259 (3d ed.).

Rubin's Request asks Plaintiffs to admit that they have been unable to identify any person other than Rubin or Sprei present for the communication contained in Amended Complaint ¶¶ 15 and 127. Although the deletion of Rubin's text messages has not been fully established, Plaintiffs' Response properly states why Plaintiffs are unable to respond truthfully to the Request. Moreover, requiring Plaintiffs to amend their Response would do nothing to narrow the issues at trial. Their response is therefore proper and the Court DENIES Rubin's request to compel an amended response to RFA No. 169.

However, the Court GRANTS Rubin's request that, to the extent it has not already been produced, Plaintiffs produce to Rubin the FTI Report and inform Rubin whether FTI attempted the Cellebrite collection, when, why no image resulted, and the source and date of the backup FTI parsed.

2. <u>RFA Nos. 126, 127, 160, 161, and 214</u>

The Court GRANTS in part and DENIES in part Rubin's request to compel responses to RFA Nos. 126, 127, 160, 161, and 214 beyond Plaintiffs' current responses that certain records speak for themselves.

The Court advised the parties during the September 10, 2026 Discovery Conference that Plaintiffs did not need to admit information apparent on the face of certain documents. Relying on this direction, Plaintiffs responded to several of Rubin's RFAs that a given document "speaks for itself." Although the Court's direction did allow for this response for documents that did, in fact, speak for themselves, two of the requests for which Plaintiffs offered this response do not seek admissions as to information located inside the documents. RFA No. 126 asks Plaintiffs to "Admit that the Discontinuance was filed by Seddio." Who filed the Discontinuance would not be apparent from the face of the Discontinuance. RFA No. 214 asks Plaintiffs to "Admit that Graubard disbursed $2.5 million to 536 Holdings on or about December 6, 2024." Rather than properly responding, Plaintiffs point Rubin to Graubard's IOLA records. This is not a proper response and does nothing to narrow the issues for trial. The Court therefore GRANTS Rubin's requests for supplemental responses to RFA Nos. 126 and 214.

RFA No. 127 asks Plaintiffs to "[a]dmit that Mr. Rubin did not sign the Discontinuance;" RFA No. 160 asks Plaintiffs to "[a]dmit that the initial draft case-initiation papers prepared by Kobre identified Olden Group LLC as the plaintiff;" and RFA No. 161 asks Plaintiffs to "[a]dmit that the initial draft case-initiation papers prepared by Kobre identified Sprei as the affiant." As the Court has already permitted the Plaintiffs to respond by stating a document speaks for itself, and these Requests seek admissions regarding information that is likely apparent from the face of these documents, the Court finds Plaintiffs' responses proper. The Court therefore DENIES Rubin's requests to compel supplemental responses to RFA Nos. 127, 160, and 161.

3. <u>RFA No. 83</u>

The Court DENIES Rubin's request for an amended response to RFA No. 83.

RFA No. 83 asks Plaintiffs to "[a]dmit that Mr. Rubin did not request any adjournment in the State Court Action." Plaintiffs objected on the grounds that the Request was "vague and ambiguous insofar as it does not specify whether litigation conduct that Plaintiffs contend was done on Rubin's behalf is attributable to Rubin." Plaintiffs construe this Request as attributing to Rubin litigation conduct done by Rubin's agents on his behalf." Rubin asks this Court to direct Plaintiffs to answer RFA No. 83 without "constru[ing]….Rubin litigation conduct done by Rubin's agents on his behalf."

A central issue at trial will likely be to what extent Rubin's co-defendants acted as his agents in the initiation of the state court action and reading Plaintiffs' construction into the Request would seek the ratification of a central dispute in this action. That, alone, does not make an RFA improper. See Multi-State P'ship for Prevention, LLC v. Kennedy, No. 24 CV 13, 2025 WL 847830, at *2 (E.D.N.Y. Feb. 20, 2025) ("simply because answering an RFA has a legal 'consequence' does not make that RFA impermissible"). Moreover, the Court finds that RFA No. 83 is vague in that it does not require an admission as to whether Rubin *personally* requested any adjournment in the state court action. See Henry v. Champlain Ents., Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) ("Requests for Admissions should be drafted in such a way that a response can be rendered upon a mere examination of the request. To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed"). Plaintiffs' construction clarifies their reading of the vague Request.

The Court therefore DENIES Defendant Rubin's request for a supplemental response to RFA No. 83 without the agent construction.

4. RFA No. 79

The Court DENIES Rubin's request for an amended response to RFA No. 79.

RFA No. 79 asks Plaintiffs to "Admit that Mr. Rubin never appeared, personally or by counsel, at any hearing in the State Court Action." Plaintiffs objected to the Request "as vague and ambiguous insofar as it does not specify whether litigation conduct that Plaintiffs contend was done on Rubin's behalf is attributable to Rubin. Plaintiffs construe this Request, based on the clarifying construction provided by Rubin's counsel, as limited to Rubin's personal actions and not those completed by his agents on his behalf." Although RFA 79 does specify that it is seeking an admission as to what Rubin or his counsel personally did or did not do, it is a central dispute in this action the extent to which Rubin's co-defendants acted on his behalf—including, potentially, whether Defendant Seddio was acting as Defendant Rubin's counsel in filing the state court affidavit. The RFA is therefore vague and Defendant Rubin's request for an amended response is DENIED for the same reasons as his request for an amended response to RFA No. 83.

5. Interrogatories 1, 2, 3, 6, and 8

The Court GRANTS Rubin's request to compel responses to the identification clauses contained in Interrogatories 1, 2, 3, 6, and 8.

When the Court reopened fact discovery on August 12, 2026, each party was limited to propounding 8 interrogatories. Defendant Rubin propounded 8 interrogatories, 5 of which included subparts requiring Plaintiffs to identify persons with knowledge and the documents Plaintiffs contend support their interrogatory responses. For example, Interrogatory 2 asks Plaintiffs: "[w]ith respect to Count 8, state all facts supporting Your contention that Mr. Rubin

had 'no probable cause to believe the State Court Action could succeed' and lacked probable cause to believe that Olden LLC had any valid claim to the Escrow Deposits, and identify the persons with knowledge and the documents You contend support that contention" (internal citations to the Amended Complaint omitted). Plaintiffs objected on the grounds that the subparts, if answered, would exceed the 8-interrogatory limit.

"'Discrete subparts' of interrogatories count as separate interrogatories" but "subparts are not discrete if they are 'logically or factually interwoven,' in which case they 'constitute a single interrogatory request.'" Murakhovskaya v. Neos S.p.A., No. 24 CV 5917, 2025 WL 45384, at *1 (E.D.N.Y. Jan. 8, 2025) (quoting Murrel v. Pro Custom Solar LLC, No. 19 CV 2656, 2021 WL 12151177, at *2 (E.D.N.Y. Dec. 6, 2021)). Where a subpart seeks documents or individuals with knowledge to support the interrogatory, they are not discrete subparts. See Murrell, 2021 WL 12151177, at *2 (finding an interrogatory seeking the identification of individuals and containing a subpart seeking documents to substantiate any interrogatory response was a singular interrogatory). See also Synopsys, Inc. v. ATopTech, Inc., 319 F.R.D. 293, 297–98 (N.D. Cal. 2016) (holding that, "to the extent the subparts to a[n]…interrogatory ask for facts, documents, and persons relating to one subject or contention, the court will count it as one interrogatory"). Defendant Rubin's requests for Plaintiffs to identify the persons with knowledge and the documents they contend support their contentions are not, therefore, discrete subparts.

Plaintiffs appear to have raised objections to other Interrogatories which may contain as discrete subparts, but these objections are not the subject of the present Motion, and the Court therefore does not rule on whether those objections are proper. The Court therefore GRANTS

Defendant Rubin's request to compel responses to the identification clauses contained in Interrogatories 1, 2, 3, 6, and 8.

6. Request for Production No. 1 (Timeline)

The Court GRANTS Defendant Rubin's request to compel Plaintiffs to produce documents through July 31, 2026.

Defendant Rubin asks that the Court direct Plaintiffs to produce documents running through July 31, 2026, the date the Amended Complaint was filed and the claims for malicious prosecution and unjust enrichment were first were brought against Defendant Rubin. Defendant Rubin argues that documents from the six months between Graubard's civil commitment hearing and the filing of the Amended Complaint would shed light on Plaintiffs' decision to bring the malicious prosecution and unjust enrichment claims against him and bear on the elements of favorable termination and special injury that Plaintiffs must establish to make out their malicious prosecution claim. Plaintiffs argue instead that the date range should run only until January 14, 2026, the date of Graubard's state court civil commitment hearing, because that was the date the state court proceedings converted to frivolity sanctions proceedings. Defendant Rubin reasons that the July 31 date is relevant because the malicious prosecution claim turns on what the party knew and what it intended and the six months between Graubard's civil commitment hearing and the filing of the Amended Complaint would shed light on Plaintiffs' decision to bring the claim against him and bear on both the favorable termination and special injury elements of malicious prosecution. Plaintiffs argue that because the decision to convert the state court proceedings to frivolity proceedings was made by the state court *sua sponte* and without Plaintiffs' contemporaneous knowledge, the post-conversion communications have no relevance.

Federal Rule of Civil Procedure 26(b)(1) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." This provision of Rule 26 "is to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the[e] case.'" Giacchetto v. Patchogue-Medford Union Free Sch. Dist., 293 F.R.D. 112, 114 (E.D.N.Y. 2013) (alteration in original) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Here, Defendant Rubin seeks information to support his defense to the favorable termination and special damages elements of malicious prosecution. It therefore seems likely that communications made while the state court action was still pending but before Plaintiffs brought the malicious prosecution claim against Rubin may be relevant to Rubin's defense. The Court therefore GRANTS Defendant Rubin's request to compel Plaintiffs to produce relevant non-privileged documents through July 31, 2026. Plaintiffs are also directed to provide a corresponding privilege log of any documents or communications withheld on the basis of privilege.

7. Request for Production No. 1 (Custodians)

The Court DENIES Defendant Rubin's request to compel Plaintiffs to produce a list of custodians they considered but did not ultimately search.

Defendant Rubin argues that this is a request related to scope, not process. The Court disagrees. Setting aside the fact that such decisions are possibly protected attorney work product, Defendant Rubin provides no basis for the Court to find that a list of potential custodians would assist in narrowing the scope of Request for Production No. 1 consistent with the Court's September 25, 2026 Order.

"A party seeking discovery on discovery 'must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process a*d infinitum*.'" Williams v. Fed. Gov't of Nigeria, No. 23 CV 7356, 2025 WL 507702, at *2 (S.D.N.Y. Feb. 14, 2025) (quoting Winfield v. City of New York, No. 15 CV 5236, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018)). Defendant Rubin has not cleared this bar. The Court therefore DENIES his request to compel Plaintiffs to produce the list of custodians they considered but did not ultimately apply to their search of documents and communications.

8. General Objection 13

The Court DENIES Defendant Rubin's request to strike General Objection 13 to Defendant Rubin's RFAs or to compel Plaintiffs to confirm they are not qualifying the effect of any admission they give.

Plaintiffs' General Objection 13 states that: "Plaintiffs object to the Requests to the extent they suggest that actions taken by one's agents, co-conspirators, accomplices, and those working in concert are not attributable to each other…Any admission by Plaintiffs that Rubin did not take some action…is not an admission that Rubin is not liable …" Defendant Rubin requests that the Court either strike General Objection 13 or direct Plaintiffs "to confirm that General Objection 13 does not qualify the effect of any admission they give" because the objection "leaves Mr. Rubin holding admissions whose effect Plaintiffs have reserved the right to dispute." Plaintiffs state that General Objection 13 serves "merely to confirm that Plaintiffs' factual admissions and denials do not in and of themselves constitute admissions of legal liability, given that the law

may impute one person's misconduct to another based on the nature of their relationship and the conduct at issue, regardless of whether the second individual did the conduct at issue."

The Court agrees with Plaintiffs that General Objection 13 does not leave their RFA responses open to dispute and the Court therefore DENIES Defendant Rubin's request to strike General Objection 13 or require Plaintiffs to confirm they are not qualifying the effect of any admission they give.

9. Privilege Log

The Court GRANTS Defendant Rubin's request to compel Plaintiffs to identify which individuals included on their October 16, 2026 privilege log are attorneys.

A party asserting privilege "must identify the nature of the privilege…which is being claimed" and, where not apparent, must provide the relationship between the parties to a communication. Local Rule 26.2(a)(1)-(2). The purpose of the privilege log is to provide the receiving party with the means to "evaluate and facilitate the determination of whether a privilege exists." Trudeau v. N.Y. State Consumer Prot. Bd., 237 F.R.D. 325, 334 (N.D.N.Y. 2006). Whether individuals are attorneys may bear on the sufficiency of the privilege claims. The Court therefore GRANTS Defendant Rubin's request to compel Plaintiffs to identify which individuals on their privilege log are attorneys.

10. Attorney's Fees

Defendant Rubin requests for the first time in his reply brief that the Court grant attorney's fees for the prosecution of the present Motion under Rules 37(a)(5). The Court DENIES this request.

Rule 37(a)(5) provides that, where a motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). This differs from Rule 37(a)(5)(A) which provides that a Court "must" award fees when a motion to compel is granted. When a motion to compel is granted only in part, a Court "must not award fees…if 'the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust.'" Uddin v. O'Brien Rest. Holding Co., LLC, No. 16 CV 2098, 2017 WL 11674895, at *3 (S.D.N.Y. Aug. 23, 2017) (quoting Fed. R. Civ. P. 37(a)(5)). The decision whether to award fees on a motion granted only in part "is left to [the Court's] 'broad discretion.'" Id. (quoting Smith v. Conway Org., Inc., 154 F.R.D. 73, 78 (S.D.N.Y. 1994))

Here, the Court does not find any of Plaintiffs' responses or objections unjustified. Moreover, this litigation has involved volley after volley of discovery disputes from all sides that could have and should have been resolved without Court intervention. Many of the present disputes fall within that category. In consequence, granting an award of fees on the present Motion would not be reasonable. The Court therefore DENIES Defendant Rubin's request for attorney's fees.

* * *

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 24, 2026

/s/ *Peggy Cross-Goldenberg*

Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York